DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
DANIELLE FEUER (S.B. #324174)
dfeuer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone:  (310) 553-6700
Facsimile:  (310) 246-6779

ALLEN W. BURTON (admitted *pro hac vice*)
aburton@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061

KENDALL TURNER (S.B. #310269)
kendallturner@omm.com
O'MELVENY & MYERS LLP
1625 I Street NW
Washington, DC 20006
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414

*Attorneys for Plaintiff*
*Marvel Characters, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MARVEL CHARACTERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHELE HART-RICO and BUZ DONATO F. RICO III, <br><br> Defendants. | Case No. 2:21-cv-07624-DMG-KES <br><br> **JOINT RULE 26(f) REPORT** <br><br> Hearing Date: __ <br> Time: <br> Judge: Hon. Dolly M. Gee <br><br> Complaint Filed: September 24, 2021 <br> Trial Date: __ |

JOINT RULE 26(F) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f)(3) and Rule 26-1 of the Local Rules of the Central District of California, Plaintiff Marvel Characters, Inc. ("Marvel") and Defendants Michele Hart-Rico and Buz Donato F. Rico III (the "Rico Heirs") submit the following joint report and discovery plan.

## A. Synopsis of Principal Issues

This is an action for declaratory relief regarding the validity of copyright termination notices recently served on Marvel by the Rico Heirs, as the heirs of Donato Francisco Rico II ("Don Rico"), with respect to the rights in two comic book stories. Marvel contends that Don Rico's contributions to the relevant works are ineligible for termination under the 1976 Copyright Act as "works made for hire" under the 1909 Copyright Act. The Rico Heirs contend that Don Rico's contributions were not "works made for hire" and that therefore the notices of termination are valid under the 1976 Copyright Act's termination provisions.

## B. Initial Disclosures

The parties stipulate to exchange the initial disclosures required by Rule 26(a) on or before December 10, 2021. The disclosures shall contain the information identified in Rule 26(a)(1) and shall be supplemented as required by Rule 26(e)(1). The parties do not seek any changes to the disclosure requirements under Rule 26(a), apart from their timing.

## C. Proposed Schedule

The parties propose the following pretrial schedule, which was carefully coordinated by the parties so as to align and not conflict with the schedule in other pending cases involving the parties and their counsel during the same time period:

1. No additional parties may be joined after April 8, 2022.
2. No amendments to the pleadings will be permitted after April 8, 2022.
3. Fact discovery, including written discovery and depositions, shall be completed on or before November 18, 2022.

4. The parties shall make required Rule 26(a)(2) disclosures with respect to any expert witnesses on or before November 28, 2022, and rebuttal expert witnesses on or before December 16, 2022.

5. Expert discovery shall be completed on or before January 16, 2023.

6. The last day to file dispositive motions shall be February 20, 2023.

7. A final pretrial conference shall be held on May 9, 2023, with a one-week trial estimated thereafter.[1]  The Parties request that trial not be scheduled at this time so that trial can be coordinated with other pending matters.

8. The Parties have included additional dates on the attached **Exhibit A**, which the Parties understand the Court frequently requests be filed together with the Rule 26(f) report.

The parties agree that either party, individually or collectively, may seek leave of the Court to change any of the above dates for good cause.

**D. Proposed Discovery Plan**

The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.  At this time, the parties do not request that the Court limit discovery into any particular subject matters.  Marvel intends to seek discovery on facts relevant to the application of the instance-and-expense test to Don Rico, including the extent to which Marvel and its predecessors provided the impetus for, participated in, or had the power to supervise the creation of the subject works, and the resources Marvel and its predecessors invested in the creation of those works, including the

---

[1] The Parties disagree on whether the action should be tried to the bench or a jury.

underlying payment arrangements.  The Rico Heirs intend to seek discovery as to the facts and circumstances relevant to the creation of the subject works, including whether Don Rico created the subject works from his own home, at his own expense, using his own materials and instrumentalities; whether the backs of checks issued by Marvel's alleged predecessors to Don Rico and/or other artists and writers in the relevant period contained assignment language (consistent with a purchase) or "work for hire" recitations; and whether Don Rico was guaranteed payment for his work by Marvel's alleged predecessor(s) regardless of whether it was accepted for publication (*i.e.*, whether Don Rico was paid for his services regarding creative material rejected by Marvel's alleged predecessor).  The Rico Heirs also intend to seek discovery regarding the entities that originally registered the copyrights to the subject works, the subsequent chain-of-title to such copyrights, as well as Stan Lee, Martin Goodman, and Marvel's relationship to such entities.  The parties agree that this paragraph is without prejudice to or limitation of either party's ability to take relevant and appropriate discovery as well as either party's ability to oppose any requested discovery, and all parties reserve all rights with respect thereto.

E. **Issues of Disclosure, Discovery, or Preservation of ESI**

The parties agree to meet and confer to negotiate a protocol for the production of any Electronically Stored Information ("ESI"), to the extent the need for ESI arises.

F. **Privilege and Protective Orders**

The parties agree to enter into an appropriate standard stipulated protective order for the exchange of confidential information.  The parties agree that documents created on or after September 24, 2021 (the date the complaint was filed) need not be produced.  In addition, the parties agree that attorney-client communications and/or documents protected by the work product doctrine created on or after May 28, 2021 do not need to be included on a privilege log.

**G. Proposed Limitations on Discovery**

The parties currently agree that no changes should be made in the limitations on discovery imposed under the federal or local rules. However, Marvel reserves the right to revisit the issue of discovery limits in the event of consolidation.

**H. Additional Items**

 **a. Settlement**

The Parties have not engaged in settlement discussion but agree to ADR Procedure No. 3 (Private Mediation).

 **b. Additional Parties and Case Management**

The Parties are discussing whether they can reach agreement as to any further case management issues.

 **c. Severance, Bifurcation, Ordering of Proof**

At this stage in the litigation, the Parties do not currently anticipate the need to sever, bifurcate, or order proof.

 **d. Amended Pleadings**

At this stage in the litigation, the Parties do not currently anticipate the need for amended pleadings, but reserve the right to amend or seek leave to amend as applicable.

 **e. Magistrate**

At this stage in the litigation, the Parties do not consent to trial before a Magistrate Judge.

 **f. Rule 16 Orders**

The Parties do not request that the Court issue any other orders under Rule 26(c) or Rule 16(b)-(c) at this time.

 **g. Motion Practice**

The Parties expect to engage in dispositive motion practice, including motion(s) for summary judgment. The Parties plan to file any such motions on or before February 20, 2023, the proposed last day to file motions. The Parties


have agreed to provide at least fourteen (14) days for any opposition to any dispositive motion.

Dated:  December 6, 2021

Respectfully Submitted,

**O'MELVENY & MYERS LLP**

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

Daniel M. Petrocelli
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Danielle Feuer
dfeuer@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Allen W. Burton (admitted *pro hac vice*)
aburton@omm.com
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Kendall Turner
kendallturner@omm.com
1625 I Street NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Plaintiff Marvel Characters, Inc.*

Dated: December 6, 2021

By: */s/ Marc Toberoff*
Marc Toberoff

TOBEROFF & ASSOCIATES, P.C.
mtoberoff@toberoffandassociates.com
23823 Pacific Coast Hwy, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorney for Defendants Michele Hart-Rico and Buz Donato F. Rico III*

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 6, 2021         O'MELVENY & MYERS LLP

By: /s/ Daniel M. Petrocelli
Daniel M. Petrocelli

*Attorneys for Plaintiff Marvel Characters, Inc.*