1  DANIEL M. PETROCELLI (S.B. #97802)
   dpetrocelli@omm.com
2  MOLLY M. LENS (S.B. #283867)
   mlens@omm.com
3  DANIELLE FEUER (S.B. #324174)
   dfeuer@omm.com
4  O'MELVENY & MYERS LLP
   1999 Avenue of the Stars, 8th Floor
5  Los Angeles, California 90067
   Telephone:  (310) 553-6700
6  Facsimile:   (310) 246-6779

7  *Attorneys for Plaintiff and Counterclaim-*
   *Defendant Marvel Characters, Inc.*
8  *(additional counsel on page two)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| MARVEL CHARACTERS, INC., | Case No. 2:21-cv-07624-DMG-KES |
|---|---|
| Plaintiff, | **ANSWER TO COUNTERCLAIM** |
| v. | |
| MICHELE HART-RICO and BUZ DONATO F. RICO III, | Judge: Hon. Dolly M. Gee |
| Defendants. | |
| MICHELE HART-RICO and BUZ DONATO F. RICO III, | |
| Counterclaimants, | |
| v. | |
| MARVEL CHARACTERS, INC. and DOES 1-10, inclusive, | |
| Counterclaim-Defendants. | |

1  ALLEN W. BURTON (admitted *pro hac vice*)
   aburton@omm.com
2  O'MELVENY & MYERS LLP
   Times Square Tower
3  7 Times Square
   New York, NY 10036
4  Telephone:  (212) 326-2000
   Facsimile:  (212) 326-2061
5
   KENDALL TURNER (S.B. #310269)
6  kendallturner@omm.com
   O'MELVENY & MYERS LLP
7  1625 I Street NW
   Washington, DC 20006
8  Telephone:  (202) 383-5300
   Facsimile:  (202) 383-5414
9
   *Attorneys for Plaintiff and Counterclaim-*
10 *Defendant Marvel Characters, Inc.*
   *(ctd.)*
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Marvel Characters, Inc. ("MCI") hereby answers the Counterclaim of Michele Hart-Rico and Buz Donato F. Rico III (the "Rico Heirs"), the heirs of Donato Francisco Rico II ("Don Rico"), as follows:

## PRELIMINARY STATEMENT

Engaged as a writer by MCI and/or its predecessors in interest (individually and collectively, "Marvel"), Don Rico contributed to various comic books, including those in dispute here, on a work-made-for-hire basis. Although the Rico Heirs now purport to assert a termination right in those contributions, no such right exists. Section 304 of the Copyright Act—the governing statute—explicitly exempts works made for hire, like Don Rico's contributions here, from Section 304's termination mechanism.

## NATURE OF THE ACTION

1. MCI admits that Don Rico was engaged as a comic book writer by Marvel to contribute to various comic books, including those for which the Rico Heirs have served a purported termination notice (the "Works"). MCI denies all the remaining allegations of Paragraph 1 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

2. MCI admits that the Rico Heirs served a purported notice of termination on Marvel on or about June 10, 2021, and denies all the remaining allegations of Paragraph 2 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

3. Paragraph 3 contains legal argument and/or conclusions of law to which no answer is required.

4. Paragraph 4 contains legal argument and/or conclusions of law to which no answer is required.

## JURISDICTION AND VENUE

5. Paragraph 5 contains legal argument and/or conclusions of law to which no answer is required.

- 3 -

6. MCI admits that it regularly conducts business in the State of California and in this district. The remainder of Paragraph 6 contains legal argument and/or conclusions of law to which no answer is required.

7. Paragraph 7 contains legal argument and/or conclusions of law to which no answer is required.

## PARTIES

8. Based on information and belief, MCI admits the allegations of Paragraph 8, though MCI notes its intention to take discovery to confirm these allegations.

9. Based on information and belief, MCI admits the allegations of Paragraph 9, though MCI notes its intention to take discovery to confirm these allegations.

10. MCI admits that it is a Delaware corporation with its principal place of business in Burbank, California, and that it regularly conducts business in the State of California and in this district. The remainder of Paragraph 10 contains legal argument and/or conclusions of law to which no answer is required.

11. MCI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11 and/or denies such allegations.

12. Paragraph 12 contains legal argument and/or conclusions of law to which no answer is required.

## STATUTORY BACKGROUND

13. Paragraph 13 contains legal argument and/or conclusions of law to which no answer is required.

14. Paragraph 14 contains legal argument and/or conclusions of law to which no answer is required.

15. Paragraph 15 contains legal argument and/or conclusions of law to which no answer is required.

16. Paragraph 16 contains legal argument and/or conclusions of law to which no answer is required.

17. Paragraph 17 contains legal argument and/or conclusions of law to which no answer is required.

18. Paragraph 18 contains legal argument and/or conclusions of law to which no answer is required.

19. Paragraph 19 contains legal argument and/or conclusions of law to which no answer is required.

20. Paragraph 20 contains legal argument and/or conclusions of law to which no answer is required.

21. Paragraph 21 contains legal argument and/or conclusions of law to which no answer is required.

22. Paragraph 22 contains legal argument and/or conclusions of law to which no answer is required.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

23. MCI admits that Don Rico was a comic book writer who contributed to numerous comic books, and denies all the remaining allegations of Paragraph 23.

24. MCI admits that, in or about 1964, Don Rico made contributions to comic books featuring a number of characters and that the Rico Heirs served a purported termination notice, and denies all the remaining allegations of Paragraph 24.

