# Exhibit 1

DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
DANIELLE FEUER (S.B. #324174)
dfeuer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone:   (310) 553-6700
Facsimile:   (310) 246-6779

KENDALL TURNER (S.B. #310269)
kendallturner@omm.com
O'MELVENY & MYERS LLP
1625 I Street NW
Washington, DC 20006
Telephone:   (202) 383-5300
Facsimile:   (202) 383-5414

*Attorneys for Plaintiff*
*Marvel Characters, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVEL CHARACTERS, INC., | Case No. 2:21-CV-7624 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| MICHELE HART-RICO and BUZ DONATO F. RICO III, | |
| Defendants. | |

Plaintiff Marvel Characters, Inc. ("MCI"), initiates this proceeding against defendants Michele Hart-Rico ("Hart-Rico") and Buz Donato F. Rico III ("Buz Rico"), under 28 U.S.C. §§ 2201, *et seq.*, and the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). For this action, MCI alleges as follows:

## NATURE OF THE ACTION

1. Over its long history, MCI and its predecessors in interest (individually and collectively, "Marvel") have engaged numerous writers and artists to contribute to Marvel's comics. Donato Francisco Rico II ("Don Rico"), who started working for Marvel in or around 1949, is one such writer. Marvel assigned Don Rico stories to write, had the right to exercise creative control over his contributions, and paid him a per-page rate for his contributions. As a result, any contributions Don Rico made were at Marvel's instance and expense, rendering his contributions work made for hire, to which the Copyright Act's termination provisions do not apply. Nevertheless, defendants, who are heirs of Don Rico, have served a termination notice purportedly issued under that Act, in an invalid attempt to acquire certain rights to iconic Marvel comic book characters and stories published in 1964.

2. In virtually identical circumstances, the Southern District of New York, as affirmed by the Second Circuit, granted Marvel summary judgment, finding that all of illustrator Jack Kirby's contributions between 1958 and 1963 were done at Marvel's instance and expense and thus were works made for hire. Because termination rights do not exist for works made for hire, the Kirby heirs' termination notices—which covered the very same comic series that Hart-Rico and Buz Rico's termination notice does—were held to be invalid and of no legal force or effect. *See Marvel Worldwide, Inc. v. Kirby*, 777 F. Supp. 2d 720 (S.D.N.Y. 2011), *aff'd in relevant part*, 726 F.3d 119 (2d Cir. 2013).

3. Similarly, the District Court for the District of Delaware held in *In re Marvel Entertainment Grp.*, 254 B.R. 817 (D. Del. 2000), that contributions by an

- 2 -

individual similarly situated during the same period at issue here were works made for hire. There, a writer claimed that he owned certain characters during Marvel's bankruptcy proceedings. The district court rejected that claim, holding that all of the writer's work was done at Marvel's instance and expense and was thus work made for hire.

4. *Kirby* and *In re Marvel Entertainment* dictate the same result here. As with the artists in those cases, Marvel had the right to exercise creative control over Don Rico's contributions and paid him a per-page rate for his work. As with the artists in those cases, when Don Rico worked for Marvel, he did so with the expectation that Marvel would pay him. And as with the artists in those cases, Don Rico never held the copyright in the famous Marvel characters and comics on which he worked; rather, Marvel does, as evidenced by the relevant copyright registration notices themselves. Marvel thus brings this declaratory relief action, pursuant to 28 U.S.C. § 2201, in response to defendants' improper attempt to acquire Marvel's intellectual property.

## PARTIES

5. MCI is a Delaware corporation with its principal place of business in Burbank, California. MCI owns the intellectual property contained in the comic books and characters at issue.

6. Upon information and belief, Michele Hart-Rico was the wife of Don Rico through the time of his death.

7. Upon information and belief, Buz Rico was the son of Don Rico.

## JURISDICTION AND VENUE

8. This is an action for declaratory relief brought under 28 U.S.C. §§ 2201, *et seq.*, and under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.* This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

9. Upon information and belief, this Court has personal jurisdiction over

- 3 -

defendant Hart-Rico because she is domiciled in Los Angeles, California.

10. Upon information and belief, this Court has personal jurisdiction over defendant Buz Rico because he is domiciled in San Mateo, California.

11. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because both defendants are domiciled in California. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) for the additional reason that a substantial part of the events giving rise to this action occurred in this District. Specifically, most if not all of the contributions by Don Rico were made in this District.

