# Exhibit 3

Marc Toberoff (S.B. #188547)
mtoberoff@toberoffandassociates.com
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Defendants,*
*Michele Hart-Rico and*
*Buz Donato F. Rico III*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARVEL CHARACTERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MICHELE HART-RICO and BUZ DONATO F. RICO III, <br><br> Defendants. <br><br> MICHELE HART-RICO and BUZ DONATO F. RICO III, <br><br> Counterclaimants, <br><br> v. <br><br> MARVEL CHARACTERS, INC. and DOES 1-10 inclusive, <br><br> Counterclaim-Defendants. | Case No. 2:21-cv-07624-DMG-KES <br><br> Hon. Dolly M. Gee <br><br> **RICO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MARVEL CHARACTERS, INC.** |

Pursuant to Rules 34 and 26(b) of the Federal Rules of Civil Procedure, Defendants and Counterclaim-Plaintiffs Michele Hart-Rico and Buz Donato F. Rico III hereby propound the following First Set of Requests for Production of Documents ("Requests") on Plaintiff and Counterclaim-Defendant Marvel Characters, Inc. Plaintiff and Counterclaim-Defendant Marvel Characters, Inc. shall respond under oath and in writing to these Requests, and produce for inspection and copying all documents and tangible things responsive to these Requests within 30 days of the date of service of these Requests at the office of Toberoff & Associates, P.C. at 23823 Malibu Road, Suite 50-363, Malibu, CA 90265.

**INSTRUCTIONS AND DEFINITIONS**

1. "RICO" as used herein, refers to Donato Francisco Rico II also known as Don Rico.

2. "RICO DEFENDANTS" as used herein, refers to Defendants and Counterclaim-Plaintiffs Michele Hart-Rico and Buz Donato F. Rico III.

3. "MARVEL" as used herein, refers to Plaintiff and Counterclaim-Defendant Marvel Characters, Inc., and <u>any past or present predecessors-in-interest or successors-in-interest</u>, and any other PERSON or PERSONS acting on their behalf, including, but not limited to, past or present agents, managers, representatives, advisors, employees, attorneys, accountants, investigators and insurance companies, both singularly and cumulatively.

4. "RICO MATERIAL" as used herein, refers to RICO's written contributions to the comic book stories entitled "The Crimson Dynamo Strikes Again!" and "The Black Widow Strikes Again!" that were published in *Tales of Suspense* Vol. 1, Nos. 52 and 53, respectively.

5. "WORKS" as used herein, refers to either or both "The Crimson Dynamo Strikes Again!" and "The Black Widow Strikes Again!" that were published in *Tales of Suspense* Vol. 1, Nos. 52 and 53, respectively.

6. "STAN LEE" as used herein, refers to Stan Lee and any and all present or former agents, employees, representatives, attorneys, accountants, investigators, or any other PERSON, acting or purporting to act on Stan Lee's behalf.

7. "VISTA" as used herein, refers to Vista Publications, Inc.

8. "COMPLAINT" as used herein, refers to Complaint for Declaratory Relief filed in *Marvel Characters, Inc. v. Rico,* No. 2:21-CV-7624-DMG-KES (C.D. Cal.), Dkt. No. 1.

9. "DOCUMENTS" is to be interpreted broadly and includes all forms of writings, data, tangible things, and other documents contemplated by Federal Rule of Civil Procedure 34 or Federal Rule of Evidence 1001. The term "DOCUMENTS" includes both hard-copy DOCUMENTS as well as electronically stored data-files. These include, without limitation, writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages, INCLUDING text messages; e-mails; computer and network activity logs; all available logs showing relevant computer access; Internet Protocol addresses (IP addresses); servers; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; web pages; databases; spreadsheets; software; hardware; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. With respect to electronically stored data, "DOCUMENTS" also includes, without limitation, any data on magnetic or optical storage media (e.g., servers, storage area networks, hard drives, backup tapes, CDs, DVDs,

thumb/flash drives, floppy disks, or any other type of portable storage device, etc.) stored as an "active" or backup file, in its native format.

10. "COMMUNICATIONS" means all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, INCLUDING any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, text message, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities.

