# Exhibit 4

DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
DANIELLE FEUER (S.B. #324174)
dfeuer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

*Attorneys for Plaintiff Counterclaim-*
*Defendant Marvel Characters, Inc.*
*(additional counsel on page two)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVEL CHARACTERS, INC., | Case No.: 2:21-cv-07624-DMG-KES |
| Plaintiff, | **MARVEL CHARACTERS, INC.'S RESPONSES AND OBJECTIONS** |
| v. | **TO THE RICO DEFENDANTS' FIRST SET OF REQUESTS FOR** |
| MICHELE HART-RICO and BUZ DONATO F. RICO III, | **PRODUCTION OF DOCUMENTS** |
| Defendants. | Hon. Dolly M. Gee |
| MICHELE HART-RICO and BUZ DONATO F. RICO III, | |
| Counterclaimants, | |
| v. | |
| MARVEL CHARACTERS, INC. and DOES 1-10, inclusive, | |
| Counterclaim-Defendants. | |

| | |
|---|---|
| PROPOUNDING PARTY: | MICHELE HART-RICO AND BUZ DONATO F. RICO III |
| RESPONDING PARTY: | MARVEL CHARACTERS, INC. |
| SET NO.: | ONE |

ALLEN W. BURTON (admitted *pro hac vice*)
aburton@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York  10036-6537
Telephone:  +1 212 326 2000
Facsimile:   +1 212 326 2061

KENDALL TURNER (S.B. #310269)
kendallturner@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC  20006-4061
Telephone:  +1 202 383 5300
Facsimile:   +1 202 383 5414

*Attorneys for Plaintiff and Counterclaim-Defendant Marvel Characters, Inc.*
*(ctd.)*

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California (the "Local Rules"), Plaintiff Marvel Characters, Inc. ("MCI") hereby responds and objects to Michele Hart-Rico and Buz Donato F. Rico III's First Requests for Production of Documents ("Requests" and, individually, "Request"), served on February 4, 2022 via regular mail, as follows:

## **PRELIMINARY STATEMENT**

These responses are made solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all objections and grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by these responses. The fact that MCI responds or objects to any of the Requests should not be construed as an admission that it accepts or admits the existence of any facts assumed by such Request, or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that MCI responds to part or all of any of the Requests is not intended to be and shall not be construed as a waiver of any part of any objection to any Request.

The objections and responses set forth below are preliminary and non-binding, are based solely on such information and documentation as are presently available and specifically known to MCI after having made a diligent search and reasonable and good faith inquiry, and are made without prejudice to MCI's right to: (1) amend, alter, supplement, clarify or otherwise modify these objections and responses as this matter proceeds; (2) make use of, or introduce at any hearing or trial, any documents, information, facts, evidence, and legal theories which are subsequently discovered or which are now known but whose relevance, significance, or applicability has not yet

been ascertained; and (3) offer expert witness opinions on any relevant matter, which opinions may be at variance with these objections and responses or the documents produced in response to Michele Hart-Rico and Buz Donato F. Rico III's Requests.

Furthermore, MCI's responses are made without in any way intending to waive, but on the contrary, intending to preserve:

1.    The right to raise—as part of any subsequent proceeding in, or the trial of, this or any other action—all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any documents produced or identified in support of any of the responses to any portion of Michele Hart-Rico and Buz Donato F. Rico III's Requests;

2.    The right to object on any ground—as part of any subsequent proceeding in, or the trial of, this or any other action—to the use of any documents produced or identified in support of any of the responses to any portion of Michele Hart-Rico and Buz Donato F. Rico III's Requests;

3.    The right to object to introduction into evidence of any of these responses; and

4.    The right to object on any ground at any time to other discovery involving the subject thereof.

## **GENERAL OBJECTIONS**

1.    MCI objects to each and every Request, definition, and instruction that purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure or the Local Rules. MCI interprets each and every Request, definition, and instruction to be consistent with the Federal Rules of Civil Procedure and Local Rules.

2.    MCI objects to each and every Request, definition, and instruction to the extent it contains inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action. The production

MCI'S RESPS AND OBJS TO
DEFS' FIRST SET OF RFPS

of any information shall not constitute MCI's agreement with or acquiescence to any such description.

3.    MCI objects to each and every Request, definition, and instruction to the extent it seeks DOCUMENTS that are neither relevant to any claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence. MCI will only produce documents consistent with its Responses below.

4.    MCI objects to each and every Request, definition, and instruction to the extent it is vague, ambiguous, unclear, or fails to identify the requested DOCUMENTS with reasonable particularity as required by Federal Rule of Civil Procedure 34. To the extent that a Request requires subjective judgment on the part of MCI as to what information is requested, MCI will produce responsive, non-privileged DOCUMENTS according to its understanding of the Request.

5.    MCI objects to each and every Request, definition, and instruction to the extent it is overbroad, onerous, and unduly burdensome and, thus, outside the scope of permissible discovery. MCI will only produce documents consistent with its Responses below.

6.    MCI objects to each and every Request, definition, and instruction to the extent it seeks DOCUMENTS created after September 24, 2021—the date that MCI filed this action—on the grounds that such Requests are overbroad, beyond the scope of the allegations, seek DOCUMENTS protected by the attorney-client privilege and work product doctrines and not reasonably calculated to lead to the discovery of admissible evidence. MCI further objects to each and every Request, definition, and instruction to the extent it lacks temporal limitation and is thus unduly burdensome and disproportionate to the needs of the case. Unless otherwise indicated in the specific responses below, MCI will not produce DOCUMENTS created after September 24, 2021.

7.    MCI objects to each and every Request, definition, and instruction to the extent it seeks to require MCI to log DOCUMENTS protected by the attorney-

client privilege, the work product doctrine, or any other applicable privileges after June 10, 2021, when Michele Hart-Rico and Buz Donato F. Rico III served the termination notice at issue in this case, as the burden and expense of logging such DOCUMENTS would outweigh any benefit of logging them.  Unless otherwise indicated in the specific responses below, MCI will not log privileged DOCUMENTS after June 10, 2021.

