# Exhibit 6

DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
DANIELLE FEUER (S.B. #324174)
dfeuer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

*Attorneys for Plaintiff and Counterclaim-Defendant Marvel Characters, Inc.*
*(additional counsel on page two)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARVEL CHARACTERS, INC., | Case No. 2:21-cv-07624-DMG-KES |
| Plaintiff, | **PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT AND COUNTERCLAIMANT BUZ DONATO F. RICO III** |
| v. | |
| MICHELE HART-RICO and BUZ DONATO F. RICO III, | |
| Defendants. | Judge: Hon. Dolly M. Gee |
| MICHELE HART-RICO and BUZ DONATO F. RICO III, | |
| Counterclaimants, | |
| v. | |
| MARVEL CHARACTERS, INC. and DOES 1-10, inclusive, | |
| Counterclaim-Defendants. | |

ALLEN W. BURTON (admitted pro hac vice)
aburton@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

KENDALL TURNER (S.B. #310269)
kendallturner@omm.com
O'MELVENY & MYERS LLP
1625 I Street NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Plaintiff and Counterclaim-Defendant Marvel Characters, Inc. (ctd.)*

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff and Counterclaim-Defendant Marvel Characters, Inc. ("MCI") hereby propounds the following First Set of Requests for Production of Documents ("Requests") on Defendant and Counterclaimant Buz Donato F. Rico III ("Buz Rico"), the heir of Donato Francisco Rico II.  MCI requests that Buz Rico respond under oath and in writing and produce all Documents and other materials described herein for inspection and copying at the offices of O'Melveny & Myers LLP, Times Square Tower, 7 Times Square, New York, New York, 10036, within thirty (30) days of service of this Request.  The Requests are continuing in nature, and Buz Rico is hereby requested to timely supplement his response to each and every Request whenever he learns that the response is in some material aspect incomplete or incorrect in accordance with Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

1. "Agreement" means any contract, whether written or oral, express or implied.

2. "Author" means the creator of the original expression in a work and/or the hiring party in the case of a work made for hire.  For purposes of the Requests, the term "Author" shall be construed to include all co-authors of a work, where multiple parties contributed original expression to the work.

3. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

4. "Concerning" means relating to, referring to, describing, evidencing, or constituting. "Concern" has the same meaning as "Concerning."

5. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

6. "Don Rico" means Donato Francisco Rico II and, where applicable, his agents or representatives.

7. "Including" means "including, but not limited to."

8. "Lee" means Stan Lee and, where applicable, his agents or representatives.

9. "Marvel" means MCI and/or any related or predecessor entities, Including Atlas Magazines, Inc., Cadence Industries Corporation, Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics Group, Marvel Entertainment Group, Inc., Marvel Comics, Inc., Non-Pareil Publishing Corp., Perfect Film & Chemical Corporation, and Vista Publications, Inc., and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates.

10. "Person" is defined as any natural person or any legal entity, Including any business or governmental entity or association.

11. "Purported Termination Notices" means the purported notices of termination served on Marvel by Buz Rico and Michele Hart-Rico that are identified in the parties' respective pleadings.

12. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or a pronoun referring to a party (e.g., "You" or "Your") mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

13. "Works" means <u>any</u> Marvel comic book, character, story, illustration, or other narrative or graphic work that is or is intended to be the subject of any of the Purported Termination Notices. Either "Work" or "Works" means both the plural and the singular, as well as any part of a Work.

## **INSTRUCTIONS**

1. The use of the singular form of any word includes the plural and vice versa.

2. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

3. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

4. You are instructed to produce all Documents that are responsive to these Requests and that are in Your possession, custody, or control. A Document is in Your "possession, custody, or control" if it is in Your physical possession, or if, as a practical and legal matter, You have the ability, upon request, to obtain possession of the Document or a copy thereof from another Person that has physical possession of the Document.

5. Each Request shall be construed independently and no Request shall be viewed as limiting the scope of any other Request.

6. No part of a Request shall be left unanswered merely because an objection is made to another part of the Request.

7. If an objection is made to any of these Requests, the response shall state whether Documents are being withheld from inspection and production on the basis of such objection, or whether inspection and production of the responsive Documents will occur notwithstanding such objection.

