# Exhibit 10

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
jparkkinen@toberoffandassociates.com

March 16, 2022

Via Email

Molly M. Lens
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067

   **RE:** *Marvel Characters, Inc. v. Rico*
      Case No. 2:21-cv-07624-DMG-KES
      **Discovery Issues & Request for Conference Per Local Rule 37-1**

Dear Molly:

  We write in response to Marvel Character, Inc.'s ("Marvel") March 10 and March 14, 2022 Responses and Objections to Rico Defendants' (the "Ricos") First Set of Requests for Production of Documents and Second Set of Requests for Production of Documents ("RFPs") and to request that the parties meet and confer pursuant to Local Rule 37-1 to eliminate the necessity of bringing a motion to compel.

  First, as you know, the Federal Rules provide parties considerable leeway to conduct relevant discovery: "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevance is construed broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978); *In re Toyota Motor Corp. Sec. Litig.*, 2012 WL 3791716, at *4 (C.D. Cal. Mar. 12, 2012) ("Discovery requests are relevant if there is any possibility that the information sought is relevant to any issue in the case and should ordinarily be allowed, unless it is clear that the information sought can have no possible bearing on the subject matter of the action.") (citation omitted).

  Despite these broad parameters, the Ricos carefully crafted their RFPs to seek only information directly relevant and proportional to the needs of this case. Yet notwithstanding the Ricos' specificity, Marvel served numerous improper objections and nonresponsive answers to the RFPs. Marvel's responses are deficient as follows:

**Marvel's Delinquent Production**

  We note that, to date, Marvel has only produced termination notices (already in the Rico's possession), some comic book pages, and copyright registrations and renewals for some of the works.

Marvel ambiguously stated that it would release documents in its possession on a "rolling" basis, but gave no indication of why this is necessary or justified and provided no end date for that production. If a party must produce documents in stages, it must state a definite end date on which production will be complete. Under the 2015 revisions to the Federal Rules of Civil Procedure, responding parties must provide dates certain for document productions. *KST Data, Inc. v. DXC Tech. Co.*, 2018 U.S. Dist. LEXIS 225043, at *2 (C.D. Cal. Oct. 11, 2018); *see also* Fed. R. Civ. P. 34(b)(2)(B); 2015 Adv. Comm. Note to Rule 34 ("When it is necessary to make the production in stages the response should specify the beginning and end dates of the production."); *Fischer v. Forrest*, 2017 U.S. Dist. LEXIS 28102, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("responses [that] do not indicate when documents and ESI that defendants are producing will be produced" violates amended Rule 34). In addition, the producing party must justify its need to produce documents in stages. *See Connex R.R. LLC v. AXA Corporate Sols. Assurance*, 2017 U.S. Dist. LEXIS 215050, at *58-59 (C.D. Cal. Feb. 22, 2017) (permitting rolling production of documents when the producing party provided a declaration demonstrating sufficient need); *see also D.M. v. Cty. of Merced*, 2021 U.S. Dist. LEXIS 176770, at *33 (E.D. Cal. Sep. 16, 2021) (approving of a rolling production given that 60,000 documents were being produced).

As such, please provide the Ricos with the reasons Marvel can only produce responsive documents in stages, and a date certain on which Marvel will complete its production of documents responsive to the RFPs.

Additionally problematic are Marvel's repeated attempts to shortcut its discovery obligations and thereby impair the Ricos' rights. Ignoring the Ricos' explicit repeated objections, Marvel announced that it will produce only one agglomerated production across the five separate cases in which Marvel is a party, shifting Marvel's discovery duties onto the different defendants in those cases. As Marvel already knows, this is without legal basis and contrary to the Rules. Courts view such indiscriminate document dumps as "at best inefficient and at worst a tactic to work over the requesting party." *Venture Corp. Ltd. v. Barrett*, 2014 U.S. Dist. LEXIS 147643, at *2 (N.D. Cal. Oct. 16, 2014). By providing an agglomerated production pertaining to *five* different cases in different courts, Marvel improperly shifts the burden onto each defendant to sift through thousands of documents, only some of which are responsive to their RFPs and relevant to them. *City of Colton v. Am. Promotional Events, Inc.*, 277 F.R.D. 578, 584-85 (C.D. Cal. 2011) ("Rule 34 is generally designed to facilitate discovery of relevant information by preventing attempts to hide a needle in a haystack by mingling responsive documents with large numbers of nonresponsive documents. A producing party fails to meet its Rule 34 obligations by producing a mass of undifferentiated documents for the responding party to inspect.").

