# Exhibit 14

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
jparkkinen@toberoffandassociates.com

April 28, 2022

Via Email

Molly M. Lens
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067

**RE:   April 21, 2022 Meet and Confer Follow Up**
*Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK; *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK; *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv- 07959-LAK; *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM; and *Marvel Characters, Inc. v. Rico*, No. 2:21-cv-07624-DMG-KES

Dear Molly:

We write in response to the parties' April 21 conference, Marvel's April 25 letter, and to confirm the mutual understanding of the parties.

## Defendants' Requests for Production

Marvel's April 19 letter satisfactorily addressed the points raised in Defendants' meet-and-confer letters regarding Defendants' RFPs. We understand that Marvel will be providing amended responses to Defendants' respective RFPs on or before May 5, 2022.

In addition, Marvel assured Defendants that its amended responses to Dettwiler RFP No. 19, Lieber RFP No. 32, Patrick Ditko RFP No. 21, Rico RFP No. 29, and Colan RFP No. 27 (seeking documents showing payments to the creators), would make clear that Marvel would make a physical, as well as electronic, search for checks and/or other payment documents from the relevant time period, but would not, as the parties have agreed, search boxes containing payment documents solely dated from the 1980s, 1990s, or later.

## Marvel's Requests for Production

Defendants agree to provide amended responses consistent with their April 12, 2022 letter on or before May 5, 2022.

## Subpoenas

James Steranko, Mark Ditko, and the Kirbys (collectively, the "Subpoenaed Parties") agree to produce amended responses consistent with the clarifications and limitations as described in Marvel's April 25 Letter, Subsection III(c)(ii)-(iv) and (vi)-(vii) on or before May 5, 2022.

Regarding Subsection III(c)(i), the limitations and clarifications described therein are agreeable with the exception of those pertaining to Mark Ditko RFP Nos. 7-8.[1] During the meet and confer, the parties discussed limiting these Requests so that Mark Ditko would not need to produce any communications that related "exclusively" to Patrick Ditko or Mark Ditko's fandom or consumption of Marvel content. In Marvel's letter however, Marvel attempts to undo this limitation by proposing that "this limitation should not be understood to exclude any communications concerning Steve Ditko, the other Contributors, and/or any Works to which they alleged contributed." Marvel's proposed cabining of the fandom limitation would essentially eliminate the fandom limitation.

For example, if Mark Ditko is required to produce all communications with Steve Ditko concerning Steve Ditko, as Marvel's letter proposes, then Mark Ditko RFP No. 8 is actually *expanded* in scope, not reduced. We can think of numerous other ways that Marvel's cabining of the fandom limitation creates overbroad and unduly burdensome production demands.

As such, we propose that the parties maintain the limitation relating to fandom without cabining. In other words, in response to Mark Ditko RFP Nos. 7-8, Mark Ditko will not produce any documents relating "exclusively" to Mark Ditko and/or Patrick Ditko's consumption or fandom of Marvel's products. With this limitation however, Mark Ditko would still produce responsive communications within his possession, custody, or control where fandom communications were intermixed with other relevant, responsive communications, but he would not produce communications relating "exclusively" to fandom or consumption. Please confirm Marvel's agreement to this limitation.

Regarding Subsection III(c)(v), Mark Ditko maintains that a Request seeking all communications between Steve Ditko and David Currie "regardless of subject matter" is, on its face, clearly overbroad. Mark Ditko again requests that Marvel mitigate this problem by identifying topics of communications between Steve Ditko and Currie, for example those pertaining to the "Works" and/or Steve Ditko's relationship with Marvel. Please confirm Marvel's agreement to this reasonable limitation.

## Privilege Logs

Defendants and Subpoenaed Parties agree that documents withheld on the basis of privilege will be logged on an individual basis, subject to each parties' reservation of rights to contend that categorical logs should be used for good cause. Further, all parties have agreed to produce a privilege log within 30 days of any productions for any documents withheld from such production.

---

[1] Mark Ditko's agreement to provide amended responses on or before May 5 is conditioned on a prompt resolution of these issues.

### **Neal Adams**

Defendants' last known contact information for Mr. Adams is as follows: 15 W 39th Street, 9th Floor, New York, NY 10018, t: (212) 869-4170, f: (212) 764-6814.

\* \* \*

Nothing in this letter should be construed as a waiver or limitation of any of Defendants' or Subpoenaed Parties' rights or remedies, all of which are reserved.

Very truly yours,

Jaymie Parkkinen