Exhibit 17

TOBEROFF
& ASSOCIATES, PC

## Marvel - May 11 Meet-and-Confer Follow Up

4 messages

**Jaymie Parkkinen** <jparkkinen@toberoffandassociates.com>                              Wed, May 11, 2022 at 9:57 PM
To: "Lens, Molly M." <mlens@omm.com>
Cc: "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, "Burton, Allen"
<aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, Marc Toberoff
<mtoberoff@toberoffandassociates.com>

Molly and Danielle –

Please see the attached letter following up on today's meet-and-confer discussion.

Thank you,

Jaymie Parkkinen
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101
toberoffandassociates.com
_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

 **22.05.11 Marvel - Ds' MC Follow up.pdf**
199K

**Turner, Kendall** <kendallturner@omm.com>                              Fri, May 13, 2022 at 4:59 PM
To: Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>, "Lens, Molly M." <mlens@omm.com>
Cc: "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, "Burton, Allen"
<aburton@omm.com>, Marc Toberoff <mtoberoff@toberoffandassociates.com>

Marc and Jaymie—


Thanks for confirming defendants' and the subpoenaed parties' agreement to produce their documents in an appropriate format, including a re-production of those provided to date.  For avoidance of doubt, these productions must:

1. Break down separate documents into separate files, such that each file contains one (1) document (as opposed to the original amalgamated production);


2. Reflect the parent-child relationships among documents, where applicable, by:
    a. Organizing parent-child documents consecutively in the Bates sequence, e.g.,:

        i.  BATES000001 = Parent Document

        ii. BATES000002 = 1st Attachment to BATES000001

    iii.   BATES000003 = 2nd Attachment to BATES000001

b. Including parent-child information in the spreadsheet that you intend to provide, e.g.,:

| Beginning Bates | Group Identifier | Custodian |
|---|---|---|
| BATES000001 | BATES000001 | Person A |
| BATES000002 | BATES000001 | Person A |
| BATES000003 | BATES000001 | Person A |
| BATES000004 | BATES000004 | Person B |

3. Provide custodial information for each document.  The custodial information should identify the custodian that you collected the document from.  Your proposal to use a spreadsheet for this purpose is fine; and

4. Furnish the documents in text-searchable format.

Because the current format of your productions is so deficient as to render them effectively unusable, we ask that you provide the revised productions as soon as possible and, in any event, by no later than next week.

Meanwhile, as we discussed on our call, we are working diligently to provide defendants with a further production from MCI.  To be clear, as we stated on our call, while we hope to be able to make a further production next week, we did not *commit* to doing so during our May 11 conference (as your follow-up letter misstates).  To the contrary, we took care to explain that we were not making any such commitment.  As you can understand, the timing of our next production is subject to the practical demands of our review and preparation of the corresponding documents.  But, as before, we are committed to continuing to fulfill our document production obligations in good faith.

Lastly, we are disappointed in your claim that MCI has focused its productions on "filler" documents to date, which is simply not reflective of the facts.  MCI's productions to date demonstrate our good faith.  As you know, we have not only produced our documents more quickly but we have produced vastly more documents than defendants (if their largely unusable productions can be considered a true "production" at all).  Moreover, we have expended significant efforts in identifying and collecting the documents produced to date.  Thus, we firmly reject your portrayal of MCI's good-faith productions and ongoing review as somehow deficient.  We suggest that the parties focus their efforts on fulfilling their own obligations.

We will respond to the balance of your letter next week.

Kendall

---

**From:** Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Sent:** Thursday, May 12, 2022 12:58 AM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Petrocelli, Daniel M. <dpetrocelli@omm.com>; Feuer, Danielle <dfeuer@omm.com>; Burton, Allen <aburton@omm.com>; Turner, Kendall <kendallturner@omm.com>; Marc Toberoff <mtoberoff@toberoffandassociates.com>
**Subject:** Marvel - May 11 Meet-and-Confer Follow Up

[EXTERNAL MESSAGE]

[Quoted text hidden]

---

**Jaymie Parkkinen** <jparkkinen@toberoffandassociates.com>                    Wed, May 18, 2022 at 10:15 AM
To: "Turner, Kendall" <kendallturner@omm.com>
Cc: "Lens, Molly M." <mlens@omm.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Feuer, Danielle"
<dfeuer@omm.com>, "Burton, Allen" <aburton@omm.com>, Marc Toberoff <mtoberoff@toberoffandassociates.com>

Hi Kendall –

**Regarding Defendants' and Subpoenaed Parties' Production**

To be clear, Defendants' and Subpoenaed Parties' production was made in an appropriate format. Indeed, for example, Marvel's RFP Instruction No. 15 requested that we "organize electronic Documents or other materials produced for inspection in the same manner that You store them," which we did. In addition, Marvel's RFP Instructions did not request that documents be produced in a text-searchable format. Marvel made that request for the first time only after Defendants and Subpoenaed Parties had made their initial productions of documents. We produced documents in the manner in which they were maintained, such documents were clearly readable, and many, if not most, documents were text-searchable. Further, by agreeing to re-produce documents, neither Defendants nor Subpoenaed Parties concede that their initial productions were in any way deficient. Rather, we are agreeing to re-produce documents in a good faith attempt to satisfy Marvel's newly-announced production preferences.

