Exhibit 20



O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

File Number: 0903423-00392

**Molly M. Lens**
D: +1 310 246 8593
mlens@omm.com

June 1, 2022

Marc Toberoff
Jaymie Parkkinen
Toberoff & Associates
23823 Malibu Road, Suite 50-363
Malibu, California 90265

**Re:** *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK; *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK; *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK; *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM; and *Marvel Characters, Inc. v. Rico*, No. 2:21-cv-07624-DMG-KES

Dear Marc and Jaymie:

We write to follow up on a number of open discovery items, including your May 26 response to our May 11 letter and your May 27 response to our May 24 letter.

## *Kirby* Productions

Marvel again objects to your unreasonable demand that it produce all of the parties' and third parties' productions from the *Kirby* litigation in the pending litigations, regardless of whether your clients have such documents in their possession, custody, or control. We do not understand why defendants are reflexively persisting with this demand as our May 24 letter explained why it is counterproductive and unduly burdensome. Moreover, you ignore that Marvel has explained that it does not have all of the documents produced in *Kirby*. In addition, despite your suggestion to the contrary, Marvel cannot produce all these documents with a "few clicks." Rather, prior to producing the documents, Marvel would be required to review all of them to redact PII and to add confidentiality designations. In addition, without waiving any work product protections, the manner of collection requires that Marvel review all of the documents to ensure that there is no work product or privileged information interspersed therein.

Marvel remains willing to work with you to ensure that all the documents from the *Kirby* litigation are produced. To this end, Marvel is willing to provide a list of (a) the bates-stamped documents that it has already produced from *Kirby*; and (b) the bates-stamped documents that it has not produced but has been able to identify through its efforts to date. We ask that you similarly identify the documents that (a) your firm has in its files, (b) the defendants have in their



files, and (c) the Kirbys have in their files.[1] We are disappointed that defendants refuse to work collaboratively with Marvel on this topic and, for seemingly no reason at all, continue to insist that Marvel bear an undue burden that will benefit neither party. Marvel thus asks that you reconsider your position.

Nonetheless, Marvel gives precedence to the integrity and efficiency of the discovery process, and we are troubled by the impasse we have reached on this matter. As we have emphasized, it will be mutually advantageous that we collectively assemble the fullest set of *Kirby* documents possible and that there be only one set of *Kirby* documents produced, so as to avoid the inefficiencies and confusion that can accompany duplicative productions. To that end, if defendants remain steadfast in their position—which, again, we consider entirely unreasonable—Marvel would be willing to produce the full extent of the *Kirby* documents it has been able to identify and obtain, provided that you agree to (a) identify the bates ranges of any *Kirby* documents that you, defendants, and/or the Kirbys have in their files that Marvel does not produce; and (b) refrain from producing any additional *Kirby* documents beyond those already produced until Marvel completes its production of *Kirby* documents or informs you of the bates ranges that it possesses, and then produce only those non-duplicative documents that Marvel does not possess. We are frustrated by the expectation that Marvel shoulder the full burden and time investment of reviewing the *Kirby* documents, redacting PII, adding confidentiality designations, and the like—but Marvel (and, it appears, Marvel alone) prioritizes finding a constructive path forward.

**Marvel's Productions**

We do not understand your contention that Marvel has not appropriately provided "File Name" metadata for the documents it has produced. Marvel has provided File Name metadata wherever it is available. As we trust you recognize, to the extent that it exists, the File Name metadata field is automatically populated from the source documents. With electronic documents, the File Name denotes the actual name of a given electronic file, which, depending on how the file was originally saved by its creator, may or may not have an obvious meaning. As to documents that were produced without File Name metadata, they were presumably collected in hard copy such that there is no File Name to report. Thus, Marvel has produced its documents consistent with not only its standard discovery obligations but also defendants' request that Marvel produce its documents as they are kept in the usual course of business.[2]

As to your question about custodial information, "Marvel" denotes that a document was produced in a prior litigation, such as the *Kirby* case, which may have involved additional entities not party to this action.

