# Exhibit 35

James W. Quinn
Randi W. Singer
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
Tel.: (212) 310-8000
Fax: (212) 310-8007

David Fleischer
Haynes and Boone, LLP
153 East 53rd Street
New York, NY 10022
Tel.: (212) 659-7300
Fax: (212) 918-8989

Jodi A. Kleinick
Paul, Hastings, Janofsky & Walker LLP
75 East 55th Street
New York, NY 10022
Tel.: (212) 318-6000
Fax: (212) 319-4090

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MARVEL WORLDWIDE, INC.,
MARVEL CHARACTERS, INC. and
MVL RIGHTS, LLC,

                                       Plaintiffs,

      -against-

LISA R. KIRBY, BARBARA J. KIRBY,
NEAL L. KIRBY and SUSAN M. KIRBY,

                                       Defendants.

LISA R. KIRBY, BARBARA J. KIRBY,
NEAL L. KIRBY and SUSAN M. KIRBY,

                                    Counterclaimants,

Civil Action No. 10-141 (CM) (KF)

[Hon. Colleen McMahon]

[ECF Case]

-against-

MARVEL ENTERTAINMENT, INC.,
MARVEL WORLDWIDE, INC.,
MARVEL CHARACTERS, INC., MVL
RIGHTS, LLC, THE WALT DISNEY
COMPANY and DOES 1 through 10,

                            Counterclaim-Defendants.

_____

### RESPONSE TO DEFENDANTS' SECOND DOCUMENT REQUEST

       Plaintiffs Marvel Worldwide, Inc., Marvel Characters, Inc. and MVL Rights, LLC (collectively, "Marvel"), by their undersigned attorneys, Weil, Gotshal & Manges LLP, Haynes and Boone LLP, and Paul, Hastings, Janofsky & Walker LLP, hereby respond and object to the Second Document Request dated November 17, 2010 (the "Second Requests") of Defendants Barbara J. Kirby and Susan M. Kirby (collectively, "Defendants").

### GENERAL OBJECTIONS

       All of the following general objections are hereby incorporated into each specific response.

       A.      Marvel objects to the Second Requests to the extent that the terms or phrases contained therein are undefined, vague or ambiguous.

- 2 -

B.       Marvel objects to the Second Requests to the extent that they seek information or documents protected from discovery by the attorney-client privilege, work product doctrine, or any other applicable privilege.

C.       Marvel objects to the Second Requests to the extent that they seek the production of documents that relate to matters not raised by the pleadings, that are not material or necessary to the prosecution or defense of this action, or that are not reasonably calculated to lead to the discovery of admissible evidence.

D.       Marvel objects to the Second Requests to the extent that they seek the production of documents that relate to the second, third, fourth and fifth Counterclaims asserted by Defendants and dismissed by the Court pursuant to the decision dated November 19, 2010.

E.       Marvel objects to the Second Requests to the extent that they are duplicative or repetitive, and to the extent that they seek production of the same categories of documents requested in Defendants First Document Request to Plaintiffs Marvel Worldwide, Inc., Marvel Characters, Inc. and MVL Rights LLC dated April 22, 2010 (the "First Requests").

F.       Capitalized terms used herein, but not defined herein, shall have the meaning stated or ascribed in the Requests.

G.       Marvel's objections, responses, and production of documents shall not be construed either as (a) an admission of the relevancy, materiality, authenticity, or admissibility of any documents or (b) an admission that any particular fact, issue, or piece of information is relevant, material, or admissible.

H.       Marvel objects to the Second Requests on the grounds that they are overbroad and unduly burdensome to the extent any such request seeks documents produced or created after Defendants' issuance of the forty-five Termination Notices on September 16, 2009.

- 3 -

I.      Inadvertent disclosure of any information subject to any applicable privilege or

doctrine, including but not limited to the attorney-client privilege and the work-product doctrine,

is not intended to be and shall not operate as a waiver of any such privilege or doctrine, in whole

or in part, nor is any such inadvertent disclosure intended to be, nor shall it constitute, a waiver

of the right to object to any use of such information.

