# EXHIBIT 36

Case 2:21-cv-07624-DMG-KES   Document 38-38   Filed 08/16/22   Page 1 of 15   Page ID #:663

| | |
|---|---|
| **From:** | Lens, Molly M. |
| **Sent:** | Thursday, August 11, 2022 5:28 PM |
| **To:** | Jaymie Parkkinen |
| **Cc:** | mtoberoff@toberoffandassociates.com; Petrocelli, Daniel M.; Turner, Kendall; Feuer, Danielle; Burton, Allen |
| **Subject:** | RE: Marvel - Conferral Letter re: Outstanding Discovery Issues |

Jaymie – Please see our response below in green.  All rights reserved.

**Molly M. Lens**
mlens@omm.com
O: +1-310-246-8593

O'Melveny & Myers LLP
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA  90067
Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Burton, Allen <aburton@omm.com>
**Sent:** Wednesday, August 10, 2022 7:34 PM
**To:** Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>; Lens, Molly M. <mlens@omm.com>
**Cc:** mtoberoff@toberoffandassociates.com; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>
**Subject:** RE: Marvel - Conferral Letter re: Outstanding Discovery Issues

Jaymie, thanks for your email.  We are working through your counterproposals and will be responding with the hope that we can reach resolution, but cannot do so tonight.  We will get back to you tomorrow, as early as possible.

Regards,

Allen

**From:** Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Sent:** Wednesday, August 10, 2022 9:34 PM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** mtoberoff@toberoffandassociates.com; Burton, Allen <aburton@omm.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>
**Subject:** Re: Marvel - Conferral Letter re: Outstanding Discovery Issues

[EXTERNAL MESSAGE]

Molly –

1

We haven't received confirmation from you regarding the additional extension for Marvel's portions of the joint stipulation/letter that we proposed yesterday. Without such agreement, Marvel's portions are due today. Please either provide confirmation or submit Marvel's portions promptly.

Regards,

Jaymie Parkkinen
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101
toberoffandassociates.com

_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

On Tuesday, August 9, 2022, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com> wrote:

> Hi Molly –
>
> Please see our responses to your comments in blue. Defendants' July 28, 2022 letter is attached to this email for reference.
>
> - The parties to agree to produce all non-privileged documents in their possession, custody, or control responsive to the outstanding Requests for Production.  **The parties' respective RFP responses confirm their agreement to produce responsive, non-privileged documents identified through a reasonably diligent search.  Accordingly, this seems unnecessary and potentially confusing causing.  To the extent that you're contemplating something different, please let us know.  Otherwise, if defendants feel strongly, we are confident we can find a way to re-confirm the parties' respective RFP responses in the stipulation.**; As we noted in Defendants' motions, Marvel's RFP responses contained improper carve outs, which resulted in inadequate searches and incomplete productions of documents. For example, Marvel's statement that it would only produce documents identified through an inquiry "of electronic searches identified with Don Rico's name" in response to Rico RFP No. 9 seeking payment documents is unacceptable. Marvel might be able to remedy these deficiencies by agreeing to employ a much wider menu of search terms, including those we outlined below, and by listing the search terms it used in a declaration. Similarly, Defendants require more transparency from Marvel in terms of where physical documents are located and which locations it has searched, and why, specifically, it searched some locations, but not others. Marvel then must declare that it has indeed produced all non-privileged documents in its possession, custody, or control responsive to Defendants' RFPs as outlined in their motions.
>
>> As we have repeatedly explained, your suggestion that Marvel's searches were inadequate is false.  Worse, we are extremely troubled by the fact that you appear to be reneging and backtracking on the parties' previous agreements, which resulted from substantial meet and confer efforts months ago.  You cite Marvel's Response to Rico RFP No. 9, but you ignore that—back in April—the parties met and conferred not only about Marvel's physical payment records but also the scope of Marvel's searches.  *See* April 12, 2022 Letter from J. Parkkinen at 4 (stating, under header entitled "Creators' Payments Records," that "Marvel agreed to produce all payment documents that it could electronically search for unbounded by time.  The parties agreed to exclude production of hardcopy payment documents from the 1980s and 1990s currently held in offsite storage, with the exception of the 'vouchers' as described above."); *see also* April 19, 2022 Letter from M. Lens at 3 ("MCI will agree to produce responsive payment documents to the Defendant Contributors to the extent that it can

