DANIEL M. PETROCELLI (S.B. #97802)
dpetrocelli@omm.com
MOLLY M. LENS (S.B. #283867)
mlens@omm.com
DANIELLE FEUER (S.B. #324174)
dfeuer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067-6035
Telephone: +1 310 553 6700
Facsimile: +1 310 246 6779

*Attorneys for Plaintiff Counterclaim-Defendant Marvel Characters, Inc.*
*(additional counsel on page two)*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

MARVEL CHARACTERS, INC.,

Plaintiff,

v.

MICHELE HART-RICO and BUZ DONATO F. RICO III,

Defendants.

---

MICHELE HART-RICO and BUZ DONATO F. RICO III,

Counterclaimants,

v.

MARVEL CHARACTERS, INC. and DOES 1-10, inclusive,

Counterclaim-Defendants.

---

Case No.: 2:21-cv-07624-DMG-KES

[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE KAREN E. SCOTT]

**MARVEL CHARACTERS, INC.'S SUPPLEMENTAL SUBMISSION IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL**

Date: September 6, 2022
Time: 10:00 a.m.
Courtroom: 6D

Non-expert Discovery Cutoff: November 18, 2022
Pretrial Conf.: May 9, 2023
Trial: June 6, 2023

ALLEN W. BURTON (admitted *pro hac vice*)
aburton@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, New York 10036-6537
Telephone: +1 212 326 2000
Facsimile: +1 212 326 2061

KENDALL TURNER (S.B. #310269)
kendallturner@omm.com
O'MELVENY & MYERS LLP
1625 Eye Street, NW
Washington, DC 20006-4061
Telephone: +1 202 383 5300
Facsimile: +1 202 383 5414

*Attorneys for Plaintiff and Counterclaim-Defendant Marvel Characters, Inc.*
*(ctd.)*

MCI submits this short reply in further opposition to Defendants' August 16 joint stipulation to underscore two points.

**Defendants' motion is moot**. As MCI has explained to Defendants, Defendants' motion was predicated on a number of fundamental misunderstandings about MCI's search efforts. Contrary to Defendants' claims, MCI did not rely on its prior search efforts in the *Kirby* litigation[1] but rather conducted an extensive review of various electronic and physical documents in its possession as well as in the possession of related entities and third parties. Further still, while Defendants raised certain concerns about MCI's choice of electronic search terms on August 5 (*after* serving their portion of the joint stipulation), MCI has now conducted supplemental searches across its SharePoint repository for the vast majority of the search terms that Defendants belatedly proposed. Specially, MCI ran searches associated with the following terms: (1) titles of hundreds of the Works at issue; (2) dozens of pen names associated with various contributors; (3) Stan Lee; and (4) the names of the Copyright Claimants.[2]

Critically, these efforts have only confirmed the adequacy of MCI's prior searches. Indeed, after running hundreds of additional searches, MCI identified

---

[1] Even though Defendants share counsel with the Kirby Estate, MCI notes that Defendants insisted that MCI produce the documents produced in *Kirby* not only by MCI but also by the Kirby Estate and third parties.

[2] On August 5, when Defendants proposed these search terms for the first time, Defendants also demanded that MCI search for the names of the characters in the comics. For example, Defendants served a purported termination notice for a comic involving the character "Black Widow." But MCI already ran electronic searches for Don Rico (including iterations thereof and his pseudonyms), Don Heck, and Stan Lee (who also contributed to the comics at issue), the names of the comics at issue, and the entity that copyrighted these comics. There is simply no reason to believe that documents including the term "Black Widow" but not a single one of these other terms would have anything to do with the comics that Rico contributed to in 1964, as opposed to Marvel's vast number of other exploitations involving the Black Widow character in the intervening nearly six decades.

fewer than 20—at best—tangentially responsive, non-privileged documents, which have now been produced. This process has thus underscored that MCI's prior extensive efforts already identified the universe of potentially responsive documents and the benefit of any continued efforts is far outweighed by the burden thereof.

Defendants would have learned this had they engaged in meaningful efforts to confer before launching this motion to compel. Instead, they improperly served their motion without ever even asking MCI whether it would stipulate to a date to complete its productions and provide additional information about its search efforts.[3] To be clear, Defendants served their portion of the joint stipulation on August 1, but sent their first "meet-and-confer" letter on MCI's interrogatory responses on August 5. Similarly, while Defendants complain about MCI's choice of electronic search terms, Defendants did not propose any search terms to MCI until August 5.

In any event, MCI has completed its productions, as MCI's sworn interrogatory responses confirm. MCI's interrogatory responses also confirm the breadth of MCI's extensive search efforts, thereby eliminating any doubt about the sufficiency of those efforts once and for all.[4] Yet Defendants have not withdrawn their improper and wholly moot motion, choosing instead to burden the Court with a manufactured controversy. The Court should deny Defendants' motion in full.

