# EXHIBIT 38

Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. # 318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Defendants,*
*Michele Hart-Rico and*
*Buz Donato F. Rico III*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVEL CHARACTERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHELE HART-RICO and BUZ DONATO F. RICO III,<br><br>Defendants. | Case No.<br>2:21-cv-07624-DMG-KES<br><br>Hon. Dolly M. Gee |
| MICHELE HART-RICO and BUZ DONATO F. RICO III,<br><br>Counterclaimants,<br><br>v.<br><br>MARVEL CHARACTERS, INC. and DOES 1-10 inclusive,<br><br>Counterclaim-Defendants. | **DEFENDANT MICHELE HART-RICO'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND INTERROGATORIES TO MICHELE HART-RICO** |

PROPOUNDING PARTY:          MARVEL CHARACTERS, INC.

RESPONDING PARTY:           MICHELE HART-RICO

SET NO.:                    TWO


Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("Local Rules"), Defendant and Counterclaim-Plaintiff Michele Hart-Rico ("Defendant") hereby submits her amended responses and objections to Plaintiff's Second Interrogatories to Defendant and Counterclaimant Michele Hart-Rico ("Interrogatories" and, individually, "Interrogatory"), served by Marvel Characters, Inc. ("Marvel"), as follows:

## **PRELIMINARY STATEMENT**

These responses are made solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all objections and grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial. These responses shall not be used in connection with any other proceeding.

No incidental or implied admissions are intended by these responses. The fact that Defendant responds or objects to any of the Interrogatories should not be construed as an admission that Defendant accepts or admits the existence of any facts assumed by such Interrogatory, or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that Defendant responds to part or all of any of the Interrogatories is not intended to be and shall not be construed as a waiver of any part of any objection to any Interrogatory.

Defendant is still in the process of investigating the facts of this case and searching for responsive information and Documents, which is a particularly

burdensome and expensive undertaking given that many of the relevant events took place decades ago. Nor has Defendant completed discovery or concluded preparation for summary judgment or, if necessary, trial. As a result, Defendant's objections and responses herein are preliminary and based on information and Documents that are presently available and specifically known to Defendant after having made a diligent search and reasonable and good faith inquiry, and are made without prejudice to Defendant's right to: (1) amend, alter, supplement, clarify or otherwise modify these objections and responses as this matter proceeds; (2) make use of, or introduce at any hearing or trial, any Documents, information, facts, evidence, and legal theories which are subsequently discovered or which are now known but whose relevance, significance, or applicability has not yet been ascertained; and (3) offer expert witness opinions on any relevant matter, which opinions may be at variance with these objections and responses or the information and Documents referenced in response to Marvel's Interrogatories

In addition, Marvel has asserted, without authority, that its Second Set of Interrogatories will not count toward Marvel's 25-interrogatory Federal limit. Defendant however will be guided by the Federal and Local Rules and will count each interrogatory in Marvel's Second Set (and any subparts contained therein) toward Marvel's 25-interrogatory limit.

Furthermore, Defendant's responses are made without in any way intending to waive, but on the contrary, intending to preserve:

1.     The right to raise—as part of any subsequent proceeding in, or the trial of, this or any other action—all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any information or Documents produced or identified in support of any of the responses to any portion of Marvel's Interrogatories;

2.     The right to object on any ground—as part of any subsequent proceeding in, or the trial of, this or any other action—to the use of any

information or Documents produced or identified in support of any of the responses to any portion of Marvel's Interrogatories;

3.    The right to object to introduction into evidence of any of these responses; and

4.    The right to object on any ground at any time to other discovery involving the subject thereof.

## GENERAL OBJECTIONS

Defendant objects to each particular Interrogatory on the following grounds, which are hereby incorporated within each response set forth below:

1.    Defendant objects to each and every Interrogatory, definition, and instruction that purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure or the Local Rules. Defendant interprets each and every Interrogatory, definition, and instruction to be consistent with the Federal Rules of Civil Procedure and Local Rules.

