Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. #318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Defendants,*
*Michele Hart-Rico and*
*Buz Donato F. Rico III*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVEL CHARACTERS, INC.,<br><br>Plaintiff,<br>v.<br><br>MICHELE HART-RICO and BUZ DONATO F. RICO III,<br><br>Defendants.<br><br>MICHELE HART-RICO and BUZ DONATO F. RICO III,<br><br>Counterclaimants,<br>v.<br><br>MARVEL CHARACTERS, INC. and DOES 1-10, inclusive,<br><br>Counterclaim-Defendants. | Case No. 2:21-cv-07624-DMG-KES<br><br>[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE KAREN E. SCOTT]<br><br>**THE RICOS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL MARVEL CHARACTERS, INC.'S PRODUCTION OF DOCUMENTS**<br><br>Hearing Date: September 6, 2022<br>Time: 10:00 a.m.<br>Courtroom: 6D<br>Non-expert Discovery Cutoff: November 18, 2022<br>Pretrial Conf.: May 9, 2023<br>Trial: June 6, 2023 |

# SUPPLEMENTAL MEMORANDUM

Defendants Michele Hart-Rico and Buz Donato F. Rico III (the "Ricos"), pursuant to Local Rule 37-2.3, submit this Supplemental Memorandum to bring to the Court's attention the inaccuracies recited in Marvel's portion of the Joint Stipulation. Marvel's responses to the Ricos' Motion (Dkts. 37-38) and to Judge Kaplan's July 27, 2022 Order ("Order"), which, under similar circumstances as here, *granted* defendants' motion to compel in three Southern District of New York cases, suggest that Marvel is not taking its discovery obligations seriously. The Order even called out Marvel for its "acrimonious" response—an unjustifiably entitled attitude, which has carried over to this case as well. Toberoff Decl. Ex. 26 at 1. Indeed, in discussions to resolve the issues raised in the Ricos' Motion, Marvel stated that the Ricos' efforts to ensure Marvel was complying with its discovery obligations were a "waste of time." Declaration of Jaymie Parkkinen[1] ("Parkkinen Decl.") Ex. 40 at 15. Not so. Since Judge Kaplan ordered Marvel to produce responsive documents, Marvel has "uncovered" thousands of pages of relevant documents it should have voluntarily produced months ago, including several which are extremely relevant to this case. This Court must not be persuaded by Marvel's bravado and vague assurances of compliance. Marvel has made clear it will produce critically relevant documents only when it is compelled to do so.

### A. The Ricos' Motion is Supported by Evidence

The Ricos' Motion is supported by unambiguous evidence and, contrary to Marvel's spin, is not based on "mere speculation." To be specific, initially,

---

[1] To ensure the record is complete, the Ricos were required to submit a supplemental declaration because the declaration of Marvel's counsel, Molly M. Lens, attached exhibits which omitted the Ricos' counsel's side of email correspondence. Such correspondence took place days before Marvel's submission of its portion of the Joint Stipulation and therefore, their omission from Marvel's exhibits is knowingly improper and misleading.

Marvel assured the Ricos that its production of documents would be completed by the end of July 2022. Toberoff Decl. Ex. 24 at 1. Then, in the S.D.N.Y. cases, Judge Kaplan granted the defendants' motion to compel Marvel's production of documents, in its entirety. *Id*. Ex. 26. In response to that Order, on August 15 and 22, Marvel produced more than 10,000 additional pages of documents responsive to those defendants' RFPs. Parkkinen Decl. ¶ 5. Thus, it was *only after* a court unambiguously ordered it to produce relevant, responsive documents that Marvel was willing to "find" obviously relevant documents which it should have found and produced months ago.

Some of the documents Marvel produced only *after* Judge Kaplan's Order to do so included 1967 correspondence from Stan Lee, which specifically referenced Don Rico's character, "Black Widow." Parkkinen Decl. Ex. 41 at 1, 3. The post-Order production of this relevant, responsive correspondence from Stan Lee from the very year in question directly supports the Ricos' contentions that Marvel was, and still is, withholding relevant documents from the Focus Period (1962-1967) pertinent to this case. *Id.* As in the three S.D.N.Y. cases, Marvel must likewise be compelled to make a thorough search and a full production of all documents responsive to the Ricos' RFPs in this case.

**B.     Marvel has Improperly Asserted Obstructionist Objections**

Marvel's responses to the Ricos' RFPs include a mountain of obstructionist objections. Indeed, as explained in the Ricos' Motion, Marvel went so far as to object to the Ricos' definition of "Agreement" even though Marvel's definition of "Agreement" was *exactly the same*. *Compare* Toberoff Decl. Ex. 3 at 3 ("'AGREEMENT' and 'AGREEMENTS' as used herein refer to any contract, whether written or oral, express or implied.") *with id*. Ex. 6 at 3 ("'Agreement' means any contract, whether written or oral, express or implied."). In light of Marvel's obstructionism, the Motion's Legal Standard section cited a statement by this Court that "[i]t is well-established that the

- 2 -

burden is on the objecting party to show grounds for failing to provide the requested discovery." *SEC v. Premier Holding Corp.*, 2021 U.S. Dist. LEXIS 246096, at *7 (C.D. Cal. Sep. 7, 2021) (Magistrate Scott). The Ricos were concerned that Marvel might hide behind its meritless objections and therefore included, *along with the standards governing motions to compel*, the standard for evaluating objections to be thorough. Marvel props up a straw man and misleadingly pretends that this was the sole standard cited by the Ricos.

