# EXHIBIT 1



O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

File Number: 0903423-00392

March 22, 2022

**Daniel M. Petrocelli**
D: +1 310 246 6850
dpetrocelli@omm.com

Marc Toberoff
Toberoff & Associates
23823 Malibu Road, Suite 50-363
Malibu, California 90265

Re:   *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK; *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK; *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK; *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM; and *Marvel Characters, Inc. v. Rico*, No. 2:21-cv-07624-DMG-KES

Dear Marc:

I write in response to defendants Larry Lieber's, Patrick Ditko's, Keith Dettwiler's, Nanci Solo's, Erik Colan's, Michele Hart-Rico's, and Buz Donato Rico III's (collectively the "Defendants" and each a "Defendant") responses and objections to Marvel Characters, Inc.'s First Set of Requests for Production (collectively the "Responses" and each a "Response") to obtain important clarification on several issues:[1]

1. **Vague and Ambiguous Objections:**  The Responses include numerous objections on the basis that certain terms are vague and ambiguous.  For example, the Response to Request No. 36 claims that "testimony" is purportedly "vague and ambiguous, and lacks sufficient precision to allow Defendant to formulate an appropriate response."  *See* Response to RFP No. 36.  Other Responses contain similar objections to common words in the English language.  *See, e.g.*, Response to Request Nos. 3 and 9 ("contributor" and "contributions"); 8 ("understood" and "appreciated"); 10 and 11 ("work"); and 24 and 26 ("creative services").  For the avoidance of doubt, Defendants should apply the common English meanings to the words and phrases in the Requests.  Thus, for example, as you well know, "testimony" means a declaration, written or oral, by a witness under oath, given before a court or deliberative body, as per the first definition in the American Heritage dictionary.  To the extent that Defendants have any true confusion about how to interpret the Requests, please let us know.  Otherwise, we understand that Defendants are not withholding any documents on the basis of these objections, as the Reponses do not state as such, as required under Federal Rule of Civil Procedure 34(b)(2)(C).  *See* 2015 Adv. Comm. Note to Rule 34 (clarifying that 2015 amendments to the Rule sought to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the

---

[1] For sake of efficiency, while we refer herein to Patrick Ditko's Responses, our comments are to be construed equally as to the other Defendants' Responses.

requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections").

2. **Requests Relating to James Steranko and Neal Adams:**  In Response to Request Nos. 38 and 39, which request Communications and/or Documents exchanged with James Steranko and Neal Adams, you suggest that we "narrow this Request to a specific time period and to specific subject matters of Communications and Documents." As for a time period, we are not inclined to limit the Request, as we believe, for example, that communications between the Defendants and Steranko/Adams from the 1970s about the Works or working for Marvel are as relevant as recent communications about this lawsuit.  Please let us know the time period(s) for which you believe there may be responsive documents to enable us to consider whether this is a valid concern.  As for subject matter, the Requests seek all Communications and/or Documents pertaining to (a) the Defendant's and/or Steranko's and/or Adams' employment relationship with Marvel, (2) ownership of and rights to the Works at issue in these actions (the "Works"), (3) contributions made by Defendants to the Works, (4) the "Marvel Method," and (5) any communications regarding the pending litigations and/or Defendants' claims in such lawsuits.

3. **Ownership of Decedents' Termination Interest**:  Request No. 30 seeks "All Documents Concerning ownership of Steve Ditko's termination interest in any of the Works under 17 U.S.C. § 304(c)," with detailed subparts specifying the specific information sought.  The Response claims that the Request "is vague, ambiguous, and confusing insofar as it is uncertain whether it seeks the identities, birthdates, and, where applicable, death dates of any of the relatives of Steve Ditko who fall into the categories enumerated in 17 U.S.C. § 304(c)(2)," and take the position that such Documents and information is irrelevant if any such relatives do not "own[] Steve Ditko's termination interest in any of the Works under 17 U.S.C. § 304(c)."  While these objections obscure a straightforward factual request, we understand that Defendants are not withholding any responsive documents on the basis of their objections, as the Responses do not state as such, as required, under the Rules.

4. **Documents Subject to Confidentiality Requirements or Protective Orders** :  In their general objections, Defendants object to the Requests to the extent they seek documents subject to "rules and agreements governing privacy or confidentiality" and the Responses agree to only produce documents "not otherwise subject to a protective order or confidentiality requirement."  *See* General Objection ¶ 12; *passim*.  To the extent that Defendants contend that there are responsive documents that are covered by any protective orders and/or confidentiality requirements beyond the protective orders in the *Kirby*, *Simon*, and *Friedrich* cases, please let us know and identify all such protective orders and/or confidentiality requirements.  In addition, Defendants must log any documents that are being withheld on this basis.

5. **Dubious Assertions of Attorney-Client Privilege**:  In various Responses, Defendants assert the attorney-client privilege in a number of instances where we strain to see how it could apply.  For example, Request No. 4 seeks "Any original and renewal copyright registrations with the United States Copyright Office for the Works that are in Your possession, custody, or control, and/or that were viewed or obtained by Steve Ditko prior to his death."  Though you interpose an attorney-client privilege objection in your Response, we fail to see how a simple factual inquiry about what copyright registrations

Steve Ditko viewed involves a confidential communication between Ditko and his attorney made for the purpose of giving legal advice, as is the standard in the Second and Ninth Circuits. *See Brennan Ctr. for Justice at New York Univ. Sch. of Law v. U.S. Dep't of Justice,* 697 F.3d 184, 207 (2d Cir. 2012); *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). The Responses include many other examples of questionable assertions of the attorney-client privilege. *See, e.g.*, Responses to Request Nos. 20 (documents concerning the legend stamped on checks during the 1960s and 1970s); 37 (communications with parties in other actions); and 38 and 39 (communications and documents exchanged with James Steranko and Neal Adams). To the extent you nonetheless withhold documents based on this privilege, Defendants must log any such documents.

6. **Timing of Production**: Defendants state that they "will produce such Documents within a reasonable time after service of these responses and objections." *See* General Objection ¶ 31. Under the 2015 revisions to the Federal Rules of Civil Procedure, responding parties must provide dates certain for document productions. *See* Fed. R. Civ. P. 34(b)(2)(B); 2015 Adv. Comm. Note to Rule 34 ("When it is necessary to make the production in stages the response should specify the beginning and end dates of the production."). Please confirm when Defendants intend to begin and end their productions and why Defendants have not yet started their productions.

\*   \*   \*   \*   \*

We are hopeful that the parties can avoid any disputes over the Responses and avoid unnecessary motion practice. To that end, we ask that you make yourself available to discuss the limited, but important, issues above either this Thursday during the parties' already scheduled meet-and-confer or on Friday before you leave on your vacation. Please let us know your preference so we can plan accordingly.[2]

Sincerely,

*/s/ Daniel M. Petrocelli*

Daniel M. Petrocelli

---

[2] We reserve all rights to supplement this letter and/or raise additional points during our meet-and-confer discussion.