# EXHIBIT 2



O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

File Number: 0903423-00392

April 5, 2022

Molly M. Lens
D: +1 310 246 8593
mlens@omm.com

Marc Toberoff
Jaymie Parkkinen
Toberoff & Associates
23823 Malibu Road, Suite 50-363
Malibu, California 90265

Re: *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK; *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK; *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK; *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM; and *Marvel Characters, Inc. v. Rico, No. 2:21-cv-07624-DMG-KES*

Dear Marc and Jaymie:

I write to follow up on our March 23 letter and our March 24 meet-and-confer discussion to ensure the parties' mutual understanding with respect thereto.

1. **Vague and Ambiguous Objections**: Defendants have confirmed that they understand Marvel's requests and are not withholding any documents based on their vague and ambiguous objections.

2. **Requests Relating to James Steranko and Neal Adams**: Defendants have confirmed that they will produce documents in response to Marvel's requests seeking Communications and/or Documents exchanged with James Steranko and Neal Adams, as narrowed in our March 23 letter. We ask that Defendants serve amended responses confirming this agreement.[1] Please provide a date certain for the service of these amended responses.

3. **Ownership of Decedents' Termination Interest**: Defendants have confirmed that they will produce documents sufficient to show the ownership of Steve Ditko's, Gene Colan's, Don Heck's, and Don Rico's termination interests, including the respective ownership percentages, as defined in Section 304(c). Again, we ask that Defendants serve amended responses confirming this agreement as well as provide a date certain for the service of these amended responses.

4. **Documents Subject to Confidentiality Requirements or Protective Orders**: Defendants have confirmed that they are currently not aware of any responsive documents that are covered by confidentiality requirements and/or protective orders. However, Defendants agreed that they would provide a log for any documents withheld

---

[1] Marvel will similarly provide supplemental responses as to any of its responses that it agrees to amend.

on this basis.  In addition, the parties discussed and agreed that any responsive documents withheld on this basis could be logged on a categorical basis.

5. **Assertions of Attorney-Client Privilege**:  Defendants have confirmed that they will log any documents withheld under a claim of privilege, including, but not limited to, the attorney-client privilege and/or the work product doctrine.  The parties are meeting and conferring about a reciprocal agreement regarding the timing of such logs.

6. **Timing of Production**:  Defendants refused to: (1) commit to a date certain for Defendants' initial production of document; (2) provide an estimated date for completion of Defendants' productions; or (3) even confirm that all Defendants have *started* the collection process.  Yet, Defendants demanded that Marvel "provide defendants with the reasons that it can release responsive documents in stages, and a date certain on which Marvel will complete its release of documents responsive to Defendants' RFPs."[2]  In much the same vein, Defendants insisted that the parties discuss the timing of Marvel's productions at the beginning of the meet-and-confer discussion and refused to answer any of Marvel's questions about the timing of Defendants' productions until the end of the discussion.  Marvel still does not know when Defendants are going to produce documents because of Defendants' intransigence.  We, therefore—once again—ask Defendants to confirm they will start producing documents immediately and provide an estimated completion date for their productions.

7. **Documents in the Public Record**:  Defendants have confirmed that they are not standing on their objection not to produce documents in the public record.  Please ensure that Defendants' forthcoming amended responses reflect this.

\*     \*     \*     \*     \*

We look forward to your prompt response.  All rights reserved.

Sincerely,

*Molly M. Lens*

Molly M. Lens

---

[2] Defendants also demanded that Marvel produce all of its documents with its responses and objections in exchange for Defendants' agreement to Marvel's request that Defendants extend Marvel's time to respond to Defendants' requests by a few days.  *See* March 8 email from M. Toberoff ("[W]e are agreeable to extend Marvel's time to respond and produce documents from March 9 for Rico RFP Set One (by our calculation, not March 10) and March 14 for all other RFPs to March 17, provided Marvel agrees to produce all responsive documents by March 24, and affords Defendants a similar one-week extension such that each of their responses would be due on March 28 (instead of March 21).").