# EXHIBIT 5



O'Melveny & Myers LLP
1999 Avenue of the Stars
8th Floor
Los Angeles, CA 90067-6035

T: +1 310 553 6700
F: +1 310 246 6779
omm.com

File Number: 0903423-00392

**Molly M. Lens**
D: +1 310 246 8593
mlens@omm.com

June 8, 2022

Marc Toberoff
Jaymie Parkkinen
Toberoff & Associates
23823 Malibu Road, Suite 50-363
Malibu, California 90265

Re:     *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK; *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK; *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK; *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM; and *Marvel Characters, Inc. v. Rico*, No. 2:21-cv-07624-DMG-KES*

Dear Marc and Jaymie:

We have reviewed defendants' May 25, 2022 productions and privilege log.[1]  Put simply, this review only underscores and reinforces that defendants are not complying with their discovery obligations.

Keith Dettwiler has produced just two documents—neither of which concerns Don Heck's work for or relationship with Marvel, or, for that matter, establishes Dettwiler's status as Heck's statutory heir.  Nanci Solo and Erik Colan have produced just four documents, which, apart from one document of marginal relevance (at best), comprise publicly available materials rather than documents from Gene Colan's files.  Larry Lieber's production consists almost entirely of financial records that substantially post-date the relevant time period, the oldest of which is from 1998.  Lieber's production also includes a pair of largely irrelevant articles, along with his *Kirby* deposition transcript—again omitting any personal records whatsoever that pertain to the basis for his alleged termination interest in the Works.  Michele Hart-Rico's and Buz Rico's productions again contain few germane documents from Rico's personal files that bear on his relationship with Marvel.  So too with Patrick Ditko's production, which predominantly contains irrelevant financial records.

---

[1] As you know, defendants initially attempted to produce their documents as one amalgamated file, contrary to established law.  *See, e.g., vMedex, Inc. v. TDS Operating, Inc.*, 2021 WL 4709978, at *1-2 (D. Del. Oct. 8, 2021); *In re Specialist & Other Vessel Owner Limitation Actions*, 2018 WL 11290558, at *1-3 (S.D.N.Y. Feb. 8, 2018); *Home Instead, Inc. v. Florance*, 2013 WL 5979629, at *3 (D. Neb. Nov. 8, 2013).  While defendants ultimately agreed to remedy this deficiency, even defendants' reproductions continue to lump discrete documents into a single file, which further demonstrates the lack of care with which defendants are proceeding.



Not surprisingly then, defendants' facially deficient productions fail to respond to nearly *all* of
Marvel's Requests for Production.  Moreover, defendants have not produced documents that
unquestionably should be in their possession, custody, and control.  For example, defendants
have not produced a single document supporting their contention that they would have standing
under Section 304, even assuming the decedents' work was not work made for hire (which it
was).  Nor has Patrick Ditko produced Steve Ditko's recent correspondence with David Currie
about his work for Marvel.  And Buz Rico has not even produced the documents referenced on
his own website about his father's work for Marvel.

As you know, defendants' dilatory and deficient responses to Marvel's Requests has been the
subject of extended correspondence and discussion over the past several months.  Defendants,
however, continue to evade Marvel's inquiries.  For example, during our recent meet-and-confer
discussion, you refused to even confirm whether defendants were still in the process of
collecting responsive documents.  Moreover, defendants' refusal to answer Marvel's May 11
questions about their preservation and collection efforts required Marvel to serve interrogatories
on these critical issues.

Defendants' answers to Marvel's pending interrogatories on defendants' preservation and
collection efforts are due on July 1.  So that defendants don't cost the parties yet another month,
Marvel asks that defendants reconsider their prior refusal to answer Marvel's May 11 questions
and provide such answers this week.  In addition, we ask that defendants identify the steps that
they have taken to date to identify responsive documents and what efforts, if any, remain
ongoing.

Finally, Marvel notes that defendants' privilege log contains a single entry, which we interpret to
mean that you contend there are no other responsive, privileged documents or communications
from before May 28, 2021.  We do not understand how this can be the case as, for example,
defendants presumably corresponded with you about your firm's potential representation and
have an engagement letter with you.  Please thus either confirm that defendants actually
contend there are no additional documents or provide a complete privilege log.

In addition, the log does not provide any information in the "Date" field.  However, the law is
clear that privilege logs must provide dates of documents, where available.  *See, e.g.*, *Iroquois
Master Fund, Ltd. v. Glob. ePoint, Inc.*, 2018 WL 6929337, at *12 (C.D. Cal. Jan. 9, 2018);
*Edebali v. Bankers Standard Ins. Co.*, 2017 WL 3037408, at *6 (E.D.N.Y. July 17, 2017);
*Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Servicecenter of Haverstraw, Inc.*, 2003 WL
22110281, at *3 (S.D.N.Y. Sept. 10, 2003).  Please provide an amended privilege log that
contains the missing date information.

In closing, Marvel continues to reserve all rights, and asks for your prompt written response.

O'Melveny

Sincerely,

Molly M. Lens
of O'MELVENY & MYERS LLP