# EXHIBIT 15

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
jparkkinen@toberoffandassociates.com

July 22, 2022

Via Email

Molly M. Lens
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067

**RE:** *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK; *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK; *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK; *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM; and *Marvel Characters, Inc. v. Rico*, No. 2:21-cv-07624-DMG-KES

Dear Molly:

We write to follow up on Marvel's July 15, 2022 letter regarding Defendants' production of documents and interrogatory responses and to address the *numerous inaccuracies* contained therein.

## Marvel's Fictitious and Inaccurate Narrative

In what is clearly a self-serving display for the Court, Marvel's letter begins with its customary deflection tactics consisting of (1) lengthy hyperbolic narratives which mischaracterize and misstate facts and feign outrage to falsely portray Defendants as habitual delinquents in discovery and (2) repeated references to *the number* of pages Marvel produced (irrespective of relevance) as purported evidence of its exemplary performance. Marvel's habitual deflection tactics to misdirect the Court's attention away from its discovery failures are as transparent as they are improper.

In addition to its serial misportrayals, Marvel's letter contains numerous demonstrable inaccuracies. Below are some fact-checked examples:

- **Marvel's Misstatement:** "Defendants have repeatedly resisted Marvel's efforts to meet and confer." July 15, 2022 M. Lens Letter at 1.

    o **Correction:** This is an astonishing misstatement given that the parties have held four meet-and-confer telephone conferences and have collectively exchanged

**TOBEROFF & ASSOCIATES, P.C.**

July 22, 2022
Molly M. Lens
Page: 2

*twenty-six* meet-and-confer letters (twenty-seven including this letter), and even more emails in an effort to work through various discovery issues. Pursuant to this meet-and-confer process, Defendants have voluntarily amended their responses to Marvel's First and Second Set of RFPs, have amended their responses to Marvel's First Set of Interrogatories, have made numerous supplemental productions of documents and even created and supplemented a detailed production chart to aid Marvel's understanding of Defendants' productions. Marvel's portrayal is knowingly false.

- **Marvel's Misstatement:** "Consistent with its obligations, Marvel produced a substantial amount of documents on March 10, 2022, *a month before* its deadline to respond to Defendants' First Sets of Requests for Production . . ." July 15, 2022 M. Lens Letter at 1 (emphasis added).

    o **Correction**: Marvel's deadlines to respond to the Ricos' First Set of RFPs was March 10, 2022 and Marvel's deadline to respond to the other Defendants' First Set of RFPs was March 14, 2022, so, seeking to consolidate its production, Marvel produced documents on March 10.

- **Marvel's Misstatement:** "On March 14, Defendants responded to Marvel's First Set of Requests for Production." July 15, 2022 M. Lens Letter at 2.

    o **Correction**: Marvel's First Set of RFPs were served on February 17, 2022 by mail and as such, Defendants' responses were due, and were served, on March 21, 2022.

- **Marvel's Misstatement:** "Defendants were thus required to re-produce their improper first production, though they delayed doing so for several more weeks." July 15, 2022 M. Lens Letter at 2.

    o **Correction:** Defendants' initial production was made in compliance with the Federal and Local Rules. Marvel took issue with the form of Defendants' production for technical reasons unrelated to the Rules. Indeed, Marvel made demands of Defendants' production which it expressed to Defendants *only after* Defendants' production had been made. For example, Marvel did not request that documents be "text searchable" until May 6, 2022 (*see* May 6, 2022 D. Feuer Email), *after* Defendants' documents had been produced. Nonetheless, Defendants accommodated Marvel's technical requests. <u>After the parties' meet-and-confer efforts had concluded on the topic on May 18, 2022, Defendants re-produced documents promptly on May 25, *seven days later*, not several weeks later, as Marvel's letter misrepresents.</u>

We request that you take greater care in preparing your letters to us, and certainly any letters to the Court, and ensure that your communications are truthful and accurate moving forward.

**TOBEROFF & ASSOCIATES, P.C.**

July 22, 2022
Molly M. Lens
Page: 3

## Defendants' Production

In large part, Marvel's letter appears to be built on a series of strained innuendos. For instance, Marvel accuses the Colan Heirs of not producing a document from 2008 (that Marvel possesses) because the Colan Heirs' *mother* wrote a letter to Mr. Toberoff sometime the next year. Marvel's guesswork and unsupported accusations are the only things that seem to connect these two events.

Marvel then accuses Buz Rico of not having "produced any documents pertaining to his father's work" with Marvel (July 15, 2022 M. Lens Letter at 4), completely ignoring the correspondence and articles which were produced relating to Don Rico's work with Marvel. As for Buz Rico's website, no documents (only images copied from the internet) were associated with that site.

