# EXHIBIT 17

**O'Melveny**

O'Melveny & Myers LLP          T: +1 212 326 2000                    File Number: 0903423-00392
Times Square Tower             F: +1 212 326 2061
7 Times Square                 omm.com
New York, NY 10036-6537

August 12, 2022                                          **Allen W. Burton**
                                                         D: +1 212 326 2282
                                                         aburton@omm.com

Marc Toberoff
Jaymie Parkkinen
Toberoff & Associates
23823 Malibu Road, Suite 50-363
Malibu, California 90265

Re:   *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK; *Marvel Characters, Inc.
      v. Ditko*, No. 1:21-cv-07957-LAK; *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-
      07959-LAK; *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM; and *Marvel
      Characters, Inc. v. Rico*, No. 2:21-cv-07624-DMG-KES

Dear Marc and Jaymie:

We write to follow up on your August 8 letter.

***First***, it is not clear from your August 8 letter whether the parties are in agreement on the issues
relating to Defendants' incomplete and improperly verified interrogatories.  Are Defendants
agreeing to [1] amend their responses to Marvel's First and Second Sets of Interrogatories to
provide full and complete responses, reflecting all knowledge (after a reasonably diligent
inquiry) of the individual Defendants and others within their control, including counsel; [2]
provide verifications without the improper "information and belief" qualifier used in previous
iterations of their responses; and [3] commit that future interrogatory responses will be provided
in the same manner?  *See* A. Burton Aug. 3 Letter at 2.[1]  Given how long these issues have

---

[1] You attempt to rely on the definition of "you," which is dictated by the Southern and Eastern District
Local Rules, to excuse Defendants' incomplete responses to Marvel's interrogatory requesting
information about Defendants' collection efforts.  *See* L.R. 26.3.  We trust that you do not seriously
contend that you did not understand that Marvel's interrogatory about Defendants' collection efforts
included efforts taken by Defendants' counsel on their behalf.  To the extent that you do so contend,
please let us know as it indicates a much more serious issue with respect to your obligation to reasonably
interpret Marvel's interrogatories.  *See, e.g.*, *L.A. Terminals, Inc. v. United Nat'l Ins. Co.*, 340 F.R.D. 390,
396 (C.D. Cal. 2022) ("[A] responding party has 'an obligation to construe discovery requests in a
reasonable manner.'" (quoting *Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc.*, 244 F.R.D. 614, 618-
19 (D. Colo. 2007) (ellipsis omitted))); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. 2000) ("A
party responding to discovery requests 'should exercise reason and common sense to attribute ordinary
definitions to terms and phrases utilized in interrogatories.'" (citation omitted)); *In re Pioneer Corp.*, 2019
WL 5401015, at *6 (C.D. Cal. Jan. 9, 2019) ("A responding party must apply a reasonable interpretation

---



been outstanding, we cannot continue to wait for an answer.  Accordingly, please provide your confirmation in advance of service of the revised responses to Marvel's First and Second Sets of Interrogatories.

**Second**, you accuse Marvel of having a "languid approach to discovery," citing Marvel's request that Defendants contact David Currie to request his cooperation in providing, *inter alia*, the letters that the Ditko family—including Steve Ditko—exchanged with him.  You ignore that (1) the Ditko family—and not Marvel—has a preexisting relationship with Currie; and (2) the Ditko family—and not Marvel—provided Currie with highly relevant information to their posthumous claim that Steve Ditko did not work for Marvel on a work-made-for-hire basis.  Put simply, the Ditko family—not Marvel—had and has an obligation to obtain Currie's files from him.

Indeed, when Marvel did reach out to Currie, you told us that you now represented Currie and we should cease communicating with him.  We trust that Defendants are now willing to withdraw their specious claim that Currie's documents are within Marvel's possession, custody, or control.  Further, now that the Ditko family and Currie share counsel, please immediately confirm that Currie has agreed to Ditko's request that Currie provide "all available documents" and provide a date certain for such production.  Please also identify what documents Currie has relating to Steve Ditko's work for Marvel, including, but not limited to, the Ditko family's correspondence with him, any interviews (including from Larry Lieber), and artwork.  Please also explain what steps are being taken to ensure all such relevant information is produced.  Finally, please provide us with a copy of the correspondence supporting your claim that Defendants "reached out to Currie in a good faith effort to obtain all available documents."  *See* J. Parkkinen July 29 Letter.[2]

**Third**, you ignore the request in our August 3 letter that Defendants stipulate to completing their productions by August 22.  While we recognize that the parties are also exploring whether there is a way to moot more of their discovery disputes, this does not entitle Defendants to continue to ignore Marvel's inquiry.

**Fourth**, your letter also ignores our inquiries about the status of Defendants' (and the Kirbys') efforts to identify unproduced files from the *Kirby* litigation.  In addition, you have not yet provided a date certain for the completion of the Kirbys' and Steranko's productions in response to Marvel's March 18, 2022 subpoenas.  Please confirm that the Kirbys and Steranko will complete their productions by August 22 and that all unproduced files from the *Kirby* case will also be produced by such date.

---

to a discovery request."); *King-Hardy v. Bloomfield Bd. of Educ.*, 2002 WL 32506294, at *5 (D. Conn. Dec. 8, 2002) (discovery requests are "to be afforded a reasonable construction").

[2] We look forward to receiving Defendants' amended interrogatory responses providing support for your claim that "Defendants have contacted numerous third parties within their control (and even many outside their control) in an effort to obtain documents relevant to these cases," including the dates on which Defendants made such requests.

O'Melveny

All rights reserved.

Very truly yours,

*/s/ Allen W. Burton*

Allen W. Burton
Of O'Melveny & Myers LLP