# EXHIBIT 21

Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Defendants,*
*Michele Hart-Rico and*
*Buz Donato F. Rico III*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| MARVEL CHARACTERS, INC., | Case No. 2:21-cv-07624-DMG-KES |
|---|---|
| Plaintiff, | |
| v. | Hon. Dolly M. Gee |
| MICHELE HART-RICO and BUZ DONATO F. RICO III, | **DEFENDANT BUZ RICO'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO BUZ DONATO F. RICO III** |
| Defendants. | |
| MICHELE HART-RICO and BUZ DONATO F. RICO III, | |
| Counterclaimants, | |
| v. | |
| MARVEL CHARACTERS, INC. and DOES 1-10 inclusive, | |
| Counterclaim-Defendants. | |

PROPOUNDING PARTY:          MARVEL CHARACTERS, INC.

RESPONDING PARTY:           BUZ DONATO F. RICO III

SET NO.:                    ONE

Pursuant to Rules 34 and 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("Local Rules"), Defendant and Counterclaim-Plaintiff Buz Donato F. Rico III ("Defendant") hereby submits his amended responses and objections to Plaintiff's First Set of Requests for Production of Documents to Defendant and Counterclaimant Buz Donato F. Rico III ("Requests" and, individually, "Request"), served by Marvel Characters, Inc. ("Marvel"), as follows:

## **PRELIMINARY STATEMENT**

These responses are made solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all objections and grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by these responses. The fact that Defendant responds or objects to any of the Requests should not be construed as an admission that Defendant accepts or admits the existence of any facts assumed by such Request, or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that Defendant responds to part or all of any of the Requests is not intended to be and shall not be construed as a waiver of any part of any objection to any Request.

The objections and responses set forth below are preliminary and non-binding, are based solely on such information and documentation as are presently available and specifically known to Defendant after having made a diligent search

and reasonable and good faith inquiry, and are made without prejudice to Defendant's right to: (1) amend, alter, supplement, clarify or otherwise modify these objections and responses as this matter proceeds; (2) make use of, or introduce at any hearing or trial, any documents, information, facts, evidence, and legal theories which are subsequently discovered or which are now known but whose relevance, significance, or applicability has not yet been ascertained; and (3) offer expert witness opinions on any relevant matter, which opinions may be at variance with these objections and responses or the documents produced in response to the Requests.

Furthermore, Defendant's responses are made without in any way intending to waive, but on the contrary, intending to preserve:

1.     The right to raise—as part of any subsequent proceeding in, or the trial of, this or any other action—all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any documents produced or identified in support of any of the responses to any portion of the Requests;

2.     The right to object on any ground—as part of any subsequent proceeding in, or the trial of, this or any other action—to the use of any documents produced or identified in support of any of the responses to any portion of the Requests;

3.     The right to object to introduction into evidence of any of these responses; and

4.     The right to object on any ground at any time to other discovery involving the subject thereof.

## **GENERAL OBJECTIONS**

1.     Defendant objects to each and every Request, definition, and instruction that purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure or the Local Rules.

2.      Defendant objects to each and every Request, definition, and instruction to the extent it contains inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action. The production of any information shall not constitute Defendant's agreement with or acquiescence to any such description.

3.      Defendant objects to each and every Request, definition, and instruction to the extent it seeks Documents that are neither relevant to any claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant will only produce documents consistent with its responses below.

4.      Defendant objects to each and every Request, definition, and instruction to the extent it is vague, ambiguous, unclear, or fails to identify the requested Documents with reasonable particularity as required by Federal Rule of Civil Procedure 34. To the extent that a Request requires subjective judgment on the part of Defendant as to what information is requested, Defendant will produce responsive, non-privileged documents according to Defendant's understanding of the Request.

5.      Defendant objects to each and every Request, definition, and instruction to the extent it is overbroad, onerous, and unduly burdensome and, thus, outside the scope of permissible discovery. Defendant will only produce documents consistent with its responses below.

6.      Defendant objects to each and every Request, definition, and instruction to the extent it seeks Documents, dated after September 24, 2021—the date this action was filed—on the grounds that such Requests are overbroad, beyond the scope of the allegations, seek Documents protected by the attorney-client privilege and work product doctrines and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to each and every Request, definition, and instruction to the extent it lacks temporal limitation

- 4 -

and is thus unduly burdensome and disproportionate to the needs of the case. Unless otherwise indicated in the specific responses below, Defendant will not produce documents, dated after September 24, 2021.

7.    As to Documents that are a matter of public record or otherwise equally available to the public and Marvel, Defendant will produce Documents already within Defendant's possession, custody, or control but Defendant does not agree to obtain possession of Documents from public sources equally available to Marvel.

8.    Defendant objects to each and every Request to the extent that it seeks disclosure of Documents that are unreasonably cumulative or duplicative of other discovery served in this action, or are obtainable from sources that are more convenient, less burdensome, or less expensive.

9.    Defendant objects to each and every Request to the extent that it seeks to require Defendant to use more than reasonable diligence to locate and identify responsive Documents or information. Consistent with Defendant's obligations, Defendant will conduct a reasonably diligent inquiry for responsive Documents.

10.    Defendant objects to each and every Request to the extent it seeks the production of Documents restored from backup tapes or archived data sources that are not reasonably accessible. Defendant will not search backup tapes or archived data sources.

11.    Defendant objects to each and every Request, definition, and instruction to the extent it seeks the production of Documents other than those in Defendant's possession, custody, or control.

12.    Defendant objects to each and every Request to the extent it seeks the production of Documents protected by the attorney-client privilege, the attorney-work product doctrine, the common interest or joint defense privileges, rules and agreements governing privacy or confidentiality, or any other applicable

privilege or protection recognized under statute or applicable case law. Inadvertent production by Defendant of any Documents protected by any applicable privilege or protection shall not constitute a waiver of the privilege or protection.

13. Defendant objects to each and every Request, definition, and instruction to the extent it calls for a response that would infringe upon the legitimate privacy rights of Defendant, and/or Defendant's agents or representatives were applicable, to the full extent such privacy rights and expectations are protected by constitution, statute, contract, court order, or public policy.

14. Defendant objects to each and every Request to the extent it seeks Defendant's sensitive, confidential, or proprietary business information. To the extent such Documents are responsive, relevant, and not privileged, Defendant will disclose such confidential Documents pursuant to a Protective Order, and any subsequent revisions to that Protective Order upon which the Parties may agree. Defendant reserves the right to redact or exclude information from documents to protect unnecessary disclosure of nonresponsive or irrelevant sensitive, confidential, or proprietary business information.

15. Defendant objects to each and every Request to the extent it seeks the production of "all" Documents in Defendant's possession. To the extent that Defendant undertake to produce Documents, Defendant will conduct a reasonable search of custodians reasonably likely to have non-cumulative, non-privileged responsive Documents as qualified by Defendant's objections and responses and, in the case of electronic Documents, if any, Defendant will use search terms reasonably expected to yield non-privileged, responsive Documents. Defendant further objects to the production of "all" Documents when a subset of the Documents would be sufficient to show the pertinent information.

16. Defendant objects to each Request, definition, and instruction to the extent that it prematurely requests discovery of expert materials and information

in advance of their respective deadlines under the Scheduling Order governing this case, or the Federal Rules of Civil Procedure. Defendant will not produce any expert materials or information before such deadlines.

17.     Defendant objects to each and every Request to the extent it seeks information or the production of Documents whose disclosure would otherwise be prohibited by applicable law, rule, regulation, or contract obligation.

18.     Nothing contained in any response herein shall be deemed an admission, concession, or waiver by Defendant as to the validity of any claim or defense asserted by the Marvel.

19.     All objections as to the relevance, authenticity, or admissibility of any Documents produced are expressly reserved by Defendant.

20.     To the extent that Defendant responds to any of the Requests, it reserves the right to object on any grounds, at any time, to other discovery Requests involving or relating to the subject matter of the Requests that Defendant has responded to herein.

21.     An objection or an undertaking to produce Documents pursuant to a particular Request should not be construed to indicate that responsive Documents actually exist.

22.     Defendant reserves all objections to the use of these responses. All such objections may be interposed by Defendant at the time of trial or as otherwise required by the rules or order of the Court.

