# Exhibit 33

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
jparkkinen@toberoffandassociates.com

May 27, 2022

<u>Via Email</u>

Molly M. Lens
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, 8th Floor
Los Angeles, CA 90067

**RE:    Meet and Confer Follow Up**
*Marvel Characters, Inc. v. Lieber*, **No. 1:21-cv-07955-LAK;** *Marvel Characters, Inc. v. Ditko*, **No. 1:21-cv-07957-LAK;** *Marvel Characters, Inc. v. Dettwiler*, **No. 1:21-cv- 07959-LAK;** *Marvel Characters, Inc. v. Solo*, **No. 1:21-cv-5316-DG-TAM; and** *Marvel Characters, Inc. v. Rico*, **No. 2:21-cv-07624-DMG-KES**

Dear Molly:

We write in response to Marvel's May 24 response letter to Defendants' May 11 letter and to confirm the agreements and remaining issues between the parties.

## <u>Defendants' Requests for Production</u>

In the spreadsheet included with Marvel's most recent production of documents (XREF_2021MARVEL-PROD003), Marvel failed to identify the File Name of approximately 2,700 files. This omission is contrary to the Federal Rules, the parties' agreement to provide such designations, and to Marvel's previous practices. In addition, many of the File Names Marvel did provide are incoherent and unusable. *See e.g.*, XREF_2021MARVEL-PROD003 (File Names: "DOC01314.pdf," "MARVEL0016533.riv.pdf," "12833023_Dec 15 2021 Larry Lieber.pdf"). Defendants require that Marvel provide file designations that are clear on their face, as Defendants have done. *Compare* 22.05.25 Def and Sub P Production Table (File Names: "Correspondence," "Article," "Agreement," "Works Sold to Other Publishers"). Please confirm that Marvel will supplement its above-referenced spreadsheet to comply with the Federal Rules and the parties' agreement.

Regarding Marvel's stated custodial information (information not included in the first two production spreadsheets), Marvel at times named the custodian as "Marvel" and at other times named the custodian as "MCI." Please clarify the significance of this distinction.

Regarding Marvel's *Kirby* production, Defendants reiterate that they require Marvel to produce *all* documents in their possession, custody, or control that were produced by any party (i.e., by Marvel,

**TOBEROFF & ASSOCIATES, P.C.**

May 27, 2022
Molly M. Lens
Page: 2

the Kirbys, or any subpoenaed party) in the *Kirby* case (on which Marvel has expressly stated it intends to heavily rely), not merely documents that were previously produced by Marvel alone. The Kirbys produced the responsive documents they had in their possession, custody, or control, regardless of the source, and reciprocally, Marvel is required and expected to do the same.

It is also unlikely for Marvel, a multi-billion-dollar corporation represented by sophisticated counsel, to become "confused" were Marvel and the Kirbys each to produce the same document in these cases. Indeed, the parties have already exchanged some of the same documents, resulting in no confusion. *See* 2021MARVEL-0007084 (*The Invincible Gene Colan*); COLAN-0001 (same).

In fact, it is far easier for Marvel to simply produce *all* of the Kirby documents it has stored electronically, regardless of source, than it is for each of the parties to needlessly expend time and resources to create and compare lists of bates numbers of documents they do and do not possess. Rather, Marvel can simply and easily produce all of its *Kirby* documents with a few clicks of a computer keyboard, as the Kirbys have done. Please confirm that Marvel will do so.

### Marvel's Requests for Production

Defendants and Subpoenaed Parties are continuing to conduct a diligent search for responsive documents within their possession, custody, or control. Such documents, if any, will be produced as and when they are obtained and reviewed.

### Marvel's Subpoena to Mark Ditko

With respect to RFP No. 5, Mark Ditko does not have possession, custody, or control of any of the alleged correspondence between David Currie and Steve Ditko.

With respect to RFP Nos. 7 and 8 and the fandom limitation, we are agreeable to the limitations Marvel has suggested in principle, but would suggest the limitation be phrased as follows: "excluding communications made by Mark and/or Patrick Ditko exclusively in their capacity as a consumer and/or fan of Marvel's products, so long as such fandom communication does not also concern Steve Ditko, Don Heck, Larry Lieber, Gene Colan, and/or Don Rico and/or any of their creative contributions to the Works." Please confirm this formulation is agreeable. Once agreed to, we hope to serve amended responses to Marvel's RFP Subpoena within 10 days.

### Defendants' Interrogatory Responses

Marvel's May 24 letter did not explicitly confirm whether it is Marvel's position that it wishes for Defendants to amend their interrogatory responses so that each response is based solely on each Defendant's personal knowledge alone. Again, please confirm that this is Marvel's position so that Defendants can amend their responses as appropriate.

Regarding Interrogatory No. 5, again, Defendants' RFPs speak for themselves. And, as for interviews existing independently online in the form of YouTube videos or podcasts, Marvel should

# TOBEROFF & ASSOCIATES, P.C.

May 27, 2022
Molly M. Lens
Page: 3

readily have access to them by doing an internet search using the information provided. In the unlikely event Marvel has any difficulty locating an identified interview online, let us know and we will try to assist.

Regarding the "unknown" instructions, we agree with Marvel's proposal, applicable to both Marvel's and Defendants' interrogatory responses: i.e., for each "unknown" or similar answer, the responding party will include an affirmation that they have performed a diligent and comprehensive search for the information requested and will state whether they are continuing their investigation in the hope of providing a more fulsome answer.

As for the remainder of the interrogatory issues, depending on Marvel's position regarding responses based solely on "personal knowledge," many of these remaining matters may be moot and as such, are not addressed further herein.

*      *      *

Nothing in this letter should be construed as a waiver or limitation of any of Defendants' or Subpoenaed Parties' rights or remedies, all of which are reserved.

Very truly yours,

Jaymie Parkkinen