# Exhibit 35

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
jparkkinen@toberoffandassociates.com

July 29, 2022

<u>Via Email</u>

Allen Burton
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036

**RE:** *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK; *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK; *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK; *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM; and *Marvel Characters, Inc. v. Rico*, No. 2:21-cv-07624-DMG-KES

Dear Allen:

We write to follow up on the parties' July 27, 2022 meet-and-confer session.

## <u>Defendants' Verifications</u>

We again explained that Defendants originally responded to Marvel's First Set of Interrogatories in a broad way based on their and their counsel's research in a good faith attempt to provide Marvel with fulsome answers. Defendants thus provided verifications based on personal knowledge and information and belief to accurately reflect the bases for Defendants' responses. Marvel objected to the inclusion of "information and belief" in the verifications and demanded Defendants respond based on personal knowledge alone. Defendants then amended their interrogatory responses based on personal knowledge but Marvel objected to the amended responses because they were narrowed to accord with the information Defendants actually personally knew about the circumstances of the creation of the Works.

Further, Defendants explained that they understand that their counsel's knowledge can be attributable to them and that interrogatories can be answered based on reliable information found in documents. Marvel proposed that the parties could resolve this issue by stipulating that all Defendants' original responses were based on personal knowledge.

During the meet and confer, Defendants agreed to stipulate that the following original responses to Marvel's First Interrogatories were based on personal knowledge: Erik Colan Nos. 4, 6; Nanci Solo Nos. 4, 6; Lieber No. 4; Dettwiler No. 6. Defendants' amended responses to Marvel's First Interrogatories not listed here would stand as amended because they accurately reflect the knowledge of Defendants, their counsel, and reliable information available to them.

**TOBEROFF & ASSOCIATES, P.C.**

July 29, 2022
Allen Burton
Page: 2

      Please confirm that Defendants' proposed stipulation moots Marvel's objections to Defendants' verifications.

### *Kirby* Production

      We are still reviewing our records to determine whether we have *Kirby* documents which have not been produced by Marvel and intend to make a production of such documents, if any, soon.

### David Currie

      The matter concerning the documents possessed by David Currie is a plain example of Marvel's attempt to unilaterally impose a burden on Defendants while simultaneously dodging any responsibility to make comparable efforts.

      Marvel asserted that Defendants have the practical ability to obtain documents which belong to Currie, despite Currie's status as a third party unrelated to any Defendant and one who is outside Defendants' control. Defendants explained that they have reached out to Currie in a good faith effort to obtain all available documents but had not obtained any from him yet, and could not guarantee his cooperation.

      During the meet and confer, we noted, and you (Allen) did not dispute, that Marvel has an equal "practical ability" to obtain documents in Currie's possession. We reminded you that documents in Currie's possession would be responsive to Defendants' RFPs to Marvel (*see e.g.*, Ditko RFP No. 23) and asked whether Marvel had contacted Currie to obtain any documents. You stated that Marvel had not attempted to reach out to Currie. Marvel apparently had no intention to do so given that Marvel claims its production of documents will be substantially complete by the end of July. *See* July 15, 2022 M. Lens Letter at 1 n.1.

      We then asked why Marvel had not contacted Currie either informally or by subpoena. You responded that Marvel had not done so because it did not have any contact information for him. While we are skeptical that a corporation with Marvel's resources and your sophisticated law firm could not figure out how possibly to obtain some basic contact information, we nonetheless pointed out that Mark Ditko's production of documents included emails from Currie which clearly identified Currie's email address and thus, noted that Marvel has had Currie's contact information for months. *See e.g.*, M.DITKO-0003. When confronted with this, you dodged the issue, stating that the "real problem" was Defendants' efforts, not Marvel's.

      What became clear from this exchange is that—while eager to pressure Defendants to gather documents, even those outside their possession, custody, or control—Marvel is uninterested in making *any* effort itself.

**TOBEROFF & ASSOCIATES, P.C.**

July 29, 2022
Allen Burton
Page: 3

### Marvel's Second Set of Interrogatories

    The parties discussed Defendants' responses to Marvel's Second Set of Interrogatories and, in short, we agreed that Defendants would amend their responses in a good faith effort to provide further elaboration and clarification regarding the matters raised in Marvel's July 15, 2022 letter. We hope to serve amended responses to these interrogatories on or before August 12, 2022.

\*   \*   \*

    Nothing in this letter should be construed as a waiver or limitation of any of Defendants' rights or remedies, all of which are reserved.

Very truly yours,

Jaymie Parkkinen