# Exhibit 36

# TOBEROFF & ASSOCIATES, P.C.

A PROFESSIONAL CORPORATION

23823 MALIBU ROAD, SUITE 50-363
MALIBU, CALIFORNIA 90265

Tel: (310) 246-3333 / Fax: (310) 246-3101
jparkkinen@toberoffandassociates.com

August 8, 2022

<u>Via Email</u>

Allen Burton
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036

**RE:** *Marvel Characters, Inc. v. Lieber*, No. 1:21-cv-07955-LAK; *Marvel Characters, Inc. v. Ditko*, No. 1:21-cv-07957-LAK; *Marvel Characters, Inc. v. Dettwiler*, No. 1:21-cv-07959-LAK; *Marvel Characters, Inc. v. Solo*, No. 1:21-cv-5316-DG-TAM; and *Marvel Characters, Inc. v. Rico*, No. 2:21-cv-07624-DMG-KES

Dear Allen:

We write to follow up on the parties' July 27, 2022 meet-and-confer discussion and Marvel's August 3 response letter.

## Defendants' Interrogatory Responses

Defendants are working to provide second amended responses to Marvel's First Set of Interrogatories. Defendants' responses will be based on Defendants' personal knowledge, the knowledge of Defendants' agents within their control, and reliable information within their possession, custody, or control after a reasonable inquiry for the information requested. We trust this will moot Marvel's objections on the matter.

Further, Defendants are working to provide amended responses to Marvel's Second Set of Interrogatories. Per the parties' meet-and-confer discussions, Defendants' responses will provide further clarification and elaboration in response to Marvel's follow up questions, though we note that many of Marvel's follow up questions were not within the ambit of Marvel's Interrogatories themselves. For example, as follow up to Defendants' Interrogatory Response No. 4 which asked about Defendants' searches for documents responsive to Marvel's Requests for Production ("RFPs"), Marvel asked what Defendants' counsel did to search for documents, notwithstanding that Marvel's definition of "You/Your" applicable to that interrogatory did not include Defendants' counsel. *See* Marvel's Second Set of Interrogatories, Definition No. 12 ("You" or "Your"[] mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries, or affiliates."). Nonetheless, Defendants are amending their responses in a good faith effort to provide Marvel with answers to its questions.

**TOBEROFF & ASSOCIATES, P.C.**

August 8, 2022
Allen Burton
Page: 2

As previously stated, Defendants hope to serve these amended responses on or before August 12, 2022.

### Defendants' Production

Your letter contains many blatant inaccuracies concerning the parties' July 27 meet-and-confer discussion. Indeed, your letter is, itself, internally contradictory. For example, *compare* A. Burton Aug. 3, 2022 Letter at 2 ("[Y]ou confirmed during Wednesday's discussion that Defendants have not yet even attempted to determine whether third parties within their control—such as . . . book authors/interviewers—have responsive documents.") *with id.* at 4 ("[Y]ou stated that you reached out to Mr. Currie [a book author/interviewer] by email early last week.")[1]. To correct Marvel's obvious misstatement and for the avoidance of doubt, Defendants have contacted numerous third parties within their control (and even many outside their control) in an effort to obtain documents relevant to these cases. We request, once again, that Marvel more closely review and fact-check its letters so as not to invent false or non-existent discovery disputes or mislead the Court. *See* J. Parkkinen July 22, 2022 Letter at 1-2 (outlining a series of demonstrable misstatements included in Marvel's July 15, 2022 Letter and requesting that Marvel take greater care in preparing its letters to Defendants).

Your letter also provided no justification for Marvel's failure to reach out or attempt in any way to contact Currie to obtain documents responsive to Defendants' RFPs. Marvel's languid approach to discovery, particularly in light of Judge Kaplan's July 27, 2022 Order, is unacceptable.

Further, we note that the parties are currently discussing a potential document production stipulation in separate correspondence and, to avoid redundancies, kindly refer you to that exchange for details regarding the parties' productions and Marvel's production efforts.

\*   \*   \*

Nothing in this letter should be construed as a waiver or limitation of any of Defendants' rights or remedies, all of which are reserved.

Very truly yours,

Jaymie Parkkinen

---

[1] We disagree that Currie, a third party unrelated to any Defendant or Creator, is a party within Defendants' "control."