# Exhibit 40

## TOBEROFF
### & ASSOCIATES, PC

---

## Re: Marvel
28 messages

---

**Marc Toberoff** <mtoberoff@toberoffandassociates.com>                    Mon, Jan 10, 2022 at 3:34 PM
To: "Lens, Molly M." <mlens@omm.com>
Cc: Breck Kadaba <bkadaba@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Mike Siravo <msiravo@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

Molly:

Will review.

Marc Toberoff
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101
toberoffandassociates.com

_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

On Mon, Jan 10, 2022 at 2:28 PM Lens, Molly M. <mlens@omm.com> wrote:

Hi Marc – Circling back on this, please let us know your thoughts on the attached.  I'm around this week if you'd like to discuss.

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

_____

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Marc Toberoff <mtoberoff@toberoffandassociates.com>
**Sent:** Friday, December 17, 2021 2:01 PM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Breck Kadaba <bkadaba@toberoffandassociates.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Burton, Allen <aburton@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>; Mike Siravo <msiravo@toberoffandassociates.com>
**Subject:** Re: Marvel

[EXTERNAL MESSAGE]

Molly:

Per our telephone conversation today, perhaps the best thing is to circulate a Stip for review.

Thanks

Marc Toberoff
Toberoff & Associates, P.C.

23823 Malibu Road, Suite 50-363

Malibu, California 90265

Tel: 310.246.3333

Fax: 310.246.3101

toberoffandassociates.com

_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

On Fri, Dec 17, 2021 at 11:43 AM Lens, Molly M. <mlens@omm.com> wrote:

Hi Marc –

Your inquiry is timely, as I was planning on reaching out to you today about this.  We remain amenable to consolidating the four New York actions before Judge Kaplan and  itigating the *Rico* case in the Central District of California (assuming jurisdiction and venue are proper there, as appears to be the case).  We're concerned, however, that your proposal could be interpreted to restrict what we're able to say to the court, which would not be feasible or tenable (from a variety of perspectives).  But this seems like something that we should be able to work out with the language of the stipulation, and we agree that we should conclude those discussions well in advance of the upcoming Rule 16 hearings.  If you'd like to discuss further before you leave for vacation, please let me know.

Thanks,

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

────────────────────

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Marc Toberoff <mtoberoff@toberoffandassociates.com>
**Sent:** Friday, December 17, 2021 10:33 AM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Breck Kadaba <bkadaba@toberoffandassociates.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Burton, Allen <aburton@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>; Mike Siravo <msiravo@toberoffandassociates.com>
**Subject:** Fwd: Marvel

[EXTERNAL MESSAGE]

Hi Molly:

You have not responded to my email of December 8 regarding consolidation.

In the "holiday spirit" that pervades our recent dealings, I would like to have this squared away before any conferences with these Courts.

Marc Toberoff

---------- Forwarded message ---------
From: **Marc Toberoff** <mtoberoff@toberoffandassociates.com>
Date: Wed, Dec 8, 2021 at 12:31 PM
Subject: Re: Marvel
To: Lens, Molly M. <mlens@omm.com>
Cc: Mike Siravo <msiravo@toberoffandassociates.com>, Breck Kadaba <bkadaba@toberoffandassociates.com>,

Petrocelli, Daniel M. <dpetrocelli@omm.com>, Burton, Allen <aaburton@omm.com>, Turner, Kendall <kendallturner@omm.com>, Feuer, Danielle <dfeuer@omm.com>

Molly:

As discussed, back in November, we would agree to consolidate the four NY cases (Ditko, Heck, Lieber & Dettwiller) based on a stipulation by the parties agreeing to try the Rico case in CD Cal. because the Rico heirs are both domiciled in California.

While I believe that this was the intent of your Nov. 10 email stating Marvel "would not move to consolidate" the Rico case, as mentioned, our stipulation needs to be a bit more secure, namely that the parties affirmatively agree to try the Rico case in CD Cal,

and will not move to consolidate the Rico case, nor otherwise, lobby or suggest for the Court(s) to transfer and/or consolidate the case.

If this is acceptable we can proceed with drafting a simple stip. Please get back to me.

FYI, I will be leaving on December 18 for a ski holiday with my family and be back in the office Monday, January 3, 2022.

Our firm offices will also be closed from Christmas Eve Dec. 24 until January 2, 2022.

Regards,

Marc Toberoff
Toberoff & Associates, P.C.

23823 Malibu Road, Suite 50-363

Malibu, California 90265

Tel: 310.246.3333

Fax: 310.246.3101

toberoffandassociates.com

_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

On Wed, Nov 10, 2021 at 11:52 AM Lens, Molly M. <mlens@omm.com> wrote:

> Hi Marc –

We agree to your compromise proposal, i.e., stipulating to consolidate the four New York cases on the condition that we do not also move to consolidate the *Rico* case with the New York cases. As a first step, we will send you a proposed letter to Judge Gujarati for your review, stipulating to a transfer of the *Solo* case to Judge Kaplan and attaching a proposed order granting the same.

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

_____

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Marc Toberoff <mtoberoff@toberoffandassociates.com>
**Sent:** Monday, November 8, 2021 11:20 AM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Mike Siravo <msiravo@toberoffandassociates.com>; Breck Kadaba <bkadaba@toberoffandassociates.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Burton, Allen <aburton@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>
**Subject:** Re: Marvel

[EXTERNAL MESSAGE]

Hi Molly:

I would be willing to stipulate to consolidate the four New York cases *provided* you are willing to stipulate *not* to consolidate the Rico case in the Central District with the four New York cases.

Best,

Marc Toberoff
Toberoff & Associates, P.C.

23823 Malibu Road, Suite 50-363

Malibu, California 90265

Tel: 310.246.3333

Fax: 310.246.3101

toberoffandassociates.com

_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

On Mon, Nov 8, 2021 at 8:12 AM Lens, Molly M. <mlens@omm.com> wrote:

Hi Marc –

Following up on Dan's September 27 email, and the parties' Rule 26(f) discussions, please let us know whether you're willing to stipulate to the consolidation of the four New York cases.  (You previously indicated that you're not willing to stipulate to consolidate the CD Cal. case but let us know if that's changed).  We'd like to have this resolved in advance of Wednesday's conference before Judge Kaplan.

Thanks,

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

_____

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**Lens, Molly M.** <mlens@omm.com>                                   Mon, Jan 17, 2022 at 5:05 AM
To: Marc Toberoff <mtoberoff@toberoffandassociates.com>
Cc: Breck Kadaba <bkadaba@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen"
<aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Mike Siravo
<msiravo@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>


Hi Marc –


Recognizing that it's Sunday, but in in light of the holiday tomorrow, I wanted to follow up on the below.  Our understanding
is that the parties need to subject the attached case management worksheet to the E.D.N.Y. on Wednesday, January 19
so we'd ideally like to file the stipulations before then so as to obviate the need to file the worksheet (and the associated
meet-and-confer efforts).

[Quoted text hidden]

 **2021.12.08 (000020.00) Scheduling Order.pdf**
339K

---

**Marc Toberoff** <mtoberoff@toberoffandassociates.com>                 Mon, Jan 17, 2022 at 12:55 PM
To: "Lens, Molly M." <mlens@omm.com>
Cc: Breck Kadaba <bkadaba@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen"
<aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Mike Siravo
<msiravo@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

In Mammoth for the long weekend. Can address on Tuesday when back in office.

Sent from my iPhone
[Quoted text hidden]



 **2021.12.08 (000020.00) Scheduling Order.pdf**
339K

---

**Marc Toberoff** <mtoberoff@toberoffandassociates.com>                 Tue, Jan 18, 2022 at 11:09 AM
To: "Lens, Molly M." <mlens@omm.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
Cc: Breck Kadaba <bkadaba@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen"
<aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>

Molly:

Attached please find my redlined revisions to the Stip.

(Please add jparkkinen@toberoffandassociates.com to the cc list on correspondence.)

Thanks.
[Quoted text hidden]
[Quoted text hidden]

📄 **Marvel_-_Lieber_-_Stip_re_Consolidation.mt redline.DOCX**
44K

---

**Lens, Molly M.** <mlens@omm.com>                                   Thu, Jan 20, 2022 at 3:28 PM
To: Marc Toberoff <mtoberoff@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

Cc: Breck Kadaba <bkadaba@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>

Hi Marc –

We will agree to your proposed edits to the stipulation but note that our agreement as to the edits to the footnote in particular are based on your representations as to the domiciles of the Rico heirs.  Otherwise, I'm also re-attaching here the previously circulated proposed letter and [proposed] order to the EDNY, which we've updated to reflect some of the edits that you requested on the stipulation and to reflect that the stipulation will already be on file.  We'd like to file these three documents tomorrow in hope that the January 26 Rule 16 conference comes off calendar or, at a minimum, so that the Court has the benefit of these filings at the conference.

Thank you.

