Marc Toberoff (S.B. #188547)
*mtoberoff@toberoffandassociates.com*
Jaymie Parkkinen (S.B. #318394)
*jparkkinen@toberoffandassociates.com*
TOBEROFF & ASSOCIATES, P.C.
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Defendants,*
*Michele Hart-Rico and*
*Buz Donato F. Rico III*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVEL CHARACTERS, INC., <br><br> Plaintiff, <br> v. <br><br> MICHELE HART-RICO and BUZ DONATO F. RICO III, <br><br> Defendants. | Case No. 2:21-cv-07624-DMG-KES <br><br> [DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE KAREN E. SCOTT] |
| MICHELE HART-RICO and BUZ DONATO F. RICO III, <br><br> Counterclaimants, <br> v. <br><br> MARVEL CHARACTERS, INC. and DOES 1-10, inclusive, <br><br> Counterclaim-Defendants. | **THE RICOS' OPPOSITION TO MARVEL CHARACTERS, INC.'S *EX PARTE* APPLICATION TO CONSOLIDATE HEARING DATES** |

## MEMORANDUM

Defendants Michele Hart-Rico and Buz Donato F. Rico III (the "Ricos") submit this opposition to Marvel Characters, Inc.'s ("Marvel") unnecessary *Ex Parte* Application to Consolidate Hearing Dates, substituting the long-scheduled hearing for the Ricos' substantive motion to compel for that of Marvel's mooted and improper one. There is simply no good cause to delay the Ricos' relief by several weeks—relief for which they have already been waiting for a month. An unnecessary delay is particularly burdensome given that the discovery cut-off date in this case (November 18, 2022) is fast approaching.

As detailed in the Ricos' opposition, Marvel's motion to compel is unnecessary and demonstrably moot. The few makeweight action items it raises were quickly and easily resolved by the Ricos' August 18, 2022 offer ("Offer"), which was inexplicably ignored and then rejected without any substantive rationale or justification. Declaration of Molly Lens ("Lens Decl.") (Dkt. 42-1) Ex. 2. Instead, Marvel was intent on filing its moot motion because it served a very different purpose: to deflect and distract the Court away from the Ricos' merited motion to compel, with the hope that this Court will throw up its hands, do nothing or grant both motions. In short, Marvel's *Ex Parte* Application to consolidate the hearings neatly furthers and evidences the improper objective of their counterweight motion.

Marvel's deflective motion to compel lacks any genuine substance. For example, Marvel's motion seeks to compel the Ricos to provide a date by which their production of documents would be substantially completed, notwithstanding that the Ricos had already informed Marvel that their productions would be substantially complete by August 29, 2022, just one week after the August 22 date insisted upon by Marvel; the Ricos re-confirmed this date in their Offer. Lens. Decl. Ex. 4 at 4, Ex. 2 at 7-8. Moreover, the Ricos

substantially completed their production on August 29 as promised. Declaration of Jaymie Parkkinen ("Parkkinen Decl.") Ex. 1 at 3.

Indeed, Marvel's improper aims were further underscored by emails from its counsel concerning this *Ex Parte* Application. To begin, the Ricos wish to bring the Court's attention to Marvel's repeated omission of email responses from the Ricos' counsel in *both* its motion to compel, and now, in its *Ex Parte* Application. *Compare* Lens Decl. Ex. 1 *with* Parkkinen Decl. Ex. 1 at 3. Having observed that Marvel omitted conferral letters from the Ricos' counsel in its motion to compel, to sway and skew this Court's understanding, the Ricos' counsel specifically requested that Marvel include their full correspondence in its *Ex Parte* Application. Parkkinen Decl. Ex. 1 at 2 (The Ricos' counsel: "Further, we have noticed that in Marvel's motion practice, it has selectively excluded some of our correspondence in response to Marvel's correspondence. Please include this response in Marvel's ex parte application."). Marvel's counsel specifically confirmed it would do so. *Id*. (Marvel's counsel: "[W]e will, of course, provide your position to the Court, including this exchange."). Nonetheless, Marvel *again* omitted replying correspondence from the Ricos' counsel, which exposed Marvel's deflective motives in seeking to consolidate the hearings. *Id*. Ex. 1 at 3. This omission was willful given that the Ricos' counsel sent his email on 11:22 a.m. and Marvel did not file its *ex parte* application until 10:40 p.m., over *eleven hours later*. *Id*. Ex. 1 at 3, Ex. 2 at 1.

Further, when Marvel's counsel was pressed to clarify why it was proceeding with a motion that is moot, its stated basis was that the Ricos purportedly refused to substantially complete their production by August 29, which, as stated above, is demonstrably untrue and, in any event, moot. Parkkinen Decl. Ex. 1 at 2.

Marvel's makeweight motion is a clear attempt to distract this Court from the Ricos' motion. Its *Ex Parte* Application, like its motion, unnecessarily taxes

this Court and seeks to further delay the Ricos' relief. This Court should deny Marvel's request to consolidate the hearings and should hear the Ricos' motion on its originally noticed date of September 6, 2022.

Respectfully submitted,

Date: August 31, 2022 **TOBEROFF & ASSOCIATES, P.C.**

By: */s/ Jaymie Parkkinen*
Jaymie Parkkinen

jparkkinen@toberoffandassociates.com
23823 Malibu Road, Suite 50-363
Malibu, CA 90265
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

*Attorneys for Michele Hart-Rico and*
*Buz Donato F. Rico III, heirs of*
*Donato Francisco Rico II*