25. Paragraph 25 contains legal argument and/or conclusions of law to which no answer is required. To the extent an answer is required, MCI denies the allegations of Paragraph 25.

26. MCI denies the allegations in the first sentence of Paragraph 26. MCI denies and/or lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

27. MCI denies the allegations of Paragraph 27.

1       28.     MCI denies the allegations of Paragraph 28.

2       29.     MCI admits that, in or about 1964, Don Rico made contributions to
3   comic books featuring a number of characters, and denies all the remaining
4   allegations of Paragraph 29.

5       30.     MCI admits that Marvel registered copyrights in and to the Works,
6   which are copyrightable subject matter under the copyright laws of the United
7   States, and denies all the remaining allegations of Paragraph 30.

8       31.     Paragraph 31 contains legal argument and/or conclusions of law to
9   which no answer is required. To the extent an answer is required, MCI denies the
10  allegations of Paragraph 31.

11      32.     MCI denies the allegations of Paragraph 32.

12      33.     Paragraph 33 contains conclusions of law to which no answer is
13  required. To the extent an answer is required, MCI denies such allegations.

14      34.     MCI denies the allegations of Paragraph 34.

15      35.     MCI denies the allegations of Paragraph 35.

16      36.     MCI denies the allegations of Paragraph 36 and/or avers that they
17  contain legal argument and/or conclusions of law to which no answer is required.

18      37.     MCI denies the allegations of Paragraph 37 and/or avers that they
19  contain legal argument and/or conclusions of law to which no answer is required.

20      38.     MCI admits that Marvel editorial staff had the right to exercise
21  creative control over the Works and properly registered the Works with the United
22  States Copyright Office but otherwise denies the remaining allegations of
23  Paragraph 38.

24      39.     Paragraph 39 contains legal argument and/or conclusions of law to
25  which no answer is required. To the extent an answer is required, MCI denies the
26  allegations of Paragraph 39.

27      40.     MCI admits that the Rico Heirs served a purported notice of
28  termination on Marvel, and denies all the remaining allegations of Paragraph 40

and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

41.   MCI admits that Marvel renewed the copyrights in the Works but otherwise avers that Paragraph 41 contains legal argument and/or conclusions of law to which no answer is required.

42.   MCI admits that it received a purported notice of termination and denies all the remaining allegations of Paragraph 42 and/or avers that they contain legal argument and/or conclusions of law to which no answer is required.

43.   Paragraph 43 contains legal argument and/or conclusions of law to which no answer is required.  To the extent an answer is required, MCI denies the allegations of Paragraph 43.

44.   Paragraph 44 contains legal argument and/or conclusions of law to which no answer is required.  To the extent an answer is required, MCI denies the allegations of Paragraph 44.

## COUNT ONE

**(Declaratory Relief:  Termination Notice Is Valid and Effective Under 17 U.S.C. § 304(c))**

45.   MCI incorporates by reference the answers to Paragraphs 1 through 44, as though fully set forth herein.

46.   Paragraph 46 contains legal argument and/or conclusions of law to which no answer is required.

47.   MCI admits the allegations of Paragraph 47.

48.   Paragraph 48 contains legal argument and/or conclusions of law to which no answer is required.  To the extent an answer is required, MCI denies such allegations.

49.   Paragraph 49 contains legal argument and/or conclusions of law to which no answer is required.  To the extent an answer is required, MCI denies the allegations of Paragraph 49.

50. Paragraph 50 contains legal argument and/or conclusions of law to which no answer is required. To the extent an answer is required, MCI denies the allegations of Paragraph 50.

51. Paragraph 51 contains legal argument and/or conclusions of law to which no answer is required. To the extent an answer is required, MCI denies the allegations of Paragraph 51.

52. Paragraph 52 contains legal argument and/or conclusions of law to which no answer is required.

53. Paragraph 53 contains legal argument and/or conclusions of law to which no answer is required.

## AFFIRMATIVE DEFENSES

Without assuming any burden it would not otherwise bear, and without waiving and hereby expressly reserving the right to assert any and all such defenses at such time and to such extent as discovery and factual developments establish a basis therefor, MCI asserts the following additional and/or affirmative defenses as to the Rico Heirs' Counterclaim:

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of res judicata.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

The Counterclaim is barred, in whole or in part, by the doctrine of judicial estoppel.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

The Counterclaim is barred, in whole or in part, for failure to bring such claim within the governing statute of limitations.

## **PRAYER FOR RELIEF**[1]

WHEREFORE, MCI prays for judgment as follows:

1. That the Rico Heirs take nothing by their Counterclaim, and the Counterclaim be dismissed with prejudice;

2. That the Rico Heirs be denied each and every demand and prayer for relief contained in the Counterclaim;

3. That judgment be entered in favor of MCI and against the Rico Heirs on the Counterclaim;

4. That MCI be awarded reasonable attorneys' fees and costs; and

5. That MCI be awarded such other and further relief as the Court may deem appropriate.

---

[1] MCI objects to the Rico Heirs' demand for a jury trial, as no jury trial attaches to any of the claims in the case.

Dated:  January 19, 2022

Respectfully Submitted,

**O'MELVENY & MYERS LLP**

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

Daniel M. Petrocelli
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Danielle Feuer
dfeuer@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California  90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Allen W. Burton (admitted *pro hac vice*)
aburton@omm.com
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Kendall Turner
kendallturner@omm.com
1625 I Street NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Plaintiff Marvel Characters, Inc.*