## **ALLEGATIONS**

12. At all relevant times, Don Rico was engaged as a comic book writer by Marvel to contribute to various comic books (the "Works").

13. Any contributions Don Rico made were at Marvel's instance and expense.

14. Marvel editorial staff had the right to exercise creative control over Don Rico's contributions, and Marvel paid Don Rico a per-page rate for his contributions. When Don Rico worked for Marvel, he did so with the expectation that Marvel would pay him.

15. Don Rico did not obtain any ownership interest in or to any contributions he made.

16. Marvel registered copyrights in and to the Works, which are copyrightable subject matter under the copyright laws of the United States. The Register of Copyrights recorded the registrations, as set forth in Exhibit 1 to this complaint. Marvel has complied in all relevant respects with all laws governing copyright.

17. On or about June 10, 2021, Hart-Rico and Buz Rico served a notice of termination on Marvel. Hart-Rico and Buz Rico claim to have a sufficient interest in the Works to exercise purported rights of termination under the termination

1   provisions of the Copyright Act, 17 U.S.C. § 304(c), and the regulations thereunder.

2       18.    The notice specifically seeks to "terminate all pre-January 1, 1978 exclusive or non-exclusive grants of the transfer or license of the renewal copyright(s) in and to" certain "illustrated comic book stor[ies]" that were allegedly "authored or co-authored" by Don Rico and published by Marvel in 1964. The notice specifies an effective termination date of June 11, 2023.

19.    The comic book title identified in the notice is *Tales of Suspense*. The notice purportedly terminates alleged grants of copyright interests in all characters, story elements, and "indicia" in the comic books issues, as well as "all material" allegedly "authored or co-authored by Donato Francisco Rico II . . . (in any and all medium(s), whenever created) that was reasonably associated with" these works and "registered with the United States Copyright Office and/or published within the termination time window, as defined by 17 U.S.C. § 304(c), and the" purported "effective date of this Notice of Termination."

20.    A true and correct copy of this notice is attached hereto as Exhibit 2.

### COUNT I: ACTION FOR DECLARATORY RELIEF
### [As to the Validity of the Notice]

21.    Marvel repeats and realleges each allegation contained in paragraphs 1 through 20 of this complaint as if fully set forth herein.

22.    Hart-Rico and Buz Rico have served Marvel with the termination notice described above. On information and belief, they have submitted the notice for recordation with the U.S. Copyright Office.

23.    The notice is invalid as a matter of law because the Works were created as works made for hire, and there are no termination rights for works made for hire. *See* 17 U.S.C. § 304(c).

24.    The Works were made for hire because they were created at Marvel's instance and expense.

25.    Any contributions Don Rico made to the Works were done at the

- 5 -

instance of Marvel's editorial staff, who had the right to exercise creative control over Don Rico's contributions.

26. Any contributions Don Rico made to the Works were done at Marvel's expense because Marvel paid Don Rico a per-page rate for his contributions, Don Rico made those contributions to the Works with the expectation that Marvel would pay him, and Don Rico did not obtain any ownership interest in or to his contributions.

27. Marvel has a real and reasonable apprehension of litigation over any claim by Hart-Rico and Buz Rico that Marvel's exploitation of the Works after the alleged termination dates infringes their purported rights.

28. There now exists between the parties an actual and justiciable controversy concerning the validity of the termination notice and the respective rights of Marvel, on the one hand, and Hart-Rico and Buz Rico, on the other.

29. A declaration is necessary and appropriate at this time in light of the purported effective termination dates and the ongoing exploitation of the Works and the development of new works derivative of the Works.

30. Marvel has no adequate remedy at law.

31. Accordingly, Marvel seeks, pursuant to 28 U.S.C. § 2201, a judgment from this Court that the notice is invalid and therefore that Marvel will not lose its copyright interests in the Works on the alleged termination dates.

## PRAYER FOR RELIEF

WHEREFORE, Marvel prays for a judgment against Hart-Rico and Buz Rico as follows:

A. For a declaration that the termination notice is invalid;

B. For Marvel's attorneys' fees and costs incurred; and

C. For such other and further relief as the Court deems just and equitable.

Dated: September 24, 2021

Respectfully Submitted,

**O'MELVENY & MYERS LLP**

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

Daniel M. Petrocelli
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Danielle Feuer
dfeuer@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Kendall Turner
kendallturner@omm.com
1625 I Street NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Plaintiff Marvel Characters, Inc.*