11. "AGREEMENT" and "AGREEMENTS" as used herein refer to any contract, whether written or oral, express or implied.

12. "PERSON(S)" means, without limitation, any individual, corporation, partnership, limited partnership, sole proprietorship, association, trust, or legal entity, and any department(s) or division(s) therein, and includes the present and former officers, executives, directors, employees, attorneys, agents, representatives, and all other PERSONS acting or purporting to act on behalf of any of them, and any of their present or former parent corporations, subsidiaries affiliates, divisions, predecessors, and successors-in-interest.

13. "REFER" or "RELATE" means, without limitation, evidence, regard, concern, discuss, reflect, summarize, constitute, contain, study, assess, analyze, explain, mention, show, embody, discuss, describe, or comment upon—directly or indirectly—the subject matter identified.

14. "YOU" and "YOUR" mean, collectively and severally, MARVEL and any and all predecessor or successor entities, any and all divisions thereof, and any and all present and former officers, directors, representatives, shareholders, agents, employees, attorneys, accountants, investigators, or any other PERSON, or affiliate acting or purporting to act on any of MARVEL's behalf.

15. "INCLUDING" means "including, but not limited to."

16. "Any" and "All" are interchangeable.

17. The singular form includes the plural form, and vice versa.

18. As used herein, "and" or "or" shall be construed both conjunctively and disjunctively, and each will include the other whenever such a dual construction would serve to bring within a category documents or information that would not otherwise be within its scope; "each" means "each and every."

19. YOU are instructed to produce all DOCUMENTS that are responsive to these Requests and that are in YOUR possession, custody, or control. A DOCUMENT is in YOUR "possession, custody, or control" if it is in YOUR physical possession, or if, as a practical and legal matter, YOU have the ability, upon request, to obtain possession of the DOCUMENT or a copy thereof from another PERSON that has physical possession of the DOCUMENT.

20. Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

21. No part of a Request shall be left unanswered merely because an objection is made to another part of the Request.

22. If an objection(s) is/are made to any of these Requests in the response thereto, the response shall clearly state whether DOCUMENTS are being withheld from inspection and production on the basis of such objection(s), or whether inspection and production of the responsive DOCUMENTS will occur notwithstanding such objection(s).

23. If any DOCUMENT or category of DOCUMENTS is not produced in full, please state that a diligent search and reasonable inquiry has been made in an effort to locate the items, state with particularity the reason or reasons it is not being produced in full, and describe, to the best of YOUR knowledge, information and belief, and with as much particularity as possible, the DOCUMENT or portions of the DOCUMENT that are not being produced.

24. Please produce all DOCUMENTS in searchable PDF or other searchable electronic format.

25. With respect to any DOCUMENT maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, including all metadata.

26. The collection and production of DOCUMENTS shall be performed in a manner that ensures that the source of each DOCUMENT may be determined, if necessary.

27. DOCUMENTS attached to each other shall not be separated and the "parent-child" relationship of DOCUMENTS must be kept intact.

28. Each DOCUMENT is to be produced as it is kept in the usual course of business, including all file folders, binders, notebooks, and other devices by which such DOCUMENTS may be organized or separated.

29. Please organize electronic DOCUMENTS or other materials produced for inspection in the same manner that YOU store them (e.g., if a DOCUMENT is maintained by a custodian, such as an e-mail residing on an e-mail server, please organize it for production by custodian; if maintained in a subfolder of "My Documents" on a custodian's hard drive, please organize it for production by custodian with path information preserved, etc.).

30. These requests require production of paper DOCUMENTS in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If you choose the former method, the DOCUMENTS are to be produced in the boxes, file folders, bindings or other containers in which the DOCUMENTS are found. The titles, labels or other descriptions on the boxes, file folders, bindings or other containers are to be left intact. All responsive DOCUMENTS maintained in paper, hard-copy form shall be produced electronically in TIFF format.