8.    MCI objects to each and every Request to the extent it seeks DOCUMENTS that are a matter of public record, already in the possession of Michele Hart-Rico and Buz Donato F. Rico III, or otherwise equally available to the public and Michele Hart-Rico and Buz Donato F. Rico III.  MCI does not agree to produce publicly available documents, unless otherwise stated in its Responses.

9.    MCI objects to each and every Request to the extent that it seeks disclosure of DOCUMENTS that are unreasonably cumulative or duplicative of other discovery served in this action, or are obtainable from sources that are more convenient, less burdensome, or less expensive.

10.    MCI objects to each and every Request to the extent that it seeks to require MCI to use more than reasonable diligence to locate and identify responsive DOCUMENTS or information.  Consistent with its obligations, MCI will conduct a reasonably diligent inquiry for responsive documents.

11.    MCI objects to each and every Request to the extent it seeks the production of DOCUMENTS restored from backup tapes or archived data sources that are not reasonably accessible.  MCI will not search backup tapes or archived data sources.

12.    MCI objects to each and every Request, definition, and instruction to the extent it seeks the production of DOCUMENTS other than those in MCI's possession, custody, or control.  MCI will produce documents within its files.

13.    MCI objects to each and every Request to the extent it seeks the production of DOCUMENTS protected by the attorney-client privilege, the

MCI'S RESPS AND OBJS TO
DEFS' FIRST SET OF RFPS

attorney-work product doctrine, the common interest or joint defense privileges, rules and agreements governing privacy or confidentiality, or any other applicable privilege or protection recognized under statute or applicable case law. Inadvertent production by MCI of any DOCUMENTS protected by any applicable privilege or protection shall not constitute a waiver of the privilege or protection.

14.    MCI objects to each and every Request, definition, and instruction to the extent it calls for a response that would infringe upon the legitimate privacy rights of current or former employees, officers, or directors of MCI, current or former affiliates, related companies, subsidiaries, or other individuals, to the full extent such privacy rights and expectations are protected by constitution, statute, contract, court order, or public policy. MCI reserves the right to redact or exclude information from DOCUMENTS to protect unnecessary disclosure of nonresponsive or irrelevant sensitive, confidential, or proprietary business information.

15.    MCI objects to each and every Request to the extent it seeks MCI's sensitive, confidential, or proprietary business information. To the extent such DOCUMENTS are responsive, relevant, and not privileged, MCI will disclose such confidential business DOCUMENTS pursuant to a Protective Order, and any subsequent revisions to that Protective Order upon which the Parties may agree.

16.    MCI objects to each and every Request to the extent it seeks the production of "all" DOCUMENTS in MCI's possession. To the extent that MCI undertakes to produce DOCUMENTS, MCI will conduct a reasonable search of custodians reasonably likely to have non-cumulative, non-privileged responsive DOCUMENTS as qualified by MCI's objections and responses and, in the case of electronic DOCUMENTS, if any, MCI will use search terms reasonably expected to yield non-privileged, responsive DOCUMENTS.

17.    MCI objects to each Request, definition, and instruction to the extent that it prematurely requests discovery of expert materials and information in advance

of their respective deadlines under the Scheduling Order governing this case and/or the Federal Rules of Civil Procedure.  MCI will not produce any expert materials or information before such deadlines.

18.    MCI objects to each and every Request to the extent it seeks information or the production of DOCUMENTS whose disclosure would otherwise be prohibited by applicable law, rule, regulation, or contract obligation.  In particular, MCI objects to each and every Request to the extent it seeks DOCUMENTS subject to confidentiality obligations (such as settlement agreements with third-parties) or protective orders, such as the documents produced by parties other than MCI in *Marvel Worldwide, Inc. v. Kirby*, No. 10-cv-141 (S.D.N.Y.) ("*Kirby*").  MCI cannot, and will not, produce any such DOCUMENTS unless and until it is relieved of its confidentiality obligations with respect to such DOCUMENTS, and nothing contained in any response to any Request should be considered an agreement to produce such DOCUMENTS.  In addition, MCI notes that any confidentiality obligations greatly increase the burden associated with the production of such documents.  Accordingly, MCI  does not agree to produce any documents protected by confidentiality restrictions and/or protective orders.  MCI, however, is willing to continue to meet and confer with Michele Hart-Rico and Buz Donato F. Rico III about the relevance of any such documents and who should bear the burden associated with the production of any such documents.

19.    Nothing contained in any response herein shall be deemed an admission, concession, or waiver by MCI as to the validity of any claim or defense asserted by Michele Hart-Rico and Buz Donato F. Rico III.

20.    All objections as to the relevance, authenticity, or admissibility of any DOCUMENTS produced are expressly reserved by MCI.

21.    To the extent that MCI responds to any of the Requests, it reserves the right to object on any grounds, at any time, to other discovery Requests involving or relating to the subject matter of the Requests that MCI has responded to herein.

MCI'S RESPS AND OBJS TO DEFS' FIRST SET OF RFPS

22.    An objection or an undertaking to produce DOCUMENTS pursuant to a particular Request should not be construed to indicate that responsive DOCUMENTS actually exist.

23.    MCI reserves all objections to the use of these responses.  All such objections may be interposed by MCI at the time of trial or as otherwise required by the rules or order of the Court.

24.    MCI's responses herein shall not in any way constitute an adoption of Michele Hart-Rico and Buz Donato F. Rico III's purported "Definitions" of words or phrases or "Instructions" contained in the Requests.  MCI objects to the Definitions, Instructions, and Requests to the extent they: (i) are vague, ambiguous, compound, overbroad, unduly burdensome, and not reasonably tailored to avoid imposing undue burden and expense on MCI; (ii) seek DOCUMENTS or information for an undefined period of time or, if defined, cover and span an unreasonably long or burdensome time period, and therefore are burdensome and oppressive; (iii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iv) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure or local rule; (v) include assertions of purported fact that are inaccurate or disputed by the parties to this action; and/or (vi) incorporate other purported defined terms that suffer from such defects.  In responding to the Requests, MCI has, where possible, employed what it regards as the reasonable, common-sense interpretation of the Request in light of the relevant issues in the case.