8. If any Document or category of Documents is not produced in full, please state that a diligent search and reasonable inquiry has been made in an effort to locate the items, state with particularity the reason or reasons it is not being produced in full, and describe, to the best of Your knowledge, information, and belief, and with as much particularity as possible, the Document or portions of the Document that are not being produced.

9. With respect to any Document maintained or stored electronically, please harvest it in a manner that maintains the integrity and readability of all data, Including all metadata.

10. The collection and production of Documents shall be performed in a manner that ensures that the source of each Document may be determined, if necessary. In addition, please ensure that all Documents are produced with information (such as metadata) identifying the custodian of every Document, irrespective of whether the Document was obtained electronically or in hard copy.

11. Please produce all Documents maintained or stored electronically in TIFF format (branded with production numbers and, as appropriate, redactions and protective order legending) accompanied by data files which reference the beginning and ending image bates numbers for each Document and associated image cross-reference files, family group indications, and all metadata intact and in an appropriate and useable manner. Encrypted or password-protected Documents should be produced in a form permitting them to be reviewed.

12. Please produce Excel files in native format.

13. Documents attached to each other shall not be separated and the parent-child relationship of Documents must be kept intact.

14. Each Document is to be produced as it is kept in the usual course of business, Including all file folders, binders, notebooks, and other devices by which such Documents may be organized or separated.

15. Please organize electronic Documents or other materials produced for inspection in the same manner that You store them (e.g., if a Documents is maintained by a custodian, such as an e-mail residing on an e-mail server, please organize it for production by custodian; if maintained in a subfolder of "My Documents" on a custodian's hard drive, please organize it for production by custodian with path information preserved, etc.).

16. The Requests require production of paper Documents in the same form and same order as they are kept in the usual course of business, or organized and labeled to correspond with the requests set forth below. If You choose the former method, the Documents are to be produced in the boxes, file folders, bindings, or other containers in which the Documents are found. The titles, labels, or other descriptions on the boxes, file folders, bindings, or other containers are to be left intact. All responsive Documents maintained in paper, hard-copy form shall be produced electronically in TIFF format.

17. If You withhold any Document, or portion of a Document, on grounds that it is protected from discovery by the attorney-client privilege, work-product doctrine, or other privilege or immunity from discovery, please set forth, for each Document or portion of a Document withheld:

    a. The place, approximate date, and manner of recording, creating, or otherwise preparing the Document;

b. The names and organization position, if any, of each author, sender, and recipient of the Document;

c. A general description of the subject matter of the Document;

d. The basis of any claim of privilege;

e. The general nature of the Document (letter, memo, email, etc.); and

f. If work-product is asserted, the proceeding for which the Document was created.

18. For any Document or category of Documents that was, but no longer is, in Your possession, custody, or control, please describe each such Document as completely as possible and provide the following information:

a. The reason the Document is no longer in Your possession, custody, or control;

b. The Person, if any, who has possession, custody, or control or, if unknown, so state; and

c. If the Document was destroyed or otherwise disposed of, state (i) the manner of disposal (i.e., destruction, loss, discarding, or other means of disposal), (ii) the date of disposal, (iii) the reason for disposal, (iv) the Person authorizing disposal, (v) the Person disposing of the Document, and (vi) the name and address of the most recent custodian of the Document.

19. These Requests impose a continuing obligation subsequent to Your initial production within thirty (30) days of the service date of these Requests, or other date mutually agreed upon by the parties, to timely supplement Your response or production if You determine that Your response or production is incomplete or incorrect. MCI specifically reserves the right to seek supplementary responses and production of Documents before trial.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents that state, memorialize, reflect, or Concern any Agreement between You and/or Don Rico, on the one hand, and Marvel, on the other, Including any drafts of or negotiations Concerning any such Agreement.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications between You and/or Don Rico, on the one hand, and Marvel, on the other, Concerning the Works or the nature of Don Rico's contributions to the Works.