Furthermore, it is fundamental that Marvel "must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request." Fed. R. Civ. P. 34(b)(2)(E)(i); *see also City of Colton*, 277 F.R.D. at 582-84 (producing electronically stored information as it is kept in usual course of business would require including basic identifying metadata fields such as file name, attachment range, folder title, and folder range; producing in TIFF or JPEG format would require labeling the documents to correspond to categories in requests for production). Thus, not only does Marvel bear the normal obligation of producing documents, the Federal Rules call for such production to be organized and categorized as well. Marvel's brazen document dump is a clear and unacceptable contravention of the Federal Rules and of the Ricos' discovery rights thereunder.

It is also concerning that, in taking this presumptuous shortcut, Marvel violates each defendants' privacy rights by disclosing their confidential information to non-parties. For example, when Marvel produces Larry Lieber's requested tax documents in an agglomerated document dump, each of the defendants in the other four actions would then have full access to Mr. Lieber's sensitive information. Marvel must produce an individualized production that corresponds to each defendant's requests for production, just like any other party.

**Marvel's Incongruous Definitions**

  A.  RFP Nos. 1, 2, 4, 18, and 28.

Marvel asserted several meritless objections to the RFP definitions. For example, Marvel objected to the RFPs' definition of "AGREEMENT" on the grounds of overbreadth and burden and then proceeded to unilaterally and improperly rewrite the definition to mean only "signed agreements or contracts." Marvel's objections are disingenuous and emblematic of Marvel's obstruction of the relevant discovery. The Ricos' definition of "AGREEMENT" in their RFPs is the **same exact definition** as the one used by Marvel in its requests for production to the Ricos.

*See* the Ricos' Definition:



> 11. "AGREEMENT" and "AGREEMENTS" as used herein refer to any contract, whether written or oral, express or implied.

*Compare* Marvel's Definition:

> 1. "Agreement" means any contract, whether written or oral, express or implied.

Such gamesmanship demonstrates a clear lack of good faith on the part of Marvel and its counsel. Marvel's restricted definition of "Agreement" improperly tainted its responses to RFP Nos. 1, 2, 4, 18, and 28. Accordingly, Marvel must amend its responses and produce all documents in its possession, custody, or control responsive to RFP Nos. 1, 2, 4, 18, and 28.

  B.  RFP Nos. 1, 2, 4, 6, 7, 12, 16, 18-21, 24, 26-34, 37, 39-41, and 43.

Next, Marvel undertook to unilaterally redefine the term "MARVEL" in the RFPs. The RFPs defined "MARVEL" as Marvel Characters, Inc. plus "any past or present predecessors-in-interest or successors-in-interest," and those acting on their behalf. Marvel objected on grounds of overbreadth and burden but again, the definition Marvel provided in its requests to the Ricos is materially *the same*.

*See* the Ricos' Definition:

> 3. "MARVEL" as used herein, refers to Plaintiff and Counterclaim-Defendant Marvel Characters, Inc., and <u>any past or present predecessors-in-interest or successors-in-interest</u>, and any other PERSON or PERSONS acting on their behalf, including, but not limited to, past or present agents, managers, representatives, advisors, employees, attorneys, accountants, investigators and insurance companies, both singularly and cumulatively.