Regardless, we will endeavor to produce documents as follows:

1.    Separate documents will be broken down into separate files (i.e., if an email is three pages, those three pages will be produced as one file).
2.    Parent-child relationships among documents, where applicable, will be noted in the custodial chart, but we reserve the right to input such data in a format of our choosing that is clear and efficient, which may or may not deviate from Marvel's recommendation.
3.    We will include custodial information for each document in the spreadsheet.
4.    We will endeavor to produce documents in a text-searchable format, though note that, because of the age and nature of some of the documents, they may not be fully readable by ours or your computer software.

As we requested in our May 11, 2022 letter, please confirm that the above accommodations will moot Marvel's objections to Defendants' and Subpoenaed Parties' productions. We hope to re-produce documents within 10 days of the parties' agreement on these issues.

**Regarding Marvel's Production**

As stated in our May 9, 2022 letter, Marvel's deficient production to date is plainly evident from the documents themselves. It is clear that Marvel is resting on the large number of comic book pages it produced early on to simulate "good faith" when in fact Marvel has not produced any of the most important documents in these cases. As outlined in our May 9 letter, without limitation: Marvel has not produced a single communication of any kind; Marvel has produced no documents relating to Stan Lee, its star witness; Marvel has produced no payment information from the relevant time period; Marvel has produced no documents showing the corporate relationship between the COPYRIGHT CLAIMANTS.

Defendants' May 11 letter accurately reflected the parties' May 11 telephonic discussions where Molly clearly stated that Marvel intended to produce documents this week. We are somewhat puzzled by your (Kendall) writing lengthy letters characterizing the meet-and-confer session because, to our understanding, you did not attend the call as you were not announced as being present. Regardless, Defendants require Marvel to make a more fulsome, responsive production, including documents responsive to the categories listed in our May 9 letter, by May 25, 2022 or Defendants will move to compel Marvel to do so.

Sincerely,

Jaymie Parkkinen
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101

toberoffandassociates.com
_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

[Quoted text hidden]

---

**Feuer, Danielle** <dfeuer@omm.com>                                    Wed, May 18, 2022 at 2:30 PM
To: Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>, "Turner, Kendall" <kendallturner@omm.com>
Cc: "Lens, Molly M." <mlens@omm.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, Marc Toberoff <mtoberoff@toberoffandassociates.com>

Hi Jaymie –

I write in response to your message from earlier this morning:

1. We continue to disagree with your characterization that your clients' productions were "made in an appropriate format." As we've explained, the way that defendants chose to produce their documents prevents—and continues to prevent—our timely review. That said, we'd like to set that disagreement aside for now and focus on constructive steps forward. We are agreeable to your proposal in theory, although we reserve the right to comment further upon seeing your implementation of the same. We expect that you will also adhere to these specifications for all future productions as well. In light of the delay that your production deficiencies have already caused (on top of defendants' delay in even making these deficient productions), we ask that you re-produce documents <u>within one week</u> of today, i.e., on or before May 25, 2022. Given that we raised this issue back on May 6, there is no basis for defendants to continue to delay.

2. We firmly disagree with your characterizations of MCI's productions to date and reiterate that we have been working diligently and in good faith to promptly provide responsive documents. MCI's productions underscore that it has not only timely produced documents but diligently collected responsive and relevant documents to this case. As the productions speak for themselves, we won't address this further. However, we do, of course, note that MCI has not completed its productions (nor have defendants) and that MCI cannot produce documents that it does not have within its possession, custody, or control.

3. We are also disappointed with your revisionist gloss on our May 11 discussion. We *did not* commit to a timeline for our next production. In fact, given our prior experience wherein you twisted statements of intent into promises, we went out of our way to explain that, while we were aiming for a production this week, we were not making a firm commitment to doing so. (To any extent Kendall's transmission of our Friday correspondence colored your view of its accuracy, Kendall sent the message on my behalf when I was unexpectedly pulled away, so as to keep the discussion moving forward.)

Nonetheless, exactly as we said before, we are continuing to work in good faith to prepare our third production now, and we continue to aim to provide it this week. For avoidance of doubt, that is our *goal* timeline and not a *promise* of a date certain. We doubt a motion to compel would be well-received by the court at this stage, given our diligence to date, the obstacles inherent to obtaining and reviewing documents concerning events long past, and the disparity in productions between the parties thus far, whereby ours have been materially more thorough. We also believe it far more constructive for the parties to resolve these early-stage issues amongst themselves and to try not to take positions that are inconsistent with one's own actions. We ask that you keep this in mind, as the parties endeavor to efficiently move discovery forward.

Sincerely,

Danielle

# O'Melveny

**Danielle R. Feuer**

dfeuer@omm.com

O: +1-213-430-6069

_____

O'Melveny & Myers LLP

400 South Hope Street, 18th Floor

Los Angeles, CA  90071

Website | LinkedIn | Twitter

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

[Quoted text hidden]