---

[1] Despite having agreed to produce their *Kirby* productions in response to Marvel's subpoenas, to date the Kirbys have only produced 14 documents. Please clarify what these 14 documents are and why only these 14 documents have been produced.

[2] In contrast, defendants have not, as defendants have apparently decided to rename their files before producing them. Marvel reserves all rights with respect thereto.



**Defendants' Productions**

As per our prior correspondence, defendants' productions are—to put it mildly—concerningly small. Case in point, Keith Dettwiler has produced only 11 pages, the Rico defendants have produced only 47 pages, Larry Lieber has produced only 180 pages, the Colan defendants have produced only 197 pages, and Patrick Ditko has produced only 237 pages.

Marvel's May 11 and 25 letters thus sought clarification from defendants on the scope of their productions and their retention efforts. Rather than respond to these critical issues with the seriousness required, defendants responded with an indifference that underscores their failure to attend to their discovery obligations. Indeed, after taking more than two weeks to respond to our May 11 letter (including the 32 specific questions it posed), defendants provided a perfunctory 2-sentence email. Without any elaboration, much less support, that email states: "Defendants appreciate Marvel's suggestions. Defendants confirm that they have and will continue to conduct themselves in compliance with all applicable Federal and Local Rules." This will not do.

Even further still, defendants have offered nothing more than silence or obfuscation in response to Marvel's repeated inquiries about defendants' efforts to identify responsive documents. For example, our May 25 letter asked for confirmation that Buz Rico would be producing the responsive documents referenced on his own website devoted to his father. Your May 27 response ignored this inquiry entirely. As another example, the parties spent many weeks negotiating about Mark Ditko's obligation to produce, inter alia, his father's correspondence with author David Currie in response to Marvel's May 18 subpoena. Yet, you just revealed (and only after Marvel asked you to confirm whether Mark Ditko had any correspondence that he contended was actually private) that Mark Ditko claims not to have *any* of this correspondence. And, of course, Patrick Ditko has both refused to answer whether he has his father's correspondence with David Currie <u>and</u> failed to produce any of this responsive correspondence.

Defendants' delay, evasion, and obfuscation thus leaves Marvel with no option but to serve the attached interrogatories.[3]

As it stands, defendants have already wasted more than three months of the limited period for fact discovery. Marvel thus requires that defendants confirm that they will provide substantive responses to these interrogatories on or before June 10. Marvel simply cannot wait any longer for defendants to produce documents and explain how they contend their paltry productions are consistent with their discovery obligations.

**Marvel's Subpoena to Mark Ditko**

With respect to RFP No. 5, your May 27 letter says that "Mark Ditko does not have possession, custody, or control of any of the alleged correspondence between David Currie and Steve

---

[3] Because these interrogatories are necessitated by defendants' conduct, Marvel does not agree that these interrogatories count against Marvel's limit. In addition, should motion practice be necessary on these interrogatories, Marvel will seek sanctions in connection therewith, as, again, these interrogatories are only necessitated by defendants' conduct.



Ditko." To be clear, however, RFP No. 5 also requests Mark Ditko's correspondence with David Currie, which Mark Ditko references in his foreword to Currie's book. Please confirm whether Mark Ditko similarly contends that he does not have this correspondence either.

Leaving aside Marvel's concerns about spoliation, Marvel asks that Mark Ditko provide a verified response confirming your representation that he has no responsive documents. *See Edge Sys. LLC v. Ageless Serums LLC*, 2021 WL 4497505, at *10-11 (C.D. Cal. Aug. 20, 2021); *see also* Fed. R. Civ. P. 26(g).

With respect to RFP Nos. 7 and 8, we do not believe your proposal differs substantively from our May 24 proposal. Accordingly, we accept your proposal.

We expect Mark Ditko's verified amended responses and production of additional documents by June 10.

**Marvel's Other Subpoenas**

In our May 24 letter, we noted that James Steranko had not yet produced any responsive documents and the Kirbys had produced only one document in response to Marvel's March 18 subpoenas. Marvel thus asked for an explanation of this delay and a date for completion of the corresponding productions of responsive documents. In response, you said only the "Subpoenaed Parties are continuing to conduct a diligent search for responsive documents within their possession, custody, or control. Such documents, if any, will be produced as and when they are obtained and reviewed." We do not accept this evasive answer and thus ask again that you explain the basis for the extended delay and provide a date certain for the completion of these productions.