J.      Marvel has, in good faith, performed a diligent search for the information

requested by Defendants and, based upon that effort Marvel submits the following documents

and responses based on Marvel's knowledge, information and belief at this time.  Marvel's

investigation related to this action is ongoing, and Marvel specifically reserves its right to amend

and/or supplement any responses to the Requests.

K.      Marvel incorporates the foregoing objections into its specific responses set forth

below.

## RESPONSES AND OBJECTIONS TO THE REQUESTS

1.      All documents that state, memorialize or reflect any AGREEMENT between

KIRBY and MARVEL dated between January 1, 1950 and January 1, 1964.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that

it duplicative of Requests Nos. 8, 9 and 10 of the First Requests.  Subject to and without waiving

its objections, Marvel states that it does not possess any additional documents responsive to this

Request.

2.      All checks (front and back) issued to KIRBY by MARVEL between 1966 and

1973.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request to the extent that it is

duplicative of Requests Nos. 63, 64, 65 and 66 of the First Requests.  Subject to and without

- 4 -

waiving its objections, Marvel states that it does not possess any additional documents
responsive to this Request.

3.    All checks (front and back) issued to freelance artists by MARVEL between 1966
and 1973.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that
it is duplicative of Requests Nos. 63 and 64 of the First Requests.  Subject to and without
waiving its objections, Marvel states that it does not possess any additional documents
responsive to this Request.

4.    All checks (front and back) issued to KIRBY by MARVEL between 1974 and
1980.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request to the extent that it is
duplicative of Request No. 64 of the First Requests.  Subject to and without waiving its
objections, Marvel states that it does not possess any additional documents responsive to this
Request.

5.    All documents which memorialize or reflect any negotiations of any
AGREEMENT between KIRBY and MARVEL dated between January 1, 1950 and January 1,
1964.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that
it is duplicative of Requests Nos. 8, 9 and 10 of the First Requests.  Subject to and without
waiving its objections, Marvel states that it does not possess any additional documents
responsive to this Request.

- 5 -

6.     All documents that concern or relate to the original artwork MARVEL offered to return to DEFENDANTS by a letter from plaintiffs' counsel David Fleischer dated August 26, 2010.

**RESPONSE AND OBJECTIONS:**  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

7.     All documents that concern or relate to how the original artwork MARVEL offered to return to DEFENDANTS by a letter from plaintiffs' counsel David Fleischer dated August 26, 2010 was discovered by MARVEL.

**RESPONSE AND OBJECTIONS:**  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

8.     All documents that concern or relate to when the original artwork MARVEL offered to return to DEFENDANTS by a letter from plaintiffs' counsel David Fleischer dated August 26, 2010 was discovered by MARVEL.

**RESPONSE AND OBJECTIONS:**  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

9.     All documents that concern or relate to any inventory, itemized or otherwise, that MARVEL has of original artwork by Kirby.

**RESPONSE AND OBJECTIONS:**  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

- 6 -

10.    All documents that concern or relate to any inventory, itemized or otherwise, created in the last 10 years, that MARVEL has of original artwork by Kirby.

**RESPONSE AND GENERAL OBJECTIONS**:  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

11.    All original artwork by KIRBY in MARVEL'S possession, custody and control.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that it is unduly burdensome and it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Marvel states that it has already produced to Defendants for inspection and copying all original artwork by KIRBY in MARVEL'S possession, custody and control.

12.    All documents that concern or relate to MARVEL'S current policy and/or procedures for the return of original artwork to artists, inkers and/or writers.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

13.    All documents that concern or relate to MARVEL'S policy and/or procedures for the return of original artwork to artists, inkers and/or writers in the 1970s.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

- 7 -

14.   All documents that concern that concern or relate to MARVEL'S policy and/or procedures for the return of original artwork to artists, inkers and/or writers in the 1980s.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

15.   All documents that concern or relate to MARVEL'S policy and/or procedures for the return of original artwork to artists, inkers and/or writers in the 1990s.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

16.   All documents that concern or relate to MARVEL'S policy and/or procedures for the return of original artwork to artists, inkers and/or writers from between 2000 and the present.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

17.   All documents that concern, reflect or relate to an alleged agreement between KIRBY and MARVEL dated October 31, 1986.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this request on the ground that it is duplicative of Requests Nos. 8, 9 and 10 of the First Requests.  Marvel further objects to this request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

18.   All documents that concern, reflect or relate to an alleged agreement between MARVEL and KIRBY dated January 24, 1979.