2

identify such records through electronic searches identified with the Defendant Contributors' names.") (referencing Marvel's searches to locate payment documents in response to Rico RFP No. 29, a broader and duplicative request that encompassed Rico RFP No. 9). You expressly confirmed your agreement. *See* April 28, 2022 Letter from J. Parkkinen at 1 ("**Marvel's April 19 letter satisfactorily addressed the points raised in Defendants' meet-and-confer letters regarding Defendants' RFPs.**"). We note that Judge Kaplan confirmed that Marvel's production would be subject to the parties' previous agreements. You cannot now renege on your agreements and suggest that Marvel should start from scratch. With regard to your request for more "transparency," as discussed in our initial responses and below, we are willing to provide additional information about Marvel's searches in our forthcoming amended interrogatory response so long as plaintiffs also provide adequate detail about their efforts.

- The parties to agree to search each repository at which they (or any person/entity within their control) store physical documents. Similar to the above, we are unclear whether you are suggesting that Marvel do something more than it agreed to do in its RFP responses. To confirm, Marvel has already conducted a reasonably diligent inquiry into physical repositories and searched those that it determined were reasonably likely to have responsive information. Again, while this seems unnecessary, we can incorporate this concept (for both parties) into the stipulation.; As noted above, Defendants require Marvel to be more transparent regarding the physical searches it has conducted and where and how it stores physical documents. Marvel's repeated references to searches of "physical repositories" does not suffice. At base, Defendants need answers to the questions posed in their July 28, 2022 letter so that the parties can draft a meaningful due diligence declaration for Marvel. We would also need confirmation, of course, that Marvel has conducted diligent physical searches, with "diligence" to be measured in accordance with Marvel's fulsome responses to Defendants' July 28 letter. As such, please confirm that Marvel will promptly and thoroughly answer the questions in Defendants' July 28 letter.

    Marvel will agree to supplement its responses to Interrogatory No. 2 of Nanci Solo's Second Set of Interrogatories. Marvel, however, does not agree to also separately answer the "questions posed in defendants' July 28 letter." As you'll recall, defendants—back in May—refused to answer far more fundamental questions about its collection efforts, demanding that Marvel serve interrogatory responses. *See, e.g.* June 8, 2022 Letter from J. Parkkinen at 2 (declining to "indulge Marvel" by responding to "pseudo-interrogatories"); *see also* May 26, 2022 Email from J. Parkkinen (refusing to respond to informal requests and instead confirming only that Defendants "have and will continue to conduct themselves in compliance with all applicable Federal and Local Rules."). Leaving aside the one-sided nature of plaintiffs' informal requests, we believe that Marvel's supplemental interrogatory responses will moot the need for separate responses to plaintiffs' quasi-interrogatory "questions," and the parties can hopefully move on from plaintiffs' "discovery on discovery" distractions. As Judge Kaplan recognized, plaintiffs' discovery on discovery side show is a waste of time, particularly since it rests on nothing other than conjecture. But to the extent that Solo (or the other defendants) have additional questions, they can serve additional interrogatories if permitted under the Federal Rules. Alternatively, after Marvel serves its amended interrogatory response, Marvel will consider answering additional written questions in lieu of a Rule 30(b)(6) deposition on collection efforts. But defendants cannot serve interrogatories, ask countless pseudo-interrogatory "questions," demand a "due diligence declaration," and then also demand a 30(b)(6) deposition. That is harassment.

- The parties to agree to search each electronic database in which they (or any person/entity within their control) store documents electronically. See above, with Marvel's response applying equally here.; Similarly, Defendants will need Marvel's prompt response to the questions listed in their July 28 letter and to receive confirmation that Marvel has, indeed, conducted diligent electronic searches employing a fulsome checklist of search terms.

    As before, please see above.