**<u>Defendants ask this Court to hold the parties to different standards</u>**. MCI's efforts to moot any concerns about its document collection and production efforts stand in stark contrast to Defendants' own conduct. Defendants ask this Court to hold the parties to different standards. Upon receiving Defendants' portion of the joint stipulation, MCI proposed that the parties enter into a mutual and reciprocal

[3] As Defendants' portion of the joint stipulation confirms, Defendants' last claimed meet-and-confer effort was in mid-June.

[4] MCI will serve further supplemental responses detailing the additional electronic search term searches described above, and confirming that MCI completed its production by August 22.

stipulation that the parties complete their productions by August 22 and supplement their prior interrogatory responses to affirm the completion of their productions and provide additional detail on their collection efforts. Defendants refused.[5] Nevertheless, and even though Defendants insisted on brand new, burdensome searches, MCI worked feverishly to accommodate Defendants' belated demands. As a result of its extensive efforts (and notably, with no aid from Defendants' onerous demanded search terms), MCI's productions include highly relevant evidence—in each of Defendants' purported categories—showing that Don Rico, like other Marvel freelancers, made his contributions on a work-made-for-hire basis.

Because of Defendants' one-way-street approach, MCI not only opposed Defendants' motion but also served a joint stipulation of its own. All while complaining about *MCI's* productions, Defendants have produced only 27 documents to date, with their production missing categories of documents that unquestionably should be within Defendants' possession, custody, or control. For example, despite creating a website and a Facebook page devoted to his father's work, Buz Rico has not produced a single document relating to either. And, unlike MCI, Defendants have provided absolutely no detail about their electronic searches, which have failed to identify highly relevant documents.[6] Moreover, despite

---

[5] For example, while Defendants insisted that MCI agree to an August 22 production date, Defendants said they would only agree that their productions would be "substantially completed" by August 29. *See* ECF No. 38, Ex. 36 at 4. In addition, Defendants demanded that any stipulation require MCI to provide a declaration answering Defendants' July 28 questions, even though Defendants themselves previously insisted that MCI serve formal interrogatories to get basic information about Defendants' collection efforts. And Defendants insisted that MCI provide detailed information about its electronic searches, even though they refused to do the same. *Compare* ECF No. 38, Ex. 36 at 4–5 *with* ECF No. 38, Ex 21 at 3.

[6] *See* Ex. 37 at 15 ("Defendant conducted diligent searches of his computer files . . . [and] the Internet (including Google.com, Facebook.com, Amazon.com, and ebay.com)"); Ex. 38 at 15 ("Defendant and Defendant's counsel . . . [searched] her

numerous requests from MCI, Defendants have refused to submit a stipulation to this Court confirming a date for the completion of their productions.

Put simply, Defendants' efforts pale in comparison to MCI's. MCI has confirmed its productions are complete. Defendants have not. MCI has provided details about its electronic searches. Defendants have not—despite Marvel's requests to do so.[7] MCI has stress-tested its searches to confirm that its searches have identified the universe of responsive documents. Defendants have not. And MCI has produced over 7,000 documents. Defendants, in contrast, have produced only 27. Most importantly, Defendants have yet to produce highly relevant information, including from Buz Rico's own website and Facebook pages, that they should unquestionably have furnished—such as the primary source for an admission that Stan Lee was Rico's "boss," an obvious indicator of authority.

* * *

Defendants should be ordered to complete their productions by a prompt date certain and certify as much, and Defendants' demand that MCI be ordered to do the same—which MCI has already done—should be denied as moot. To the extent that the Court does not deny Defendants' motion outright, MCI respectfully requests that the Court continue the instant hearing to September 20, at which point the parties' discovery motions could be heard in tandem during a single, efficient conference.[8]

---

personal computer . . . [and] the Internet (including Google.com, Facebook.com, Amazon.com, and ebay.com)").

[7] *See, e.g.*, Ex. 39 at 5 (following up regarding MCI's interrogatory seeking details about Defendants' "efforts to identify, obtain, and/or collect Documents responsive to MCI's Requests for Production.").

[8] Despite acknowledging that a joint hearing would serve party and judicial efficiency, Defendants refused to so stipulate and thereby triggered the need for this request. Defendants have not, and cannot, identify any purported prejudice by their motion being heard on September 20, instead of September 6, especially given that Defendants have requested—and received—a week extension on their time to oppose MCI's motion.

Dated: August 23, 2022

**O'MELVENY & MYERS LLP**

By: */s/ Daniel M. Petrocelli*
Daniel M. Petrocelli

Daniel M. Petrocelli
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Danielle Feuer
dfeuer@omm.com
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067
Telephone: (310) 553-6700
Facsimile: (310) 246-6779

Allen Burton (admitted *pro hac vice*)
aburton@omm.com
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

Kendall Turner
kendallturner@omm.com
1625 Eye Street NW
Washington, DC 20006
Telephone: (202) 383-5300
Facsimile: (202) 383-5414

*Attorneys for Marvel Characters, Inc.*