2.    Defendant objects to each and every Interrogatory, definition, and instruction to the extent it contains argumentative, inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action. Any response to any Interrogatory shall not constitute Defendant's agreement with or acquiescence to any such description.

3.    Defendant objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is neither relevant to any claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant will only disclose information consistent with Defendant's responses below.

4.    Defendant objects to each and every Interrogatory, definition, and instruction to the extent it is vague, ambiguous, unclear, or fails to identify the requested information with reasonable particularity. To the extent that an Interrogatory requires subjective judgment on the part of Defendant as to what

information is requested, Defendant will disclose responsive, non-privileged information according to Defendant's understanding of the Interrogatory.

5.      Defendant objects to each and every Interrogatory, definition, and instruction to the extent it is overbroad, onerous, and unduly burdensome and, thus, outside the scope of permissible discovery. Defendant will only disclose information consistent with Defendant's responses below.

6.      Defendant objects to each and every Interrogatory to the extent it seeks information that is a matter of public record, already in the possession of Marvel, or otherwise equally available to the public and Marvel. Defendant objects to Marvel's Instructions on this same basis. That said, without committing to undertake a search specifically for information in the public record, Defendant will not withhold any responsive information of which Defendant is aware because it may also be available in the public record. Defendant will not undertake a search of the public record for Marvel.

7.      Defendant objects to each and every Interrogatory to the extent that it seeks disclosure of information that is unreasonably cumulative or duplicative of other discovery served in this action, or is obtainable from sources that are more convenient, less burdensome, or less expensive.

8.      Defendant objects to each and every Interrogatory to the extent that it seeks to require Defendant to use more than reasonable diligence to locate and identify responsive information. Consistent with Defendant's obligations, Defendant will conduct a reasonably diligent inquiry for responsive information and Documents.

9.      Defendant objects to the Interrogatories, including, but not limited to, the "Definitions" and "Instructions," including without limitation Instruction No. 1, to the extent they purport to impose any obligations upon Defendant that exceed those imposed by the Federal and Local Rules. Defendant's responses are based on Defendant's personal knowledge, the knowledge of Defendant's agents, and

*reliable* information found in documents in Defendant's possession, custody, or control.

10. Defendant objects to each and every Interrogatory, definition, and instruction to the extent it seeks information that is not within Defendant's possession, custody, or control.

11. Defendant objects to each and every Interrogatory to the extent it seeks information protected by the attorney-client privilege, the attorney-work product doctrine, the common interest or joint defense privileges, rules and agreements governing privacy or confidentiality, or any other applicable privilege or protection recognized under statute or applicable case law. Inadvertent disclosure by Defendant of any information protected by any applicable privilege or protection shall not constitute a waiver, in whole or in part, of the privilege or protection.

12. Defendant objects to each and every Interrogatory to the extent it seeks Defendant's sensitive, confidential, or proprietary business information. To the extent such information is responsive, relevant, and not privileged, Defendant will disclose such confidential information pursuant to the Protective Order, and any subsequent revisions to that Protective Order upon which the Parties may agree.

13. Defendant objects to each Interrogatory, definition, and instruction to the extent that it prematurely requests discovery of expert materials and information in advance of their respective deadlines under the Scheduling Order governing this case and/or the Federal Rules of Civil Procedure. Defendant will not disclose any expert materials or information before such deadlines.

14. Defendant objects to each and every Interrogatory to the extent it seeks information the disclosure of which would be prohibited by applicable law, rule, regulation, or contractual obligation. In particular, Defendant objects to each and every Interrogatory to the extent it seeks information subject to confidentiality

obligations (such as settlement agreements with third-parties) or protective orders, such as the Documents produced by parties other than Defendant in prior litigations. Defendant cannot, and will not, identify any such information unless and until Defendant is relieved of the confidentiality obligations with respect to such information, and nothing contained in any response to any Interrogatory should be considered an agreement to identify such information.