As a further example of Marvel's gamesmanship, it cites its responses to Nanci Solo's Second Set of Interrogatories, served in the *Marvel v. Solo* case in the Eastern District of New York, as evidence of its diligence here. *See* Joint Stipulation (Dkt. 38) at 6, 42. However, in those same interrogatory responses, Marvel specifically objected to the use of its answers in any other case. *See* Lens Decl. Ex. 31 at 12 ("MCI further objects to this Interrogatory to the extent that any of the defendants, who are all represented by the same counsel-of-record, attempt to use it in any of the other pending cases."). Regardless, Marvel's purported search for documents in a different case in another jurisdiction concerning a distinct creator (Gene Colan) and different literary works, has nothing to do with the Ricos' RFPs or Motion.

### C. The Ricos Properly Met and Conferred with Marvel for Months Concerning the Issues in Their Motion

The Ricos met and conferred with Marvel for months, exchanging *sixteen* sets of letters, regarding Marvel's wholly deficient production of documents. Toberoff Decl. Exs. 10-25. On June 13, 2022, the Ricos then provided Marvel with a final warning that they would move to compel if Marvel continued to withhold responsive documents in the categories outlined in their May 9 and June 13 letters (including the same six categories outlined in their Motion). *See* Toberoff Decl. Ex. 22 at 4 ("If Marvel does not produce the responsive documents . . . by June 21, 2022, Defendants will have no choice but to move to

compel."); *see also id.* Ex. 15 (The Ricos' conferral letter dated May 9, 2022 outlining the same categories of missing documents as in their June 13, 2022 letter). The Ricos then waited patiently for Marvel to produce such documents, and, when it became clear that Marvel would not produce them unless compelled to do so, the Ricos proceeded with this Motion.

Marvel's portion of the Joint Stipulation mangles the terms of the parties' agreement concerning the scope of Marvel's search and production efforts. To be clear, during the parties' meet-and-confer discussions, it was agreed that Marvel could limit its search for electronically stored payment documents, such as checks, to keyword searches using Don Rico's names[2], but that Marvel must continue to search for physical payment records as well (except physical payment records from 1980 or later). Toberoff Decl. Ex. 12 at 3, Ex. 14 at 1.

Thus, the Ricos agreed that Marvel could limit its electronic searches using Don Rico's names *but only* in its search for *payment records*. Accordingly, there is no excuse for Marvel's failure to thoroughly search for and produce (i) agreements, (ii) tax records, (iii) correspondence, (iv) alleged plots/outlines, (v) documents showing Marvel's alleged legal right to control Don Rico's creation of the Works, or (vi) documents evidencing Don Rico or Stan Lee's status as a freelancer or employee.

The Ricos' Motion seeks to compel Marvel's production of documents and a detailed order from this Court because Marvel has demonstrated that, behind its vague assurances of allegedly comprehensive searches, there are serious discovery deficiencies. Marvel's bluster sounds great, but upon closer examination of what Marvel *actually* did, its shortcomings are unmistakable. For instance, it is clear that, beyond Don Rico's name, Marvel failed to search for documents using other obvious search terms such as "Black Widow," the key

---

[2] Don Rico, short for Donato Francisco Rico II, went by many pen names, including N. Korok.

character created by Don Rico and featured in the Works at issue. Had Marvel searched using this extremely obvious term, it would have undoubtably found the aforementioned correspondence from Stan Lee in the Focus Period which specifically references "Black Widow." Parkkinen Decl. Ex. 41 at 1, 3. Yet, it is only *after* Judge Kaplan's Order that Marvel "discovered" this document, notwithstanding all of its purportedly "diligent" searches. *Compare* Joint Stipulation at 43 (Marvel: "MCI simply cannot summon records from thin air.") *with* Marvel's production of 10,000 pages of additional documents on August 15 and 22 in response to Judge Kaplan's Order. Marvel dodges details because the specifics leave it no room to hide. *See e.g.*, Parkkinen Decl. ¶ 3, Ex. 40 at 14-18 (When the Ricos offered to withdraw their Motion if Marvel would agree to provide specific details about its search efforts, including a list of electronic search terms and physical locations of hard-copy documents, Marvel refused to answer and stopped responding to the Ricos' emails.).

Further still, even after the Ricos agreed in the meet-and-confer process to a generous keyword limitation for payment documents, Marvel *still reneged* on the parties' agreement which required Marvel to search for *physical* payment records as well. The Ricos noted in their conferral letter that "Marvel assured Defendants that its amended responses to . . . Rico RFP No. 29 . . . would make clear that Marvel would make a physical, as well as electronic, search for checks and/or other payment documents from the relevant time period." Toberoff Decl. Ex. 14 at 1; *compare id*. Ex. 5 at 34 (Marvel's Amended Response to Rico No. 29 in which Marvel promised only to produce documents "that are identified through a reasonably diligent inquiry of *electronic searches* identified with Don Rico's name.") (emphasis added).

For all of the above reasons and those contained in the Joint Stipulation, the Ricos' Motion should be granted.

1     Respectfully submitted,

3   Date: August 23, 2022     **TOBEROFF & ASSOCIATES, P.C.**

                                      By:   <u>*/s/ Marc Toberoff*</u>
                                              Marc Toberoff

                                       *mtoberoff@toberoffandassociates.com*
                                       23823 Malibu Road, Suite 50-363
                                       Malibu, CA 90265
                                       Telephone: (310) 246-3333
                                       Facsimile: (310) 246-3101

                                       *Attorneys for Michele Hart-Rico and*
                                       *Buz Donato F. Rico III, heirs of*
                                       *Donato Francisco Rico II*