Building on its pattern of speculation and trumped-up accusations, Marvel asserts that "it appears that your firm left Lieber—a 90-year-old man with professed computer illiteracy—to do his own electronic searches for documents" (July 15, 2022 M. Lens Letter at 4), oblivious to the fact that Marvel then cites one of the 173 pages of emails produced by Lieber. Marvel's accusatory assumptions are wrong. Defendants' counsel assisted and aided Lieber, as reasonably needed, to facilitate compliance with the Federal and Local Rules, including electronic searches.

As to Patrick Ditko, Marvel is likewise incorrect. *First*, Patrick Ditko is a stranger to David Currie, and as such, his ability to "practically obtain" documents from Currie is equal to Marvel's ability to do so. This is not a situation where Patrick Ditko has a closer connection to the third party (such as his bank or his spouse, for example) than Marvel does. In addition, the documents requested by Marvel in its letter which are in Currie's possession belong to him, not to Patrick Ditko. Accordingly, we disagree that Patrick Ditko had an obligation to contact Currie to obtain *Currie's* documents. *Second*, we find it peculiar that Marvel appears to express an urgent need for these third-party documents while simultaneously declining to subpoena them from Currie, as would normally be expected in such circumstances. *See Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007) ("We also think it fairly obvious that a [responding] party also need not seek such documents from third parties if compulsory process against the third parties is available to the party seeking the documents."). Marvel's insistence is particularly strange given that Marvel had no issue subpoenaing Mark Ditko, Patrick's son, with whom he obviously does have a connection, unlike with Currie. Notwithstanding all of the above, we have contacted Currie regarding documents concerning Steve Ditko, but have not heard back from him, nor can we predict his cooperation.

As to Dettwiler, he does not have a copy of Don Heck's will, aside from the clear copy of that will that *Marvel* already possessed and produced to Defendants.

**TOBEROFF & ASSOCIATES, P.C.**

July 22, 2022
Molly M. Lens
Page: 4

## Defendants' Verifications

To be clear, Defendants initially responded to Marvel's First Set of Interrogatories and provided good faith responses based on their and their counsels' research, and thus, their information and belief. Defendants accordingly signed verifications which reflected this. Marvel then objected to Defendants' verifications because they were based on "information and belief." During the parties meet-and-confer conference on the matter, you (Molly) specifically stated that Marvel did not want answers based on research, including counsels' research, but rather wanted answers based on Defendants' own personal knowledge. Accordingly, Defendants amended their responses such that the responses were solely based on Defendants' personal knowledge.

Marvel, changing direction, now seeks responses based on the knowledge of Defendants' counsel and information collected from documents (i.e., research). July 15, 2022 M. Lens Letter at 5-6. This reversal is problematic for several reasons. *First*, Defendants' counsel is not a witness with personal knowledge of facts concerning interviews, the creations of the Works, or witnesses from the 1960s and 1970s. Defendants' counsel can only logically respond to most such questions, at best, based on its information and belief and research. *Second*, Defendants cannot certify, based on personal knowledge, information which is based on research. For example, as Marvel well knows, the credit claimed by Stan Lee (e.g., on comic book covers) for his participation in the creation of the Works is usually unrelated to the credit *owed* to Lee for his participation, if any. Lee is famous for having shamelessly exaggerated his contributions for personal acclaim and to collect the "writer's share" of compensation for Works already plotted by artists like Jack Kirby and Steve Ditko in order to fund his lavish lifestyle. As such, Defendants cannot merely look over documents and "compile information," even if they had it, and transmute what a document might represent into facts Defendants actually know.

Marvel's flip-flopping is tiresome. Defendants should not have to keep amending their responses based on Marvel's changing preferences.

## Marvel's Second Set of Interrogatories

It appears from Marvel's letter that it may have misconstrued or misunderstood certain of Defendants' responses to Marvel's Second Interrogatories. Accordingly, we believe it would be more efficient to defer discussion on this topic until the parties' pending meet and confer.

\*     \*     \*

We are happy to discuss Defendants' production and interrogatory responses further with you. We are available on Wednesday, July 27 between 10 a.m. and 5:30 p.m. Nothing in this letter should be construed as a waiver or limitation of any of Defendants' rights or remedies, all of which are reserved.

**TOBEROFF & ASSOCIATES, P.C.**

July 22, 2022
Molly M. Lens
Page: 5

                                             Very truly yours,

                                             Jaymie Parkkinen