23.     Defendant's responses herein shall not in any way constitute an adoption of the Marvel's purported "Definitions" of words or phrases or "Instructions" contained in the Requests. Defendant objects to the Definitions, Instructions, and Requests to the extent they: (i) are vague, ambiguous, compound, overly broad, unduly burdensome, and not reasonably tailored to avoid imposing undue burden and expense on Defendant; (ii) seek Documents or information for an undefined period of time or, if defined, cover and span an unreasonably long

or burdensome time period, and therefore are burdensome and oppressive; (iii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iv) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure or Local Rules; (v) include assertions of purported fact that are inaccurate or disputed by the parties to this action; and/or (vi) incorporate other purported defined terms that suffer from such defects. In responding to the Requests, Defendant has, where possible, employed what Defendant regards as the reasonable, common-sense interpretation of the Request in light of the relevant issues in the case.

24.     Defendant objects to Instruction No. 4 as overbroad and unduly burdensome to the extent it purports to require Defendant to obtain possession of Documents from public sources equally available to Marvel. Defendant construes Instruction No. 4 to only oblige Defendant to request possession of Documents from non-public sources.

25.     Defendant objects to Instruction No. 9 as overbroad and unduly burdensome to the extent it requires Defendant to, without exception, harvest Documents "in a manner that maintains the integrity and readability of all data, Including all metadata." Defendant will undertake reasonable efforts to protect all data and metadata where practicable but reserves rights to deviate as circumstances require.

26.     Defendant objects to Instruction No. 10 as overbroad and unduly burdensome to the extent it requires Defendant to, without exception, "ensure[] that the source of each Document may be determined, if necessary." Defendant will undertake reasonable efforts to ensure as such but reserves rights to deviate as circumstances require.

27.     Defendant objects to Instruction No. 13 as overbroad and unduly burdensome to the extent it requires Defendant to, without exception, not separate attached Documents and to maintain the "parent-child" relationship of Documents.

Defendant will undertake reasonable efforts to follow Instruction No. 13 but reserves rights to deviate as circumstances require.

28.    Defendant objects to Instruction Nos. 11-16 as overbroad and unduly burdensome to the extent they purport to require Defendant to trace back and reconfigure the storage structure of Documents. Defendant will produce Documents as they are currently stored, kept and/or organized (unless doing so would reveal attorney-work product and/or privileged information).

29.    Defendant objects to Instruction No. 17 to the extent that it purports to require Defendant to log Documents on an individual, as opposed to categorical basis. Defendant agrees to produce a privilege log which logs Documents withheld on the basis of privilege on an individual basis and to log Documents withheld on the basis of a confidentiality requirement or protective order on a categorical basis. Defendant further reserves the right to categorically log Documents for good cause.

30.    Defendant objects to Instruction No. 18 as overbroad and unduly burdensome to the extent it creates a burden on Defendant beyond that permitted by the Federal and Local Rules.

31.    Defendant objects to the time and place identified in the Requests for the Production of Documents. Defendant will produce such Documents within a reasonable time after service of these responses and objections.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All Documents that state, memorialize, reflect, or Concern any Agreement between You and/or Don Rico, on the one hand, and Marvel, on the other, Including any drafts of or negotiations Concerning any such Agreement.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested

documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications between You and/or Don Rico, on the one hand, and Marvel, on the other, Concerning the Works or the nature of Don Rico's contributions to the Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "contributions" is vague and ambiguous, and lacks sufficient precision to allow

Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant is interpreting "contributions" to mean "creative/artistic contributions" and will produce documents consistent with that understanding. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 3:**

Any original and renewal copyright registrations with the United States Copyright Office for the Works that are in Your possession, custody, or control, and/or that were viewed or obtained by Don Rico prior to his death.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show when You and/or Don Rico obtained any registrations produced in response to Request No. 3 and/or any such registrations that once were, but are no longer, in Your possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications Concerning the original and renewal copyright registrations with the United States Copyright Office for the Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested

documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents reflecting or evidencing that Marvel took the position that the Works and/or Don Rico's contributions to the Works were made on a work-made-for-hire basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of

- 13 -

documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show when You and/or Don Rico first understood, appreciated, learned, read, or were told or informed that Marvel contended that Don Rico's contributions to the Works were made on a work-made-for-hire basis and/or that Don Rico was not an Author of the Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that "understood" and "appreciated" are vague and ambiguous, and lack sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that "understood" and "appreciated" are vague and ambiguous however, Defendant will interpret these terms in good faith given their normal meanings. Subject to, and without waiving, the General Objections and these specific objections,

Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning the contributions of any Persons, Including Don Rico and Lee, to any of the Works, Including (i) the identities of all such contributors, (ii) the nature and scope of their respective contributions, and (iii) the circumstances under which they made such contributions, Including whether they made such contributions as an employee, independent contractor, or freelancer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "contributors" and "contributions" are vague and ambiguous, and lack sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject

1 | to a protective order or confidentiality requirement.

2 | **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

3 | Defendant objects to this Request because it is overbroad, unduly
4 | burdensome, and does not comply with Rule 34's requirement that the requested
5 | documents must be described with reasonable particularity, insofar as it seeks "all"
6 | documents without regard to whether such documents are relevant to this action.
7 | Such a request is not proportional to the needs of this case as the burden and/or
8 | expense this Request entails far outweigh(s) any potential benefit. Defendant
9 | further objects to this Request to the extent that it seeks communications or items
10 | protected by the attorney-client privilege, the attorney work product doctrine, and
11 | any other privilege or immunity available under law or arising from contractual
12 | obligation. In addition, Defendant is interpreting "contributions" and
13 | "contributors" to mean "creative/artistic contributions and those who provided
14 | such contributions" and will produce documents consistent with that
15 | understanding. Subject to, and without waiving, the General Objections and these
16 | specific objections, Defendant will conduct a reasonably diligent search of
17 | documents within Defendant's possession, custody, or control and will produce
18 | all non-privileged, responsive documents, to the extent any such documents exist
19 | and are not otherwise subject to a protective order or confidentiality requirement.

20 | **REQUEST FOR PRODUCTION NO. 9:**

21 | All Documents that evidence or reflect that any work that Don Rico
22 | performed for Marvel was "work made for hire" or done at Marvel's "instance
23 | and expense."

24 | **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

25 | Defendant objects to this Request because it is overbroad, unduly
26 | burdensome, and does not comply with Rule 34's requirement that the requested
27 | documents must be described with reasonable particularity, insofar as it seeks "all"
28 | documents without regard to whether such documents are relevant to this action.

Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that "work" in the context of this Request is vague and ambiguous as it is unclear whether it applies to material created by or rather, services "performed" by Don Rico, and lacks sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that "work" in the context of this Request is vague and ambiguous as it is unclear whether it applies to material created by or rather, services "performed" by Don Rico. Despite these terms being vague and ambiguous, Defendant will interpret this Request in good

faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents that You contend evidence or reflect that any work that Don Rico performed for Marvel was not "work made for hire" or done at Marvel's "instance and expense."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that "work" in the context of this Request is vague and ambiguous as it is unclear whether it applies to material created by or rather, services "performed" by Don Rico, and lacks sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are

not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that "work" in the context of this Request is vague and ambiguous as it is unclear whether it applies to material created by or rather, services "performed" by Don Rico. Despite these terms being vague and ambiguous, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents that evidence or reflect that any of the Works, in whole or in part, were created for Marvel as "work made for hire" or done at Marvel's "instance and expense."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested

documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents that that [*sic*] You contend evidence or reflect that any of the Works, in whole or in part, were not created for Marvel as "work made for hire" or done at Marvel's "instance and expense."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is redundant of Request No. 10. Subject to, and without waiving, the General

Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents that evidence, reflect, or otherwise Concern whether Marvel provided the impetus for, directed, contributed to, participated in, or had the power or right to supervise the creation of any of the Works and/or Don Rico's work for Marvel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents that evidence, reflect, or otherwise Concern any treatments, synopses, plotting conferences, outlines, scripts, plots, storylines, or other

Documents providing direction, instruction, or feedback Concerning any of the Works or Don Rico's work for Marvel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning any actual or proposed pages, concepts, artwork, drawings, sketches, illustrations, narratives, or dialogue by Don Rico that were (i) rejected by Marvel, (ii) edited by Marvel, and/or (iii) edited by Don Rico after submission to Marvel based on comments, feedback, or instruction by Marvel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action.

Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "edited" and "comments, feedback, or instruction" are vague and ambiguous, and lack sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "edited" and "comments, feedback, or instruction" are vague and ambiguous. Despite these terms being vague and ambiguous, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will

conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Concerning or evidencing Marvel's power (or lack thereof) to accept, reject, or modify Don Rico's or other artists' work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "power," "modify," and "other artists' work" are vague and ambiguous, and lack sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested

documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "power," "modify," and "other artists' work" are vague and ambiguous. Despite these terms being vague and ambiguous, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 17:**

All drafts of the Works, or any part thereof, Including any notes, additions, deletions, comments, revisions, or suggestions thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to, and without waiving, the General Objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning compensation or payment, Including (i) per page rates received by or owed or due to Don Rico by Marvel, (ii) copies of checks

(front and back), pay stubs, bank records, vouchers, tax returns, or accounting records, and (iii) the manner in which any income received by Don Rico for his contributions to the Works was reported for tax purposes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that this Request is vague and ambiguous as, for instance, it is does not indicate "compensation or payment" to whom, and it is also unclear what "per page rates received by or owed or due" means, and it thus lacks sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action.

Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that this Request is vague and ambiguous as, for instance, it is does not indicate "compensation or payment" to whom, and it is also unclear what "per page rates received by or owed or due" means. Despite these terms being vague and ambiguous, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning the legend stamped on the reverse side of any checks made payable by Marvel to any writer or artist in the 1960s and 1970s, Including any copies of checks made payable by Marvel to any writer or artist during that time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items

protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents Concerning Don Rico's business relationship with Marvel Including federal or state tax returns, IRS 1099 or W-2 forms, attachments and schedules, statements of benefits, employment Agreements, assignment Agreements, term sheets, or correspondence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. It is likewise overbroad as well as vague and ambiguous insofar as it is indefinite as to the time period to which it refers. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or

confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Concerning how comic book writers and/or artists were paid by Marvel in the 1960s and 1970s.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Concerning the grant, transfer, or assignment by You and/or Don Rico of any interest (past, present, future, or contingent) in any of the Works irrespective of whether or not such grant, transfer, or assignment was consummated or executed, Including any Communications, Agreements, or negotiations related thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested

documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and confusing as there can hardly be a "grant, transfer or assignment . . . irrespective of whether such grant, transfer or assignment was consummated," and it thus lacks sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is

vague, ambiguous, and confusing as there can hardly be a "grant, transfer or assignment . . . irrespective of whether such grant, transfer or assignment was consummated." Despite these terms being vague and ambiguous and the phrasing confusing, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Concerning the terms upon which Don Rico performed creative services for Persons other than Marvel during the 1960s or 1970s Including any Agreements, offers, or terms sheets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "creative services" is vague and ambiguous, and lacks sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody,

1  or control and will produce all non-privileged, responsive documents, to the extent
2  any such documents exist and are not otherwise subject to a protective order or
3  confidentiality requirement.

4  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

5  Defendant objects to this Request because it is overbroad, unduly
6  burdensome, and does not comply with Rule 34's requirement that the requested
7  documents must be described with reasonable particularity, insofar as it seeks "all"
8  documents without regard to whether such documents are relevant to this action.
9  Such a request is not proportional to the needs of this case as the burden and/or
10  expense this Request entails far outweigh(s) any potential benefit. Defendant
11  further objects to this Request to the extent that it seeks communications or items
12  protected by the attorney-client privilege, the attorney work product doctrine, and
13  any other privilege or immunity available under law or arising from contractual
14  obligation. In addition, Defendant objects to this Request on the grounds that
15  "creative services" is vague and ambiguous. Despite this term being vague and
16  ambiguous, Defendant will interpret this Request in good faith giving words their
17  normal meanings. Subject to, and without waiving, the General Objections and
18  these specific objections, Defendant will conduct a reasonably diligent search of
19  documents within Defendant's possession, custody, or control and will produce
20  all non-privileged, responsive documents, to the extent any such documents exist
21  and are not otherwise subject to a protective order or confidentiality requirement.

22  **REQUEST FOR PRODUCTION NO. 24:**

23  All Documents Concerning any pages or other contributions to any comic
24  book or other narrative or graphic work that were submitted by Don Rico or on
25  his behalf to a Person other than Marvel and/or that were published by a Person
26  other than Marvel during the 1960s or 1970s.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

28  Defendant objects to this Request because it is overbroad, unduly

burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents during two decades without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents Concerning the terms upon which Don Rico engaged Persons to perform creative services during the 1960s or 1970s Including any Agreements, offers, or term sheets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual

obligation. In addition, Defendant objects to this Request on the grounds that "creative services" and "engaged" are vague and ambiguous, and lack sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "creative services" and "engaged" are vague and ambiguous. Despite these terms being vague and ambiguous, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 26:**

All statements (published or unpublished) by You, Don Rico, and/or Your or Don Rico's agents, representatives, family members, or relatives Concerning (i) the Works, (ii) contributions to the Works by Don Rico or others, (iii) ownership interests in or to the Works, (iv) authorship of or to the Works, or (v) Don Rico's business relationship with Marvel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents and insofar as it seeks "all statements by family members or relatives" without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and confusing, for instance, as to the meaning of "authorship . . . to the Works", and it thus lacks sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this Request because it is overbroad, unduly

burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents and insofar as it seeks "all statements by family members or relatives" without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and confusing, for instance, as to the meaning of "authorship . . . to the Works." Despite these terms being vague and ambiguous and the phrasing confusing, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 27:**

All interviews Concerning any of the Works or Don Rico.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Subject to, and

without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 28:**

All Communications Concerning the Purported Termination Notices, Including correspondence with the United States Copyright Office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Concerning ownership of Don Rico's termination interest in any of the Works under 17 U.S.C. § 304(c), Including (i) which Person(s) own such termination interest, (ii) Documents sufficient to show Your familial relationship to Don Rico, (iii) the identities, birthdates, and, where applicable,

death dates of any of the relatives of Don Rico who fall into the categories enumerated in 17 U.S.C. § 304(c)(2), and (iv) to the extent applicable, the percentage of each such Person's interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and confusing insofar as it is uncertain whether it seeks the identities, birthdates, and, where applicable, death dates of any of the relatives of Don Rico who fall into the categories enumerated in 17 U.S.C. § 304(c)(2) if such relatives do not "own[] Don Rico's termination interest in any of the Works under 17 U.S.C. § 304(c)", and to the extent it does, such Documents and information would be irrelevant. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all"

documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and confusing insofar as it is uncertain whether it seeks the identities, birthdates, and, where applicable, death dates of any of the relatives of Don Rico who fall into the categories enumerated in 17 U.S.C. § 304(c)(2) if such relatives do not "own[] Don Rico's termination interest in any of the Works under 17 U.S.C. § 304(c)", and to the extent it does, such documents and information would be irrelevant. Despite this Request's vague, ambiguous, and confusing phrasing, pursuant to the parties' meet-and-confer discussions, Defendant understands that this Request seeks documents sufficient to show that Defendant is an owner of the termination interest in question and Defendant's ownership interest percentage. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 30:**

The record evidence in and Communications Concerning *Marvel Worldwide, Inc. v. Kirby*, Case No. 1:10-cv-00141-CM-KNF (S.D.N.Y.) and *Marvel Characters, Inc. v. Kirby*, Case No. 11-3333 (2d Cir.) (collectively, the "*Kirby* Litigation"), the principal decisions for which are accessible at 777 F. Supp. 2d 720, 2010 WL 1655253, and 726 F.3d 119.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 31:**