[Quoted text hidden]

**2 attachments**

 **OMM_US-#80322988-v3-Letter_to_EDNY_re_transfer.DOCX**
67K

 **OMM_US-#80323566-v2-Marvel_-_Proposed_Order_re_Transfer_EDNY_to_SDNY.DOCX**
37K

---

**Turner, Kendall** <kendallturner@omm.com>                                      Fri, Jan 21, 2022 at 4:09 PM
To: "Lens, Molly M." <mlens@omm.com>, Marc Toberoff <mtoberoff@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
Cc: Breck Kadaba <bkadaba@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>

Hi Marc,

I am recirculating the documents Molly sent yesterday, along with the final stipulations.  Please let us know if you are signed off on these documents.  If so, please also let us know if we have your permission to add your e-signature to the papers.  Once we have your okay, we will submit everything for filing.  Depending on timing, we may wind up filing first thing Monday morning, but that should still give the court time to review before the January 26 conference.

Thanks,

Kendall

[Quoted text hidden]

**6 attachments**

 **OMM_US-#80322988-v3-Letter_to_EDNY_re_transfer.DOCX**
67K

 **OMM_US-#80323566-v2-Marvel_-_Proposed_Order_re_Transfer_EDNY_to_SDNY.DOCX**
37K

 **OMM_US-#80436216-v1-Marvel__Stipulation_-_Dettwiler.DOCX**
44K

 **OMM_US-#80436217-v1-Marvel__Stipulation_-_Colan.DOCX**
45K

📄 **OMM_US-#80436214-v1-Marvel__Stipulation_-_Lieber.DOCX**
45K

📄 **OMM_US-#80436215-v1-Marvel__Stipulation_-_Ditko.DOCX**
44K

---

**Marc Toberoff** <mtoberoff@toberoffandassociates.com>                    Mon, Jan 24, 2022 at 10:41 AM
To: "Turner, Kendall" <kendallturner@omm.com>
Cc: "Lens, Molly M." <mlens@omm.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>, Breck Kadaba
<bkadaba@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen"
<aburton@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>

Kendall:

Please see my small revisions to the letter to the EDNY.

Regarding the stipulation, I just need to speak to Molly regarding our agreement to litigate the *Rico* case in CD Cal. before
OKing the filing of the stipulations.

Molly: please call me at my office where I'll be all day today

Thanks

Marc Toberoff
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101
toberoffandassociates.com

_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential
and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this
information. If you have received this transmission in error, please notify the sender immediately by reply email and then
delete this message.

[Quoted text hidden]

---

**Lens, Molly M.** <mlens@omm.com>                                        Mon, Jan 24, 2022 at 10:48 AM
To: Marc Toberoff <mtoberoff@toberoffandassociates.com>, "Turner, Kendall" <kendallturner@omm.com>
Cc: Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>, Breck Kadaba <bkadaba@toberoffandassociates.com>,
"Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Feuer, Danielle"
<dfeuer@omm.com>

Marc – I think you forgot the attachment.  Also, I returned your call a few minutes ago and left you a voicemail.

[Quoted text hidden]

---

**Lens, Molly M.** <mlens@omm.com>                                        Tue, Jan 25, 2022 at 11:19 AM
To: Marc Toberoff <mtoberoff@toberoffandassociates.com>, "Turner, Kendall" <kendallturner@omm.com>
Cc: Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>, Breck Kadaba <bkadaba@toberoffandassociates.com>,
"Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Feuer, Danielle"
<dfeuer@omm.com>

Marc –

I've spoken with Dan and the client about your request that we provide you with additional "comfort" about the parties'
agreement to litigate the *Rico* case in the Central District of California.  As we've said throughout this process, we're not
willing to enter into any agreement that prevents us from being responsive to and candid with the Court.  For example,
were the Court to inquire about consolidation, we have to be able to respond.  That said, we can confirm that we are

agreeing to litigate the case in the Central District and not to move for transfer and/or consolidation or for an MDL.  You said yesterday that you did not think jurisdiction is even proper in New York so, frankly, we're not sure what your concern is here.  Please let us know today whether we're moving forward with the stipulation (as you revised it), given tomorrow's Rule 16 conference.

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Marc Toberoff <mtoberoff@toberoffandassociates.com>
**Sent:** Monday, January 24, 2022 10:41 AM
**To:** Turner, Kendall <kendallturner@omm.com>

[Quoted text hidden]

[Quoted text hidden]

---

**Marc Toberoff** <mtoberoff@toberoffandassociates.com>                Tue, Jan 25, 2022 at 11:34 AM
To: "Lens, Molly M." <mlens@omm.com>
Cc: "Turner, Kendall" <kendallturner@omm.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>, Breck Kadaba <bkadaba@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>

Molly:

In addition, to what you have written I will need your agreement that plaintiff *will **not** take the initiative* in suggesting, intimating or lobbying the Court in the *Rico* case to *sua sponte* consolidate or move the case to the SDNY. Our agreement to consolidate the four cases in NY is based on your agreement to litigate the Rico case in CD Cal.

This is not a question of being truthful with the Court, which is a given.

Marc Toberoff
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101
toberoffandassociates.com

⎯⎯⎯⎯⎯⎯⎯⎯

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

[Quoted text hidden]

---

**Lens, Molly M.** <mlens@omm.com>                                                                 Thu, Feb 10, 2022 at 3:12 PM
To: Marc Toberoff <mtoberoff@toberoffandassociates.com>
Cc: Breck Kadaba <bkadaba@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Mike Siravo <msiravo@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>


Marc –


We are in receipt of the various defendants' first and, in some circumstances second, sets of RFPs.  Regardless of whether some or all of the cases are consolidated, we'd like to advance the parties' preliminary discussions about coordinating discovery across the actions.  To start, as to documents, we propose as follows:


- **Streamlined Requests**.  We would like to meet and confer with you about a means of streamlining the five defendants' requests on Marvel.  For example, the requests served by the defendants to date appear to be largely duplicative but not entirely so.  Moreover, even as to requests which arguably are substantively duplicative, there are certain wording difference among the requests, which raises questions whether defendants believe the scope of the requests are different and increases Marvel's burden to respond.  We are similarly open to a process of streamlining Marvel's requests on the various defendants, so as to reduce the burden on your end.


- **Streamlined productions**.  The parties should only produce one set of documents in response to overlapping requests in multiple cases.  For example, Marvel intends to produce documents with one bates range, rather than produce the same documents multiple times with different bates numbers for the various actions (such that, effectively, the same documents will be produced in all five actions).  Marvel similarly does not object to the defendants—collectively—producing documents once for use in each applicable case, provided, however, that defendants provide custodial information identifying the custodian for each document.


- **Modification of *Kirby* Protective Order**.  Based on the parties' respective Rule 26(a) disclosures, we understand that both sides believe that the document productions from *Kirby*, and potentially other prior matters, are relevant to the pending cases.  The protective order in *Kirby*, however, prevents the use of those documents, save certain limited exceptions.  Accordingly, we propose that the parties jointly request that the protective order in *Kirby* be modified so as to permit the use of the document productions from *Kirby* in these cases.  In advance of filing such motion, the parties would jointly reach out to the producing third parties to seek their consent.  Please let us know if you agree with approach and, if so, we can send you drafts of the joint motion and joint letter for your review.


Please let us know when you are available to discuss.  Of course, we are open to discussing any ideas that you may have as well.

[Quoted text hidden]

---

**Marc Toberoff** <mtoberoff@toberoffandassociates.com>                                 Thu, Feb 10, 2022 at 4:09 PM
To: Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

See below and lets discuss
[Quoted text hidden]

---

**Marc Toberoff** <mtoberoff@toberoffandassociates.com>                                 Fri, Feb 18, 2022 at 2:26 PM

To: "Lens, Molly M." <mlens@omm.com>
Cc: Breck Kadaba <bkadaba@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Mike Siravo <msiravo@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

Hi Molly:

We are certainly open to easing any burden on the parties where possible, but we do not believe that one bulk production per law firm furthers that goal.

**RFPs and Production.** First, while there is some overlap, it is incorrect to say as you do that each defendant's requests for production ("RFPs") are "largely duplicative." The RFPs speak for themselves, and demonstrate that, for example, even though the three SDNY cases remain separate, we specifically did not repeat redundant questions (e.g., RFPs pertaining to Marvel's corporate structure in the 1960s). On the contrary, each defendant's RFPs were deliberately tailored to the particular creator and his works at issue. As such, your proposal of a single, agglomerated Marvel production across five distinct cases would actually serve to <u>burden</u> the parties. Each defendant would be forced to sift through numerous documents that bear no relation to his/her particular matter in an effort to determine which documents, if any, are responsive to his/her RFPs. Each defendant served particularized requests and each is entitled to a particularized responsive production.

It is imperative that Marvel appreciates that each of the five cases, though regarding terminations under the Copyright Act, is unique. While there may be a temptation to lump all of the creators together, each case involves different facts, including but not limited to, distinctive works, varying publishing entities, differing professional histories and relationships, and individual and particular circumstances under which each creator sold his works.