31. If YOU withhold any DOCUMENT, or portion of a DOCUMENT, on grounds that it is protected from discovery by the attorney-client privilege, work- product doctrine, or other privilege or immunity from discovery, please set

forth, for each DOCUMENT or portion of a DOCUMENT withheld:

    a.    The place, approximate date, and manner of recording, creating or otherwise preparing the DOCUMENT;

    b.    The names and organization position, if any, of each author, sender, and recipient of the DOCUMENT;

    c.    A general description of the subject matter of the DOCUMENT;

    d.    The basis of any claim of privilege;

    e.    The general nature of the document (letter, memo, email, etc.); and

    f.    If work-product is asserted, the proceeding for which the DOCUMENT was created.

32.    For any DOCUMENT or category of DOCUMENTS that was, but no longer is, in YOUR possession, custody or control, please describe each such DOCUMENT as completely as possible and provide the following information:

    a.    The reason the DOCUMENT is no longer in YOUR possession, custody or control;

    b.    The PERSON, if any, who has possession, custody or control or, if unknown, so state; and

    c.    If the DOCUMENT was destroyed or otherwise disposed of, state (i) the manner of disposal (i.e., destruction, loss, discarding or other means of disposal); (ii) the date of disposal; (iii) the reason for disposal; (iv) the PERSON authorizing disposal; (v) the PERSON disposing of the DOCUMENT; and (vi) the name and address of the most recent custodian of the DOCUMENT.

33.    These Requests impose a continuing obligation subsequent to YOUR initial production within thirty days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement YOUR response or production if YOU determine or learn that YOUR response or production is incomplete or incorrect. DEFENDANTS specifically reserve the right to seek supplementary responses and production of documents before trial.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.**

All DOCUMENTS that state, memorialize or reflect any AGREEMENT between RICO and MARVEL.

**REQUEST FOR PRODUCTION NO. 2.**

All DOCUMENTS that memorialize or reflect any negotiations of any AGREEMENT between RICO and MARVEL.

**REQUEST FOR PRODUCTION NO. 3.**

All of the original and renewal copyright registrations with the United States Copyright Office for the RICO MATERIAL.

**REQUEST FOR PRODUCTION NO. 4.**

All drafts of any AGREEMENT between RICO and MARVEL.

**REQUEST FOR PRODUCTION NO. 5.**

All DOCUMENTS that evidence or REFER to any payment(s) to RICO for the RICO MATERIAL.

**REQUEST FOR PRODUCTION NO. 6.**

All DOCUMENTS that evidence or reflect MARVEL's alleged right to exercise control over RICO's creation of the RICO MATERIAL.

**REQUEST FOR PRODUCTION NO. 7.**

DOCUMENTS evidencing that STAN LEE was employed by MARVEL in 1963-1965.

**REQUEST FOR PRODUCTION NO. 8.**

DOCUMENTS evidencing that STAN LEE was employed by VISTA, including but not limited to, in 1963-1964.

**REQUEST FOR PRODUCTION NO. 9.**

All DOCUMENTS reflecting any payment(s) by VISTA to RICO for the RICO MATERIAL.

**REQUEST FOR PRODUCTION NO. 10.**

All DOCUMENTS reflecting any payment(s) by VISTA to STAN LEE in connection with the WORKS.

**REQUEST FOR PRODUCTION NO. 11.**

All DOCUMENTS reflecting any payment(s) by VISTA to STAN LEE in in 1963-1964.

**REQUEST FOR PRODUCTION NO. 12.**

All DOCUMENTS reflecting any payment(s) by VISTA to any writer or artist for the creation of comic book material published by MARVEL in 1963-1964.

**REQUEST FOR PRODUCTION NO. 13.**

DOCUMENTS that evidence the PERSON(S) that owned VISTA, including but not limited to, in 1963-1964.

**REQUEST FOR PRODUCTION NO. 14.**

DOCUMENTS that evidence the relationship between VISTA and Martin Goodman, including but not limited to, in 1963-1964.

**REQUEST FOR PRODUCTION NO. 15.**

DOCUMENTS that evidence the corporate relationship between VISTA and Magazine Management Co., Inc., including but not limited to, in the years 1963-1964.

**REQUEST FOR PRODUCTION NO. 16.**

DOCUMENTS that evidence the corporate relationship between VISTA and any MARVEL entity, including but not limited to, in the years 1963-1964.