25.    MCI    objects    to    the    definition    of    "AGREEMENT"    and "AGREEMENTS" as overbroad and unduly burdensome, as the definition includes "any contract, whether written or oral, express or implied" and is unbounded in time or by persons party to the agreement.  MCI interprets "AGREEMENTS" as signed agreements or contracts.  For AGREEMENTS with Don Rico, Larry Lieber, Steve Ditko, Don Heck, and Eugene Colan, MCI will produce all responsive signed

agreements or contracts.  For AGREEMENTS with third-parties, MCI will produce responsive agreements or contracts signed prior to January 1, 1978.

26.    MCI objects to the definition of "COMMUNICATIONS" as overbroad and unduly burdensome to the extent it seeks "all written, electronic, oral, telephonic, gesture, or other transmission or exchange of information, INCLUDING any inquiry, request, dialogue, discussion, conversation, interview, correspondence, letter, note, consultation, negotiation, agreement, understanding, meeting, e-mail, text message, and all DOCUMENTS evidencing any verbal or nonverbal interaction between any individuals or entities." MCI construes "COMMUNICATIONS" to mean the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

27.    MCI objects to the definition of "DOCUMENTS" as overbroad and unduly burdensome to the extent it imposes obligations greater than those required under the Federal Rules of Civil Procedure.  MCI construes "DOCUMENTS" to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Federal Rule of Civil Procedure 34(a)(1)(A).

28.    MCI objects to the definition of "MARVEL" as overbroad and unduly burdensome to the extent it includes "any past or present predecessors-in-interest or successors-in-interest, and any other person or persons acting on their behalf, including, but not limited to, past or present agents, managers, representatives, advisors, employees, attorneys, accountants, investigators and insurance companies, both singularly and cumulatively." (emphasis in original).  Consistent with the Local Rules, MCI will produce responsive, non-privileged DOCUMENTS from individuals at MCI reasonably anticipated to have responsive, non-duplicative, non-privileged DOCUMENTS.

29.    MCI objects to the definition of "PERSON" as overbroad and unduly burdensome to the extent it seeks "without limitation, any individual, corporation, partnership, limited partnership, sole proprietorship, association, trust, or legal

entity, and any department(s) or division(s) therein, and includes the present and former officers, executives, directors, employees, attorneys, agents, representatives, and all other PERSONS acting or purporting to act on behalf of any of them, and any of their present or former parent corporations, subsidiaries affiliates, divisions, predecessors, and successors-in-interest." MCI construes "PERSON" to be any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

30. MCI objects to the definition of "REFER" and "RELATE" as vague, ambiguous, overbroad, and unduly burdensome to the extent it means "without limitation, evidence, regard, concern, discuss, reflect, summarize, constitute, contain, study, assess, analyze, explain, mention, show, embody, discuss, describe, or comment upon—directly or indirectly—the subject matter identified." MCI interprets "REFER" and "RELATE" to carry their reasonable, common-sense meaning.

31. MCI objects to the definition of "STAN LEE" as overbroad and unduly burdensome to the extent this definition includes "any and all present or former agents, employees, representatives, attorneys, accountants, investigators, or any other person, acting or purporting to act on Stan Lee's behalf." MCI interprets "Stan Lee" as Stan Lee himself.

32. MCI objects to the definition of "YOU" and "YOUR" as overbroad and unduly burdensome to the extent this definition includes "MARVEL and any and all predecessor or successor entities, any and all divisions thereof, and any and all present and former officers, directors, representatives, shareholders, agents, employees, attorneys, accountants, investigators, or any other PERSON, or affiliate acting or purporting to act on any of MARVEL's behalf." Consistent with the Local Rules, MCI will produce responsive, non-privileged DOCUMENTS from individuals at MCI reasonably anticipated to have responsive, non-duplicative, non-privileged DOCUMENTS.

MCI'S RESPS AND OBJS TO
DEFS' FIRST SET OF RFPS

33.    MCI objects to Instruction No. 19 as overbroad and unduly burdensome to the extent it purports to require MCI to obtain possession of DOCUMENTS from public sources equally available to Michele Hart-Rico and Buz Donato F. Rico III. MCI construes Instruction No. 19 to only oblige MCI to request possession of DOCUMENTS from non-public sources.

34.    MCI objects to Instruction No. 24 as overbroad and unduly burdensome to the extent it requires MCI to produce "all" DOCUMENTS in searchable electronic format.    MCI will undertake reasonable efforts to produce all DOCUMENTS in such format but reserves rights to deviate as circumstances require, for example, with respect to DOCUMENTS collected and/or produced in prior litigations.

35.    MCI objects to Instruction No. 25 as overbroad and unduly burdensome to the extent it requires MCI to, without exception, harvest DOCUMENTS "in a manner that maintains the integrity and readability of all data, including all metadata."  MCI will undertake reasonable efforts to protect all data and metadata where practicable but reserves rights to deviate as circumstances require, for example, with respect to DOCUMENTS collected and/or produced in prior litigations.

36.    MCI objects to Instruction No. 26 as overbroad and unduly burdensome to the extent it requires MCI to, without exception, "ensure[] that the source of each DOCUMENT may be determined, if necessary."  MCI will undertake reasonable efforts to ensure as such but reserves rights to deviate as circumstances require, for example, with respect to DOCUMENTS collected and/or produced in prior litigations where sources may be impracticable to ascertain.

37.    MCI objects to Instruction No. 27 as overbroad and unduly burdensome to the extent it requires MCI to, without exception, not separate attached DOCUMENTS and to maintain the "parent-child" relationship of DOCUMENTS. MCI will undertake reasonable efforts to follow Instruction No. 27 but reserves

MCI'S RESPS AND OBJS TO
DEFS' FIRST SET OF RFPS

rights to deviate as circumstances require, for example, with respect to DOCUMENTS collected and/or produced in prior litigations where DOCUMENTS may have previously been detached or "parent-child" relationships severed.

38.    MCI objects to Instructions No. 28 and 29 as overbroad and unduly burdensome to the extent they purport to require that MCI trace back and reconfigure the storage structure of DOCUMENTS collected in, produced in, or pertaining to prior litigations.  MCI will produce such DOCUMENTS as they are currently stored, kept and/or organized (unless doing so would reveal attorney-work product and/or privileged information).

39.    MCI objects to Instruction No. 30 as premature, as the Parties have not met and conferred regarding a stipulation for discovery and production of electronically-stored information.  MCI is available to meet and confer about a mutually agreeable protocol for the production of electronically-stored information.