**REQUEST FOR PRODUCTION NO. 3:**

Any original and renewal copyright registrations with the United States Copyright Office for the Works that are in Your possession, custody, or control, and/or that were viewed or obtained by Don Rico prior to his death.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show when You and/or Don Rico obtained any registrations produced in response to Request No. 3 and/or any such registrations that once were, but are no longer, in Your possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications Concerning the original and renewal copyright registrations with the United States Copyright Office for the Works.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents reflecting or evidencing that Marvel took the position that the Works and/or Don Rico's contributions to the Works were made on a work-made-for-hire basis.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show when You and/or Don Rico first understood, appreciated, learned, read, or were told or informed that Marvel contended that Don Rico's contributions to the Works were made on a work-made-for-hire basis and/or that Don Rico was not an Author of the Works.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning the contributions of any Persons, Including Don Rico and Lee, to any of the Works, Including (i) the identities of all such contributors, (ii) the nature and scope of their respective contributions, and (iii) the

circumstances under which they made such contributions, Including whether they made such contributions as an employee, independent contractor, or freelancer.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents that evidence or reflect that any work that Don Rico performed for Marvel was "work made for hire" or done at Marvel's "instance and expense."

**REQUEST FOR PRODUCTION NO. 10:**

All Documents that You contend evidence or reflect that any work that Don Rico performed for Marvel was not "work made for hire" or done at Marvel's "instance and expense."

**REQUEST FOR PRODUCTION NO. 11:**

All Documents that evidence or reflect that any of the Works, in whole or in part, were created for Marvel as "work made for hire" or done at Marvel's "instance and expense."

**REQUEST FOR PRODUCTION NO. 12:**

All Documents that that You contend evidence or reflect that any of the Works, in whole or in part, were not created for Marvel as "work made for hire" or done at Marvel's "instance and expense."

**REQUEST FOR PRODUCTION NO. 13:**

All Documents that evidence, reflect, or otherwise Concern whether Marvel provided the impetus for, directed, contributed to, participated in, or had the power

or right to supervise the creation of any of the Works and/or Don Rico's work for Marvel.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents that evidence, reflect, or otherwise Concern any treatments, synopses, plotting conferences, outlines, scripts, plots, storylines, or other Documents providing direction, instruction, or feedback Concerning any of the Works or Don Rico's work for Marvel.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning any actual or proposed pages, concepts, artwork, drawings, sketches, illustrations, narratives, or dialogue by Don Rico that were (i) rejected by Marvel, (ii) edited by Marvel, and/or (iii) edited by Don Rico after submission to Marvel based on comments, feedback, or instruction by Marvel.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Concerning or evidencing Marvel's power (or lack thereof) to accept, reject, or modify Don Rico's or other artists' work.

**REQUEST FOR PRODUCTION NO. 17:**

All drafts of the Works, or any part thereof, Including any notes, additions, deletions, comments, revisions, or suggestions thereto.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning compensation or payment, Including (i) per page rates received by or owed or due to Don Rico by Marvel, (ii) copies of checks (front

and back), pay stubs, bank records, vouchers, tax returns, or accounting records, and (iii) the manner in which any income received by Don Rico for his contributions to the Works was reported for tax purposes.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning the legend stamped on the reverse side of any checks made payable by Marvel to any writer or artist in the 1960s and 1970s, Including any copies of checks made payable by Marvel to any writer or artist during that time period.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents Concerning Don Rico's business relationship with Marvel Including federal or state tax returns, IRS 1099 or W-2 forms, attachments and schedules, statements of benefits, employment Agreements, assignment Agreements, term sheets, or correspondence.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Concerning how comic book writers and/or artists were paid by Marvel in the 1960s and 1970s.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Concerning the grant, transfer, or assignment by You and/or Don Rico of any interest (past, present, future, or contingent) in any of the Works irrespective of whether or not such grant, transfer, or assignment was consummated

or executed, Including any Communications, Agreements, or negotiations related thereto.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Concerning the terms upon which Don Rico performed creative services for Persons other than Marvel during the 1960s or 1970s Including any Agreements, offers, or terms sheets.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Concerning any pages or other contributions to any comic book or other narrative or graphic work that were submitted by Don Rico or on his behalf to a Person other than Marvel and/or that were published by a Person other than Marvel during the 1960s or 1970s.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents Concerning the terms upon which Don Rico engaged Persons to perform creative services during the 1960s or 1970s Including any Agreements, offers, or term sheets.

**REQUEST FOR PRODUCTION NO. 26:**

All statements (published or unpublished) by You, Don Rico, and/or Your or Don Rico's agents, representatives, family members, or relatives Concerning (i) the Works, (ii) contributions to the Works by Don Rico or others, (iii) ownership interests in or to the Works, (iv) authorship of or to the Works, or (v) Don Rico's business relationship with Marvel.