*Compare* Marvel's Definition:

> 9. "Marvel" means MCI and/or any related or predecessor entities, Including Atlas Magazines, Inc., Cadence Industries Corporation, Canam Publishers Sales Corp., Magazine Management Co., Inc., Marvel Comics Group, Marvel Entertainment Group, Inc., Marvel Comics, Inc., Non-Pareil Publishing Corp., Perfect Film & Chemical Corporation, and Vista Publications, Inc., and, where applicable, their present and former officers, directors, employees, agents, partners, subsidiaries, members, and affiliates.

As such, there is no good faith basis on which Marvel can object to the Ricos' definition. Marvel's meritless objections appear to have improperly altered Marvel's responses to RFP Nos. 1, 2, 4, 6, 7, 12, 16, 18-21, 24, 26-34, 37, 39-41, and 43. Marvel must amend its responses accordingly and produce all documents in its possession, custody, or control responsive to these RFPs.

**Marvel's Improper Limitation of the Relevant Time Periods**

  A.  **RFP Nos. 1, 2, and 4.**

RFPs Nos. 1, 2, and 4 requested documents memorializing any agreements, negotiations, or drafts of agreements between Don Rico ("RICO") and Marvel. In response to each RFP, Marvel unilaterally reduced the scope of time for its production to 1960-1965. Marvel's abridgment is improper. Any agreement or negotiations between RICO and Marvel is likely to bear directly on the parties' working relationship, claims, and defenses and is well within the bounds of discovery under Rule 34, F.R.C.P. Marvel's limitation as to what it deems the most relevant time period is inappropriate. Marvel must produce all agreements, negotiations, or drafts of agreements with RICO in Marvel's possession, custody, or control.

      **B**.      **RFP Nos. 26, 27, 29, 31, and 32.**

Similarly, RFP Nos. 26, 27, 29, 31, and 32 clearly requested relevant documents "including but not limited to, in the years 1963-1964." In response to each of these requests, Marvel improperly limited its response to documents from *only* 1963 and 1964. In this case, RICO's relationship with Marvel over time and the conditions under which he sold his work to Marvel are inescapably relevant. RICO began working with Marvel in 1949 and as such, a production limited to only two years is wholly inadequate. Marvel must agree to make a full production of all documents in its possession, custody, or control responsive to RFP Nos. 26, 27, 29, 31, and 32.

**<u>Marvel's Improper Mutation of RFPs</u>**

In numerous other instances, Marvel took it upon itself to rewrite the RFPs to fit its own ends, severely limiting the Ricos' access to information.

      **A.**      **RFP Nos. 7 and 8.**

RFP Nos. 7 and 8 requested documents "evidencing" Stan Lee's employment at MARVEL and Vista Publications, Inc. ("VISTA"). Marvel feigned confusion as to the word "evidencing," despite Marvel having used the word numerous times itself in its own requests for production to the Ricos. *See e.g.*, Marvel's First Requests for Production of Documents to Buz Donato F. Rico III, No. 6 ("All Documents reflecting or *evidencing* that Marvel took the position that the Works and/or Don Rico's contributions to the Works were made on a work-made-for-hire basis.") (emphasis added).

Regardless, the normal, commonsense interpretation of "evidencing," means reflecting, indicating, supporting, or demonstrating. Here, in relation to RFP Nos. 7 and 8, "evidencing" clearly means for Marvel to produce documents that reflect or indicate that Stan Lee was an employee of MARVEL and/or VISTA. Such documents might, for example, include hiring documents, tax documents, and/or communications wherein MARVEL and/or VISTA held Stan Lee out as an employee. Marvel's responses to these RFPs are inadequate because they limit Marvel's production merely to signed employment agreements between Stan Lee and MARVEL/VISTA. RFPs Nos. 7 and 8 are clear and seek information relevant to the Ricos' claims and defenses. As such, Marvel must amend its responses and fully produce all documents in its possession, custody, or control responsive to RFP Nos. 7 and 8.

      **B.**      **RFP No. 14.**

In addition, RFP No. 14 requested documents evidencing the relationship between VISTA and Martin Goodman. Marvel's response indicated that it would produce only Agreements (with Marvel's narrowed definition of the term) between VISTA and Goodman in 1963-1964 that relate to the provision of services. Again, there is no basis for Marvel to unilaterally manufacture this overly restrictive interpretation of the Ricos' clear and specific request. Therefore, Marvel must amend its responses and fully produce all documents in its possession, custody, or control responsive to RFP No. 14.

**Marvel's Nonresponsive Answers to RFP Nos. 13, 15, and 16.**

In numerous instances, Marvel provided nonresponsive answers, sidestepping clear and specific RFPs. For example, RFP No. 13 requested documents that evidence the PERSON(S) which owned VISTA. In response, Marvel stated it would provide documents showing that it owned the copyrights to the Works. Marvel's response is completely incongruent and nonresponsive.

Similarly, RFP Nos. 15 and 16 requested documents evidencing the relationship between VISTA and Magazine Management Co., Inc. and VISTA and MARVEL, respectively. Marvel again, blatantly evading the RFPs, stated that it would provide documents showing that it owned the copyrights to the Works.

As such, Marvel must amend its responses to confirm that it will fully produce all documents in its possession, custody, or control responsive to RFP Nos. 13, 15, and 16.

**Marvel's Payments to Other Creators**

RFP Nos. 12, 28, and 33 requested payment information for writers and artists other than RICO and for agreements between Marvel and those writers and artists during the 1960s. Marvel requested to meet and confer with the Ricos for assistance in determining which writers and artists to search for, even though Marvel well knows which writers and artists worked with it in the 1960s. We provide the following names as a nonexhaustive list to assist Marvel in searching for documents responsive to these requests: Stan Lee, Steve Ditko, Larry Lieber, Don Heck, Gene Colan, Dick Ayers, Sam Rosen, Art Simek, Joe Sinnott, John Romita, Gary Friedrich, Bill Everett, Joe Maneely, Joe Simon, Jim Steranko, Neal Adams, Gaspar Saladino, and Vince Colletta.

**Marvel Must Produce Relevant Documents**

RFP Nos. 19, 20, and 54 requested documents authored, authorized, or published by Marvel about Marvel's history and Marvel's press releases and interviews relating to RICO and his work. The potential relevance of such documents is self-evident. In response, Marvel stated that it would produce documents "it intends to rely on in this lawsuit." As Marvel and its counsel know, whether a party intends to rely on a document is not the standard that determines which documents are relevant and discoverable. The "test remains whether evidence is relevant to *any party's* claim or defense." *Fischer v. Forrest*, 2017 U.S. Dist. LEXIS 28102, at *7-9 (S.D.N.Y. Feb. 28, 2017) (emphasis added, quotations omitted); *Moore v. Superway Logistics, Inc.*, 2019 U.S. Dist. LEXIS 90111, at *19-20 (E.D. Cal. May 28, 2019) (quoting Fed. R. Civ. P. 26 Advis. Comm. Notes to 2015 Amendment). Marvel must produce responsive documents in its possession, custody, or control that relate to Marvel's and RICO's claims or defenses, not merely those that Marvel intends to use to support its own case. Marvel must provide a compliant response and produce all documents in its possession, custody, or control responsive to RFP Nos. 19, 20, and 54, not merely those that it wants to rely upon.

**Marvel Must Produce a Privilege Log**

We note that Marvel has refused to produce materials on the basis of various privileges but has failed to produce a privilege log in contravention of Fed. R. Civ. P. 26(b)(5). Marvel must promptly produce a privilege log in accordance with the applicable rules or amend its responses to indicate that no documents are being withheld on those grounds.

\*     \*     \*

Pursuant to L.R. 37-1, we request that the parties meet and confer on these matters any day from March 22 through 25. Please note that Mr. Toberoff will be unavailable March 28 through April 1 due to a holiday with his family during his children's Spring Break.

Nothing in this letter should be construed as a waiver or limitation of any of the Ricos' rights or remedies, all of which are reserved.

Very truly yours,

Jaymie Parkkinen