**Defendants' Interrogatory Responses**

Marvel's May 6 and 24 letters detailed—with supporting case law—numerous deficiencies in the substance of defendants' interrogatory responses. In addition, Marvel has—again with supporting case law—explained that defendants' verifications are improper.

In response, defendants have chosen to ignore these critical defects and confusingly inquired "whether it is Marvel's position that it wishes for Defendants to amend their interrogatory responses so that each response is based solely on each Defendant's personal knowledge alone." Marvel does not so wish. To the contrary, Marvel *requires* that defendants comply with their obligations to conduct a reasonably diligent inquiry in response to Marvel's interrogatories and provide their responses under oath.

To be clear, defendants had an obligation to conduct a reasonable diligent inquiry *before* responding to Marvel's interrogatories. *See, e.g.*, *Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP*, 256 F.R.D. 678, 680 (C.D. Cal. 2009) ("A party has an obligation to conduct a reasonable inquiry into the factual basis of its discovery responses."). Indeed, defendants requested—and received—an extension of their response deadline for the express purpose of allowing defendants the time that you indicated they required to complete their investigation. And that obligation includes providing all information available to them, including



that within their agents' possession. *See, e.g., Murrey v. City of Los Angeles*, 2020 WL 2065019, at *5 (C.D. Cal. Feb. 21, 2020) ("Defendants and their counsel are expected to perform a reasonable inquiry to respond fully and conscientiously to [the opposing party's] interrogator[ies]."); *Shyh-Yih Hao v. Wu-Fu Chen*, 2011 WL 741225, at *1 (N.D. Cal. Feb. 24, 2011) ("If after conducting diligent inquiry and a reasonable investigation, Hao has no further responsive information, he shall say so in a supplemental verified interrogatory answer. Additionally, Hao shall, along with his supplemental verified interrogatory answer, provide defendant with a declaration (a) listing Hao's efforts (and those of his counsel) to obtain responsive information; (b) certifying that all information and documents have been provided to Chen; and (c) that he and his counsel have exhausted efforts to locate responsive information and documents.").

Rule 33 further requires that defendants provide their interrogatory responses under oath. *See* Fed. R. Civ. P. 33(b)(3). Rather than doing so, defendants impermissibly inserted the caveat that their answers were true and correct based on their "information and belief." During our May 11 meet and confer and again in your May 27 letter, you have suggested that the fact that your firm conducted some of the defendants' investigation absolves them of the need to comply with Rule 33's requirement that their answers be under oath. Not so. Rather, as confirmed by the case law above, courts regularly require parties to verify under oath answers reflecting investigation by counsel.

In light of the continued problems with defendants' interrogatories, Marvel insists that, on or before June 10: (1) defendants provide supplemental interrogatory responses correcting the deficiencies identified in Marvel's prior correspondence; (2) defendants' interrogatory responses confirm that they conducted a reasonably diligent inquiry to answer Marvel's interrogatories and whether any inquiry is ongoing;[4] and (3) defendants provide verifications under oath. Of course, your firm must also sign the supplemental responses consistent with Rule 26(g).[5]

Finally, you have rejected Marvel's proposal regarding Interrogatory No. 5. Accordingly, consistent with their responses to Marvel's RFP Nos. 45 (Lieber), 46 (Rico Heirs), 47 (Dettwiler and Colan Heirs), and 48 (Ditko), defendants must produce copies of all the identified interviews.

\* \* \*

As before, Marvel continues to reserve all rights, including, but not limited to, those concerning defendants' conduct to date.

---

[4] Marvel reserves all rights to seek information confirming such representations, including what steps defendants took as part of such purported investigation.

[5] For the avoidance of doubt, Marvel continues to reserve all rights with respect to the adequacy of defendants' interrogatory responses.



Sincerely,

Molly M. Lens
of O'MELVENY & MYERS LLP