- 8 -

**RESPONSE AND OBJECTIONS**:  Marvel objects to this request on the ground that it is duplicative of Requests Nos. 8, 9 and 10 of the First Requests.  Subject to and without waiving its objections, Marvel states that it does not possess any additional documents responsive to this Request.

19.    All AGREEMENTS between MARVEL and a licensee of MARVEL which provide for the furnishing of credit to KIRBY.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

20.    All drafts of AGREEMENTS between MARVEL and a licensee of MARVEL which provide for the furnishing of credit to KIRBY.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

21.    All correspondence that concern, reflect or relate to the furnishing of credit to KIRBY by a licensee of Marvel.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

22.    All AGREEMENTS between MARVEL and any licensee of MARVEL regarding the 1998 motion picture *The Incredible Hulk* which provide for the furnishing of credit to KIRBY.

- 9 -

**RESPONSE AND OBJECTIONS**: Marvel objects to this Request on the grounds that
it seeks documents that are not relevant to any issue in this action and are not reasonably
calculated to lead to the discovery of admissible evidence.

    23.    All AGREEMENTS between MARVEL and any licensee of MARVEL which
provide for the furnishing of credit to KIRBY in commercial advertising in the United States for
the 2008 motion picture *The Incredible Hulk.*

**RESPONSE AND OBJECTIONS**: Marvel objects to this Request on the grounds that
it seeks documents that are not relevant to any issue in this action and are not reasonably
calculated to lead to the discovery of admissible evidence.

    24.    All AGREEMENTS between MARVEL and any licensee of MARVEL which
provide for the furnishing of credit to KIRBY in print advertising in the United States for the
2008 motion picture *The Incredible Hulk.*

**RESPONSE AND OBJECTIONS**: Marvel objects to this Request on the grounds that
it seeks documents that are not relevant to any issue in this action and are not reasonably
calculated to lead to the discovery of admissible evidence.

    25.    All AGREEMENTS between MARVEL and any licensee of MARVEL regarding
the 2009 motion picture *X-Men Origins: Wolverine* which provide for the furnishing of credit to
KIRBY.

**RESPONSE AND OBJECTIONS**: Marvel objects to this Request on the grounds that
it seeks documents that are not relevant to any issue in this action and are not reasonably
calculated to lead to the discovery of admissible evidence.

26.     All AGREEMENTS between MARVEL and any licensee of MARVEL which
provide for the furnishing of credit to KIRBY in commercial advertising in the United States for
the 2009 motion picture *X-Men Origins: Wolverine*.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that
it seeks documents that are not relevant to any issue in this action and are not reasonably
calculated to lead to the discovery of admissible evidence.

27.     All AGREEMENTS between MARVEL and any licensee of MARVEL which
provide for the furnishing of credit to KIRBY in print advertising in the United States for the
2009 motion picture *X-Men Origins: Wolverine*.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that
it seeks documents that are not relevant to any issue in this action and are not reasonably
calculated to lead to the discovery of admissible evidence.

28.     All drafts of AGREEMENTS or releases between MARVEL and any artist, inker
or writer between 1975 and the present related to the return of original artwork.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that
it seeks documents that are not relevant to any issue in this action and are not reasonably
calculated to lead to the discovery of admissible evidence.

29.     All AGREEMENTS or releases between MARVEL and any artist, inker or writer
between 1970 and 1990 related to the return of original artwork.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that
it seeks documents that are not relevant to any issue in this action and are not reasonably
calculated to lead to the discovery of admissible evidence.

30.     All AGREEMENTS or releases between MARVEL and any artist, inker or writer between 1991 and the present related to the return of original artwork.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

31.     All AGREEMENTS or releases between MARVEL and John Romita, Sr. between 1975 and the present related to the return of original artwork,

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

32.     All correspondence between MARVEL and John Romita, Sr. between 1975 and the present that concern or relate to the return of original artwork.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

33.     All drafts of any AGREEMENT or release between MARVEL and John Romita, Sr. related to the return of original artwork to John Romita, Sr.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

34.     All AGREEMENTS or releases between MARVEL and Roy Thomas between 1975 and the present related to the return of original artwork.

- 12 -

**RESPONSE AND OBJECTIONS**: Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

35.    All correspondence between MARVEL and Roy Thomas between 1975 and the present that concern or relate to the return of original artwork.

**RESPONSE AND OBJECTIONS**: Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

36.    All drafts of any AGREEMENT or release between MARVEL and Roy Thomas related to the return of original artwork to Roy Thomas.

**RESPONSE AND OBJECTIONS**: Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

37.    All AGREEMENTS or releases between MARVEL and Dick Ayers between 1975 and the present related to the return of original artwork.

**RESPONSE AND OBJECTIONS**: Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

38.    All correspondence between MARVEL and Dick Ayers between 1975 and 1990 that concern or relate to the return of original artwork.

**RESPONSE AND OBJECTIONS**: Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

- 13 -

39.     All drafts of any AGREEMENT or release between MARVEL and Dick Ayers related to the return of original artwork to Dick Ayers.

**RESPONSE AND OBJECTIONS:**  Marvel objects to this Request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.

40.     All fully executed AGREEMENTS or releases related to the return of original artwork between MARVEL and KIRBY.

**RESPONSE AND OBJECTIONS:**  Marvel objects to this request on the ground that it is duplicative of Requests Nos. 8, 9 and 10 of the First Requests.  Marvel further objects to this request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Marvel states that it does not possess any additional documents responsive to this Request.

41.     All drafts of any AGREEMENTS or releases related to the return of original artwork between MARVEL and KIRBY.

**RESPONSE AND OBJECTIONS:**  Marvel objects to this request on the ground that it is duplicative of Requests Nos. 8, 9 and 10 of the First Requests.  Marvel further objects to this request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Marvel states that it does not possess any additional documents responsive to this Request.

42.     The four-page proposed artwork release MARVEL submitted to KIRBY in 1984.

- 14 -

**RESPONSE AND OBJECTIONS**: Marvel objects to this request on the ground that it is duplicative of Requests Nos. 8, 9 and 10 of the First Requests. Marvel further objects to this request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Marvel states that it does not possess any additional documents responsive to this Request.

43.     All correspondence that concern or relate to the proposed artwork release MARVEL submitted to KIRBY in 1984.

**RESPONSE AND OBJECTIONS**: Marvel objects to this request on the ground that it is duplicative of Requests Nos. 8, 9 and 10 of the First Requests. Marvel further objects to this request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Marvel states that it does not possess any additional documents responsive to this Request.

44.     All drafts of the proposed artwork release MARVEL submitted to KIRBY in 1984.

**RESPONSE AND OBJECTIONS**: Marvel objects to this request on the ground that it is duplicative of Requests Nos. 8, 9 and 10 of the First Requests. Marvel further objects to this request on the grounds that it seeks documents that are not relevant to any issue in this action and are not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its objections, Marvel states that it does not possess any additional documents responsive to this Request.

- 15 -

45.     All documents which MARVEL intends to use for any purpose in this LAWSUIT.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the ground that it is vague and ambiguous, overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege.  Marvel further states that it has not yet determined which documents it intends to use for any purpose in this action, and reserves the right to supplement its production.

46.     All interviews, in any form or media, which MARVEL intends to use for any purpose in this LAWSUIT.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the ground that it is vague and ambiguous, overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege.  Marvel further states that it has not yet determined which interviews on which it intends to use for any purpose in this action, and reserves the right to supplement its production.

47.     All statements, in any form or media, which MARVEL intends to use for any purpose in this LAWSUIT.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request on the ground that it is vague and ambiguous, overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege.  Marvel further states that it has not yet determined which statements on which it intends to use for any purpose in this action, and reserves the right to supplement its production.

48.     All statements, in any form or media, by KIRBY which MARVEL intends to use for any purpose in this LAWSUIT.

- 16 -

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request to the extent that it is duplicative of Request No. 47.  Marvel further objects to this Request on the ground that it is vague and ambiguous, overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege.  Marvel further states that it has not yet determined which statements by Kirby on which it intends to use for any purpose in this action, and reserves the right to supplement its production.

49.     All statements, in any form or media, by Stan Lee which MARVEL intends to use for any purpose in this LAWSUIT.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request to the extent that it is duplicative of Request No. 47.  Marvel further objects to this Request on the ground that it is vague and ambiguous, overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege.  Marvel further states that it has not yet determined which statements by Stan Lee on which it intends to use for any purpose in this action, and reserves the right to supplement its production.

50.     All statements by John Romita, Sr., in any form or media, which MARVEL intends to use for any purpose in this LAWSUIT.

**RESPONSE AND OBJECTIONS**:  Marvel objects to this Request to the extent that it is duplicative of Request No. 47.  Marvel further objects to this Request on the ground that it is vague and ambiguous, overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege.  Marvel further states that it has not yet determined which statements by John Romita, Sr. on which it intends to use for any purpose in this action, and reserves the right to supplement its production.

51.    All statements by Roy Thomas, in any form or media, which MARVEL intends to use for any purpose in this LAWSUIT.

**RESPONSE AND OBJECTIONS**: Marvel objects to this Request to the extent that it is duplicative of Request No. 47. Marvel further objects to this Request on the ground that it is vague and ambiguous, overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege. Marvel further states that it has not yet determined which statements by Roy Thomas on which it intends to use for any purpose in this action, and reserves the right to supplement its production.

52.    All statements by James Shooter, in any form or media, which MARVEL intends to use for any purpose in this LAWSUIT.

**RESPONSE AND OBJECTIONS**: Marvel objects to this Request to the extent that it is duplicative of Request No. 47. Marvel further objects to this Request on the ground that it is vague and ambiguous, overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege. Marvel further states that it has not yet determined which statements by James Shooter on which it intends to use for any purpose in this action, and reserves the right to supplement its production.

53.    All statements by Mark Evanier, in any form or media, which MARVEL intends to use for any purpose in this LAWSUIT.

**RESPONSE AND OBJECTIONS**: Marvel objects to this Request to the extent that it is duplicative of Request No. 47. Marvel further objects to this Request on the ground that it is vague and ambiguous, overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege. Marvel further states that it has not yet

- 18 -

determined which statements by Mark Evanier on which it intends to use for any purpose in this action, and reserves the right to supplement its production.

54.     All statements by John Morrow, in any form or media, which MARVEL intends to use for any purpose in this LAWSUIT.

**RESPONSE AND OBJECTIONS**: Marvel objects to this Request to the extent that it is duplicative of Request No. 47. Marvel further objects to this Request on the ground that it is vague and ambiguous, overbroad, unduly burdensome and calls for the production of documents protected by the attorney work-product privilege. Marvel further states that it has not yet determined which statements by John Morrow on which it intends to use for any purpose in this

action, and reserves the right to supplement its production.

Dated:  New York, New York
        December 20, 2010

                            PAUL, HASTINGS, JANOFSKY
                            & WALKER LLP

                            By _____
                                  Jodi A. Kleinick
                            75 East 55th Street
                            New York, NY 10022
                            (212) 318-6000

                            James W. Quinn
                            Randi W. Singer
                            WEIL, GOTSHAL & MANGES LLP
                            767 Fifth Avenue
                            New York, NY 10153
                            (212) 310-8000

                            David Fleischer
                            HAYNES AND BOONE, LLP
                            153 East 53rd Street
                            New York, NY 10022
                            (212) 659-7300

                            *Attorneys for Plaintiffs*

- 20 -