3

- Marvel to conduct electronic searches using as keywords, without limitation, the name of each Creator and Stan Lee (including their full names and all pen names), the titles of each of the Works, the names of the characters in each of the Works, and the names of each Marvel entity which registered each Work's original copyright.  <span style="color:red">We are willing to meet and confer with defendants about the parties' use of search terms.  To this end, we agree to assess the burden associated with the additional search terms that you have proposed and expect to have an update on this later this week.  We ask that defendants advise us of what terms they used to search their electronic repositories (including email) so that the process can be reciprocal.</span>; <span style="color:blue">Marvel's agreement to substantially expand the list of search terms it employs is a critical component of any potential stipulation, particularly since many of Marvel's searches were only conducted using the Creators' names. We doubt there is any prohibitive burden in conducting additional electronic keyword searches.</span>

    <span style="color:green">Again, your complaint about Marvel's use of the contributor's names is contradicted by your own prior agreements.  Your speculation notwithstanding, as we explained, and without conceding any additional terms are necessary or appropriate, we are in the process of assessing the burden associated with additional electronic searches.  We expect to update you on that process by the middle of next week.</span>

- Marvel to agree to complete its production on or before August 22, 2022. Defendants to agree to complete their respective productions on or before August 29, 2022.  <span style="color:red">The parties should have the same date for the completion of their productions across all cases, which, in light of Judge Kaplan's order, should be August 22.  That said, if defendants require until August 29, we can discuss that being the deadline for all parties.  To be clear, to the extent that the parties agree to conduct supplemental searches as part of the meet-and-confer process, any responsive additional documents would need to be subsequently produced and/or logged.  Put differently, the deadline does not absolve a party of its obligation under the Federal Rules to supplement its productions.</span> <span style="color:blue">We see no reason why productions must be completed across all cases on the same date. In order to comply with Judge Kaplan's Order, Marvel's productions must be completed on or before August 22, whereas, Defendants expect that their productions will be substantially completed by August 29. To be clear, any subsequent searches resulting from the parties' discussions must be substantially completed by these deadlines; we will not tolerate any more rolling productions.</span>

    <span style="color:green">As you know, Judge Kaplan's Order merely formalized what Marvel represented that it already planned to do – produce documents it had located after a reasonably diligent search, subject to the parties' previous agreements and meet and confer efforts.  Judge Kaplan in no way endorsed (and in fact implicitly rejected) any suggestion that Marvel's efforts were lacking in any way.  Judge Kaplan also recognized that the parties may enter into future agreements and, in response to plaintiffs' premature filing, Judge Kaplan went out of his way to admonish that "[t]he Court trusts that the parties will resolve any remaining disputes in a professional manner."  Your attempt to use Judge Kaplan's Order to try to force Marvel to conduct additional searches and insisting that Marvel also produce those documents in less than two weeks is neither professional nor productive, and a gross mischaracterization of the Order.  To be clear, Marvel intends to complete all responsive, non-privileged documents identified to date through its reasonably diligent searches by August 22.  And, to the extent it locates additional documents as a result of new agreed-upon searches (if any) that you have demanded that go beyond the more-than reasonably diligent efforts that Marvel has already undertaken, Marvel will of course supplement its productions with any newly identified documents, consistent with its obligations under the Federal Rules and the parties' agreements.</span>

    <span style="color:green">While we disagree that defendants' deadline for their productions should be later than Marvel's, please confirm that defendants will agree to stipulate to complete their productions by August 29.  We'd like to put a stipulation on file with the various courts this week so as to moot this issue.</span>

- The parties to execute respective due diligence declarations, within seven (7) days from the date of their completed productions, describing with specificity (i) where and how that party searched for physically stored documents; (ii) where and how that party searched for electronically stored documents; and (iii)

affirming that the party has produced all non-privileged, responsive documents in their possession, custody, or control.  The parties have already served interrogatories on the subject of document collection.  Accordingly, we propose that the parties agree to supplement their interrogatory responses to include, if not already provided, responsive non-privileged (including work product) information to (i) and (ii).  Likewise, the amended verified interrogatory responses can confirm that the party has conducted a reasonably diligent search for responsive information and, subject to the party's right and obligation to supplement its production, has completed its production. Defendants require that the due diligence declarations be straightforward and complete in and of themselves. The declarations must not be muddied by referrals to responses and lengthy objections contained in interrogatory answers. We further require Marvel's due diligence declaration to fully respond to the questions posed in Defendants' July 28 letter concerning where and how documents are stored and organized (physically and electronically), who conducted the searches, as well as a list of search terms used and an affirmation that all responsive, non-privileged documents in its possession, custody, or control have been produced.

Please see above for our response to your demand for a purported "due diligence declaration."

As for an extension regarding the joint stipulation/letter, Defendants agree that Marvel can return its portions on or before Monday, August 15, so long as it agrees to sign the completed documents on Tuesday, August 16 by 5:30 p.m. and further agrees to provide Defendants with a reciprocal extension (if it does not change the hearing date) should Marvel move to compel.

To be clear, while we are open to discussing a potential stipulation this week, Defendants are not willing to continually or indefinitely extend Marvel's deadlines to return its portions, particularly when Marvel should have been engaging in this dialogue months ago when Defendants first raised these issues.

Defendants' August 1 submissions were clearly improper.  Had defendants met and conferred with Marvel before prematurely rushing to the courts, defendants would have learned that Marvel was willing to stipulate to an August 22 production date (provided defendants so too agree); and (2) supplement its interrogatory responses to provide further detail as to its collection efforts.  Tellingly, defendants never raised either issue before serving their joint stipulations.  In light of Marvel's agreements, we ask for defendants' confirmation by today that they will withdraw their portions of the joint submissions.

To the extent defendants' refuse, Marvel will return its portions of the joint submissions on Monday, August 15 (and agrees to return the signed stipulation the following day, as noted previously).  Marvel reserves all rights as to defendants' conduct.  As to the timing of defendants' responses to Marvel's joint submissions, Marvel will agree to a reasonable extension of defendants' time to return its responsive submissions, but requires that the parties' jointly agree and request that the joint submissions should be heard on the same day, which is efficient not only for the parties but the courts.

We look forward to hearing from you soon. All rights reserved.

Jaymie Parkkinen
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101
toberoffandassociates.com

_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

On Tue, Aug 9, 2022 at 8:14 AM Lens, Molly M. <mlens@omm.com> wrote:

Hi Jaymie –

As the meet-and-confer letter that you sent us last night (at 7:55 pm PT / 10:55 pm ET) recognizes, "the parties are currently discussing a potential document production stipulation."  Given that those conversations are ongoing, it is premature to raise any issues any issues with the courts.  *See, e.g.*, Rule 6 of Magistrate Karen Scott's Procedures ("The Court expects the parties to extend professional courtesies in scheduling such conferences, to come prepared, to listen to the other side's position in good faith, and to use reasonable efforts to try to resolve the discovery dispute.").  Further, your meet-and-confer letter last night seemingly confirms defendants' agreement to provide detailed verified responses to Marvel's interrogatory on collection efforts.  As indicated below, Marvel, too, is willing to supplement the information that it previously provided.

Accordingly, we ask that defendants agree to toll Marvel's time to respond to the joint submissions, with Marvel's submissions to be returned (if at all) within four business days of a declaration of impasse by a party.  In the event that defendants' refuse, we ask that Marvel's time be extended until Wednesday, August 17.  Otherwise, Marvel will be continued to be placed in a situation where it needs to work on its responsive submissions and cross-motions, while the parties are meeting and conferring, which is both counterproductive to the parties' meet-and-confer efforts and inefficient.

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Lens, Molly M.
**Sent:** Monday, August 8, 2022 2:00 PM
**To:** 'Jaymie Parkkinen' <jparkkinen@toberoffandassociates.com>
**Cc:** 'mtoberoff@toberoffandassociates.com' <mtoberoff@toberoffandassociates.com>; Burton, Allen <aburton@omm.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>
**Subject:** RE: Marvel - Conferral Letter re: Outstanding Discovery Issues

Jaymie –

Thanks again for your email.  We have interlineated our response below in red.  As you'll see, at base, we think the parties should be able to agree on a mutual path forward that does not involve burdening the courts.  Accordingly, we ask that defendants agree that Marvel's time to return its portions of the joint submissions be deferred until Monday, August 15.  In exchange, in the event that motion practice is necessary, Marvel will agree to sign the completed joint stipulation on Tuesday, August 16, provided defendants circulate it by 5 pm that day—which means that the extension from Wednesday to Monday will not impact the hearing date.  Due to the timing, we ask for your response today, with Marvel reserving the right to request an extension from the courts should defendants refuse.  All rights reserved.

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Lens, Molly M.
**Sent:** Sunday, August 7, 2022 3:09 PM
**To:** 'Jaymie Parkkinen' <jparkkinen@toberoffandassociates.com>
**Cc:** mtoberoff@toberoffandassociates.com; Burton, Allen <aburton@omm.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>
**Subject:** RE: Marvel - Conferral Letter re: Outstanding Discovery Issues

Jaymie –

We are acknowledging receipt of your email below, which due to its timing, we were unable to discuss with our client on Friday. Further, while we are pleased that defendants are willing to meet and confer to see if the parties can avoid burdening the courts, we are concerned that defendants' agreement to provide only a two-day extension is incompatible with a genuine meet-and-confer effort. Marvel requires time to assess your proposal, including the burden associated with certain requests, which is further complicated by vacation schedules. We will endeavor to get back to you promptly but anticipate that a longer extension (as previously requested) will be necessary and appropriate. In the meantime, this confirms your agreement to extend Marvel's deadline to provide its portions of the Rico and Colan joint stipulations to Wednesday, August 10.

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Sent:** Friday, August 5, 2022 6:32 PM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** mtoberoff@toberoffandassociates.com; Burton, Allen <aburton@omm.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>
**Subject:** Re: Marvel - Conferral Letter re: Outstanding Discovery Issues

[EXTERNAL MESSAGE]

Hi Molly –

Defendants are of course open to a resolution which would avoid burdening the courts. To that end, we propose a stipulation which, in short, would call for the following:

- The parties to agree to produce all non-privileged documents in their possession, custody, or control responsive to the outstanding Requests for Production.  The parties' respective RFP responses confirm their agreement to produce responsive, non-privileged documents identified through a reasonably diligent search.  Accordingly, this seems unnecessary and potentially confusing causing.  To the extent that you're contemplating something different, please let us know.  Otherwise, if defendants feel strongly, we are confident we can find a way to re-confirm the parties' respective RFP responses in the stipulation.;
- The parties to agree to search each repository at which they (or any person/entity within their control) store physical documents.  Similar to the above, we are unclear whether you are suggesting that Marvel do something more than it agreed to do in its RFP responses.  To confirm, Marvel has already conducted a reasonably diligent inquiry into physical repositories and searched those that it determined were reasonably likely to have responsive information.  Again, while this seems unnecessary, we can incorporate this concept (for both parties) into the stipulation.;
- The parties to agree to search each electronic database in which they (or any person/entity within their control) store documents electronically.  See above, with Marvel's response applying equally here.;
- Marvel to conduct electronic searches using as keywords, without limitation, the name of each Creator and Stan Lee (including their full names and all pen names), the titles of each of the Works, the names of the characters in each of the Works, and the names of each Marvel entity which registered each Work's original copyright.  We are willing to meet and confer with defendants about the parties' use of search terms.  To this end, we agree to assess the burden associated with the additional search terms that you have proposed and expect to have an update on this later this week.  We ask that defendants advise us of what terms they used to search their electronic repositories (including email) so that the process can be reciprocal.;
- Marvel to agree to complete its production on or before August 22, 2022. Defendants to agree to complete their respective productions on or before August 29, 2022.  The parties should have the same date for the completion of their productions across all cases, which, in light of Judge Kaplan's order, should be August 22.  That said, if defendants require until August 29, we can discuss that being the deadline for all parties.  To be clear, to the extent that the parties agree to conduct supplemental searches as part of the meet-and-confer process, any responsive additional documents would need to be subsequently produced and/or logged.  Put differently, the deadline does not absolve a party of its obligation under the Federal Rules to supplement its productions.
- The parties to execute respective due diligence declarations, within seven (7) days from the date of their completed productions, describing with specificity (i) where and how that party searched for physically stored documents; (ii) where and how that party searched for electronically stored documents; and (iii) affirming that the party has produced all non-privileged, responsive documents in their possession, custody, or control.  The parties have already served interrogatories on the subject of document collection.  Accordingly, we propose

9

<span style="color:red">that the parties agree to supplement their interrogatory responses to include, if not already provided, responsive non-privileged (including work product) information to (i) and (ii).  Likewise, the amended verified interrogatory responses can confirm that the party has conducted a reasonably diligent search for responsive information and, subject to the party's right and obligation to supplement its production, has completed its production.</span>

Please let us know whether these terms are agreeable.

Additionally, Defendants can agree to a two-day extension for Marvel's portions of the CD Cal Joint Stipulation and EDNY Letter, making such documents due on Wednesday, August 10. Also note that, under separate cover, Defendants will send their meet-and-confer letter regarding Marvel's deficient interrogatory responses.

Regards,

Jaymie Parkkinen

Toberoff & Associates, P.C.

23823 Malibu Road, Suite 50-363

Malibu, California 90265

Tel: 310.246.3333

Fax: 310.246.3101

toberoffandassociates.com

_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

On Fri, Aug 5, 2022 at 3:22 PM Lens, Molly M. <mlens@omm.com> wrote:

> Jaymie –

Following up on our conversation this afternoon, rather than burden the courts with motion practice, we have proposed that the parties meet and confer about a mutual exchange of information concerning their efforts to identify responsive documents, as well as agree to an August 22 production of responsive documents. To this end, we suggest that defendants agree to give Marvel a seven-day extension of its time to respond to defendants' portions of the joint stipulation and letter served earlier this week. To the extent that defendants refuse, Marvel will advise the courts about the extent of defendants' productions, Marvel's long-documented issues with defendants' discovery responses concerning their collection and production efforts (in contrast to the defendants' failure to raise any issues with Marvel's interrogatory responses on its collection efforts), and the defendants' refusal to meet and confer in earnest about a reciprocal solution. In addition, Marvel will ask that any order with respect to discovery be fully reciprocal.

Given Monday's deadline, and your confirmation that you'll be speaking with Marc this afternoon, we need to hear from you today.

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Lens, Molly M. <mlens@omm.com>
**Sent:** Thursday, August 4, 2022 1:21 PM
**To:** mtoberoff@toberoffandassociates.com; Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Cc:** Burton, Allen <aburton@omm.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>
**Subject:** RE: Marvel - Conferral Letter re: Outstanding Discovery Issues

11

Marc and Jayme:

We are in receipt of your Monday evening emails with your portions of a joint letter to Magistrate Judge Merkl and a joint stipulation to Magistrate Judge Scott—seeking much of the same relief as your clients did in the matters pending in SDNY.  To the extent necessary, we will provide a more fulsome response next Monday as requested, but we are reaching out to see if the parties can reach an agreement in lieu of bringing this dispute to the courts.  We see no reason to resort to judicial intervention here, especially in light of the respective courts' admonitions that counsel must, in good faith, work together "to resolve disputes before making any discovery motion," M.J. Merkl Indiv. R. 3.A., and "to eliminate the necessity for hearing [a discovery] motion or to eliminate as many of the disputes as possible."  C.D. Cal. L.R. 37-1.

In light of Judge Kaplan's recent order, and our desire to maintain an efficient and coordinated discovery schedule across these matters, we propose that all parties in all five pending cases stipulate to complete their document productions on or before August 22, 2022.  There is no principled basis for different treatment across cases or across parties with respect to this deadline, and the August 22 date should afford sufficient time to wrap up productions while also keeping all parties on track to move ahead with depositions and other key tasks for which predicate fact development is needed.

Please note that this proposal is not intended to diverge from that presented in our most recent conferral letter; rather, we write separately because time is of the essence.  We ask that you confirm immediately (and by no later than 5 pm tomorrow) whether your clients would agree to such a stipulation.  To the extent that defendants refuse, MCI's portions of the joint submissions will request that any order issued by the courts be fully reciprocal (as supported by the sparsity of defendants' productions).  After all, it is defendants—not Marvel—that have produced few documents, failed to reach out to third parties within their control, and refused to provide a date to complete their productions.

We look forward to hearing from you.

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Feuer, Danielle <dfeuer@omm.com>
**Sent:** Wednesday, August 3, 2022 10:18 AM
**To:** mtoberoff@toberoffandassociates.com; Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Cc:** Burton, Allen <aburton@omm.com>; Lens, Molly M. <mlens@omm.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Turner, Kendall <kendallturner@omm.com>
**Subject:** Marvel - Conferral Letter re: Outstanding Discovery Issues

Dear Marc and Jaymie:

Attached please find a conferral letter concerning outstanding discovery issues on behalf of Marvel Characters, Inc.

Sincerely,

Danielle

### O'Melveny

**Danielle R. Feuer**

dfeuer@omm.com

O: +1-213-430-6069

O'Melveny & Myers LLP

400 South Hope Street, 18th Floor

Los Angeles, CA  90071

Website | LinkedIn | Twitter

13

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

--
Jaymie Parkkinen
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101
toberoffandassociates.com

_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.