15.    Nothing contained in any response herein shall be deemed an admission, concession, or waiver by Defendant as to the validity of any claim or defense asserted by Marvel.

16.    All objections as to the relevance, authenticity, or admissibility of these responses and any information referenced therein are expressly reserved by Defendant.

17.    To the extent that Defendant responds to any of the Interrogatories, Defendant reserves the right to object on any grounds, at any time, to other discovery requests involving or relating to the subject matter of the Interrogatories that Defendant has responded to herein.

18.    Defendant reserves all objections to the use of these responses. All such objections may be interposed by Defendant at the time of trial or as otherwise required by the rules or order of the Court.

19.    Defendant's responses herein shall not in any way constitute an adoption of Marvel's purported "Definitions" of words or phrases or "Instructions" contained in the Interrogatories. Defendant objects to the Definitions, Instructions, and Interrogatories to the extent they: (i) are vague, ambiguous, compound, overbroad, unduly burdensome, and not reasonably tailored to avoid imposing undue burden and expense on Defendant; (ii) seek information for an undefined period of time or, if defined, cover and span an unreasonably long or burdensome time period, and therefore are burdensome and oppressive; (iii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to

define; (iv) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure or Local Rules; (v) include assertions of purported fact that are inaccurate or disputed by the parties to this action; and/or (vi) incorporate other purported defined terms that suffer from such defects. In responding to the Interrogatories, Defendant has, where possible, employed what Defendant regards as the reasonable, common-sense interpretation of the Interrogatory in light of the relevant issues in the case.

20.    Defendant objects to each Interrogatory to the extent that it assumes the existence, relevance, materiality, truth, admissibility, or authenticity of any particular information, or assumes the validity of any claim or defense. In responding to these Interrogatories, Defendant does not make any admissions or waive any rights or objections, all of which are expressly preserved.

21.    Defendant objects to each Interrogatory to the extent that it requires Defendant to draw a legal conclusion.

22.    Defendant reserves the right to revise, amend, or supplement Defendant's objections, responses, and/or production, and to use in discovery and at trial any information that is omitted as a result of mistake, inadvertence, or oversight. Defendant notes that discovery is ongoing and that Defendant's responses are based on the information that is presently available and specifically known to Defendant.

23.    Defendant objects to Instruction No. 6 to the extent that it purports to require Defendant to log information, as though the Interrogatories are requests for production. Defendant does not agree to provide privileged information or a privilege log with respect to these Interrogatories.

24.    The fact that Defendant may reassert particular objections in responding to individual Interrogatories should not be construed as limiting the generality of the foregoing objections. The General Objections set forth herein are asserted with respect to each and every Interrogatory.

## SPECIFIC OBJECTIONS AND RESPONSES

### INTERROGATORY NO. 1:

Describe the steps that You have taken to preserve Documents and information Concerning Don Rico, the Works, and/or Marvel, Including (a) Documents Concerning interviews Concerning Don Rico, the Works, or Marvel; (b) Communications with any Authors, bloggers, reporters, publishers, fans, and/or other third parties Concerning the Works, Marvel, or Don Rico, Including with Danny Fingeroth and David Currie; (c) Documents that state, memorialize, reflect, or Concern any Agreements between Don Rico and Marvel; (d) Documents Concerning compensation or payment for work Don Rico performed for Marvel and/or pursuant to the foregoing Agreements; and (e) other Documents Concerning Don Rico's work for Marvel, Including when any such steps were taken.

### AMENDED RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to this Interrogatory on the grounds that it is overbroad and seeks information that is not relevant to either party's claims or defenses and imposes an undue burden on Defendant that is not proportional to the needs of the case. For example, the Interrogatory is plainly overbroad in that it seeks information regarding Defendant's Document-preservation efforts "Concerning Don Rico," when in fact, most Documents Concerning Don Rico, Defendant's spouse, are irrelevant to this case. Defendant further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Interrogatory on the grounds that it is vague and ambiguous as to the timeframe of the preservation efforts and vague and ambiguous as to what "preserve . . . information" means and how that is different than "preserve Documents."

Subject to and without waiving any of the foregoing General and specific

objections and pursuant to the parties' meet-and-confer discussions concerning this Interrogatory, Defendant responds based on personal knowledge, the knowledge of Defendant's agents, and reliable information in Defendant's possession, custody, or control after a diligent search for the information requested, that on or about March 9, 2021, when it was reasonably expected that Defendant would exercise Defendant's termination interest in connection with the Works, Defendant's counsel orally instructed Defendant to make, and Defendant has made, a diligent effort to search for, collect, maintain, and preserve all Documents in Defendant's possession, custody, or control which Concern Don Rico and Marvel and/or the Works, and any Documents which might be at all relevant or requested in connection with Defendant's exercise of Defendant's termination rights under the Copyright Act. Since the instruction, Defendant has conducted diligent searches of her apartment, including the filing cabinet in her apartment, her personal computer, and her small offsite storage room in North Hollywood, California. Prior to this instruction, Defendant made no effort to destroy such Documents. Defendant reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

**INTERROGATORY NO. 2:**

Identify which, if any, of Don Rico's Documents, Including (a) Documents Concerning interviews Concerning Don Rico, the Works, or Marvel; (b) Communications with any Authors, bloggers, reporters, publishers, fans, and/or other third parties Concerning the Works, Marvel, or Don Rico, Including with Danny Fingeroth and David Currie; (c) Documents that state, memorialize, reflect, or Concern any Agreements between Don Rico and Marvel; (d) Documents Concerning compensation or payment for work Don Rico performed for Marvel and/or pursuant to the foregoing Agreements; and (e) other Documents Concerning Don Rico's work for Marvel, You consider outside of Your possession, custody, or control and, for any such documents, identify who You believe has

1  possession, custody, or control.

2  **AMENDED RESPONSE TO INTERROGATORY NO. 2:**

3       Defendant objects to this Interrogatory on the grounds that it is overbroad
4  and seeks information that is not relevant to either party's claims or defenses and
5  imposes an undue burden on Defendant that is not proportional to the needs of the
6  case. For example, the Interrogatory is plainly overbroad in that it seeks
7  information regarding "Don Rico's Documents" without any limitation as to time
8  or subject matter. Defendant objects to this Interrogatory insofar as it calls for
9  speculation. Defendant further objects to this Interrogatory to the extent that it
10  seeks information protected by the attorney-client privilege, the attorney work
11  product doctrine, and any other privilege or immunity available under law or
12  arising from contractual obligation.

13       Subject to and without waiving any of the foregoing General and specific
14  objections and pursuant to the parties' meet-and-confer discussions concerning
15  this Interrogatory, Defendant responds based on personal knowledge, the
16  knowledge of Defendant's agents, and reliable information in Defendant's
17  possession, custody, or control after a diligent search for the information requested,
18  that Defendant is not withholding any of Don Rico's Documents because someone
19  other than Defendant is in possession of them, to the extent such Documents exist.
20  Further, Defendant has no personal knowledge of the existence of Don Rico's
21  Documents outside Defendant's possession, custody, or control. In addition, after
22  further inquiry, Defendant does not have knowledge of any third parties (e.g.,
23  attorneys, accountants, business managers, or relatives) which would have Don
24  Rico's Documents, to the extent any such Documents exist. Don Rico maintained
25  no archive of past work, he prepared his own taxes and managed his own finances,
26  and handled his business affairs himself. However, Defendant believes that an
27  Author(s), blogger(s), reporter(s), publisher(s), fan(s), or Danny Fingeroth,
28  respectively, might possess some such Document(s) that are not in Defendant's

possession, custody, or control. In addition, and notwithstanding the above, Defendant reasonably believes that Marvel likely possesses many such Documents, including but not limited to: (1) agreements with Don Rico; (2) payments to and tax treatment of Don Rico during the 1960s and 1970s; (3) Documents evidencing Marvel's alleged right to control Don Rico's creation of the Works; (4) Documents relating to Stan Lee's employment during the relevant period and payments made to him during that period; (5) Communications with Don Rico and/or Stan Lee; (6) Documents relating to Don Rico's employment/freelancer status with Marvel; and (7) plots, scripts, or outlines relating to the Works.

Defendant reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

**INTERROGATORY NO. 3:**

Identify which, if any, of Don Rico's Documents, Including (a) Documents Concerning interviews Concerning Don Rico, the Works, or Marvel; (b) Communications with any Authors, bloggers, reporters, publishers, fans, and/or other third parties Concerning the Works, Marvel, or Don Rico, Including with Danny Fingeroth and David Currie; (c) Documents that state, memorialize, reflect, or Concern any Agreements between Don Rico and Marvel; (d) Documents Concerning compensation or payment for work Don Rico performed for Marvel and/or pursuant to the foregoing Agreements; and (e) other Documents Concerning Don Rico's work for Marvel, You consider lost or destroyed, how and why such Documents were lost or destroyed, and when.

**AMENDED RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this Interrogatory on the grounds that it is overbroad and seeks information that is not relevant to either party's claims or defenses and imposes an undue burden on Defendant that is not proportional to the needs of the case. For example, the Interrogatory is plainly overbroad in that it seeks

information regarding "Don Rico's Documents" without any limitation as to time or subject matter. Defendant objects to this Interrogatory as premature because discovery has not yet concluded. Defendant further objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation.

Subject to and without waiving any of the foregoing General and specific objections and pursuant to the parties' meet-and-confer discussions concerning this Interrogatory, Defendant responds based on personal knowledge, the knowledge of Defendant's agents, and reliable information in Defendant's possession, custody, or control after a diligent search for the information requested, that Defendant does not know if such Documents existed and were thereafter lost or destroyed. To the extent any such Documents existed and were later lost or destroyed, Defendant does not know how and why such Documents were lost or destroyed, and when, except the following may be relevant to this: when, in the late 1950s, Don Rico separated from his first wife, Olga Tarasevich (deceased), and moved to California, he left most of his belongings, including his files, behind in New York, some in a storage warehouse and the remainder with Ms. Tarasevich. His belongings in the warehouse were purportedly destroyed in a warehouse fire decades ago, and otherwise, their location is unknown. Don Rico's belongings left with Ms. Tarasevich were destroyed or their current location is unknown.

In addition, after further inquiry, Defendant does not have knowledge of any third parties (e.g., attorneys, accountants, business managers, or relatives) which would have Don Rico's Documents, or which would know if, how, or why such Documents were lost or destroyed. Don Rico maintained no archive of past work, he prepared his own taxes and managed his own finances, and handled his business affairs himself. With the exception of the above, Defendant is not aware of any specific circumstances explaining why any categories of Documents or

particular documents concerning Don Rico and Marvel and/or the Works have not been located by Defendant's reasonably diligent searches.

Defendant reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

**INTERROGATORY NO. 4:**

Describe Your efforts to identify, obtain, and/or collect Documents responsive to MCI's Requests for Production.

**AMENDED RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this Interrogatory to the extent it seeks information concerning the efforts Defendant's counsel made to identify, obtain, and/or collect Documents responsive to Marvel's Requests for Production ("RFPs") on the grounds that (i) Marvel's definition of "You/Your" did not include Defendant's counsel (*see* Marvel's Second Set of Interrogatories, Definition No. 12 ("You" or "Your"[] mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates.")) and (ii) such a request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Defendant further objects to the extent this Interrogatory seeks information which is protected by another privilege or immunity available under law or arising from contractual obligation.

Subject to and without waiving any of the foregoing General and specific objections and pursuant to the parties' meet-and-confer discussions concerning this Interrogatory, Defendant responds based on personal knowledge, the knowledge of Defendant's agents, and reliable information in Defendant's possession, custody, or control after a diligent search for the information requested, that consistent with Federal Rule of Civil Procedure 26(a), Defendant began searching for Documents relevant to Defendant's termination notices even before receiving Marvel's RFPs on February 17, 2022. Prior to and since receiving Marvel's RFPs, Defendant has continued to diligently search for responsive

Documents consistent with Defendant's responses to Marvel's RFPs. Defendant and Defendant's counsel worked together closely to search for, collect, and review potentially responsive Documents. This included searching Defendant's apartment, including the filing cabinet in her apartment, her personal computer, and searching her small offsite storage room in North Hollywood, California. Further, and notwithstanding the parties' agreement that such steps need not be taken, as part of Defendant's diligent inquiry, Defendant searched for responsive Documents outside her possession, custody, or control, held by third parties/publicly available sources which might have possessed such Documents, such as the Internet (including Google.com, Facebook.com, Amazon.com, and ebay.com), David Currie, Sean Howe, the Los Angeles Public Library, the New York Public Library, and the Cambria County Library. Defendant's search efforts were supervised and guided by Defendant's counsel, which itself directly participated in and/or oversaw the diligent searches for, and review of, potentially responsive Documents described herein. Defendant reserves the right to conduct further inquiry with respect to this Interrogatory and further reserves the right to supplement this response.

Date: August 5, 2022            By: _____ /s/ Marc Toberoff _____
                                              Marc Toberoff

                                   TOBEROFF & ASSOCIATES, P.C.
                                   *mtoberoff@toberoffandassociates.com*
                                   23823 Malibu Road, Suite 50-363
                                   Malibu, CA 90265
                                   Telephone: (310) 246-3333
                                   Facsimile: (310) 246-3101

                                   *Attorneys for Michele Hart-Rico and*
                                   *Buz Donato F. Rico III, heirs of*
                                   *Donato Francisco Rico II*

- 15 -

1

## **VERIFICATION OF INTERROGATORY RESPONSES**

2

    I, Michele Hart-Rico, Defendant in this matter, declare, based on a diligent

3

and reasonable inquiry, that the foregoing answers are true and correct to the best

4

of my personal knowledge.

5

6

    I verify under penalty of perjury that the foregoing is true and correct.

7

8

9

DATED: *5 Aug 2022*

Michele Hart-Rico

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 16 -

# **PROOF OF SERVICE**

I, Jaymie Parkkinen, declare:

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA 90265. On August 12, 2022, I caused the following document:

**DEFENDANT MICHELE HART-RICO'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND INTERROGATORIES TO MICHELE HART-RICO**

to be served as follows:

[ ]    **BY ELECTRONIC MAIL** -  I caused the above-described document to be served by electronic mail transmission on the interested parties noted below, where an electronic mail address is indicated.

[x]    **BY MAIL** – I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On August 12, 2022, I put a true and correct copy of the above-referenced document in a sealed envelope, with postage fully prepaid, and placed the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

| | |
|---|---|
| Daniel M. Petrocelli | Allen W. Burton |
| dpetrocelli@omm.com | aburton@omm.com |
| Molly M. Lens | O'MELVENY & MYERS LLP |
| mlens@omm.com | Times Square Tower |
| Danielle Feuer | 7 Times Square |
| dfeuer@omm.com | New York, NY 10036 |
| O'MELVENY & MYERS LLP | |
| 1999 Avenue of the Stars, 8th Floor | Kendall Turner |
| Los Angeles, California 90067 | kendallturner@omm.com |
| | O'MELVENY & MYERS LLP |
| | 1625 I Street NW |
| | Washington, DC 20006 |

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on August 12, 2022, at Malibu, California.

_/s/ Jaymie Parkkinen_
Jaymie Parkkinen