The record evidence in and Communications Concerning *Marvel Characters Inc. v. Simon*, Case Nos. 00-cv-1393-RCC (S.D.N.Y) and 02-7221 (2d Cir.) (collectively, the "*Simon* Litigation"), the principal decisions for which are accessible at 2002 WL 313865 and 310 F.3d 280.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents stating, reflecting, or indicating that Don Rico created or prepared his contributions to the Works for publication by Marvel, as opposed to any other comic book publisher.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to identify any pages that Don Rico submitted to Marvel that You contend were not assigned to Don Rico by Marvel and/or are not related to Marvel's pre-existing titles, works, stories, and characters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that "assigned to," and "pre-existing titles, works, stories, and characters" are vague and ambiguous, and lack sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably

diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that "assigned to," and "pre-existing titles, works, stories, and characters" are vague and ambiguous. Despite these terms being vague and ambiguous, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 34:**

Any prior testimony, oral or written, by You and/or Don Rico Concerning the Works or Marvel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome as it is indefinite as to time, not reasonably limited in scope, and because it seeks the production of any item, or portion thereof, which is not relevant to any party's claim or defense. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request on the grounds that "testimony" is vague and ambiguous, and lacks sufficient precision to allow

Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome as it is indefinite as to time, not reasonably limited in scope, and because it seeks the production of any item, or portion thereof, which is not relevant to any party's claim or defense. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 35:**

All Communications with any of the parties to the following actions: *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK (S.D.N.Y.); *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK (S.D.N.Y.); *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK (S.D.N.Y.); and *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM (E.D.N.Y.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action.

Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 36:**

All Communications and/or Documents exchanged between You and/or Don Rico, on the one hand, and James Steranko, on the other.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" Communications or Documents with a third party ever made without regard to the subject matter or time period and regardless of whether such documents are irrelevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant is available to meet and confer about the breadth of this Request. In advance of this meet-and-confer discussion, Defendant requests that Marvel narrow this Request to a specific time

period and to specific subject matters of Communications and Documents.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" Communications or Documents with a third party ever made without regard to the subject matter or time period and regardless of whether such documents are irrelevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, and consistent with the parties' meet-and-confer discussions, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive Communications and/or Documents pertaining to (1) the Defendant's and/or Steranko's and/or Adams' employment relationship with Marvel, (2) ownership of and rights to the Works at issue in these actions (the "Works"), (3) creative contributions made by Defendants to the Works, (4) the "Marvel Method," and (5) any communications regarding the pending litigations and/or Defendants' claims in such lawsuits, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 37:**

All Communications and/or Documents exchanged between You and/or Don Rico, on the one hand, and Neal Adams, on the other.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant objects to this Request because it is overbroad, unduly

burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" Communications or Documents with a third party ever made without regard to the subject matter or time period and regardless of whether such documents are irrelevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant is available to meet and confer about the breadth of this Request. In advance of this meet-and-confer discussion, Defendant requests that Marvel narrow this Request to a specific time period and to specific subject matters of Communications and Documents.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" Communications or Documents with a third party ever made without regard to the subject matter or time period and regardless of whether such documents are irrelevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, and consistent with the parties' meet-and-confer discussions, Defendant will conduct a reasonably diligent search

of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive Communications and/or Documents pertaining to (1) the Defendant's and/or Steranko's and/or Adams' employment relationship with Marvel, (2) ownership of and rights to the Works at issue in these actions (the "Works"), (3) creative contributions made by Defendants to the Works, (4) the "Marvel Method," and (5) any communications regarding the pending litigations and/or Defendants' claims in such lawsuits, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents that You intend to use for any purpose in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant objects to this Request on the ground that it is vague and ambiguous, overbroad, unduly burdensome and calls for the production of documents protected by the attorney work- product privilege. Further responding, Defendant has not yet determined which documents Defendant intends to use for any purpose in this action, and reserves the right to supplement Defendant's production. Subject to, and without waiving, the General Objections and these specific objections, Defendant will produce responsive, non-privileged documents that Defendant intends to rely on in this lawsuit which are not otherwise subject to a protective order or confidentiality requirement.

1    Date: May 5, 2022                    By:    _____ */s/ Marc Toberoff* _____
                                                          Marc Toberoff
2

3                                         TOBEROFF & ASSOCIATES, P.C.
4                                         *mtoberoff@toberoffandassociates.com*
                                          23823 Malibu Road, Suite 50-363
5                                         Malibu, CA 90265
6                                         Telephone: (310) 246-3333
                                          Facsimile: (310) 246-3101
7

8                                         *Attorneys for Michele Hart-Rico and*
                                          *Buz Donato F. Rico III, heirs of*
9                                         *Donato Francisco Rico II*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **PROOF OF SERVICE**

I, Jaymie Parkkinen, declare:

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA 90265. On May 5, 2022, I caused the following document:

**DEFENDANT BUZ RICO'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO BUZ DONATO F. RICO III**

to be served as follows:

[ ]    **BY ELECTRONIC MAIL** -  I caused the above-described document to be served by electronic mail transmission on the interested parties noted below, where an electronic mail address is indicated.

[x]    **BY MAIL** – I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On May 5, 2022, I put a true and correct copy of the above-referenced document in a sealed envelope, with postage fully prepaid, and placed the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

Daniel M. Petrocelli
dpetrocelli@omm.com
Molly M. Lens
mlens@omm.com
Danielle Feuer
dfeuer@omm.com
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, California 90067

Allen W. Burton
aburton@omm.com
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036

Kendall Turner
kendallturner@omm.com
O'MELVENY & MYERS LLP
1625 I Street NW
Washington, DC 20006

I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 5, 2022, at Malibu, California.

_/s/ Jaymie Parkkinen_
Jaymie Parkkinen

Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Defendants,*
*Michele Hart-Rico and*
*Buz Donato F. Rico III*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVEL CHARACTERS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MICHELE HART-RICO and BUZ DONATO F. RICO III,<br><br>Defendants. | Case No.<br>2:21-cv-07624-DMG-KES<br><br>Hon. Dolly M. Gee<br><br>**DEFENDANT MICHELE HART-RICO'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO MICHELE HART-RICO** |
| MICHELE HART-RICO and BUZ DONATO F. RICO III,<br><br>Counterclaimants,<br><br>v.<br><br>MARVEL CHARACTERS, INC. and DOES 1-10 inclusive,<br><br>Counterclaim-Defendants. | |

PROPOUNDING PARTY:     MARVEL CHARACTERS, INC.

RESPONDING PARTY:     MICHELE HART-RICO

SET NO.:     ONE

Pursuant to Rules 34 and 26 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("Local Rules"), Defendant and Counterclaim-Plaintiff Michele Hart-Rico ("Defendant") hereby submits her amended responses and objections to Plaintiff's First Set of Requests for Production of Documents to Defendant and Counterclaimant Michele Hart-Rico ("Requests" and, individually, "Request"), served by Marvel Characters, Inc. ("Marvel"), as follows:

## **PRELIMINARY STATEMENT**

These responses are made solely for purposes of this action and are subject to all objections as to competence, relevance, materiality, privilege, and admissibility, and any and all objections and grounds that would require exclusion of any statement made herein if such statement were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of trial.

No incidental or implied admissions are intended by these responses. The fact that Defendant responds or objects to any of the Requests should not be construed as an admission that Defendant accepts or admits the existence of any facts assumed by such Request, or that such response or objection constitutes admissible evidence as to any such assumed facts. The fact that Defendant responds to part or all of any of the Requests is not intended to be and shall not be construed as a waiver of any part of any objection to any Request.

The objections and responses set forth below are preliminary and non-binding, are based solely on such information and documentation as are presently available and specifically known to Defendant after having made a diligent search

and reasonable and good faith inquiry, and are made without prejudice to Defendant's right to: (1) amend, alter, supplement, clarify or otherwise modify these objections and responses as this matter proceeds; (2) make use of, or introduce at any hearing or trial, any documents, information, facts, evidence, and legal theories which are subsequently discovered or which are now known but whose relevance, significance, or applicability has not yet been ascertained; and (3) offer expert witness opinions on any relevant matter, which opinions may be at variance with these objections and responses or the documents produced in response to the Requests.

Furthermore, Defendant's responses are made without in any way intending to waive, but on the contrary, intending to preserve:

1.    The right to raise—as part of any subsequent proceeding in, or the trial of, this or any other action—all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any documents produced or identified in support of any of the responses to any portion of the Requests;

2.    The right to object on any ground—as part of any subsequent proceeding in, or the trial of, this or any other action—to the use of any documents produced or identified in support of any of the responses to any portion of the Requests;

3.    The right to object to introduction into evidence of any of these responses; and

4.    The right to object on any ground at any time to other discovery involving the subject thereof.

## **GENERAL OBJECTIONS**

1.    Defendant objects to each and every Request, definition, and instruction that purports to impose obligations beyond those required or permitted by the Federal Rules of Civil Procedure or the Local Rules.

- 3 -

2.    Defendant objects to each and every Request, definition, and instruction to the extent it contains inaccurate, incomplete, or misleading descriptions of the facts, persons, relationships, events, and pleadings underlying this action. The production of any information shall not constitute Defendant's agreement with or acquiescence to any such description.

3.    Defendant objects to each and every Request, definition, and instruction to the extent it seeks Documents that are neither relevant to any claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence. Defendant will only produce documents consistent with its responses below.

4.    Defendant objects to each and every Request, definition, and instruction to the extent it is vague, ambiguous, unclear, or fails to identify the requested Documents with reasonable particularity as required by Federal Rule of Civil Procedure 34. To the extent that a Request requires subjective judgment on the part of Defendant as to what information is requested, Defendant will produce responsive, non-privileged documents according to Defendant's understanding of the Request.

5.    Defendant objects to each and every Request, definition, and instruction to the extent it is overbroad, onerous, and unduly burdensome and, thus, outside the scope of permissible discovery. Defendant will only produce documents consistent with its responses below.

6.    Defendant objects to each and every Request, definition, and instruction to the extent it seeks Documents, dated after September 24, 2021—the date this action was filed—on the grounds that such Requests are overbroad, beyond the scope of the allegations, seek Documents protected by the attorney-client privilege and work product doctrines and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to each and every Request, definition, and instruction to the extent it lacks temporal limitation

and is thus unduly burdensome and disproportionate to the needs of the case. Unless otherwise indicated in the specific responses below, Defendant will not produce documents, dated after September 24, 2021.

7.    As to Documents that are a matter of public record or otherwise equally available to the public and Marvel, Defendant will produce Documents already within Defendant's possession, custody, or control but Defendant does not agree to obtain possession of Documents from public sources equally available to Marvel.

8.    Defendant objects to each and every Request to the extent that it seeks disclosure of Documents that are unreasonably cumulative or duplicative of other discovery served in this action, or are obtainable from sources that are more convenient, less burdensome, or less expensive.

9.    Defendant objects to each and every Request to the extent that it seeks to require Defendant to use more than reasonable diligence to locate and identify responsive Documents or information. Consistent with Defendant's obligations, Defendant will conduct a reasonably diligent inquiry for responsive Documents.

10.    Defendant objects to each and every Request to the extent it seeks the production of Documents restored from backup tapes or archived data sources that are not reasonably accessible. Defendant will not search backup tapes or archived data sources.

11.    Defendant objects to each and every Request, definition, and instruction to the extent it seeks the production of Documents other than those in Defendant's possession, custody, or control.

12.    Defendant objects to each and every Request to the extent it seeks the production of Documents protected by the attorney-client privilege, the attorney-work product doctrine, the common interest or joint defense privileges, rules and agreements governing privacy or confidentiality, or any other applicable

privilege or protection recognized under statute or applicable case law. Inadvertent production by Defendant of any Documents protected by any applicable privilege or protection shall not constitute a waiver of the privilege or protection.

13.    Defendant objects to each and every Request, definition, and instruction to the extent it calls for a response that would infringe upon the legitimate privacy rights of Defendant, and/or Defendant's agents or representatives were applicable, to the full extent such privacy rights and expectations are protected by constitution, statute, contract, court order, or public policy.

14.    Defendant objects to each and every Request to the extent it seeks Defendant's sensitive, confidential, or proprietary business information. To the extent such Documents are responsive, relevant, and not privileged, Defendant will disclose such confidential Documents pursuant to a Protective Order, and any subsequent revisions to that Protective Order upon which the Parties may agree. Defendant reserves the right to redact or exclude information from documents to protect unnecessary disclosure of nonresponsive or irrelevant sensitive, confidential, or proprietary business information.

15.    Defendant objects to each and every Request to the extent it seeks the production of "all" Documents in Defendant's possession. To the extent that Defendant undertake to produce Documents, Defendant will conduct a reasonable search of custodians reasonably likely to have non-cumulative, non-privileged responsive Documents as qualified by Defendant's objections and responses and, in the case of electronic Documents, if any, Defendant will use search terms reasonably expected to yield non-privileged, responsive Documents. Defendant further objects to the production of "all" Documents when a subset of the Documents would be sufficient to show the pertinent information.

16.    Defendant objects to each Request, definition, and instruction to the extent that it prematurely requests discovery of expert materials and information

in advance of their respective deadlines under the Scheduling Order governing this case, or the Federal Rules of Civil Procedure. Defendant will not produce any expert materials or information before such deadlines.

17.    Defendant objects to each and every Request to the extent it seeks information or the production of Documents whose disclosure would otherwise be prohibited by applicable law, rule, regulation, or contract obligation.

18.    Nothing contained in any response herein shall be deemed an admission, concession, or waiver by Defendant as to the validity of any claim or defense asserted by the Marvel.

19.    All objections as to the relevance, authenticity, or admissibility of any Documents produced are expressly reserved by Defendant.

20.    To the extent that Defendant responds to any of the Requests, it reserves the right to object on any grounds, at any time, to other discovery Requests involving or relating to the subject matter of the Requests that Defendant has responded to herein.

21.    An objection or an undertaking to produce Documents pursuant to a particular Request should not be construed to indicate that responsive Documents actually exist.

22.    Defendant reserves all objections to the use of these responses. All such objections may be interposed by Defendant at the time of trial or as otherwise required by the rules or order of the Court.

23.    Defendant's responses herein shall not in any way constitute an adoption of the Marvel's purported "Definitions" of words or phrases or "Instructions" contained in the Requests. Defendant objects to the Definitions, Instructions, and Requests to the extent they: (i) are vague, ambiguous, compound, overly broad, unduly burdensome, and not reasonably tailored to avoid imposing undue burden and expense on Defendant; (ii) seek Documents or information for an undefined period of time or, if defined, cover and span an unreasonably long

or burdensome time period, and therefore are burdensome and oppressive; (iii) are inconsistent with the ordinary and customary meaning of the words or phrases they purport to define; (iv) seek to impose obligations different from, or in excess of, those created by the Federal Rules of Civil Procedure or Local Rules; (v) include assertions of purported fact that are inaccurate or disputed by the parties to this action; and/or (vi) incorporate other purported defined terms that suffer from such defects. In responding to the Requests, Defendant has, where possible, employed what Defendant regards as the reasonable, common-sense interpretation of the Request in light of the relevant issues in the case.

24. Defendant objects to Instruction No. 4 as overbroad and unduly burdensome to the extent it purports to require Defendant to obtain possession of Documents from public sources equally available to Marvel. Defendant construes Instruction No. 4 to only oblige Defendant to request possession of Documents from non-public sources.

25. Defendant objects to Instruction No. 9 as overbroad and unduly burdensome to the extent it requires Defendant to, without exception, harvest Documents "in a manner that maintains the integrity and readability of all data, Including all metadata." Defendant will undertake reasonable efforts to protect all data and metadata where practicable but reserves rights to deviate as circumstances require.

26. Defendant objects to Instruction No. 10 as overbroad and unduly burdensome to the extent it requires Defendant to, without exception, "ensure[] that the source of each Document may be determined, if necessary." Defendant will undertake reasonable efforts to ensure as such but reserves rights to deviate as circumstances require.

27. Defendant objects to Instruction No. 13 as overbroad and unduly burdensome to the extent it requires Defendant to, without exception, not separate attached Documents and to maintain the "parent-child" relationship of Documents.

Defendant will undertake reasonable efforts to follow Instruction No. 13 but reserves rights to deviate as circumstances require.

28.    Defendant objects to Instruction Nos. 11-16 as overbroad and unduly burdensome to the extent they purport to require Defendant to trace back and reconfigure the storage structure of Documents. Defendant will produce Documents as they are currently stored, kept and/or organized (unless doing so would reveal attorney-work product and/or privileged information).

29.    Defendant objects to Instruction No. 17 to the extent that it purports to require Defendant to log Documents on an individual, as opposed to categorical basis. Defendant agrees to produce a privilege log which logs Documents withheld on the basis of privilege on an individual basis and to log Documents withheld on the basis of a confidentiality requirement or protective order on a categorical basis. Defendant further reserves the right to categorically log Documents for good cause.

30.    Defendant objects to Instruction No. 18 as overbroad and unduly burdensome to the extent it creates a burden on Defendant beyond that permitted by the Federal and Local Rules.

31.    Defendant objects to the time and place identified in the Requests for the Production of Documents. Defendant will produce such Documents within a reasonable time after service of these responses and objections.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS
## REQUEST FOR PRODUCTION NO. 1:

All Documents that state, memorialize, reflect, or Concern any Agreement between You and/or Don Rico, on the one hand, and Marvel, on the other, Including any drafts of or negotiations Concerning any such Agreement.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested

documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 2:**

All Communications between You and/or Don Rico, on the one hand, and Marvel, on the other, Concerning the Works or the nature of Don Rico's contributions to the Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "contributions" is vague and ambiguous, and lacks sufficient precision to allow

Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant is interpreting "contributions" to mean "creative/artistic contributions" and will produce documents consistent with that understanding. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 3:**

Any original and renewal copyright registrations with the United States Copyright Office for the Works that are in Your possession, custody, or control, and/or that were viewed or obtained by Don Rico prior to his death.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to show when You and/or Don Rico obtained any registrations produced in response to Request No. 3 and/or any such registrations that once were, but are no longer, in Your possession, custody, or control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 5:**

All Communications Concerning the original and renewal copyright registrations with the United States Copyright Office for the Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested

documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents reflecting or evidencing that Marvel took the position that the Works and/or Don Rico's contributions to the Works were made on a work-made-for-hire basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of

documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 7:**

Documents sufficient to show when You and/or Don Rico first understood, appreciated, learned, read, or were told or informed that Marvel contended that Don Rico's contributions to the Works were made on a work-made-for-hire basis and/or that Don Rico was not an Author of the Works.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that "understood" and "appreciated" are vague and ambiguous, and lack sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that "understood" and "appreciated" are vague and ambiguous however, Defendant will interpret these terms in good faith given their normal meanings. Subject to, and without waiving, the General Objections and these specific objections,

- 14 -

Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents Concerning the contributions of any Persons, Including Don Rico and Lee, to any of the Works, Including (i) the identities of all such contributors, (ii) the nature and scope of their respective contributions, and (iii) the circumstances under which they made such contributions, Including whether they made such contributions as an employee, independent contractor, or freelancer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "contributors" and "contributions" are vague and ambiguous, and lack sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject

- 15 -

to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant is interpreting "contributions" and "contributors" to mean "creative/artistic contributions and those who provided such contributions" and will produce documents consistent with that understanding. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents that evidence or reflect that any work that Don Rico performed for Marvel was "work made for hire" or done at Marvel's "instance and expense."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action.

Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that "work" in the context of this Request is vague and ambiguous as it is unclear whether it applies to material created by or rather, services "performed" by Don Rico, and lacks sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that "work" in the context of this Request is vague and ambiguous as it is unclear whether it applies to material created by or rather, services "performed" by Don Rico. Despite these terms being vague and ambiguous, Defendant will interpret this Request in good

- 17 -

faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 10:**

All Documents that You contend evidence or reflect that any work that Don Rico performed for Marvel was not "work made for hire" or done at Marvel's "instance and expense."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that "work" in the context of this Request is vague and ambiguous as it is unclear whether it applies to material created by or rather, services "performed" by Don Rico, and lacks sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are

1  not otherwise subject to a protective order or confidentiality requirement.

2  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

3        Defendant objects to this Request because it is overbroad, unduly

4  burdensome, and does not comply with Rule 34's requirement that the requested

5  documents must be described with reasonable particularity, insofar as it seeks "all"

6  documents without regard to whether such documents are relevant to this action.

7  Such a request is not proportional to the needs of this case as the burden and/or

8  expense this Request entails far outweigh(s) any potential benefit. Defendant

9  further objects to this Request to the extent that it seeks communications or items

10 protected by the attorney-client privilege, the attorney work product doctrine, and

11 any other privilege or immunity available under law or arising from contractual

12 obligation. Defendant objects to this Request on the grounds that "work" in the

13 context of this Request is vague and ambiguous as it is unclear whether it applies

14 to material created by or rather, services "performed" by Don Rico. Despite these

15 terms being vague and ambiguous, Defendant will interpret this Request in good

16 faith giving words their normal meanings. Subject to, and without waiving, the

17 General Objections and these specific objections, Defendant will conduct a

18 reasonably diligent search of documents within Defendant's possession, custody,

19 or control and will produce all non-privileged, responsive documents, to the extent

20 any such documents exist and are not otherwise subject to a protective order or

21 confidentiality requirement.

22 **REQUEST FOR PRODUCTION NO. 11:**

23       All Documents that evidence or reflect that any of the Works, in whole or

24 in part, were created for Marvel as "work made for hire" or done at Marvel's

25 "instance and expense."

26 **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

27       Defendant objects to this Request because it is overbroad, unduly

28 burdensome, and does not comply with Rule 34's requirement that the requested

documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents that that [*sic*] You contend evidence or reflect that any of the Works, in whole or in part, were not created for Marvel as "work made for hire" or done at Marvel's "instance and expense."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is redundant of Request No. 10. Subject to, and without waiving, the General

Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents that evidence, reflect, or otherwise Concern whether Marvel provided the impetus for, directed, contributed to, participated in, or had the power or right to supervise the creation of any of the Works and/or Don Rico's work for Marvel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents that evidence, reflect, or otherwise Concern any treatments, synopses, plotting conferences, outlines, scripts, plots, storylines, or other

Documents providing direction, instruction, or feedback Concerning any of the Works or Don Rico's work for Marvel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents Concerning any actual or proposed pages, concepts, artwork, drawings, sketches, illustrations, narratives, or dialogue by Don Rico that were (i) rejected by Marvel, (ii) edited by Marvel, and/or (iii) edited by Don Rico after submission to Marvel based on comments, feedback, or instruction by Marvel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action.

Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "edited" and "comments, feedback, or instruction" are vague and ambiguous, and lack sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "edited" and "comments, feedback, or instruction" are vague and ambiguous. Despite these terms being vague and ambiguous, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will

1  conduct a reasonably diligent search of documents within Defendant's possession,

2  custody, or control and will produce all non-privileged, responsive documents, to

3  the extent any such documents exist and are not otherwise subject to a protective

4  order or confidentiality requirement.

5  **REQUEST FOR PRODUCTION NO. 16:**

6      All Documents Concerning or evidencing Marvel's power (or lack thereof)

7  to accept, reject, or modify Don Rico's or other artists' work.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

9      Defendant objects to this Request because it is overbroad, unduly

10 burdensome, and does not comply with Rule 34's requirement that the requested

11 documents must be described with reasonable particularity, insofar as it seeks "all"

12 documents without regard to whether such documents are relevant to this action.

13 Such a request is not proportional to the needs of this case as the burden and/or

14 expense this Request entails far outweigh(s) any potential benefit. Defendant

15 further objects to this Request to the extent that it seeks communications or items

16 protected by the attorney-client privilege, the attorney work product doctrine, and

17 any other privilege or immunity available under law or arising from contractual

18 obligation. In addition, Defendant objects to this Request on the grounds that

19 "power," "modify," and "other artists' work" are vague and ambiguous, and lack

20 sufficient precision to allow Defendant to formulate an appropriate response.

21 Subject to, and without waiving, the General Objections and these specific

22 objections, Defendant will conduct a reasonably diligent search of documents

23 within Defendant's possession, custody, or control and will produce all non-

24 privileged, responsive documents, to the extent any such documents exist and are

25 not otherwise subject to a protective order or confidentiality requirement.

26 **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

27     Defendant objects to this Request because it is overbroad, unduly

28 burdensome, and does not comply with Rule 34's requirement that the requested

documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "power," "modify," and "other artists' work" are vague and ambiguous. Despite these terms being vague and ambiguous, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 17:**

All drafts of the Works, or any part thereof, Including any notes, additions, deletions, comments, revisions, or suggestions thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to, and without waiving, the General Objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents Concerning compensation or payment, Including (i) per page rates received by or owed or due to Don Rico by Marvel, (ii) copies of checks

(front and back), pay stubs, bank records, vouchers, tax returns, or accounting records, and (iii) the manner in which any income received by Don Rico for his contributions to the Works was reported for tax purposes.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that this Request is vague and ambiguous as, for instance, it is does not indicate "compensation or payment" to whom, and it is also unclear what "per page rates received by or owed or due" means, and it thus lacks sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action.

Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant objects to this Request on the grounds that this Request is vague and ambiguous as, for instance, it is does not indicate "compensation or payment" to whom, and it is also unclear what "per page rates received by or owed or due" means. Despite these terms being vague and ambiguous, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents Concerning the legend stamped on the reverse side of any checks made payable by Marvel to any writer or artist in the 1960s and 1970s, Including any copies of checks made payable by Marvel to any writer or artist during that time period.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items

protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 20:**

All Documents Concerning Don Rico's business relationship with Marvel Including federal or state tax returns, IRS 1099 or W-2 forms, attachments and schedules, statements of benefits, employment Agreements, assignment Agreements, term sheets, or correspondence.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. It is likewise overbroad as well as vague and ambiguous insofar as it is indefinite as to the time period to which it refers. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or

confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Concerning how comic book writers and/or artists were paid by Marvel in the 1960s and 1970s.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 22:**

All Documents Concerning the grant, transfer, or assignment by You and/or Don Rico of any interest (past, present, future, or contingent) in any of the Works irrespective of whether or not such grant, transfer, or assignment was consummated or executed, Including any Communications, Agreements, or negotiations related thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested

documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and confusing as there can hardly be a "grant, transfer or assignment . . . irrespective of whether such grant, transfer or assignment was consummated," and it thus lacks sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is

vague, ambiguous, and confusing as there can hardly be a "grant, transfer or assignment . . . irrespective of whether such grant, transfer or assignment was consummated." Despite these terms being vague and ambiguous and the phrasing confusing, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents Concerning the terms upon which Don Rico performed creative services for Persons other than Marvel during the 1960s or 1970s Including any Agreements, offers, or terms sheets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "creative services" is vague and ambiguous, and lacks sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody,

or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "creative services" is vague and ambiguous. Despite this term being vague and ambiguous, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents Concerning any pages or other contributions to any comic book or other narrative or graphic work that were submitted by Don Rico or on his behalf to a Person other than Marvel and/or that were published by a Person other than Marvel during the 1960s or 1970s.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Defendant objects to this Request because it is overbroad, unduly

burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents during two decades without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents Concerning the terms upon which Don Rico engaged Persons to perform creative services during the 1960s or 1970s Including any Agreements, offers, or term sheets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual

obligation. In addition, Defendant objects to this Request on the grounds that "creative services" and "engaged" are vague and ambiguous, and lack sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

## AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 25:

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. In addition, Defendant objects to this Request on the grounds that "creative services" and "engaged" are vague and ambiguous. Despite these terms being vague and ambiguous, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 26:**

All statements (published or unpublished) by You, Don Rico, and/or Your or Don Rico's agents, representatives, family members, or relatives Concerning (i) the Works, (ii) contributions to the Works by Don Rico or others, (iii) ownership interests in or to the Works, (iv) authorship of or to the Works, or (v) Don Rico's business relationship with Marvel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents and insofar as it seeks "all statements by family members or relatives" without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and confusing, for instance, as to the meaning of "authorship . . . to the Works", and it thus lacks sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Defendant objects to this Request because it is overbroad, unduly

burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents and insofar as it seeks "all statements by family members or relatives" without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and confusing, for instance, as to the meaning of "authorship . . . to the Works." Despite these terms being vague and ambiguous and the phrasing confusing, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 27:**

All interviews Concerning any of the Works or Don Rico.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Subject to, and

without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 28:**

All Communications Concerning the Purported Termination Notices, Including correspondence with the United States Copyright Office.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 29:**

All Documents Concerning ownership of Don Rico's termination interest in any of the Works under 17 U.S.C. § 304(c), Including (i) which Person(s) own such termination interest, (ii) Documents sufficient to show Your familial relationship to Don Rico, (iii) the identities, birthdates, and, where applicable,

death dates of any of the relatives of Don Rico who fall into the categories enumerated in 17 U.S.C. § 304(c)(2), and (iv) to the extent applicable, the percentage of each such Person's interest.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and confusing insofar as it is uncertain whether it seeks the identities, birthdates, and, where applicable, death dates of any of the relatives of Don Rico who fall into the categories enumerated in 17 U.S.C. § 304(c)(2) if such relatives do not "own[] Don Rico's termination interest in any of the Works under 17 U.S.C. § 304(c)", and to the extent it does, such Documents and information would be irrelevant. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all"

documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that it is vague, ambiguous, and confusing insofar as it is uncertain whether it seeks the identities, birthdates, and, where applicable, death dates of any of the relatives of Don Rico who fall into the categories enumerated in 17 U.S.C. § 304(c)(2) if such relatives do not "own[] Don Rico's termination interest in any of the Works under 17 U.S.C. § 304(c)", and to the extent it does, such documents and information would be irrelevant. Despite this Request's vague, ambiguous, and confusing phrasing, pursuant to the parties' meet-and-confer discussions, Defendant understands that this Request seeks documents sufficient to show that Defendant is an owner of the termination interest in question and Defendant's ownership interest percentage. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 30:**

The record evidence in and Communications Concerning *Marvel Worldwide, Inc. v. Kirby*, Case No. 1:10-cv-00141-CM-KNF (S.D.N.Y.) and *Marvel Characters, Inc. v. Kirby*, Case No. 11-3333 (2d Cir.) (collectively, the "*Kirby* Litigation"), the principal decisions for which are accessible at 777 F. Supp. 2d 720, 2010 WL 1655253, and 726 F.3d 119.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 31:**

The record evidence in and Communications Concerning *Marvel Characters Inc. v. Simon*, Case Nos. 00-cv-1393-RCC (S.D.N.Y) and 02-7221 (2d Cir.) (collectively, the "*Simon* Litigation"), the principal decisions for which are accessible at 2002 WL 313865 and 310 F.3d 280.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 32:**

All Documents stating, reflecting, or indicating that Don Rico created or prepared his contributions to the Works for publication by Marvel, as opposed to any other comic book publisher.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 33:**

Documents sufficient to identify any pages that Don Rico submitted to Marvel that You contend were not assigned to Don Rico by Marvel and/or are not related to Marvel's pre-existing titles, works, stories, and characters.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that "assigned to," and "pre-existing titles, works, stories, and characters" are vague and ambiguous, and lack sufficient precision to allow Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably

diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Defendant objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Defendant further objects to this Request on the grounds that "assigned to," and "pre-existing titles, works, stories, and characters" are vague and ambiguous. Despite these terms being vague and ambiguous, Defendant will interpret this Request in good faith giving words their normal meanings. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 34:**

Any prior testimony, oral or written, by You and/or Don Rico Concerning the Works or Marvel.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome as it is indefinite as to time, not reasonably limited in scope, and because it seeks the production of any item, or portion thereof, which is not relevant to any party's claim or defense. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request on the grounds that "testimony" is vague and ambiguous, and lacks sufficient precision to allow

Defendant to formulate an appropriate response. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome as it is indefinite as to time, not reasonably limited in scope, and because it seeks the production of any item, or portion thereof, which is not relevant to any party's claim or defense. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 35:**

All Communications with any of the parties to the following actions: *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK (S.D.N.Y.); *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK (S.D.N.Y.); *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK (S.D.N.Y.); and *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM (E.D.N.Y.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" documents without regard to whether such documents are relevant to this action.

Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant will conduct a reasonably diligent search of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive documents, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 36:**

All Communications and/or Documents exchanged between You and/or Don Rico, on the one hand, and James Steranko, on the other.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Defendant objects to this Request because it is overbroad, unduly burdensome, and does not comply with Rule 34's requirement that the requested documents must be described with reasonable particularity, insofar as it seeks "all" Communications or Documents with a third party ever made without regard to the subject matter or time period and regardless of whether such documents are irrelevant to this action. Such a request is not proportional to the needs of this case as the burden and/or expense this Request entails far outweigh(s) any potential benefit. Defendant further objects to this Request to the extent that it seeks communications or items protected by the attorney-client privilege, the attorney work product doctrine, and any other privilege or immunity available under law or arising from contractual obligation. Subject to, and without waiving, the General Objections and these specific objections, Defendant is available to meet and confer about the breadth of this Request. In advance of this meet-and-confer discussion, Defendant requests that Marvel narrow this Request to a specific time

1  period and to specific subject matters of Communications and Documents.

2  **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

3  Defendant objects to this Request because it is overbroad, unduly

4  burdensome, and does not comply with Rule 34's requirement that the requested

5  documents must be described with reasonable particularity, insofar as it seeks "all"

6  Communications or Documents with a third party ever made without regard to the

7  subject matter or time period and regardless of whether such documents are

8  irrelevant to this action. Such a request is not proportional to the needs of this case

9  as the burden and/or expense this Request entails far outweigh(s) any potential

10  benefit. Defendant further objects to this Request to the extent that it seeks

11  communications or items protected by the attorney-client privilege, the attorney

12  work product doctrine, and any other privilege or immunity available under law

13  or arising from contractual obligation. Subject to, and without waiving, the

14  General Objections and these specific objections, and consistent with the parties'

15  meet-and-confer discussions, Defendant will conduct a reasonably diligent search

16  of documents within Defendant's possession, custody, or control and will produce

17  all non-privileged, responsive Communications and/or Documents pertaining to

18  (1) the Defendant's and/or Steranko's and/or Adams' employment relationship

19  with Marvel, (2) ownership of and rights to the Works at issue in these actions (the

20  "Works"), (3) creative contributions made by Defendants to the Works, (4) the

21  "Marvel Method," and (5) any communications regarding the pending litigations

22  and/or Defendants' claims in such lawsuits, to the extent any such documents exist

23  and are not otherwise subject to a protective order or confidentiality requirement.

24  **REQUEST FOR PRODUCTION NO. 37:**

25  All Communications and/or Documents exchanged between You and/or

26  Don Rico, on the one hand, and Neal Adams, on the other.

27  **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

28  Defendant objects to this Request because it is overbroad, unduly

1    burdensome, and does not comply with Rule 34's requirement that the requested

2    documents must be described with reasonable particularity, insofar as it seeks "all"

3    Communications or Documents with a third party ever made without regard to the

4    subject matter or time period and regardless of whether such documents are

5    irrelevant to this action. Such a request is not proportional to the needs of this case

6    as the burden and/or expense this Request entails far outweigh(s) any potential

7    benefit. Defendant further objects to this Request to the extent that it seeks

8    communications or items protected by the attorney-client privilege, the attorney

9    work product doctrine, and any other privilege or immunity available under law

10   or arising from contractual obligation. Subject to, and without waiving, the

11   General Objections and these specific objections, Defendant is available to meet

12   and confer about the breadth of this Request. In advance of this meet-and-confer

13   discussion, Defendant requests that Marvel narrow this Request to a specific time

14   period and to specific subject matters of Communications and Documents.

15   **AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

16          Defendant objects to this Request because it is overbroad, unduly

17   burdensome, and does not comply with Rule 34's requirement that the requested

18   documents must be described with reasonable particularity, insofar as it seeks "all"

19   Communications or Documents with a third party ever made without regard to the

20   subject matter or time period and regardless of whether such documents are

21   irrelevant to this action. Such a request is not proportional to the needs of this case

22   as the burden and/or expense this Request entails far outweigh(s) any potential

23   benefit. Defendant further objects to this Request to the extent that it seeks

24   communications or items protected by the attorney-client privilege, the attorney

25   work product doctrine, and any other privilege or immunity available under law

26   or arising from contractual obligation. Subject to, and without waiving, the

27   General Objections and these specific objections, and consistent with the parties'

28   meet-and-confer discussions, Defendant will conduct a reasonably diligent search

of documents within Defendant's possession, custody, or control and will produce all non-privileged, responsive Communications and/or Documents pertaining to (1) the Defendant's and/or Steranko's and/or Adams' employment relationship with Marvel, (2) ownership of and rights to the Works at issue in these actions (the "Works"), (3) creative contributions made by Defendants to the Works, (4) the "Marvel Method," and (5) any communications regarding the pending litigations and/or Defendants' claims in such lawsuits, to the extent any such documents exist and are not otherwise subject to a protective order or confidentiality requirement.

**REQUEST FOR PRODUCTION NO. 38:**

All Documents that You intend to use for any purpose in this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Defendant objects to this Request on the ground that it is vague and ambiguous, overbroad, unduly burdensome and calls for the production of documents protected by the attorney work- product privilege. Further responding, Defendant has not yet determined which documents Defendant intends to use for any purpose in this action, and reserves the right to supplement Defendant's production. Subject to, and without waiving, the General Objections and these specific objections, Defendant will produce responsive, non-privileged documents that Defendant intends to rely on in this lawsuit which are not otherwise subject to a protective order or confidentiality requirement.

1    Date: May 5, 2022                    By: _____ /s/ Marc Toberoff _____
                                                  Marc Toberoff
2

3                                         TOBEROFF & ASSOCIATES, P.C.
4                                         *mtoberoff@toberoffandassociates.com*
5                                         23823 Malibu Road, Suite 50-363
                                          Malibu, CA 90265
6                                         Telephone: (310) 246-3333
                                          Facsimile: (310) 246-3101
7

8                                         *Attorneys for Michele Hart-Rico and*
                                          *Buz Donato F. Rico III, heirs of*
9                                         *Donato Francisco Rico II*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **PROOF OF SERVICE**

I, Jaymie Parkkinen, declare:

I am over the age of eighteen years and not a party to the within action. I am a resident of or employed in the county where the service described below occurred. My business address is 23823 Malibu Road, Suite 50-363, Malibu, CA 90265. On May 5, 2022, I caused the following document:

**DEFENDANT MICHELE HART-RICO'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO MICHELE HART-RICO**

to be served as follows:

[ ]    **BY ELECTRONIC MAIL** -  I caused the above-described document to be served by electronic mail transmission on the interested parties noted below, where an electronic mail address is indicated.

[x]    **BY MAIL** – I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence collected from me would be processed on the same day, with postage thereon fully prepaid and placed for deposit that day with the United States Postal Service. On May 5, 2022, I put a true and correct copy of the above-referenced document in a sealed envelope, with postage fully prepaid, and placed the envelope for collection and mailing today with the United States Postal Service in accordance with the firm's ordinary business practices, addressed as follows:

- 49 -

1  Daniel M. Petrocelli              Allen W. Burton
2  dpetrocelli@omm.com               aburton@omm.com
   Molly M. Lens                     O'MELVENY & MYERS LLP
3  mlens@omm.com                     Times Square Tower
4  Danielle Feuer                    7 Times Square
   dfeuer@omm.com                    New York, NY 10036
5  O'MELVENY & MYERS LLP
6  1999 Avenue of the Stars, 8th Floor  Kendall Turner
   Los Angeles, California 90067     kendallturner@omm.com
7                                    O'MELVENY & MYERS LLP
8                                    1625 I Street NW
                                     Washington, DC 20006
9

10

11
         I declare under penalty of perjury under the laws of the United States that
12
   the above is true and correct. Executed on May 5, 2022, at Malibu, California.
13

14                                          _____/s/ Jaymie Parkkinen_____
15                                              Jaymie Parkkinen

16

17

18

19

20

21

22

23

24

25

26

27

28