Similarly, Marvel's proposal of reciprocity whereby each defendant specifies custodial information *for* each document he/she produces, while Marvel makes a one-size-fits-all production regardless of the significant differences between each defendant's case and RFPs does nothing to actually streamline each defendant's production of documents. If each defendant took Marvel up on its request to agglomerate requests and production, the reality is that this would increase, while doing nothing to alleviate, each defendant's burden.

Again, we are amenable to easing unnecessary litigation burdens whenever possible, but one agglomerated production per law firm does not further that end.

**Protective Orders in Prior Marvel Cases.** Regarding Marvel's request to modify the *Kirby* protective order (provided the Kirbys agree), we are willing to join in such an effort on the condition that Marvel (its parent and affiliated entities as applicable) similarly agree to move to modify any analogous protective orders in other Marvel cases which are also potential sources of information relevant to this case (e.g., *Gerber v. Cadence Industries Corp., et al.*, Case No. CV 80 3840 Kn (Gx) (C.D. Cal. 1980); *Marvel Characters Inc. v. Simon*, Case No. 00 Civ. 1393 (RCC) (S.D.N.Y. 2002)).

Best,

Marc

Marc Toberoff
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363

Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101
toberoffandassociates.com

[Quoted text hidden]

---

**Lens, Molly M.** <mlens@omm.com>                                Wed, Mar 2, 2022 at 10:37 AM
To: Marc Toberoff <mtoberoff@toberoffandassociates.com>
Cc: Breck Kadaba <bkadaba@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Mike Siravo <msiravo@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

Marc –


Given the parties' lack of agreement on the *Colan* action, we intend to move to consolidate for all purposes the three already-related action actions (*Lieber*, *Ditko*, and *Dettwiler*) before Judge Kaplan.  Based on our prior conversations, we understand that you do not oppose this request but ask that you confirm so that we can correctly advise Judge Kaplan of your clients' position.  Because we'd like to move early next week, we'd appreciate your response this week.


Thanks,

[Quoted text hidden]

---

**Marc Toberoff** <mtoberoff@toberoffandassociates.com>                    Wed, Mar 2, 2022 at 2:09 PM
To: "Lens, Molly M." <mlens@omm.com>
Cc: Breck Kadaba <bkadaba@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Mike Siravo <msiravo@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

Hi Molly:

The cases between Marvel and the creators who sold their works to Marvel are unique and highly fact-intensive. As such, Defendants and Counter-claimants Lieber, Ditko, and Dettwiler would agree to the consolidation of their cases before Judge Kaplan provided that (1) each (Lieber, Ditko, and Dettwiler) continue to be separately entitled to full discovery under the Rules (e.g., the limitations in the Federal and/or Local Rules apply to them separately not as a group), and (2) as previously discussed, Marvel produces documents particularized to Lieber, Ditko, and Dettwiler's requests for production, rather than one non-descript agglomerated production.

As stated, we are open to easing the burdens of litigation on all concerned so long as such measures do not prejudice our clients' rights.

Regards,

Marc Toberoff

[Quoted text hidden]

---

**Lens, Molly M.** <mlens@omm.com>                                Wed, Mar 2, 2022 at 2:24 PM
To: Marc Toberoff <mtoberoff@toberoffandassociates.com>
Cc: Breck Kadaba <bkadaba@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Mike Siravo

<msiravo@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

Marc –

Following up on my calls, please let us know if you still represent the Kirbys and, if so, whether they will consent to the use of the documents that they produced in the *Kirby* litigation in this case.  Please also let us know which parties' productions in *Gerber* and *Simon* you believe may contain responsive information and why (and to which of the pending cases).  Finally, please also let us know if there are any other prior cases that you believe fall into this same category.

I won't address the issue of Marvel's document productions in response to the pending RFPs in this email, as you've now raised that in a separate email.

Thanks,

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

_____

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Marc Toberoff <mtoberoff@toberoffandassociates.com>
**Sent:** Friday, February 18, 2022 2:27 PM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Breck Kadaba <bkadaba@toberoffandassociates.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Burton, Allen <aburton@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>; Mike Siravo <msiravo@toberoffandassociates.com>; Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Subject:** Re: Marvel

[EXTERNAL MESSAGE]

Hi Molly:

[Quoted text hidden]
[Quoted text hidden]

**Marc Toberoff** <mtoberoff@toberoffandassociates.com>                    Thu, Mar 3, 2022 at 6:24 PM
To: "Lens, Molly M." <mlens@omm.com>
Cc: "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Mike Siravo <msiravo@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

Molly:

Yes, I still represent the Kirbys.

**I.**  These are the Marvel cases **with known protective orders in place** that may have relevant information for, without limitation, the following reasons:

1) *Gary Friedrich Enters., LLC v. Marvel Enters.*, Case No. 08-cv-01533 (S.D.N.Y. 2008) - This case dealt with the work-for-hire doctrine as applied to the 1971 creation of *Ghost Rider*. There were issues relating to Lee's alleged editorial control and creative contributions, Marvel's payments to Friedrich including their check legend, and the role of "the Marvel Method." Initial disclosures, any depositions, and discovery therein are potentially relevant to the work-for-hire question in our cases.

2) *Marvel Characters Inc. v. Simon*, Case No. 00 Civ. 1393 (RCC) (S.D.N.Y. 2002) – Case dealt with whether Captain America was work-for-hire. Depositions and discovery are potentially relevant to the work-for-hire question in our cases.

3) *Lee v. Marvel Enterprises et al.*, Case No. 02-CV-08945 RWS (S.D.N.Y. 2002) This case involved Stan Lee's assignment to Marvel of all rights in his alleged characters in exchange for a 10% participation in Marvel films and TV shows.  Initial disclosures and any depositions and discovery therein are potentially relevant to the work-for-hire question in our cases.

4) *Stan Lee Media, Inc. v. Walt Disney Co.*, Case No. 12-cv-02663-WJM-KMT (D. Colo. 2013) - Stan Lee Media claimed ownership in some Marvel characters (including Spider-Man and Iron Man) which it purported to have obtained through a contract with Stan Lee who allegedly claimed some ownership in the characters.  Initial disclosures, depositions and discovery therein relating to Stan Lee are potentially relevant to the work-for-hire question in our cases.

Accordingly, we propose that in addition with respect to the Kirby case, the parties jointly request that the protective order in these above cases be modified so as to permit the use of the document productions and deposition testimony in the present cases.

**II.**  We could not find protective orders in the following cases which may have relevant discovery, but there may be. We, therefore, ask that you ask your Marvel if there are protective orders in these cases and let us know.

1) *Buckler v. Marvel Entm't Grp., Inc.*, 91 Civ. 2167 (LLS) (S.D.N.Y. 1992) – Case dealt with Richard Buckler's 1973 creation of the *Deathlok* are is potentially relevant to the work-for-hire question in our cases. Buckler agreed to publish the character through Marvel. A dispute arose between Buckler and Marvel regarding his rights in the character and whether Marvel had the right to register the copyright.

2) *Gerber v. Cadence Industries Corp.*, Case No. 80-3840 (C.D. Cal. 1982) – Case involved the 1975 creation and rights to *Howard the Duck*. Discovery and depositions therein are potentially relevant to the work-for-hire question in our cases. Depositions of Gary Greenfield, Stan Lee, Roy Thomas, and Marv Wolfman appear to have been taken.

Thank you.

Regards,

Marc Toberoff

[Quoted text hidden]

**Lens, Molly M.** <mlens@omm.com>                                        Mon, Mar 7, 2022 at 3:11 PM
To: Marc Toberoff <mtoberoff@toberoffandassociates.com>
Cc: "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Mike Siravo <msiravo@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

Marc –

We write to continue the parties' meet-and-confer discussions on a number of items.

First, thank you for confirming that you still represent the Kirbys.  Can you please confirm that they will agree to waive any protections under the Protective Order in the *Kirby* case?  Relatedly, we ask you to confirm that you'll be producing the entirety of their document productions and testimony from the *Kirby* case in response to Marvel's requests for production. Marvel will agree to do the same for the documents and testimony that it provided in Kirby in its possession, custody, or control.  With the Kirbys' and Marvel's agreements, the Protective Order would just then need to be modified for third-party productions and testimony.

Second, as to the other prior cases, Marvel is open to continuing to meet and confer about whether prior litigations are likely to be repositories of relevant information to this lawsuit.  We'd like to do so on a case-by-case specific discussion, however, given the burden associated with needing to formally petition the courts for relief.  For example, despite your descriptions below, the relevance of many of these cases below is not apparent to us.  In addition, even if a case may contain *some* relevant information, the parties should meet and confer about the scope of such information and assess what case-specific and document-specific information may exist.  For example, it may be that a case only contains limited relevant information that may not even necessitate the modification of any protective order.  And, of course, the parties will need weigh the relevance of that information against the associated burden.  Again, to be clear, we're happy to continue to meet and confer but want to make sure the parties are proceeding thoughtfully and not using a sledgehammer when a scalpel would not only suffice but be preferable.  Finally, it's important that this process not to continue to delay the parties' access to the *Kirby*-related information, where the parties are in agreement that the case contains relevant information.

Third, in response to your arguments about the purported differences among the cases, we disagree with your sweepings statements, which are inaccurate and ignore the significant and extensive legal and factual overlap among the five pending cases.  But we don't need to litigate this issue via email.  Marvel is willing to compromise and, while it will produce one set of bates-stamped documents to be used across all five cases, Marvel will take reasonable steps to provide you with case-specific information when the underlying documents enable us to do so without a significant burden.  To be clear, we will not agree to allow you to shift the burden to us of organizing the documents for you according to your preferences or limit our ability to use the documents that we want across the cases.  But we will agree to provide certain case-specific information.  For example, we will take reasonable steps to produce the copyright registrations and comics themselves with such defendant-specific information.  But, as an example on the other side of the spectrum, we are not going to commit to re-reviewing Marvel's prior productions from Kirby to try to organize those already-collected and produced documents for you.

Fourth, in your last email about consolidation, you indicated that "Lieber, Ditko, and Dettwiler would agree to the consolidation of their cases before Judge Kaplan provided that (1) each  (Lieber, Ditko, and Dettwiler) continue to be separately entitled to full discovery under the Rules (e.g., the limitations in the Federal and/or Local Rules apply to them separately not as a group), and (2) as previously discussed, Marvel produces documents particularized to Lieber, Ditko, and Dettwiler's requests for production, rather than one non-descript agglomerated production."  As to your first condition, Marvel will agree to stipulate that each side can serve 25 interrogatories in each of the three current SDNY cases even post consolidation without leave of court, provided that the parties reserve their rights to seek limitations on any discovery, as appropriate, from the Court.  We don't think any similar stipulation is necessary as to depositions, especially since we'd like to stipulate that any depositions taken in any of the five-pending cases can be used across all five cases (i.e. witnesses will only be deposed once).  We're not aware of any other rule-based limits that may be impacted by consolidation but let us know if you have others in mind.  As to your second condition, Marvel confirms that it will take the approach described in the immediately preceding paragraph in the three SDNY cases.

Fifth, Marvel's responses to the Rico's First Set of RFPs are due on Thursday, March 10.  However, Marvel's responses to the Rico's Second Set of RFPs and the balance of the defendants' First and, as applicable, Second Sets of RFPs are not due until Monday, March 14.  Marvel requests that defendants confirm their agreement to a consolidated March 17 deadline for all responses, which, inter alia, will give Marvel some needed additional time to create accompanying case-

specific information for Marvel's first production of documents. With a March 17 deadline, Marvel will still provide its responses before defendants' responses are due to Marvel on March 21.

All rights reserved.

[Quoted text hidden]

---

**Lens, Molly M.** <mlens@omm.com>                                        Tue, Mar 8, 2022 at 9:51 AM
To: Marc Toberoff <mtoberoff@toberoffandassociates.com>
Cc: "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Mike Siravo <msiravo@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

Please see the attached.

[Quoted text hidden]

 **March 8 Letter.pdf**
1010K

---

**Marc Toberoff** <mtoberoff@toberoffandassociates.com>                    Tue, Mar 8, 2022 at 5:27 PM
To: "Lens, Molly M." <mlens@omm.com>
Cc: "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Mike Siravo <msiravo@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

Molly:

We are happy to continue the meet and confer process regarding the modifications of the protective orders of prior potentially relevant cases, including the *Kirby* case. As to your "first" and "second" paragraphs, we naturally seek reciprocity and a global approach to the protective orders in *Simon*, *Gary Friedrich*, *Lee v. Marvel*, *Stan Lee Media*, in addition to *Kirby*, and to deal with these issues at the same time. We also reiterate our request to let us know if there were any protective orders in *Buckler* and/or *Gerber*, as we found none on their dockets. You had asked that we provide information about these other relevant cases, which we did. Your email notwithstanding, Marvel must see the relevance in at least some of the above-mentioned cases; for instance, Marvel's RFPs to each of the Defendants requested record evidence and communications from the *Simon* case, which is one of the relevant cases under a protective order.

As to your "third" paragraph, Marvel must produce responses and documents in accordance and in full compliance with the Federal and Local Rules. Defendants each propounded requests specifically tailored to their case and as stated, each Defendant is entitled to individualized responses and production. Defendants will not accept any attempt by Marvel to shortcut its discovery obligations in each case, by serving an agglomerated production or otherwise.

As to your "fourth" paragraph, thank you for agreeing to honor each of the SDNY Defendant's individual discovery rights notwithstanding a potential consolidation of the cases. As for your suggestion that we stipulate to use depositions across all actions, we will need to give that some more consideration and circle back.

As to your "fifth" paragraph, we are agreeable to extend Marvel's time to respond and produce documents from March 9 for *Rico* RFP Set One (by our calculation, not March 10) and March 14 for all other RFPs to March 17, provided Marvel agrees to produce all responsive documents by March 24, and affords Defendants a similar one-week extension such that each of their responses would be due on March 28 (instead of March 21). Please confirm Marvel's agreement to this.

All rights reserved.

Thank you.

Marc Toberoff
[Quoted text hidden]

---

**Lens, Molly M.** <mlens@omm.com>                                        Thu, Mar 10, 2022 at 10:23 AM

To: Marc Toberoff <mtoberoff@toberoffandassociates.com>
Cc: "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Mike Siravo <msiravo@toberoffandassociates.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

Marc –

We are frustrated by your transactional approach to these cases, whereby you consistently respond to our suggestions and/or requests with conditions and demands.  We've done our best to try to work together on these issues but some of your endless demands are making it not only increasingly difficult to do so but are preventing us from advancing these cases forward.  To this end, please see our responses to your email below interlineated in red.

We look forward to hearing from you.  All rights reserved.

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

_____

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Marc Toberoff <mtoberoff@toberoffandassociates.com>
**Sent:** Tuesday, March 8, 2022 5:28 PM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Petrocelli, Daniel M. <dpetrocelli@omm.com>; Burton, Allen <aburton@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>; Mike Siravo <msiravo@toberoffandassociates.com>; Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Subject:** Re: Marvel

[EXTERNAL MESSAGE]

Molly:

We are happy to continue the meet and confer process regarding the modifications of the protective orders of prior potentially relevant cases, including the *Kirby* case. As to your "first" and "second" paragraphs, we naturally seek reciprocity and a global approach to the protective orders in *Simon, Gary Friedrich, Lee v. Marvel, Stan Lee Media,* in addition to *Kirby,* and to deal with these issues at the same time. Despite our repeated requests, you still haven't confirmed that you'll be producing the Kirbys' productions in response to Marvel documents requests, so we thus ask for again whether the Kirbys so agree. We also reject your attempt to tether the parties' agreement on the *Kirby* documents under the guise of "reciprocity." The parties *agree* that the *Kirby* case contains relevant information. The parties have not reached such agreement as to any other case. (You mention the *Simon* case below but Marvel included its RFPs on that case given the *defendants'* invocation of the *Simon* case in *their* Rule 26(a) disclosures). Moreover, you've ignored our point below that a modification of a protective order may not even be necessary depending on the scope and source of the discovery, even assuming other prior matters may have responsive information. Put simply, Marvel has already gone above and beyond by shouldering the burden of preparing the motion to modify in *Kirby,* and we're simply not willing to allow defendants to continue to slow us down from moving to modify that protective order. We've also confirmed that we're willing to continue to meet and confer about the other cases. Accordingly, please be advised that Marvel intends to move forward with its motion on Tuesday, March 15. We remain hopeful that you'll provide your confirmation by the end of the week so that we can finalize the motion accordingly. We also reiterate our request to let us know if there were any protective orders in *Buckler* and/or *Gerber,* as we found none on their dockets. We are looking into this issue, which you raised for the first time less than a week ago. You had asked that we provide information about these other relevant cases, which we did. Your email notwithstanding, Marvel must see the relevance in at least some of the above-mentioned cases; for instance, Marvel's RFPs to each of the Defendants requested record evidence and communications from the *Simon* case, which is one of the relevant cases under a protective order. As noted above, Marvel served RFPs directed at the *Simon* case because defendants indicated their intent to rely on such documents in their Rule 26(a) disclosures.

As to your "third" paragraph, Marvel must produce responses and documents in accordance and in full compliance with the Federal and Local Rules. Defendants each propounded requests specifically tailored to their case and as stated, each Defendant is entitled to individualized responses and production. Defendants will not accept any attempt by Marvel to shortcut its discovery obligations in each case, by serving an agglomerated production or otherwise. We disagree that Marvel is trying to shortcut its obligations. To the contrary, Marvel gone out of its way to try to work with you and, despite not being under any obligation to do so, has agree to provide information correlating certain documents to certain cases (and, as this is coding that we're adding to the documents, we need to reserve all rights with respect to the adequacy thereto). In any event, we ask you review our productions before the parties engage further on this issue, as we're confident that what we're proposing is not only reasonable but does not prejudice your clients. As to the defendants' productions, we reiterate that we do not object to one unified production, provided that you provide custodial information for all documents.

As to your "fourth" paragraph, thank you for agreeing to honor each of the SDNY Defendant's individual discovery rights notwithstanding a potential consolidation of the cases. As for your suggestion that we stipulate to use depositions across all actions, we will need to give that some more consideration and circle back. So as to prevent this issue from continuing to delay consolidation, we suggest that the parties simply reserve their rights on these issues. With this reservation of rights on the scope of discovery, please confirm that we can advise the Court that you do not oppose our consolidation motion. We intend to move on Tuesday, March 15. Thus, again, please let us know your position by the end of the week so that we can finalize our motion accordingly.

As to your "fifth" paragraph, we are agreeable to extend Marvel's time to respond and produce documents from March 9 for *Rico* RFP Set One (by our calculation, not March 10) and March 14 for all other RFPs to March 17, provided Marvel agrees to produce all responsive documents by March 24, and affords Defendants a similar one-week extension such that each of their responses would be due on March 28 (instead of March 21). Please confirm Marvel's agreement to this. Your calculation is incorrect. You served the First Set of Rico RFPs on February 4. 30 days from February 4 renders a response date of Sunday, March 6, which rolls forward to Monday, March 7. Per Rule 6(e), you then add three days based on the mail service. *See* Rule 6(e) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), **3 days are added after the period would otherwise expire under Rule 6(a)**) (emphasis added). Rather than negotiate with you over a routine request for an extension (which should have been granted as a matter of professional courtesy), we will proceed with the original dates.

[Quoted text hidden]

**Marc Toberoff** <mtoberoff@toberoffandassociates.com>                                      Mon, Mar 14, 2022 at 10:40 AM

To: "Lens, Molly M." <mlens@omm.com>
Cc: "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

Molly:

We disagree with your conclusions, and ask that you refrain from such exaggerations and mischaracterizations of our meet and confer efforts as it is counter-productive.

There is no agreement yet regarding modification of the protective order that Marvel, itself, insisted upon in the *Kirby* case. We ask for a degree of reciprocity and that Marvel likewise agree to jointly move to modify the protective order in the *Simon* and *Friedrich* cases because they both deal with *work for hire* issues in the statutory *termination* context, during the relevant 1960s and 1970s period, and are thus undeniably relevant. Marvel's refusal or dilatory proposal is unreasonable.

As far as the *Kirby* documents are concerned, these obviously belong to the Kirbys who are not parties. The Kirbys' documents may be obtained through appropriate third-party discovery, however, both Marvel and Weil, Gotshal (Marvel's counsel in the Kirby case) are already in possession of all these documents.

As already stated, we agree to consolidate the SDNY cases already before Judge Kaplan but do not agree that discovery should be consolidated. We note that Marvel has agreed that each Defendant will maintain his non-consolidated discovery rights which include, 25 interrogatories per Defendant. As such, we would like to join in a stipulated motion to consolidate so that we can make our position crystal clear.

Finally, we reiterate our objection to Marvel's proposed single agglomerated production in response to our separate RFPs in these five distinct matters.

I'm available all day today to speak with you in a continued effort to resolve outstanding issues. What time works best for you?

Thank you.

Marc Toberoff
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101
toberoffandassociates.com
_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

[Quoted text hidden]

---

**Lens, Molly M.** <mlens@omm.com>                                              Tue, Mar 15, 2022 at 11:45 AM
To: Marc Toberoff <mtoberoff@toberoffandassociates.com>
Cc: "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>

Marc –

Our email accurately reflects our discussions, as evidenced by this very email chain. As to our discussions going forward, while I wasn't available yesterday and am tied up in meetings for much of the day, I will give you a call either later today or tomorrow.

[Quoted text hidden]

**Marc Toberoff** <mtoberoff@toberoffandassociates.com>                    Tue, Mar 15, 2022 at 2:58 PM
To: "Lens, Molly M." <mlens@omm.com>
Cc: "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall"
<kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Jaymie Parkkinen
<jparkkinen@toberoffandassociates.com>

Molly:

We disagree, but I'm in the office all day today and tomorrow and will make myself available to discuss.

[Quoted text hidden]

---

**Lens, Molly M.** <mlens@omm.com>                    Thu, Mar 17, 2022 at 4:04 PM
To: Marc Toberoff <mtoberoff@toberoffandassociates.com>
Cc: "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall"
<kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Jaymie Parkkinen
<jparkkinen@toberoffandassociates.com>

Marc –

Following up on our conversation, as to the protective order issues, we believe that the parties may be able to reach an agreement.  Specifically, while Marvel continues to question the relevance of the cases that you've identified, Marvel would be willing to stipulate as follows:  "MCI, on the one hand, and the five defendants and the Kirbys, on the other hand, agree as follows:  (1) the defendants and the Kirbys do not object to MCI's intended motion to modify the protective order in *Kirby* to allow all "confidential" information in the *Kirby* case to be produced and used in the current cases (but treated as confidential information under the terms of the to-be-entered protective orders in the S.D.N.Y case(s)); (2) MCI does not object to the five defendants' intended motion to modify the protective orders in the *Simon* and *Friedrich* cases seeking the same relief as that in MCI's motion in *Kirby*, and MCI similarly does not object to the five defendants seeking to relate such motions before Judge McMahon; and (3) the parties reserve all other rights, including, but not limited to, as to discoverability, relevance, admissibility and/or burden of producing any of the information from such cases."  We ask to hear from you tomorrow on this issue as we don't want to delay resolution of this issue any further.

However, as to consolidation, because the parties have been able to reach agreement (and, if anything, we are moving backward), Marvel intends to move to consolidate the three S.D.N.Y cases for all purposes or, in the alternative, for pretrial purposes.  We cannot continue to delay effectuating this with the Court.

[Quoted text hidden]

---

**Lens, Molly M.** <mlens@omm.com>                    Mon, Mar 21, 2022 at 8:03 AM
To: Marc Toberoff <mtoberoff@toberoffandassociates.com>
Cc: "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall"
<kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>, Jaymie Parkkinen
<jparkkinen@toberoffandassociates.com>

Marc –

We would appreciate a response today on the proposed stipulation regarding the protective orders, which is consistent with our conversation from Wednesday.  Because the *Kirby* protective order is holding up our review and production efforts, and we reached out to you about this issue over five weeks ago, we'd like to get our motion on file without any further delay.

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

_____

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Lens, Molly M.
**Sent:** Thursday, March 17, 2022 4:04 PM
**To:** 'Marc Toberoff' <mtoberoff@toberoffandassociates.com>

[Quoted text hidden]

[Quoted text hidden]

---

Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>                    Mon, Mar 21, 2022 at 11:12 AM
To: "Lens, Molly M." <mlens@omm.com>
Cc: Marc Toberoff <mtoberoff@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>

Molly:

It is unfair to imply, as your email does, that we have ignored your request or otherwise delayed this matter. To the contrary, as part of the meet and confer process, we have been exchanging emails and phone calls with you regularly on the matter. It was only recently that Marvel agreed to the reciprocity we had requested weeks ago and that is why we are now prepared to move forward with our agreement.

Regarding the modification of protective orders, we agree to your proposed statement with the single change being at the end where you state "information from such cases." We propose, for the sake of clarity, that it state "information from the *Kirby*, *Simon*, and *Friedrich* cases." In its entirety, it would read as follows:

"MCI, on the one hand, and the five defendants and the Kirbys, on the other hand, agree as follows:  (1) the defendants and the Kirbys do not object to MCI's intended motion to modify the protective order in *Kirby* to allow all "confidential" information in the *Kirby* case to be produced and used in the current cases (but treated as confidential information under the terms of the to-be-entered protective orders in the S.D.N.Y case(s)); (2) MCI does not object to the five defendants' intended motion to modify the protective orders in the *Simon* and *Friedrich* cases seeking the same relief as that in MCI's motion in *Kirby*, and MCI similarly does not object to the five defendants seeking to relate such motions before Judge McMahon; and (3) the parties reserve all other rights, including, but not limited to, as to discoverability, relevance, admissibility and/or burden of producing any of the information from the *Kirby*, *Simon*, and *Friedrich* cases."

Regards,

Jaymie Parkkinen
Toberoff & Associates, P.C.
23823 Malibu Road, Suite 50-363
Malibu, California 90265
Tel: 310.246.3333
Fax: 310.246.3101
toberoffandassociates.com
_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

[Quoted text hidden]

---

**Lens, Molly M.** <mlens@omm.com>                                              Mon, Mar 21, 2022 at 11:55 AM
To: Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
Cc: Marc Toberoff <mtoberoff@toberoffandassociates.com>, "Petrocelli, Daniel M." <dpetrocelli@omm.com>, "Burton, Allen" <aburton@omm.com>, "Turner, Kendall" <kendallturner@omm.com>, "Feuer, Danielle" <dfeuer@omm.com>

Jaymie –

As the emails below evidence, defendants did prevent us from filing our motion to modify the *Kirby* protective order for well over a month.  Moreover, while you claim that Marvel only recently agreed to "reciprocity we requested weeks ago," you'll see that Marc's initial email actually demanded that Marvel bear the burden of moving to modify the non-*Kirby* protective orders.  In addition, defendants' list of other cases has been a moving target.  In any event, we agree with your non-substantive change to the stipulation below and will proceed with our motion.

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

_____

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Sent:** Monday, March 21, 2022 11:12 AM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Marc Toberoff <mtoberoff@toberoffandassociates.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Burton, Allen <aburton@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>
**Subject:** Re: Marvel


[EXTERNAL MESSAGE]

Molly:


It is unfair to imply, as your email does, that we have ignored your request or otherwise delayed this matter. To the contrary, as part of the meet and confer process, we have been exchanging emails and phone calls with you regularly on the matter. It was only recently that Marvel agreed to the reciprocity we had requested weeks ago and that is why we are now prepared to move forward with our agreement.


Regarding the modification of protective orders, we agree to your proposed statement with the single change being at the end where you state "information from such cases." We propose, for the sake of clarity, that it state "information from the *Kirby*, *Simon*, and *Friedrich* cases." In its entirety, it would read as follows:


"MCI, on the one hand, and the five defendants and the Kirbys, on the other hand, agree as follows:  (1) the defendants and the Kirbys do not object to MCI's intended motion to modify the protective order in *Kirby* to allow all "confidential" information in the *Kirby* case to be produced and used in the current cases (but treated as confidential information under the terms of the to-be-entered protective orders in the S.D.N.Y case(s)); (2) MCI does not object to the five defendants' intended motion to modify the protective orders in the *Simon* and *Friedrich* cases seeking the same relief as that in MCI's motion in *Kirby*, and MCI similarly does not object to the five defendants seeking to relate such motions before Judge McMahon; and (3) the parties reserve all other rights, including, but not limited to, as to discoverability, relevance, admissibility and/or burden of producing any of the information from the *Kirby*, *Simon*, and *Friedrich* cases."


Regards,


Jaymie Parkkinen

Toberoff & Associates, P.C.

23823 Malibu Road, Suite 50-363

Malibu, California 90265

Tel: 310.246.3333

Fax: 310.246.3101

toberoffandassociates.com

_____


This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

On Mon, Mar 21, 2022 at 8:03 AM Lens, Molly M. <mlens@omm.com> wrote:

Marc –

We would appreciate a response today on the proposed stipulation regarding the protective orders, which is consistent with our conversation from Wednesday.  Because the *Kirby* protective order is holding up our review and production efforts, and we reached out to you about this issue over five weeks ago, we'd like to get our motion on file without any further delay.

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

───────────────────────

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Lens, Molly M.
**Sent:** Thursday, March 17, 2022 4:04 PM
**To:** 'Marc Toberoff' <mtoberoff@toberoffandassociates.com>
**Cc:** Petrocelli, Daniel M. <dpetrocelli@omm.com>; Burton, Allen <aburton@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>; Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Subject:** RE: Marvel

Marc –

Following up on our conversation, as to the protective order issues, we believe that the parties may be able to reach an agreement.  Specifically, while Marvel continues to question the relevance of the cases that you've identified, Marvel would be willing to stipulate as follows:  "MCI, on the one hand, and the five defendants and the Kirbys, on the other hand, agree as follows:  (1) the defendants and the Kirbys do not object to MCI's intended motion to modify the protective order in *Kirby* to allow all "confidential" information in the *Kirby* case to be produced and used in the current cases (but treated as confidential information under the terms of the to-be-entered protective orders in the S.D.N.Y case(s)); (2) MCI does not object to the five defendants' intended motion to modify the protective orders in the *Simon* and *Friedrich* cases seeking the same relief as that in MCI's motion in *Kirby*, and MCI similarly does not object to the

five defendants seeking to relate such motions before Judge McMahon; and (3) the parties reserve all other rights, including, but not limited to, as to discoverability, relevance, admissibility and/or burden of producing any of the information from such cases." We ask to hear from you tomorrow on this issue as we don't want to delay resolution of this issue any further.

However, as to consolidation, because the parties have been able to reach agreement (and, if anything, we are moving backward), Marvel intends to move to consolidate the three S.D.N.Y cases for all purposes or, in the alternative, for pretrial purposes. We cannot continue to delay effectuating this with the Court.

Thanks,

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Marc Toberoff <mtoberoff@toberoffandassociates.com>
**Sent:** Tuesday, March 15, 2022 2:59 PM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Petrocelli, Daniel M. <dpetrocelli@omm.com>; Burton, Allen <aburton@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>; Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Subject:** Re: Marvel

[EXTERNAL MESSAGE]

Molly:

We disagree, but I'm in the office all day today and tomorrow and will make myself available to discuss.

On Tue, Mar 15, 2022 at 11:45 AM Lens, Molly M. <mlens@omm.com> wrote:

Marc –


Our email accurately reflects our discussions, as evidenced by this very email chain.  As to our discussions going forward, while I wasn't available yesterday and am tied up in meetings for much of the day, I will give you a call either later today or tomorrow.


Molly


**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

_____

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio


*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Marc Toberoff <mtoberoff@toberoffandassociates.com>
**Sent:** Monday, March 14, 2022 10:40 AM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Petrocelli, Daniel M. <dpetrocelli@omm.com>; Burton, Allen <aburton@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>; Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Subject:** Re: Marvel


[EXTERNAL MESSAGE]

Molly:


We disagree with your conclusions, and ask that you refrain from such exaggerations and mischaracterizations of our meet and confer efforts as it is counter-productive.

There is no agreement yet regarding modification of the protective order that Marvel, itself, insisted upon in the *Kirby* case. We ask for a degree of reciprocity and that Marvel likewise agree to jointly move to modify the protective order in the *Simon* and *Friedrich* cases because they both deal with *work for hire* issues in the statutory *termination* context, during the relevant 1960s and 1970s period, and are thus undeniably relevant. Marvel's refusal or dilatory proposal is unreasonable.

As far as the *Kirby* documents are concerned, these obviously belong to the Kirbys who are not parties. The Kirbys' documents may be obtained through appropriate third-party discovery, however, both Marvel and Weil, Gotshal (Marvel's counsel in the Kirby case) are already in possession of all these documents.

As already stated, we agree to consolidate the SDNY cases already before Judge Kaplan but do not agree that discovery should be consolidated. We note that Marvel has agreed that each Defendant will maintain his non-consolidated discovery rights which include, 25 interrogatories per Defendant. As such, we would like to join in a stipulated motion to consolidate so that we can make our position crystal clear.

Finally, we reiterate our objection to Marvel's proposed single agglomerated production in response to our separate RFPs in these five distinct matters.

I'm available all day today to speak with you in a continued effort to resolve outstanding issues. What time works best for you?

Thank you.

Marc Toberoff

Toberoff & Associates, P.C.

23823 Malibu Road, Suite 50-363

Malibu, California 90265

Tel: 310.246.3333

Fax: 310.246.3101

toberoffandassociates.com

_____

This message and any attached documents may contain information from Toberoff & Associates, P.C. that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or otherwise use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete this message.

On Thu, Mar 10, 2022 at 10:23 AM Lens, Molly M. <mlens@omm.com> wrote:

> Marc –
>
> We are frustrated by your transactional approach to these cases, whereby you consistently respond to our suggestions and/or requests with conditions and demands.  We've done our best to try to work together on these

issues but some of your endless demands are making it not only increasingly difficult to do so but are preventing us from advancing these cases forward.  To this end, please see our responses to your email below interlineated in red.

We look forward to hearing from you.  All rights reserved.

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

_____

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Marc Toberoff <mtoberoff@toberoffandassociates.com>
**Sent:** Tuesday, March 8, 2022 5:28 PM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Petrocelli, Daniel M. <dpetrocelli@omm.com>; Burton, Allen <aburton@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>; Mike Siravo <msiravo@toberoffandassociates.com>; Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Subject:** Re: Marvel

[EXTERNAL MESSAGE]

Molly:

We are happy to continue the meet and confer process regarding the modifications of the protective orders of prior potentially relevant cases, including the *Kirby* case. As to your "first" and "second" paragraphs, we naturally seek reciprocity and a global approach to the protective orders in *Simon, Gary Friedrich, Lee v. Marvel, Stan Lee Media,* in addition to *Kirby,* and to deal with these issues at the same time.  Despite our repeated requests, you still haven't confirmed that you'll be producing the Kirbys' productions in response to Marvel documents requests, so we thus ask for again whether the Kirbys so agree.  We also reject your attempt to tether the parties' agreement on the *Kirby* documents under the guise of "reciprocity."  The parties *agree* that the *Kirby* case contains relevant information.  The parties have not reached such agreement as to any other case.  (You mention the *Simon* case below but Marvel included its RFPs on that case given the *defendants*' invocation of the *Simon* case in *their* Rule 26(a) disclosures).  Moreover, you've ignored our point below that a modification of a protective order may not even be necessary depending on the scope and source of the discovery, even assuming other prior

matters may have responsive information.  Put simply, Marvel has already gone above and beyond by shouldering the burden of preparing the motion to modify in *Kirby*, and we're simply not willing to allow defendants to continue to slow us down from moving to modify that protective order.  We've also confirmed that we are willing to continue to meet and confer about the other cases.  Accordingly, please be advised that Marvel intends to move forward with its motion on Tuesday, March 15.  We remain hopeful that you'll provide your confirmation by the end of the week so that we can finalize the motion accordingly.  We also reiterate our request to let us know if there were any protective orders in *Buckler* and/or *Gerber,* as we found none on their dockets.  We are looking into this issue, which you raised for the first time less than a week ago.  You had asked that we provide information about these other relevant cases, which we did. Your email notwithstanding, Marvel must see the relevance in at least some of the above-mentioned cases; for instance, Marvel's RFPs to each of the Defendants requested record evidence and communications from the *Simon* case, which is one of the relevant cases under a protective order.  As noted above, Marvel served RFPs directed at the *Simon* case because defendants indicated their intent to rely on such documents in their Rule 26(a) disclosures.

As to your "third" paragraph, Marvel must produce responses and documents in accordance and in full compliance with the Federal and Local Rules. Defendants each propounded requests specifically tailored to their case and as stated, each Defendant is entitled to individualized responses and production. Defendants will not accept any attempt by Marvel to shortcut its discovery obligations in each case, by serving an agglomerated production or otherwise.  We disagree that Marvel is trying to shortcut its obligations.  To the contrary, Marvel gone out of its way to try to work with you and, despite not being under any obligation to do so, has agree to provide information correlating certain documents to certain cases (and, as this is coding that we're adding to the documents, we need to reserve all rights with respect to the adequacy thereto).  In any event, we ask you review our productions before the parties engage further on this issue, as we're confident that what we're proposing is not only reasonable but does not prejudice your clients.  As to the defendants' productions, we reiterate that we do not object to one unified production, provided that you provide custodial information for all documents.

As to your "fourth" paragraph, thank you for agreeing to honor each of the SDNY Defendant's individual discovery rights notwithstanding a potential consolidation of the cases. As for your suggestion that we stipulate to use depositions across all actions, we will need to give that some more consideration and circle back.  So as to prevent this issue from continuing to delay consolidation, we suggest that the parties simply reserve their rights on these issues.  With this reservation of rights on the scope of discovery, please confirm that we can advise the Court that you do not oppose our consolidation motion.  We intend to move on Tuesday, March 15.  Thus, again, please let us know your position by the end of the week so that we can finalize our motion accordingly.

As to your "fifth" paragraph, we are agreeable to extend Marvel's time to respond and produce documents from March 9 for *Rico* RFP Set One (by our calculation, not March 10) and March 14 for all other RFPs to March 17, provided Marvel agrees to produce all responsive documents by March 24, and affords Defendants a similar one-week extension such that each of their responses would be due on March 28 (instead of March 21). Please confirm Marvel's agreement to this.  Your calculation is incorrect.  You served the First Set of Rico RFPs on February 4.  30 days from February 4 renders a response date of Sunday, March 6, which rolls forward to Monday, March 7.  Per Rule 6(e), you then add three days based on the mail service.  *See* Rule 6(e) ("When a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), **3 days are added after the period would otherwise expire under Rule 6(a)**) (emphasis added).  Rather than negotiate with you over a routine request for an extension (which should have been granted as a matter of professional courtesy), we will proceed with the original dates.

All rights reserved.

Thank you.

Marc Toberoff

On Mon, Mar 7, 2022 at 3:12 PM Lens, Molly M. <mlens@omm.com> wrote:

Marc –

We write to continue the parties' meet-and-confer discussions on a number of items.

First, thank you for confirming that you still represent the Kirbys.  Can you please confirm that they will agree to waive any protections under the Protective Order in the *Kirby* case?  Relatedly, we ask you to confirm that you'll be producing the entirety of their document productions and testimony from the *Kirby* case in response to Marvel's requests for production.  Marvel will agree to do the same for the documents and testimony that it provided in Kirby in its possession, custody, or control.  With the Kirbys' and Marvel's agreements, the Protective Order would just then need to be modified for third-party productions and testimony.

Second, as to the other prior cases, Marvel is open to continuing to meet and confer about whether prior litigations are likely to be repositories of relevant information to this lawsuit.  We'd like to do so on a case-by-case specific discussion, however, given the burden associated with needing to formally petition the courts for relief.  For example, despite your descriptions below, the relevance of many of these cases below is not apparent to us.  In addition, even if a case may contain *some* relevant information, the parties should meet and confer about the scope of such information and assess what case-specific and document-specific information may exist.  For example, it may be that a case only contains limited relevant information that may not even necessitate the modification of any protective order.  And, of course, the parties will need weigh the relevance of that information against the associated burden.  Again, to be clear, we're happy to continue to meet and confer but want to make sure the parties are proceeding thoughtfully and not using a sledgehammer when a scalpel would not only suffice but be preferable.  Finally, it's important that this process not to continue to delay the parties' access to the *Kirby*-related information, where the parties are in agreement that the case contains relevant information.

Third, in response to your arguments about the purported differences among the cases, we disagree with your sweepings statements, which are inaccurate and ignore the significant and extensive legal and factual overlap among the five pending cases.  But we don't need to litigate this issue via email.  Marvel is willing to compromise and, while it will produce one set of bates-stamped documents to be used across all five cases, Marvel will take reasonable steps to provide you with case-specific information when the underlying documents enable us to do so without a significant burden.  To be clear, we will not agree to allow you to shift the burden to us of organizing the documents for you according to your preferences or limit our ability to use the documents that we want across the cases.  But we will agree to provide certain case-specific information.  For example, we will take reasonable steps to produce the copyright registrations and comics themselves with such defendant-specific information.  But, as an example on the other side of the spectrum, we are not going to commit to re-reviewing Marvel's prior productions from Kirby to try to organize those already-collected and produced documents for you.

Fourth, in your last email about consolidation, you indicated that "Lieber, Ditko, and Dettwiler would agree to the consolidation of their cases before Judge Kaplan provided that (1) each  (Lieber, Ditko, and Dettwiler) continue to be separately entitled to full discovery under the Rules (e.g., the limitations in the Federal and/or Local Rules apply to them separately not as a group), and (2) as previously discussed, Marvel produces documents particularized to Lieber, Ditko, and Dettwiler's requests for production, rather than one non-descript agglomerated production."  As to your first condition, Marvel will agree to stipulate that each side can serve 25 interrogatories in each of the three current SDNY cases even post consolidation without leave of court, provided that the parties reserve their rights to seek limitations on any discovery, as appropriate, from the Court.  We don't think any similar stipulation is necessary as to depositions, especially since we'd like to stipulate that any depositions taken in any of the five-pending cases can be used across all five cases (i.e. witnesses will only be deposed once).  We're not aware of any other rule-based limits that may be impacted by consolidation but let us know if you have others in mind.  As to your second condition, Marvel confirms that it will take the approach described in the immediately preceding paragraph in the three SDNY cases.

Fifth, Marvel's responses to the Rico's First Set of RFPs are due on Thursday, March 10.  However, Marvel's responses to the Rico's Second Set of RFPs and the balance of the defendants' First and, as applicable, Second Sets of RFPs are not due until Monday, March 14.  Marvel requests that defendants confirm their agreement to a consolidated March 17 deadline for all responses, which, inter alia, will give Marvel some needed additional time to create accompanying case-specific information for Marvel's first production of documents.  With a March 17 deadline, Marvel will still provide its responses before defendants' responses are due to Marvel on March 21.


All rights reserved.


Thanks,


Molly


**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

_____

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio


*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

---

**From:** Marc Toberoff <mtoberoff@toberoffandassociates.com>
**Sent:** Thursday, March 3, 2022 6:24 PM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Petrocelli, Daniel M. <dpetrocelli@omm.com>; Burton, Allen <aburton@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>; Mike Siravo <msiravo@toberoffandassociates.com>; Jaymie Parkkinen <jparkkinen@toberoffandassociates.com>
**Subject:** Re: Marvel


[EXTERNAL MESSAGE]

Molly:


Yes, I still represent the Kirbys.

**I**.  These are the Marvel cases **with known protective orders in place** that may have relevant information for, without limitation, the following reasons:

1) *Gary Friedrich Enters., LLC v. Marvel Enters.*, Case No. 08-cv-01533 (S.D.N.Y. 2008) - This case dealt with the work-for-hire doctrine as applied to the 1971 creation of *Ghost Rider*. There were issues relating to Lee's alleged editorial control and creative contributions, Marvel's payments to Friedrich including their check legend, and the role of "the Marvel Method." Initial disclosures, any depositions, and discovery therein are potentially relevant to the work-for-hire question in our cases.

2) *Marvel Characters Inc. v. Simon*, Case No. 00 Civ. 1393 (RCC) (S.D.N.Y. 2002) – Case dealt with whether Captain America was work-for-hire. Depositions and discovery are potentially relevant to the work-for-hire question in our cases.

3) *Lee v. Marvel Enterprises et al.*, Case No. 02-CV-08945 RWS (S.D.N.Y. 2002) This case involved Stan Lee's assignment to Marvel of all rights in his alleged characters in exchange for a 10% participation in Marvel films and TV shows.  Initial disclosures and any depositions and discovery therein are potentially relevant to the work-for-hire question in our cases.

4) *Stan Lee Media, Inc. v. Walt Disney Co.*, Case No. 12-cv-02663-WJM-KMT (D. Colo. 2013) - Stan Lee Media claimed ownership in some Marvel characters (including Spider-Man and Iron Man) which it purported to have obtained through a contract with Stan Lee who allegedly claimed some ownership in the characters.  Initial disclosures, depositions and discovery therein relating to Stan Lee are potentially relevant to the work-for-hire question in our cases.

Accordingly, we propose that in addition with respect to the Kirby case, the parties jointly request that the protective order in these above cases be modified so as to permit the use of the document productions and deposition testimony in the present cases.

**II**.  We could not find protective orders in the following cases which may have relevant discovery, but there may be. We, therefore, ask that you ask your Marvel if there are protective orders in these cases and let us know.

1) *Buckler v. Marvel Entm't Grp., Inc.*, 91 Civ. 2167 (LLS) (S.D.N.Y. 1992) – Case dealt with Richard Buckler's 1973 creation of the *Deathlok* are is potentially relevant to the work-for-hire question in our cases. Buckler agreed to publish the character through Marvel. A dispute arose between Buckler and Marvel regarding his rights in the character and whether Marvel had the right to register the copyright.

2) *Gerber v. Cadence Industries Corp.*, Case No. 80-3840 (C.D. Cal. 1982) – Case involved the 1975 creation and rights to *Howard the Duck*. Discovery and depositions therein are potentially relevant to the work-for-hire question in our cases. Depositions of Gary Greenfield, Stan Lee, Roy Thomas, and Marv Wolfman appear to have been taken.

Thank you.

Regards,

Marc Toberoff

On Wed, Mar 2, 2022 at 2:24 PM Lens, Molly M. <mlens@omm.com> wrote:

Marc –

Following up on my calls, please let us know if you still represent the Kirbys and, if so, whether they will consent to the use of the documents that they produced in the *Kirby* litigation in this case.  Please also let us know which parties' productions in *Gerber* and *Simon* you believe may contain responsive information and why (and to which of the pending cases).  Finally, please also let us know if there are any other prior cases that you believe fall into this same category.

I won't address the issue of Marvel's document productions in response to the pending RFPs in this email, as you've now raised that in a separate email.

Thanks,

Molly

**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

_____

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Website | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*

**From:** Marc Toberoff <mtoberoff@toberoffandassociates.com>
**Sent:** Friday, February 18, 2022 2:27 PM
**To:** Lens, Molly M. <mlens@omm.com>
**Cc:** Breck Kadaba <bkadaba@toberoffandassociates.com>; Petrocelli, Daniel M. <dpetrocelli@omm.com>; Burton, Allen <aburton@omm.com>; Turner, Kendall <kendallturner@omm.com>; Feuer, Danielle <dfeuer@omm.com>; Mike Siravo <msiravo@toberoffandassociates.com>; Jaymie Parkkinen

<jparkkinen@toberoffandassociates.com>

**Subject:** Re: Marvel

[EXTERNAL MESSAGE]

Hi Molly:


We are certainly open to easing any burden on the parties where possible, but we do not believe that one bulk production per law firm furthers that goal.


**RFPs and Production.** First, while there is some overlap, it is incorrect to say as you do that each defendant's requests for production ("RFPs") are "largely duplicative." The RFPs speak for themselves, and demonstrate that, for example, even though the three SDNY cases remain separate, we specifically did not repeat redundant questions (e.g., RFPs pertaining to Marvel's corporate structure in the 1960s). On the contrary, each defendant's RFPs were deliberately tailored to the particular creator and his works at issue. As such, your proposal of a single, agglomerated Marvel production across five distinct cases would actually serve to <u>burden</u> the parties. Each defendant would be forced to sift through numerous documents that bear no relation to his/her particular matter in an effort to determine which documents, if any, are responsive to his/her RFPs. Each defendant served particularized requests and each is entitled to a particularized responsive production.


It is imperative that Marvel appreciates that each of the five cases, though regarding terminations under the Copyright Act, is unique. While there may be a temptation to lump all of the creators together, each case involves different facts, including but not limited to, distinctive works, varying publishing entities, differing professional histories and relationships, and individual and particular circumstances under which each creator sold his works.


Similarly, Marvel's proposal of reciprocity whereby each defendant specifies custodial information *for* each document he/she produces, while Marvel makes a one-size-fits-all production regardless of the significant differences between each defendant's case and RFPs does nothing to actually streamline each defendant's production of documents. If each defendant took Marvel up on its request to agglomerate requests and production, the reality is that this would increase, while doing nothing to alleviate, each defendant's burden.


Again, we are amenable to easing unnecessary litigation burdens whenever possible, but one agglomerated production per law firm does not further that end.

**Protective Orders in Prior Marvel Cases.** Regarding Marvel's request to modify the *Kirby* protective order (provided the Kirbys agree), we are willing to join in such an effort on the condition that Marvel (its parent and affiliated entities as applicable) similarly agree to move to modify any analogous protective orders in other Marvel cases which are also potential sources of information relevant to this case (e.g., *Gerber v. Cadence*

*Industries Corp., et al.*, Case No. CV 80-3640 Kn (Gx) (C.D. Cal. 1980); *Marvel Characters Inc. v. Simon*, Case No. 00 Civ. 1393 (RCC) (S.D.N.Y. 2002)).

Best,

Marc

Marc Toberoff
Toberoff & Associates, P.C.

23823 Malibu Road, Suite 50-363

Malibu, California 90265

Tel: 310.246.3333

Fax: 310.246.3101

toberoffandassociates.com

On Thu, Feb 10, 2022 at 3:12 PM Lens, Molly M. <mlens@omm.com> wrote:

Marc –

We are in receipt of the various defendants' first and, in some circumstances second, sets of RFPs. Regardless of whether some or all of the cases are consolidated, we'd like to advance the parties' preliminary discussions about coordinating discovery across the actions. To start, as to documents, we propose as follows:

- **Streamlined Requests**. We would like to meet and confer with you about a means of streamlining the five defendants' requests on Marvel. For example, the requests served by the defendants to date appear to be largely duplicative but not entirely so. Moreover, even as to requests which arguably are substantively duplicative, there are certain wording difference among the requests, which raises questions whether defendants believe the scope of the requests are different and increases Marvel's burden to respond. We are similarly open to a process of streamlining Marvel's requests on the various defendants, so as to reduce the burden on your end.

- **Streamlined productions**. The parties should only produce one set of documents in response to overlapping requests in multiple cases. For example, Marvel intends to produce documents with one bates range, rather than produce the same documents multiple times with different bates numbers for the various actions (such that, effectively, the same documents will be produced in all five actions). Marvel similarly does not object to the defendants—collectively—producing documents once for use in each applicable case, provided, however, that defendants provide custodial information identifying the custodian for each document.

- **Modification of *Kirby* Protective Order**. Based on the parties' respective Rule 26(a) disclosures, we understand that both sides believe that the document productions from *Kirby*, and potentially other prior matters, are relevant to the pending cases. The protective order in *Kirby*, however, prevents the use of those documents, save certain limited exceptions. Accordingly, we propose that the parties jointly request that the protective order in *Kirby* be modified so as to permit the use of the document productions from *Kirby* in these cases. In advance of filing such motion, the parties would jointly reach out to the producing third parties to seek their consent. Please let us know if you agree with approach and, if so, we can send you drafts of the joint motion and joint letter for your review.

Please let us know when you are available to discuss.  Of course, we are open to discussing any ideas that you may have as well.


Molly


**Molly M. Lens**

mlens@omm.com

O: +1-310-246-8593

_____

O'Melveny & Myers LLP

1999 Avenue of the Stars, 7th Floor

Los Angeles, CA  90067

Web  ite | LinkedIn | Twitter | Bio

*This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.*