**REQUEST FOR PRODUCTION NO. 17.**

All COMMUNICATIONS, including all e-mails, between YOU and STAN LEE that RELATE or REFER to RICO.

**REQUEST FOR PRODUCTION NO. 18.**

DOCUMENTS that state, memorialize or reflect any AGREEMENT

between MARVEL and any of the RICO DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 19.**

All DOCUMENTS authored, authorized or published by YOU about MARVEL's history.

**REQUEST FOR PRODUCTION NO. 20.**

All press releases that RELATE or REFER to RICO released by MARVEL.

**REQUEST FOR PRODUCTION NO. 21.**

DOCUMENTS that evidence how MARVEL paid comic book writers and/or artists in the 1940s.

**REQUEST FOR PRODUCTION NO. 22.**

DOCUMENTS that evidence how MARVEL paid comic book writers and/or artists in the 1950s.

**REQUEST FOR PRODUCTION NO. 23.**

DOCUMENTS that evidence how MARVEL paid comic book writers and/or artists in the 1960s.

**REQUEST FOR PRODUCTION NO. 24.**

DOCUMENTS that evidence how MARVEL paid comic book writers and/or artists in the 1970s.

**REQUEST FOR PRODUCTION NO. 25.**

DOCUMENTS that evidence or reflect that RICO created the RICO MATERIAL as an independent contractor or freelancer.

**REQUEST FOR PRODUCTION NO. 26.**

DOCUMENTS that evidence or reflect that RICO created comic book material published by MARVEL as a freelancer or independent contractor, including but not limited to, in the years 1963-1964.

**REQUEST FOR PRODUCTION NO. 27.**

All DOCUMENTS that evidence or reflect that RICO was an employee of any MARVEL entity, including but not limited to, in the years 1963-1964.

**REQUEST FOR PRODUCTION NO. 28.**

All DOCUMENTS that evidence or reflect any AGREEMENT between any freelance writer or freelance artist and MARVEL concerning any work performed in the years 1962-1967.

**REQUEST FOR PRODUCTION NO. 29.**

All DOCUMENTS that evidence any payment(s) to RICO by MARVEL including copies of all checks (front and back), bank records, pay stubs or accounting records, including but not limited to, in the years 1963-1964.

**REQUEST FOR PRODUCTION NO. 30.**

DOCUMENTS that evidence MARVEL's tax treatment of any compensation paid by MARVEL to RICO in the years 1962-1967.

**REQUEST FOR PRODUCTION NO. 31.**

All DOCUMENTS that evidence payments to STAN LEE by MARVEL including, copies of all checks (front and back), bank records, pay stubs or accounting records in the 1960s, including but not limited to in the years 1963-1964.

**REQUEST FOR PRODUCTION NO. 32.**

DOCUMENTS that evidence MARVEL's tax treatment of the compensation paid by MARVEL to STAN LEE in the 1960s, including but not limited to in the years 1963-1964.

**REQUEST FOR PRODUCTION NO. 33.**

All DOCUMENTS that evidence or reflect any payment(s) by MARVEL to any freelance artist or freelance writer including copies of all checks (front and back), bank records, pay stubs or accounting records, in the 1960s, including but not limited to the years 1963-1965.

**REQUEST FOR PRODUCTION NO. 34.**

All DOCUMENTS that evidence MARVEL's tax treatment of the compensation paid by MARVEL to freelance artists or freelance writers, including

MARVEL's tax returns, for the years 1963-1965.

**REQUEST FOR PRODUCTION NO. 35.**

All DOCUMENTS that evidence or RELATE to RICO's co-creation of the WORKS.

**REQUEST FOR PRODUCTION NO. 36.**

All DOCUMENTS that evidence or RELATE to STAN LEE's co-creation of the WORKS.

**REQUEST FOR PRODUCTION NO. 37.**

All DOCUMENTS that evidence or reflect any treatments, outlines, scripts, plots or storylines written by RICO for any MARVEL comic book in the years 1960-1965, including but not limited to the WORKS.

**REQUEST FOR PRODUCTION NO. 38.**

All DOCUMENTS that evidence or reflect any treatments, outlines, scripts, plots or storylines written by STAN LEE for the WORKS.

**REQUEST FOR PRODUCTION NO. 39.**

All DOCUMENTS that evidence or reflect that any work RICO performed for MARVEL was "work-made-for-hire" or done at MARVEL's "instance and expense."

**REQUEST FOR PRODUCTION NO. 40.**

All DOCUMENTS that evidence or reflect that any work STAN LEE performed for MARVEL was "work-made-for-hire" or done at MARVEL's "instance and expense."

**REQUEST FOR PRODUCTION NO. 41.**

All DOCUMENTS that evidence or reflect that any of the RICO MATERIAL was created for MARVEL as "work-made-for-hire" or done at MARVEL's "instance and expense."

**REQUEST FOR PRODUCTION NO. 42.**

All DOCUMENTS that evidence or reflect an assignment to Marvel

Entertainment Group, Inc. of the copyright in the WORKS before 1993.

**REQUEST FOR PRODUCTION NO. 43.**

All DOCUMENTS that MARVEL intends to use for any purpose in this lawsuit.

**REQUEST FOR PRODUCTION NO. 44.**

All DOCUMENTS that support YOUR allegation in Paragraph 1 of the COMPLAINT that "Marvel assigned Don Rico stories to write."

**REQUEST FOR PRODUCTION NO. 45.**

All DOCUMENTS that support YOUR allegation in Paragraph 13 of the COMPLAINT that "[a]ny contributions Don Rico made were at Marvel's instance and expense."

**REQUEST FOR PRODUCTION NO. 46.**

All DOCUMENTS that support YOUR allegation in Paragraph 14 of the COMPLAINT that "Marvel editorial staff had the right to exercise creative control over Don Rico's contributions."

**REQUEST FOR PRODUCTION NO. 47.**

All DOCUMENTS that support YOUR allegation in Paragraph 14 of the COMPLAINT that "Marvel paid Don Rico a per-page rate for his contributions."

**REQUEST FOR PRODUCTION NO. 48.**

All DOCUMENTS that support YOUR allegation in Paragraph 14 of the COMPLAINT that "[w]hen Don Rico worked for Marvel, he did so with the expectation that Marvel would pay him."

**REQUEST FOR PRODUCTION NO. 49.**

All DOCUMENTS that support YOUR allegation in Paragraph 24 of the COMPLAINT that "[t]he Works were . . . created at Marvel's instance and expense."

*Signature on the following page.*

| | | |
|---|---|---|
| Date: February 4, 2022 | By: | /s/ Marc Toberoff |
| | | Marc Toberoff |

TOBEROFF & ASSOCIATES, P.C.
*mtoberoff@toberoffandassociates.com*
23823 Pacific Coast Hwy, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Michele Hart-Rico and Buz Donato F. Rico III, heirs of Donato Francisco Rico II*

# PROOF OF SERVICE

I, Jaymie Parkkinen, declare:

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA 90265. On February 4, 2022, I caused the following document:

**RICO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF MARVEL CHARACTERS, INC.**

to be served as follows:

[x]     **BY ELECTRONIC MAIL** -  I caused the above-described document to be served by electronic mail transmission on the interested parties noted below, where an electronic mail address is indicated.

[x]     **BY MAIL** – I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On February 4, 2022, I put a true and correct copy of the above-referenced document in a sealed envelope, with postage fully prepaid, and placed the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

| | |
|---|---|
| Daniel M. Petrocelli | Allen W. Burton |
| dpetrocelli@omm.com | (*admitted pro hac vice*) |
| Molly M. Lens | aburton@omm.com |
| mlens@omm.com | O'MELVENY & MYERS LLP |
| Danielle Feuer | Times Square Tower |
| dfeuer@omm.com | 7 Times Square |
| O'MELVENY & MYERS LLP | New York, NY 10036 |
| 1999 Avenue of the Stars, 8th Floor | |
| Los Angeles, California 90067 | Kendall Turner |
| | kendallturner@omm.com |
| | O'MELVENY & MYERS LLP |
| | 1625 I Street NW |
| | Washington, DC 20006 |

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on February 4, 2022, at Malibu, California.

*/s/ Jaymie Parkkinen*
Jaymie Parkkinen