40.    MCI objects to Instruction No. 31 to the extent that it purports to require MCI to log DOCUMENTS on an individual, as opposed to categorical basis.  In addition, MCI objects to Instruction No. 31 to the extent that it purports to require MCI to re-review and/or re-log DOCUMENTS previously determined to be privileged and/or protected, in whole or in part, in a prior litigation.  MCI does not agree to re-review or re-log such DOCUMENTS.

41.    MCI objects to the use of the term "reflect[ing]" with respect to agreements, negotiations, and/or drafts in the Requests as vague and ambiguous. MCI interprets "reflect" as having the same meaning as "state," "memorialize," or "evidence" depending upon the specific Request.

42.    MCI objects to the use of the terms "freelancer," "freelance artist," "freelance writer," "independent contractor," and "co-creat[ion]" in the Requests, which assume unfound legal conclusions, are argumentative, and/or assume facts. MCI interprets such terms to request DOCUMENTS pertaining to the nature of the working relationship between Don Rico and MCI.

MCI'S RESPS AND OBJS TO
DEFS' FIRST SET OF RFPS

43.    MCI objects to the time and place identified in the Requests.  MCI will produce DOCUMENTS on a rolling basis commencing within a reasonable time after service of these responses and objections.

44.    MCI notes that this action is one of five actions currently pending, which not only all relate to the work-made-for-hire status of works published by Marvel during the time period 1961 to 1976, but have significant and extensive factual overlap.  Accordingly, these five cases involve much of the same evidence.  Indeed, the very same works and characters across the actions overlap in many instances. MCI further notes that the defendants in these five actions – who are all represented by the same counsel – have served overlapping and duplicative requests across all five cases.  Three of these cases are already related, and the parties have recently discussed formally consolidating four of them.  MCI intends to produce one set of documents in response to all requests.  By way of compromise, and to avoid any dispute, where not unduly burdensome, however, MCI will agree to provide information to identify documents associated with particular defendants, such as comics, copyright registrations and renewals, and termination notices.  Marvel reserves all rights with respect to the accuracy of such information, as it is being manually added to the documents.  In addition, Marvel does not waive any privileges or protections, including, but not limited to, the attorney-client privilege and/or work product doctrines through the provision of such information.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

## REQUEST FOR PRODUCTION NO. 1.

All DOCUMENTS that state, memorialize or reflect any AGREEMENT between RICO and MARVEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and—insofar as it calls for the production of "any" agreement—seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence. MCI further objects to this Request on the grounds that "reflect[ing]" an agreement is vague and ambiguous, and MCI interprets "reflect" as having the same meaning as "state" and "memorialize" as to this Request. Further responding, MCI objects to this Request on the grounds that it calls for the production of privileged documents or documents protected by the attorney work-product privilege. Subject to and without waiving these specific and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that state, memorialize, or reflect any Agreement between Don Rico and MCI relating to work performed during the years 1960 to 1965, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 2.**

All DOCUMENTS that memorialize or reflect any negotiations of any AGREEMENT between RICO and MARVEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and—insofar as it calls for the production of "all" documents pertaining to "any" negotiations and/or drafts of "any" agreement—seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence. MCI further objects to this Request on the grounds that "reflect[ing]" a negotiation and/or draft is vague and ambiguous, and MCI interprets "reflect" as having the same meaning as "memorialize" as to this Request. Further responding, MCI objects to this Request on the grounds that it calls for the production of privileged documents or documents protected by the attorney work-

product privilege.  Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that memorialize or reflect any negotiations and/or drafts of Agreements between Don Rico and MCI relating to work performed during the years 1960 to 1965, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 3.**

All of the original and renewal copyright registrations with the United States Copyright Office for the RICO MATERIAL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

MCI objects to this Request as seeking documents equally within defendant's possession, custody, and control.  Subject to and without waiving this specific objection and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that are responsive to this Request, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 4.**

All drafts of any AGREEMENT between RICO and MARVEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and—insofar as it calls for the production of "all" drafts of "any" agreement—seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  Further responding, MCI objects to this Request on the grounds that it calls for the production of privileged documents or documents protected by the attorney work-product privilege.  Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged drafts of Agreements between Don Rico and MCI relating to work performed during the years 1960 to 1965 in MCI's

possession, custody, or control, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 5.**

All DOCUMENTS that evidence or REFER to any payment(s) to RICO for the RICO MATERIAL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

MCI further objects to this Request on the basis that "REFER" is vague, ambiguous, overbroad, and unduly burdensome. MCI interprets "REFER" to carry its reasonable, common-sense meaning. Subject to and without waiving this specific objection and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that are responsive to this Request, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 6.**

All DOCUMENTS that evidence or reflect MARVEL's alleged right to exercise control over RICO's <u>creation</u> of the RICO MATERIAL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to and without waiving the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that evidence or reflect its right to exercise control over Don Rico's contributions to the Rico Material, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 7.**

DOCUMENTS evidencing that STAN LEE was employed by MARVEL in 1963-1965.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  MCI further objects to the definition of "STAN LEE" as overbroad and burdensome insofar as it includes "any and all present or former agents, employees, representatives, attorneys, accountants, investigators, or any other person, acting or purporting to act on Stan Lee's behalf."  MCI interprets "Stan Lee" to mean Stan Lee himself.  MCI also objects to this Request on the grounds that "evidenc[ing] that STAN LEE was employed by MARVEL" is vague and ambiguous, and MCI interprets this Request as seeking any agreements between MARVEL and Lee from 1963 to 1965 relating to the provision of services.  Subject to these specific objections and the General Objections, MCI will produce non-privileged Agreements in its possession, custody, or control between MCI and Stan Lee from 1963 to 1965 that relate to the provision of services, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 8.**

DOCUMENTS evidencing that STAN LEE was employed by VISTA, including but not limited to, in 1963-1964.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  Further responding, MCI objects to the Request as imposing a burden grossly disproportionate to the needs of this case insofar as it requires searching for documents from approximately sixty years ago, unconstrained by a specific date range.  MCI further objects to the definition of "STAN LEE" as overbroad and

MCI'S RESPS AND OBJS TO
DEFS' FIRST SET OF RFPS

1  burdensome insofar as it includes "any and all present or former agents, employees,
2  representatives, attorneys, accountants, investigators, or any other person, acting or
3  purporting to act on Stan Lee's behalf."  MCI interprets "Stan Lee" to mean Stan Lee
4  himself.  MCI also objects to this Request on the grounds that "evidenc[ing] that
5  STAN LEE was employed by VISTA" is vague and ambiguous, and MCI interprets
6  this Request as seeking any agreements between VISTA and Lee from 1963 to 1964
7  relating to the provision of services.  Subject to these specific objections and the
8  General Objections, MCI will produce non-privileged Agreements in its possession,
9  custody, or control between VISTA and Stan Lee from 1963 to 1964 that relate to
10  the provision of services, if any, that are identified through a reasonably diligent
11  inquiry and not otherwise subject to a protective order or confidentiality requirement.

12  **REQUEST FOR PRODUCTION NO. 9.**

13      All DOCUMENTS reflecting any payment(s) by VISTA to RICO for the
14  RICO MATERIAL.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

16      Subject to and without waiving the General Objections, MCI will produce non-
17  privileged documents in its possession, custody, or control that are responsive to this
18  Request, if any, that are identified through a reasonably diligent inquiry and not
19  otherwise subject to a protective order or confidentiality requirement.

20  **REQUEST FOR PRODUCTION NO. 10.**

21      All DOCUMENTS reflecting any payment(s) by VISTA to STAN LEE in
22  connection with the WORKS.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

24      MCI objects to the definition of "STAN LEE" as overbroad and burdensome
25  insofar as it includes "any and all present or former agents, employees,
26  representatives, attorneys, accountants, investigators, or any other person, acting or
27  purporting to act on Stan Lee's behalf."  MCI interprets "Stan Lee" to mean Stan Lee
28  himself.  Subject to and without waiving the General Objections, MCI will produce

non-privileged documents in its possession, custody, or control that concern payments to Stan Lee in connection with the Works, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 11.**

All DOCUMENTS reflecting any payment(s) by VISTA to STAN LEE in 1963-1964.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  MCI further objects to the definition of "STAN LEE" as overbroad and burdensome insofar as it includes "any and all present or former agents, employees, representatives, attorneys, accountants, investigators, or any other person, acting or purporting to act on Stan Lee's behalf."  MCI interprets "Stan Lee" to mean Stan Lee himself.  Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control concerning payments by VISTA to Stan Lee in 1963 and 1964, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 12.**

All DOCUMENTS reflecting any payment(s) by VISTA to any writer or artist for the creation of comic book material published by MARVEL in 1963-1964.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  Further responding, MCI objects to the Request as imposing a burden grossly

disproportionate to the needs of this case insofar as it requires searching for documents from approximately sixty years ago, unconstrained by specific persons or works.  Subject to and without waiving the General Objections, MCI agrees to produce the documents it produced in *Kirby* and is available to meet and confer about the balance of this Request.  In advance of this meet-and-confer discussion, MCI requests that Michele Hart-Rico and Buz Donato F. Rico III identify the names of any artists and/or writers that they request be included in any search efforts.

**REQUEST FOR PRODUCTION NO. 13**

DOCUMENTS that evidence the PERSON(S) that owned VISTA, including but not limited to, in 1963-1964.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control sufficient to show MCI's ownership of the copyrights in the Works.

**REQUEST FOR PRODUCTION NO.14.**

DOCUMENTS that evidence the relationship between VISTA and Martin Goodman, including but not limited to, in 1963-1964.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  Further responding, MCI objects to the Request as imposing a burden grossly disproportionate to the needs of this case insofar as it requires searching for documents from approximately sixty years ago, unconstrained by a specific date range.  MCI further objects to this Request on the grounds that "evidenc[ing] the

relationship" is vague and ambiguous, and MCI interprets this Request as seeking any Agreements between VISTA and Goodman from 1963 to 1964 relating to the provision of services.    Subject to these specific objections and the General Objections, MCI will produce non-privileged Agreements in its possession, custody, or control between VISTA and Martin Goodman from 1963 to 1964 that relate to the provision of services, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 15.**

DOCUMENTS that evidence the corporate relationship between VISTA and Magazine Management Co., Inc., including but not limited to, in the years 1963-1964.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control sufficient to show MCI's ownership of the copyrights in the Works.

**REQUEST FOR PRODUCTION NO. 16.**

DOCUMENTS that evidence the corporate relationship between VISTA and any MARVEL entity, including but not limited to, in the years 1963-1964.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  Subject to these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control sufficient to show MCI's ownership of the copyrights in the Works.

**REQUEST FOR PRODUCTION NO. 17.**

All COMMUNICATIONS, including all e-mails, between YOU and STAN LEE that RELATE or REFER to RICO.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  MCI also objects to this Request on the basis that "REFER" and "RELATE" are vague, ambiguous, overbroad, and unduly burdensome.  MCI interprets "REFER" and "RELATE" to carry their reasonable, common-sense meaning. Further responding, MCI objects to this Request on the ground that it seeks documents protected by the attorney-client or common-interest privileges.  MCI further objects to the definition of "STAN LEE" as overbroad and burdensome insofar as it includes "any and all present or former agents, employees, representatives, attorneys, accountants, investigators, or any other person, acting or purporting to act on Stan Lee's behalf." MCI interprets "Stan Lee" to mean Stan Lee himself.  Subject to these specific objections and the General Objections, MCI states that it will produce any non-privileged documents in its possession, custody, or control that are responsive to this Request and relate to Don Rico's employment relationship with MCI, ownership of and rights to the works at issue in this action, or contributions made by Don Rico to those works, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 18.**

DOCUMENTS that state, memorialize or reflect any AGREEMENT between MARVEL and any of the RICO DEFENDANTS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and—insofar as it calls for the production of "any" agreement—seeks

documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence. MCI further objects to this Request on the grounds that "reflect[ing]" an agreement is vague and ambiguous, and MCI interprets "reflect" as having the same meaning as "state" and "memorialize" as to this Request. Further responding, MCI objects to this Request on the grounds that it calls for the production of privileged documents or documents protected by the attorney work-product privilege. Subject to and without waiving these specific and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that state, memorialize, or reflect any Agreement between MCI and any of the Rico Defendants relating to work performed by Don Rico during the years 1960 to 1965, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 19.**

All DOCUMENTS authored, authorized or published by YOU about MARVEL's history.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

MCI objects to this Request as seeking documents equally within defendant's possession, custody, and control. Subject to and without waiving this specific objection and the General Objections, MCI will produce responsive, non-privileged documents that it intends to rely on in this lawsuit and which are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 20.**

All press releases that RELATE or REFER to RICO released by MARVEL.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

MCI objects to this Request as seeking documents equally within defendant's possession, custody, and control. MCI also objects to this Request on the basis that "REFER" and "RELATE" are vague, ambiguous, overbroad, and unduly

burdensome.  MCI interprets "REFER" and "RELATE" to carry their reasonable, common-sense meaning.  Subject to and without waiving these specific objections and the General Objections, MCI will produce responsive, non-privileged documents that it intends to rely on in this lawsuit and which are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 21.**

DOCUMENTS that evidence how MARVEL paid comic book writers and/or artists in the 1940s.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  Further responding, MCI objects to the Request as imposing a burden grossly disproportionate to the needs of this case insofar as it requires searching for documents from approximately eighty years ago, unconstrained by specific persons or works.  Subject to and without waiving these specific objections and the General Objections, MCI will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 22.**

DOCUMENTS that evidence how MARVEL paid comic book writers and/or artists in the 1950s.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  Further responding, MCI objects to the Request as imposing a burden grossly disproportionate to the needs of this case insofar as it requires searching for documents from approximately seventy years ago, unconstrained by specific persons

1  or works.  Subject to and without waiving these specific objections and the General

2  Objections, MCI will not produce documents responsive to this Request.

3  **REQUEST FOR PRODUCTION NO. 23.**

4       DOCUMENTS that evidence how MARVEL paid comic book writers and/or

5  artists in the 1960s.

6  **RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

7       MCI objects to this Request on the grounds that it is overbroad, unduly

8  burdensome, and seeks documents that are not relevant to any issue in this action and

9  are not reasonably calculated to lead to the discovery of admissible evidence.  Further

10  responding, MCI objects to the Request as imposing a burden grossly

11  disproportionate to the needs of this case insofar as it requires searching for

12  documents from approximately sixty years ago, unconstrained by specific persons or

13  works.  Subject to and without waiving the General Objections, MCI will produce

14  non-privileged documents in its possession, custody, or control that concern how Don

15  Rico, Larry Lieber, Steve Ditko, Don Heck, Eugene Colan, and Stan Lee were paid

16  by MCI in the 1960s, if any, that are identified through a reasonably diligent inquiry

17  and not otherwise subject to a protective order or confidentiality requirement.  To the

18  extent that Michele Hart-Rico and Buz Donato F. Rico III contend that additional

19  documents are relevant, MCI requests that they explain such position in writing and

20  MCI will then make itself available to meet and confer.

21  **REQUEST FOR PRODUCTION NO. 24.**

22       DOCUMENTS that evidence how MARVEL paid comic book writers and/or

23  artists in the 1970s.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

25       MCI objects to this Request on the grounds that it is overbroad, unduly

26  burdensome, and seeks documents that are not relevant to any issue in this action and

27  are not reasonably calculated to lead to the discovery of admissible evidence.  Further

28  responding, MCI objects to the Request as imposing a burden grossly

MCI'S RESPS AND OBJS TO
DEFS' FIRST SET OF RFPS

disproportionate to the needs of this case insofar as it requires searching for documents from approximately fifty years ago, unconstrained by specific persons or works.  Subject to and without waiving these specific and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that concern how Don Rico, Larry Lieber, Steve Ditko, Don Heck, Eugene Colan, and Stan Lee were paid by MCI in the 1970s, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.  To the extent that Michele Hart-Rico and Buz Donato F. Rico III contend that additional documents are relevant, MCI requests that they explain such position in writing and MCI will then make itself available to meet and confer.

**REQUEST FOR PRODUCTION NO. 25.**

DOCUMENTS that evidence or reflect that RICO created the RICO MATERIAL as an independent contractor or freelancer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

MCI objects to the Request on the grounds that it is overbroad, unduly burdensome, and implies an unfound legal conclusion through the use of the term "independent contractor or freelancer."  Subject to these specific objections and the General Objections, MCI will produce non-privileged, responsive documents in its possession, custody, or control that evidence or reflect whether MCI was Don Rico's employer when the Rico Material was created, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 26.**

DOCUMENTS that evidence or reflect that RICO created comic book material published by MARVEL as a freelancer or independent contractor, including but not limited to, in the years 1963-1964.

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

2      MCI objects to the Request on the grounds that it is overbroad, unduly

3  burdensome, and implies an unfound legal conclusion through the use of the term

4  "freelancer or independent contractor."  Subject to these specific objections and the

5  General Objections, MCI will produce non-privileged, responsive documents in its

6  possession, custody, or control that evidence or reflect whether MCI was Don Rico's

7  employer when comic book material published by MCI was created by Don Rico in

8  the years 1963 to 1964, if any, that are identified through a reasonably diligent inquiry

9  and not otherwise subject to a protective order or confidentiality requirement.

10  **REQUEST FOR PRODUCTION NO. 27.**

11      All DOCUMENTS that evidence or reflect that RICO was an employee of any

12  MARVEL entity, including but not limited to, in the years 1963-1964.

13  **RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

14      MCI objects to the Request on the grounds that it is overbroad, unduly

15  burdensome, and implies an unfound legal conclusion through the use of the term

16  "employee."  Subject to these specific objections and the General Objections, MCI

17  will produce non-privileged, responsive documents in its possession, custody, or

18  control that evidence or reflect whether Marvel was Don Rico's employer in the years

19  1963 to 1964, if any, that are identified through a reasonably diligent inquiry and not

20  otherwise subject to a protective order or confidentiality requirement.

21  **REQUEST FOR PRODUCTION NO. 28.**

22      All DOCUMENTS that evidence or reflect any AGREEMENT between any

23  freelance writer or freelance artist and MARVEL concerning any work performed in

24  the years 1962-1967.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

26      MCI objects to the Request on the grounds that it is overbroad, unduly

27  burdensome, and —insofar as it calls for the production of "any" agreements during

28  a multiyear period—seeks documents that are not relevant to any issue in this action

and are not reasonably calculated to lead to the discovery of admissible evidence. Further responding, MCI objects to the Request as imposing a burden grossly disproportionate to the needs of this case insofar as it requires searching for documents from approximately sixty years ago, unconstrained by specific persons or works. MCI further objects to this Request as it implies an unfound legal conclusion through the use of the term "freelance writer or freelance artist." MCI also objects to this Request on the grounds that "reflect[ing]" an agreement is vague and ambiguous, and MCI interprets "reflect" as having the same meaning as "evidence" as to this Request. Subject to these specific objections and the General Objections, MCI agrees to produce the agreements it produced in *Kirby* and is available to meet and confer about the balance of this Request. In advance of this meet-and-confer discussion, MCI requests that Michele Hart-Rico and Buz Donato F. Rico III identify the names of any artists and/or writers that they request be included in any search efforts.

**REQUEST FOR PRODUCTION NO. 29.**

All DOCUMENTS that evidence any payment(s) to RICO by MARVEL including copies of all checks (front and back), bank records, pay stubs or accounting records, including but not limited to, in the years 1963-1964.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that evidence any payments to Don Rico by MCI in the years 1963 to 1964, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 30.**

DOCUMENTS that evidence MARVEL's tax treatment of any compensation paid by MARVEL to RICO in the years 1962-1967.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Subject to and without waiving the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that are responsive to this Request, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 31.**

All DOCUMENTS that evidence payments to STAN LEE by MARVEL including, copies of all checks (front and back), bank records, pay stubs or accounting records in the 1960s, including but not limited to in the years 1963-1964.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence. MCI further objects to the definition of "STAN LEE" as overbroad and burdensome insofar as it includes "any and all present or former agents, employees, representatives, attorneys, accountants, investigators, or any other person, acting or purporting to act on Stan Lee's behalf." MCI interprets "Stan Lee" to mean Stan Lee himself. Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that evidence payments to Stan Lee during the years 1963 to 1964, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 32.**

DOCUMENTS that evidence MARVEL's tax treatment of the compensation paid by MARVEL to STAN LEE in the 1960s, including but not limited to in the years 1963-1964.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  MCI objects to the definition of "STAN LEE" as overbroad and burdensome insofar as it includes "any and all present or former agents, employees, representatives, attorneys, accountants, investigators, or any other person, acting or purporting to act on Stan Lee's behalf."  MCI interprets "Stan Lee" to mean Stan Lee himself.  Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that evidence MCI's tax treatment of payments to Stan Lee during the years 1963 to 1964, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 33.**

All DOCUMENTS that evidence or reflect any payment(s) by MARVEL to any freelance artist or freelance writer including copies of all checks (front and back), bank records, pay stubs or accounting records, in the 1960s, including but not limited to the years 1963-1965.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

MCI objects to the Request on the grounds that it is overbroad, unduly burdensome, and implies an unfound legal conclusion through the use of the term "freelance artist or freelance writer."  Further responding, MCI objects to the Request as imposing a burden grossly disproportionate to the needs of this case insofar as it requires searching for documents from approximately sixty years ago, unconstrained

1 by specific persons or works.  Subject to these specific objections and the General
2 Objections, MCI agrees to produce the documents it produced in *Kirby* and is
3 available to meet and confer about the balance of this Request.  In advance of this
4 meet-and-confer discussion, MCI requests that Michele Hart-Rico and Buz Donato
5 F. Rico III identify the names of any artists and/or writers that they request be
6 included in any search efforts.

7 **REQUEST FOR PRODUCTION NO. 34.**

8 All DOCUMENTS that evidence MARVEL's tax treatment of the
9 compensation paid by MARVEL to freelance artists or freelance writers, including
10 MARVEL's tax returns, for the years 1963-1965.

11 **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

12 MCI objects to the Request on the grounds that it is overbroad, unduly
13 burdensome and calls for the production of documents protected by the attorney
14 work-product privilege.  Further responding, MCI objects to this Request on the
15 grounds that the term "freelance artist or freelance writer" implies an unfound legal
16 conclusion.  Further responding, MCI objects to the Request as imposing a burden
17 grossly disproportionate to the needs of this case insofar as it requires searching for
18 documents from approximately sixty years ago, unconstrained by specific persons or
19 works.  Subject to these specific objections and the General Objections, MCI agrees
20 to produce the documents it produced in *Kirby* and is available to meet and confer
21 about the balance of this Request.  In advance of this meet-and-confer discussion,
22 MCI requests that Michele Hart-Rico and Buz Donato F. Rico III identify the names
23 of any artists and/or writers that they request be included in any search efforts.

24 **REQUEST FOR PRODUCTION NO. 35.**

25 All DOCUMENTS that evidence or RELATE to RICO's co-creation of the
26 WORKS.

27
28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

MCI objects to the Request on the grounds that it is overbroad, unduly burdensome, and implies an unfound legal conclusion through the use of the term "co-creation." MCI further objects to this Request on the basis that "RELATE" is vague, ambiguous, overbroad, and unduly burdensome. MCI interprets "RELATE" to carry its reasonable, common-sense meaning. Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that concern Don Rico's contributions to the Works, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 36.**

All DOCUMENTS that evidence or RELATE to STAN LEE's co-creation of the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

MCI objects to the Request on the grounds that it is overbroad, unduly burdensome, and implies an unfound legal conclusion through the use of the term "co-creation." MCI further objects to this Request on the basis that "RELATE" is vague, ambiguous, overbroad, and unduly burdensome. MCI interprets "RELATE" to carry its reasonable, common-sense meaning. MCI also objects to the definition of "STAN LEE" as overbroad and burdensome insofar as it includes "any and all present or former agents, employees, representatives, attorneys, accountants, investigators, or any other person, acting or purporting to act on Stan Lee's behalf." MCI interprets "Stan Lee" to mean Stan Lee himself. Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that concern contributions made by Stan Lee to the Works, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

- 33 -

**REQUEST FOR PRODUCTION NO. 37.**

All DOCUMENTS that evidence or reflect any treatments, outlines, scripts, plots or storylines written by RICO for any MARVEL comic book in the years 1960-1965, including but not limited to the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant to any issue in this action by seeking documents that are unrelated to the Works. Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that evidence or reflect any treatments, outlines, scripts, plots or storylines written by Don Rico during the years 1960 to 1965, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 38.**

All DOCUMENTS that evidence or reflect any treatments, outlines, scripts, plots or storylines written by STAN LEE for the WORKS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

MCI objects to the definition of "STAN LEE" as overbroad and burdensome insofar as it includes "any and all present or former agents, employees, representatives, attorneys, accountants, investigators, or any other person, acting or purporting to act on Stan Lee's behalf." MCI interprets "Stan Lee" to mean Stan Lee himself. Subject to and without waiving this specific objection and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that are responsive to this Request, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 39.**

All DOCUMENTS that evidence or reflect that any work RICO performed for MARVEL was "work-made-for-hire" or done at MARVEL's "instance and expense."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for a legal conclusion. Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control evidencing that work Don Rico performed during the years 1960 to 1965 was "work-made-for-hire" or done at MCI's "instance and expense," if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 40.**

All DOCUMENTS that evidence or reflect that any work STAN LEE performed for MARVEL was "work-made-for-hire" or done at MARVEL's "instance and expense."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for a legal conclusion. MCI objects to the definition of "STAN LEE" as overbroad and burdensome insofar as it includes "any and all present or former agents, employees, representatives, attorneys, accountants, investigators, or any other person, acting or purporting to act on Stan Lee's behalf." MCI interprets "Stan Lee" to mean Stan Lee himself. Subject to these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that are responsive to this Request, and relate to works created between 1961 and 1976, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 41.**

All DOCUMENTS that evidence or reflect that any of the RICO MATERIAL was created for MARVEL as "work-made-for-hire" or done at MARVEL's "instance and expense."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

MCI objects to this Request on the grounds that it is overbroad, unduly burdensome, and calls for a legal conclusion.  Subject to and without waiving these specific objections and General Objections, MCI will produce non-privileged documents in its possession, custody, or control that are responsive to this Request, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 42.**

All DOCUMENTS that evidence or reflect an assignment to Marvel Entertainment Group, Inc. of the copyright in the WORKS before 1993.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

MCI objects to this Request on the grounds that "reflect[ing]" an assignment is vague and ambiguous, and MCI interprets "reflect" as having the same meaning as "evidence" as to this Request.  Subject to and without waiving this specific objection and the General Objections, MCI will produce non-privileged Agreements in its possession, custody, or control that are responsive to this Request, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 43.**

All DOCUMENTS that MARVEL intends to use for any purpose in this lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

MCI objects to this Request on the ground that it is vague and ambiguous, overbroad, unduly burdensome and calls for the production of documents protected

by the attorney work-product privilege. MCI further states that it has not yet determined which documents it intends to use for any purpose in this action, and reserves the right to supplement its production. Subject to and without waiving these specific objections and the General Objections, MCI will produce responsive, non-privileged documents that it intends to rely on in this lawsuit which are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 44.**

All DOCUMENTS that support YOUR allegation in Paragraph 1 of the COMPLAINT that "Marvel assigned Don Rico stories to write."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

MCI objects to the Request on the grounds that it is overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege. MCI further states that it has not yet determined which documents on which it intends to rely to prove all the allegations in the complaint. Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that are responsive to this Request, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 45.**

All DOCUMENTS that support YOUR allegation in Paragraph 13 of the COMPLAINT that "[a]ny contributions Don Rico made were at Marvel's instance and expense."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

MCI objects to the Request on the grounds that it is overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege. MCI further states that it has not yet determined which documents on which it intends to rely to prove all the allegations in the complaint.

Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that are responsive to this Request, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 46.**

All DOCUMENTS that support YOUR allegation in Paragraph 14 of the COMPLAINT that "Marvel editorial staff had the right to exercise creative control over Don Rico's contributions."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

MCI objects to the Request on the grounds that it is overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege.  MCI further states that it has not yet determined which documents on which it intends to rely to prove all the allegations in the complaint. Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that are responsive to this Request, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 47.**

All DOCUMENTS that support YOUR allegation in Paragraph 14 of the COMPLAINT that "Marvel paid Don Rico a per-page rate for his contributions."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

MCI objects to the Request on the grounds that it is overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege.  MCI further states that it has not yet determined which documents on which it intends to rely to prove all the allegations in the complaint. Subject to and without waiving these specific objections and the General Objections,

MCI will produce non-privileged documents in its possession, custody, or control that are responsive to this Request, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 48.**

All DOCUMENTS that support YOUR allegation in Paragraph 14 of the COMPLAINT that "[w]hen Don Rico worked for Marvel, he did so with the expectation that Marvel would pay him."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

MCI objects to the Request on the grounds that it is overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege. MCI further states that it has not yet determined which documents on which it intends to rely to prove all the allegations in the complaint. Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control that are responsive to this Request, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 49.**

All DOCUMENTS that support YOUR allegation in Paragraph 24 of the COMPLAINT that "[t]he Works were . . . created at Marvel's instance and expense."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

MCI objects to the Request on the grounds that it is overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege. MCI further states that it has not yet determined which documents on which it intends to rely to prove all the allegations in the complaint. Subject to and without waiving these specific objections and the General Objections, MCI will produce non-privileged documents in its possession, custody, or control

that are responsive to this Request, if any, that are identified through a reasonably diligent inquiry and not otherwise subject to a protective order or confidentiality requirement.

Dated:       March 10, 2022              **O'MELVENY & MYERS LLP**


By: */s/ Daniel M. Petrocelli*
                        Daniel M. Petrocelli

Daniel M. Petrocelli
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Danielle Feuer
dfeuer@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone:  (310) 553-6700
Facsimile:  (310) 246-6779

Allen Burton (admitted *pro hac vice*)
aburton@omm.com
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:  (212) 326-2000
Facsimile:  (212) 326-2061

Kendall Turner
kendallturner@omm.com
1625 Eye Street NW
Washington, DC 20006
Telephone:  (202) 383-5300
Facsimile:  (202) 383-5414

*Attorneys for Marvel Characters, Inc.*

MCI'S RESPS AND OBJS TO
DEFS' FIRST SET OF RFPS