**REQUEST FOR PRODUCTION NO. 27:**

All interviews Concerning any of the Works or Don Rico.

**REQUEST FOR PRODUCTION NO. 28:**

All Communications Concerning the Purported Termination Notices, Including correspondence with the United States Copyright Office.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Concerning ownership of Don Rico's termination interest in any of the Works under 17 U.S.C. § 304(c), Including (i) which Person(s) own such termination interest, (ii) Documents sufficient to show Your familial relationship to Don Rico, (iii) the identities, birthdates, and, where applicable, death dates of any of the relatives of Don Rico who fall into the categories enumerated in 17 U.S.C. § 304(c)(2), and (iv) to the extent applicable, the percentage of each such Person's interest.

**REQUEST FOR PRODUCTION NO. 30:**

The record evidence in and Communications Concerning *Marvel Worldwide, Inc. v. Kirby*, Case No. 1:10-cv-00141-CM-KNF (S.D.N.Y.) and *Marvel Characters, Inc. v. Kirby*, Case No. 11-3333 (2d Cir.) (collectively, the "*Kirby* Litigation"), the principal decisions for which are accessible at 777 F. Supp. 2d 720, 2010 WL 1655253, and 726 F.3d 119.

**REQUEST FOR PRODUCTION NO. 31:**

The record evidence in and Communications Concerning *Marvel Characters Inc. v. Simon*, Case Nos. 00-cv-1393-RCC (S.D.N.Y) and 02-7221 (2d Cir.) (collectively, the "*Simon* Litigation"), the principal decisions for which are accessible at 2002 WL 313865 and 310 F.3d 280.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents stating, reflecting, or indicating that Don Rico created or prepared his contributions to the Works for publication by Marvel, as opposed to any other comic book publisher.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to identify any pages that Don Rico submitted to Marvel that You contend were not assigned to Don Rico by Marvel and/or are not related to Marvel's pre-existing titles, works, stories, and characters.

**REQUEST FOR PRODUCTION NO. 34:**

Any prior testimony, oral or written, by You and/or Don Rico Concerning the Works or Marvel.

**REQUEST FOR PRODUCTION NO. 35:**

All Communications with any of the parties to the following actions: *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK (S.D.N.Y.); *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK (S.D.N.Y.); *Marvel Characters, Inc. v.*

*Lieber*, No. 1:21-cv-07955-LAK (S.D.N.Y.); and *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM (E.D.N.Y.).

**REQUEST FOR PRODUCTION NO. 36:**

All Communications and/or Documents exchanged between You and/or Don Rico, on the one hand, and James Steranko, on the other.

**REQUEST FOR PRODUCTION NO. 37:**

All Communications and/or Documents exchanged between You and/or Don Rico, on the one hand, and Neal Adams, on the other.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents that You intend to use for any purpose in this action.

| | | |
|---|---|---|
| 1 | Dated: February 17, 2022 | **O'MELVENY & MYERS LLP** |
| 2 | | |
| 3 | | By: */s/ Daniel M. Petrocelli* |
| 4 | | Daniel M. Petrocelli |
| 5 | | Daniel M. Petrocelli |
| 6 | | dpetrocelli@omm.com |
| 7 | | Molly M. Lens |
|   | | mlens@omm.com |
| 8 | | Danielle Feuer |
| 9 | | dfeuer@omm.com |
|   | | 1999 Avenue of the Stars, 8th Floor |
| 10 | | Los Angeles, California 90067 |
| 11 | | Telephone: (310) 553-6700 |
|    | | Facsimile: (310) 246-6779 |
| 12 | | |
| 13 | | Allen Burton (admitted *pro hac vice*) |
|    | | aburton@omm.com |
| 14 | | Times Square Tower |
| 15 | | 7 Times Square |
|    | | New York, NY 10036 |
| 16 | | Telephone: (212) 326-2000 |
| 17 | | Facsimile: (212) 326-2061 |
| 18 | | Kendall Turner |
|    | | kendallturner@omm.com |
| 19 | | 1625 Eye Street NW |
| 20 | | Washington, DC 20006 |
|    | | Telephone: (202) 383-5300 |
| 21 | | Facsimile: (202) 383-5414 |
| 22 | | *Attorneys for Marvel Characters, Inc.* |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |